FILED
2021 Feb-15 PM 05:26
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| **Plaintiff,** | ) ) ) |
| **v.** | ) ) **CASE NO. 2:20-CV-01971-RDP** |
| **STATE OF ALABAMA,** *et al.*, | ) ) |
| **Defendant.** | ) |

**MOTION TO DISMISS THE COMPLAINT**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants the Alabama Department of Corrections ("ADOC") and the State of Alabama (together with ADOC, the "State") submit this Motion to Dismiss the Complaint (Doc. No. 1) filed by the United States of America ("Plaintiff"). The State submits contemporaneously herewith its Memorandum of Law in Support of Motion to Dismiss and further states as follows:

1. Plaintiff asserts a single claim against the State pursuant to the Civil Rights of Institutionalized Persons Act ("CRIPA"), 42 U.S.C. § 1997 *et seq*. Rather than limiting its claim to specific facilities, Plaintiff generally alleges that unconstitutional conditions exist at fourteen (14) ADOC correctional facilities for men. With respect to this multitude of correctional facilities, Plaintiff attempts to articulate unconstitutional shortcomings in three (3) areas: (1) inmate-on-inmate violence; (2) excessive force;[1] and (3) safe and sanitary conditions.

2. Plaintiff's Complaint, on its face, falls far short of the aspirational goal of articulating systemic constitutional inadequacies across the spectrum of Alabama's male

---

[1] Plaintiff exempted Hamilton Aged & Infirmed Correctional Facility from its allegations regarding excessive force. (Doc. No. 1 at ¶ 4).

correctional facilities.  Indeed, a review of Plaintiff's Complaint reveals a mere handful of specific allegations at a limited number facilities, which can be summarized as follows:

| FACILITY | ALLEGED INCIDENTS | COMPLAINT (PARA.) |
|---|---|---|
| Bibb C.F. | 1 (excessive force) | ¶ 78 |
| Bullock C.F. | 2 (inmate death, sexual assault) | ¶¶ 42.d, 67 |
| Donaldson C.F. | 1 (excessive force) | ¶ 80 |
| Easterling C.F. | 3 (inmate death, inmate assault, sexual assault) | ¶¶ 42.c, 45.c. and 67 |
| Elmore C.F. | 3 (inmate deaths, excessive force) | ¶¶ 42.a, 42.b. and 79 |
| Fountain C.F. | 0 | |
| Hamilton A&I C.F. | 0 | |
| Holman C.F. | 0 | |
| Kilby C.F. | 0 | |
| Limestone C.F. | 1 (sexual assault) | ¶ 67 |
| St. Clair C.F. | 0 | |
| Staton C.F. | 0 | |
| Ventress C.F. | 2 (sexual assault, excessive force) | ¶¶ 67, 81 |
| Draper C.F. | 0 | |

In the remaining twenty-five pages of Plaintiffs' Complaint, Plaintiff unapologetically attempts to cover its failed effort at asserting a "systemic" claim against the State of Alabama with cursory, non-descript overgeneralizations.  Stated differently, Plaintiff attempts to cover the structural defects in its pleading by painting over them with inarticulate, grandiose declarations introduced with vague qualifiers like "many," "most," and "sometimes."  In violating the most basic pleading rules, Plaintiff's vague and conclusory allegations merely parrot the statutory requirements of CRIPA and fail to "nudge[]" Plaintiff's "claims across the line from conceivable to plausible." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  Accordingly, dismissal is appropriate.

3.  Plaintiff's Complaint amounts to a classic "shotgun pleading," which fails to provide the State with "adequate notice of the claims against [it] and the grounds upon which each claim rests."  Weiland v. Palm Bch. Cnty. Sheriff's Office, 792 F.3d 1313, 1323 (11th Cir.

2

2015). Rather than identifying the facilities to which its allegations apply, Plaintiff generally alleges that unconstitutional conditions exist at "many" or "most" ADOC facilities for men. (See, e.g., Doc. No. 1 at ¶¶ 92, 95). And, rather than identifying specific instances of alleged unconstitutional conduct, Plaintiff alleges that such conduct occurs "sometimes," "routinely," "frequently," or "often." (See, e.g., id. at ¶¶ 54, 55, 57.a, 59.a, 61, 70.a, 71.a, 72.b, 72.c, and 96). These allegations render it impossible for the State to understand the allegations against it and formulate a meaningful responsive pleading.

4. Plaintiff's vague and conclusory pleading constitutes a particularly striking failure in light of Plaintiff's prefiling investigation and the Parties' extensive prefiling negotiations. (See Doc. No. 1 at ¶¶ 2, 4, 32, 34-36 (alleging that Plaintiff notified the State in 2016 that it opened an investigation and notified the State in April 2019 and July 2020 of its contention that unconstitutional conditions existed in ADOC's facilities for men)). At a minimum, the Court should require Plaintiff to file an amended pleading setting forth the factual allegations on which it relies in this action. See U.S. v. Erie County, New York, 724 F.Supp.2d 357, 367 (W.D.N.Y. 2010) (requiring Plaintiff to file amended complaint setting forth specific factual allegations on which it relied in CRIPA action). The State cannot understand or defend against the allegations against it in Plaintiff's vague and conclusory pleading.

5. In light of the limited role federal courts should play in the administration of state prison systems, Congress, in enacting CRIPA, recognized that "a high degree of care must be taken when one level of sovereign government sues another in our federal system." H.R. Conf. Rep. No. 97-897 at 11 (1980)). Thus, CRIPA's "egregious or flagrant" standard represents "a higher standard than that required of plaintiffs other than the United States." Id. At a minimum, the Complaint must allege that any constitutional violations stem from a policy or custom, "as

opposed to isolated incidents of unconstitutional conduct." Erie Cnty., 724 F.Supp.2d at 371. Plaintiff's Complaint fails to meet this pleading standard.

