IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff; <br><br> v. <br><br> STATE OF ALABAMA and ALABAMA DEPARTMENT OF CORRECTIONS, <br><br> Defendants. | Civil No. 2:20-cv-01971-RDP |

**UNITED STATES' OPPOSITION TO DEFENDANTS' MOTION TO STAY**

Defendants' Motion to Stay ("Motion"), Doc. 28, seeks a stay of all discovery obligations, including the Rule 26(f) conference. The United States respectfully requests that the Motion be denied due to the ongoing risk of serious injury and death that prisoners within the Alabama Department of Corrections ("ADOC") face pending resolution of this matter. Motions to stay discovery are not favored where a delay in litigation poses risks of harm. Order at 2, *Chestnut v. Merrill*, No. 18-cv-00907-KOB (N.D. Ala. Jan. 9, 2019), Doc. 38 [Exhibit A].

**I.    ARGUMENT**

   **A.    Stays to Discovery Pending Decisions on Motions to Dismiss are Exceptions to the Rule.**

Courts need not delay discovery while a motion to dismiss is pending, and indeed, typically do so only when there is a likelihood the motion to dismiss will succeed, to prevent unnecessary spending on discovery. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997); *In re Winn Dixie Stores, Inc. Erisa Litig.,* No. 304-CV-194J-33MCR,

1

2007 WL 1877887, at *1 (M.D. Fla. June 28, 2007). In this case, the motion to dismiss is unlikely to succeed and discovery should not be delayed.

Defendants claim that, "Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins." (Doc. 28, ¶ 8) (citing *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997)). However, Defendants misconstrue the holding in *Chudasama*. Far from standing for the proposition that discovery should always be stayed when a motion to dismiss is pending, the case instead explains that where a claim is clearly dubious and, if permitted to proceed, would substantially broaden the universe for discovery, then discovery on that claim should be stayed. *Chudasama,* 123 F.3d at 1368 ("[W]hen faced with a motion to dismiss a claim for relief that significantly enlarges the scope of discovery, the district court should rule on the motion before entering discovery orders, if possible. The court's duty in this regard becomes all the more imperative when the contested claim is especially dubious."). *Chudasama* does not require this Court to stay discovery in this important matter simply because Defendants filed a motion to dismiss.

"A stay of discovery pending the determination of a motion to dismiss . . . is the exception rather than the rule." *Cabrera v. Progressive Behav. Sci., Inc.*, 331 F.R.D. 185, 186 (S.D. Fla. 2019). Cases following *Chudasama* have affirmed its limited holding that stays pending resolution of a motion to dismiss are proper when "the pleading almost certainly failed to state a claim." *Kidd v. Jasper, City of*, No. 6:17-CV-1180-TMP, 2018 WL 2766058, at *6 n.8 (N.D. Ala. June 8, 2018); *see also Monks v. Diamond Resorts Int'l, Inc.,* No. 17-14307-CIV, 2018 WL 4208330, at *1 (S.D. Fla. May 11, 2018) ("Various courts have recognized that *Chudasama* does not stand for the broad proposition that a court must stay discovery when there is a pending motion to dismiss.") (citation omitted); *In re Winn Dixie*, 2007 WL 1877887

at *1 ("These cases [including *Chudasama*], however, do not establish a broad general rule that discovery should not proceed while a motion to dismiss is pending. Instead, they stand for the much narrower proposition that courts should not delay ruling on a likely meritorious motion to dismiss while undue discovery costs mount."). In assessing the dubiousness of a claim, "[t]o evaluate whether there is a strong likelihood the dismissal motion will be granted and entirely eliminate the need for such discovery, the district court must take a 'preliminary peek' at the merits of the motion." *Cabrera*, 331 F.R.D. at 186 (internal citations omitted). In this case, there is no "strong likelihood" that Defendants' Motion to Dismiss will be granted.

The United States' Complaint alleges violations of the Eighth and Fourteenth Amendments; the claims, detailed in its 89-paragraphs, are not novel or "especially dubious," as in *Chudasama*. (*See* Compl, Doc. 1; U.S. Opp. to Defs. Mot. to Dismiss, Doc. 23). The Complaint also does not contain additional causes of action that substantially enlarge the scope of discovery, contrary to the holding in *Chudasama*. 123 F.3d at 1368 ("As a result, the Chudasamas could seek much broader discovery with the fraud count in the complaint than without it. The presence of the fraud count accordingly contributed greatly to the discovery disputes."). The Complaint is not subject to the stay requirements prescribed in *Chudasama's* limited holding.