6. Plaintiff's vague allegations fail to allege a constitutional violation at all. With respect to inmate-on-inmate violence, Plaintiff must allege "'that serious inmate-on-inmate violence was the norm or something close to it.'" Marbury v. Warden, 936 F.3d 1227, 1234 (11th Cir. 2019) (quoting Purcell ex rel. Estate of Morgan v. Toombs Cnty., Ga., 400 F.3d 1313, 1320 (11th Cir. 2005)). Plaintiff's isolated examples of inmate-on-inmate violence fail to suggest an egregious or flagrant constitutional violation.

7. An excessive force claim requires allegations plausibly suggesting "that officials applied force 'maliciously and sadistically for the very purpose of causing harm.'" Farmer v. Brennan, 511 U.S. 825, 835 (1994) (quoting Hudson v. McMillian, 503 U.S. 1, 6 (1992)). Plaintiff's barebones allegations fall far short of this standard.

8. Plaintiff also fails to plausibly allege a claim for failure to provide safe and sanitary conditions. "[P]rison conditions rise to the level of an Eighth Amendment violation only when they 'involve the wanton and unnecessary infliction of pain.'" Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004) (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). Plaintiff's vague allegations regarding conditions at "many" or "most" of ADOC's facilities for men fail to meet this standard.

9. CRIPA explicitly limits relief to that "appropriate to insure the minimum corrective measures." 42 U.S.C. § 1997a(a). Notwithstanding this limitation, Plaintiff seeks to impose "best practices" that far exceed the constitutional minimum. (See, e.g., Doc. No. 1 at ¶¶ 52.c (alleging that the State lacks "a centralized system to track or review prisoner mortalities"); 88.b (alleging that the State fails to ensure that "facilities' operating procedures are consistent with ADOC

regulations or from prison-to-prison"); and 89.b (alleging that the State "provid[es] too much discretion" to its wardens with respect to review of use of force matters)). Plaintiff cannot plausibly demonstrate that these practices, even if true, violate the Constitution or warrant remedial action under CRIPA.

10. Plaintiff's failure to meet its pleading obligations carries serious consequences. In this CRIPA action, unlike in an inmate class action, there exists no party plaintiff the State can depose to obtain further information about Plaintiff's allegations. Plaintiff's pleading effectively constitutes an attempt to reverse the burden of proof and require the State to demonstrate which facilities fall outside of Plaintiff's definition of "many" or "most." Consequently, Plaintiff's pleading failure will lead directly to the expenditure of taxpayer funds on costly and unnecessary discovery. The Court should, at a minimum, require Plaintiff to file a detailed pleading setting forth the facts on which it relies and the facilities to which its allegations apply.

11. Finally, much of Plaintiff's pleading centers on alleged correctional understaffing in ADOC facilities. Plaintiff's allegations about correctional understaffing ignore the pending class action Braggs v. Dunn, 2:14-cv-00601-MHT-JTA (M.D. Ala.). The Braggs Court already entered a remedial order regarding correctional staffing (Braggs Doc. No. 1656), and ordered the parties to include correctional staffing in their proposed omnibus remedial orders due in the coming week (Braggs, Doc. Nos. 3901 at 1; 3095 at 5). Thus, the Braggs Court already extensively addressed correctional staffing, and the parties and the Court continue to devote time and resources to reaching a final solution regarding correctional staffing. Permitting Plaintiff to pursue claims regarding correctional staffing would result in duplicative and wasteful efforts and potentially lead to conflicting rulings.

WHEREFORE, PREMISES CONSIDERED, the State respectfully requests that the Court enter an Order dismissing Plaintiff's Complaint and the claim asserted in the Complaint under Rule 12(b)(6) or, alternatively, requiring Plaintiff to plead a plausible claim.

Dated: February 15, 2021.

*/s/ William R. Lunsford*
*Attorney for the State*

William R. Lunsford
Matthew B. Reeves
Stephen C. Rogers
**MAYNARD, COOPER & GALE, PC**
655 Gallatin Street
Huntsville, AL 35801
Telephone: (256) 551-0171
Facsimile: (256) 512-0119
blunsford@maynardcooper.com
mreeves@maynardcooper.com
srogers@maynardcooper.com

# CERTIFICATE OF SERVICE

  I hereby certify that a copy of the foregoing has been served upon all attorneys of record in this matter, including without limitation the following, by the Court's CM/ECF system on this the 15th day of February, 2021:

Carla Ward
Jason R. Cheek
Lane H. Woodke
William R. Chambers, Jr.
Praveen Krishna
United States Attorney's Office
1801 Fourth Avenue North Birmingham, Alabama 35203
Telephone: (205) 244-2185
Facsimile: (205) 244-2181
Carla.Ward@usdoj.Gov
Jason.Cheek@usdoj.Gov
lane.woodke@usdoj.gov
Will.Chambers@usdoj.gov
praveen.krishna@usdoj.gov

Steven H. Rosenbaum
Kerry K. Dean
United States Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530
Telephone: (202) 258-3036
kerry.k.dean@usdoj.gov

Curtis Harris
Deena Fox
United States Department of Justice
150 M Street NE
Washington, DC 20004
Telephone: (202) 305-1361
curtis.harris@crt.usdoj.gov
deena.fox@usdoj.gov

Eric S. Dreiband
Equal Employment Opportunity Commission
1801 L Street NW
Washington, DC 20507
(202) 663-4900

               */s/ William R. Lunsford*
               *Of Counsel*