    **B.**    **Defendants Cannot Show Good Cause and Reasonableness to Support a Stay.**

In considering a motion to stay discovery, "the moving party bears the burden of showing good cause and reasonableness." *Koock v. Sugar & Felsenthal, LLP*, No. 8:09-CV-609-T-17EAJ, 2009 WL 2579307, at *2 (M.D. Fla. Aug. 19, 2009). Defendants' arguments about the "burdens and expenses," (Doc. 28, ¶ 9), in conducting discovery while a motion to dismiss is pending mirrors the arguments that the district court rejected in *Cabrera*. 331 F.R.D.

at 186.  Defendants have not met their burden in showing good cause and reasonableness. Defendants' incorrect statements regarding not being able to meaningfully participate in the discovery conference, due to an alleged lack of notice of the United States' claims, mirrors their arguments in their Motion to Dismiss that have previously been addressed and refuted, and are therefore incorporated by reference herein.  (Doc. 23, pp. 11-21).  For example, Defendants argue that they cannot determine a reasonable timeline for discovery without "knowing which facilities" are covered by the United States' Complaint, (Doc. 28, ¶ 11), while ignoring that the United States' Complaint sufficiently puts Defendants on notice that the unconstitutional conditions alleged are systemic and pervasive throughout its major male facilities.

Defendants also argue that "the State cannot evaluate the impact of the ongoing COVID-19 pandemic on the schedule for discovery in this matter."  (Doc. 28, ¶ 12).  While the COVID-19 pandemic has had great impacts on us all, including the federal courts, Defendants' claim that they cannot formulate a discovery schedule because of the pandemic is contradicted by the fact that the same Defendants agreed to a joint discovery plan, during the pandemic, to finalize the Court's remedial orders in the *Braggs* prison litigation.  *See* Joint Discovery Plan, *Braggs v. Dunn*, No. 2:14-cv-00601 (M.D. Ala. Jan. 21, 2021), Doc. 3098.  Defendants have not proffered good cause in seeking a stay.

       **C.**    **A Stay Would Prolong Risk of Serious Harm to Prisoners.**

In denying a stay pending the resolution of a dispositive motion, district courts have sought to reduce the potential harm caused by discovery delays.  *See* Order at 2, *Chestnut v. Merrill*, No. 18-cv-00907 (N.D. Ala. Jan. 9, 2019), Doc. 38 [Exhibit A] ("While the court understands the significant costs associated with discovery, the court finds that the need to avoid undue delay in this case is greater.  And motions staying discovery are not favored because when discovery is delayed or prolonged it can create case management problems . . .

caus[ing] unnecessary litigation expenses and problems.") (internal citations omitted); *Williams v. Saxon Mortg. Servs., Inc.*, No. CIV.A. 06-0799-WS-B, 2007 WL 1791649, at *1 (S.D. Ala. June 20, 2007) ("[T]he harm visited upon Ticor by having to respond to discovery at this early stage does not outweigh the harm that will result from the further delay of discovery in this case."); *Cabrera*, 331 F.R.D. at 186 ("[T]he delay and prolongation of discovery can also create case management and scheduling problems and unfairly hold up the prosecution of the case."). No harm is greater than the risk of harm to one's life. And since the filing of the United States' Complaint, troubling incidents continue to occur within ADOC facilities at an alarming rate; Defendants have publicly reported eleven deaths, including one homicide, and 121 assaults in the ADOC system in January 2021 alone.[1] But the harms that prisoners face in ADOC custody are far greater than what is reported by ADOC in its statistical reports.[2]

There have been additional, publicly reported deaths and serious incidents since the filing of the Complaint, including a stabbing death on February 8, 2021 at St. Clair County Correctional Facility,[3] a reported suicide on February 9, 2021 at Fountain Correctional Facility,[4] and criminal indictments of an ADOC sergeant and corrections officer for improperly

---

[1] *See ADOC Monthly Statistical Report for January 2021,* at http://www.doc.state.al.us/docs/MonthlyRpts/January%202021.pdf (pg. 3 of 15). ADOC does not report deaths for ongoing investigations and staff on inmate homicides. *Id.* at 4, n.1.

[2] The United States found in its initial CRIPA Notice that ADOC's homicide rate is higher than what is publicly reported and there are "numerous instances where ADOC incident reports classified deaths as due to 'natural' causes when, in actuality, the deaths were likely caused by prisoner-on-prisoner violence." United States Department of Justice, *Investigation of Alabama's State Prison for Men* at 11-12 (April 2, 2019), at https://www.justice.gov/crt/case-document/file/1149971/download.

[3] Taylor Mitchell, *St. Clair County Correctional Facility inmate found dead,* St. Clair Times (Feb. 9, 2021), at https://www.annistonstar.com/the_st_clair_times/stclair_news/st-clair-county-correctional-facility-inmate-found-dead/article_3e38243e-6b24-11eb-97b0-436ebe939eb2.html ("St. Clair County Coroner Dennis Russell said Dexter Freeman, 38, was found Monday night with an apparent stab wound . . . The Alabama Department of Corrections did not immediately respond to requests for comment before publication.").

[4] Eddie Burkhalter, *Alabama inmate death being investigated as possible suicide,* Alabama Political Reporter (Feb. 26, 2021), at https://www.alreporter.com/2021/02/26/alabama-inmate-death-being-investigated-as-possible-suicide/ ("Travis Jackson, 43, was found unresponsive on his cell at the Fountain Correctional Facility . . . ADOC spokeswoman Kristi Simpson said in a message to APR . . . This is one of dozens of unanswered emails I have sent to ADOC's public information office in the last few months, mostly about in-custody deaths . . .").

using force to assault a prisoner at Staton Correctional Facility.[5]  Just two days prior to the filing of the Complaint, and reported afterwards, a prisoner at Donaldson Correctional Facility died in December[6] 2020 from apparent overheating.  It was reported that his cell temperature reached 101 degrees Fahrenheit where he was discovered "near the window of his single-occupant cell with his head 'facing out the window,' in an apparent attempt to breath cool air . . . Jefferson County coroner's office . . . confirmed Rutledge, 44, died of hyperthermia after his core body temperature reached 109 degrees."[7]  The need to avoid delay in adjudicating alleged constitutional violations against prisoners in ADOC custody, that are at risk of serious injury and death, outweighs any burdens of continuing discovery.

## II. CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court deny[8] Defendants' Motion to Stay Discovery and Extend Deadline for Parties' Planning Meeting, Doc. 28, order discovery to resume, and set a Rule 26(f) conference within seven days of the Court's order.

---

[5] Department of Justice, Office of Public Affairs, *Correctional Sergeant and Correctional Officer Indicted for Inmate Abuse, Obstruction of Justice* (March 10, 2021), at https://www.justice.gov/opa/pr/correctional-sergeant-and-correctional-officer-indicted-inmate-abuse-obstruction-justice ("According to court documents, Sergeant Devlon Williams, 35 and Correctional Officer Larry Managan Jr. 39, of Montgomery assaulted the inmate by striking him with their feet and with a collapsible baton, and charges Managan with assaulting the inmate by walking on the inmate.").

[6] Despite this reported death, no deaths are reported in ADOC's December Statistical Report for the month of December.  *See ADOC Monthly Statistical Report for December 2020,* at http://www.doc.state.al.us/docs/MonthlyRpts/December%202020.pdf.

[7] Melissa Brown, *He died in a 101-degree Alabama prison cell with a 109 body temperature.  Officials have no answers.*, USA Today (Jan. 29, 2021), at https://www.usatoday.com/story/news/nation/2021/01/29/alabama-prisoner-died-101-degree-cell-what-happened/4306113001/ ("The Alabama Department of Corrections declined to answer any specific questions, citing an 'ongoing' investigation into the matter eight weeks after Rutledge's death.").

[8] In the event the Court decides to stay the proceedings pending resolution of Defendants' Motion to Dismiss, the United States respectfully requests that the Court order limited discovery in the form of ADOC's incident reporting database from January 1, 2019, through the present.  ADOC previously produced this database on at least two occasions during the U.S. Department of Justice's investigation that preceded this suit.  It is therefore anticipated that any burden in producing this material would be minimal.

Respectfully submitted,

| | |
|---|---|
| PAMELA S. KARLAN | WILLIAM R. CHAMBERS |
| Principal Deputy Assistant Attorney General | Acting United States Attorney |
| | |
| STEPHEN H. ROSENBAUM | LANE HINES WOODKE |
| Chief | Assistant United States Attorney |
| | |
| KERRY DEAN | JASON R. CHEEK |
| Deputy Chief | Assistant United States Attorney |
| | |
| DEENA FOX | /s Carla C. Ward |
| CURTIS HARRIS | CARLA C. WARD |
| GEORGE EPPSTEINER | Assistant United States Attorney |
| Trial Attorneys | United States Attorney's Office |
| United States Department of Justice | Northern District of Alabama |
| Civil Rights Division | 1801 Fourth Avenue North |
| Special Litigation Section | Birmingham, Alabama 35203 |
| 950 Pennsylvania Ave, NW | (205) 244-2185 |
| Washington, DC 20530 | car1a.ward@usdoj.gov |
| (202) 258-3036 | |
| kerry.k.dean@usdoj.gov | |

Dated:  April 9, 2021.

## CERTIFICATE OF SERVICE

I hereby certify that on April 9, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

Respectfully submitted,

/s Carla C. Ward
CARLA C. WARD
Attorney for the United States
Assistant United States Attorney
United States Attorney's Office
Northern District of Alabama
1801 Fourth Avenue North
Birmingham, Alabama 35203
(205) 244-2185
car1a.ward@usdoj.gov