FILED
2021 Apr-09 PM 02:34
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EX. A

Case 2:20-cv-01971-RDP   Document 30-1   Filed 04/09/21   Page 2 of 4
Case 2:18-cv-00907-KOB   Document 38   Filed 01/09/19   Page 1 of 3

FILED
2019 Jan-09 AM 09:40
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **LAKEISHA CHESTNUT, et al.,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | **Case No. 2:18-CV-00907-KOB** |
| ) | |
| **JOHN H. MERRILL,** ) | |
| ) | |
| Defendant. ) | |

## ORDER

This matter comes before the court on Defendant John Merrill's "Defendant Secretary of State's (Opposed) Motion to Stay Discovery." (Doc. 28). Defendant seeks a stay of all parties' discovery obligation until the court rules on Defendant's "Motion for Judgment on the Pleadings." (Doc. 27). Defendant filed this motion to stay on November 2, 2018. (Doc. 28). On December 4, Plaintiffs filed "Plaintiffs' Brief in Opposition to Defendant's Motion to Stay Discovery." (Doc. 32). On December 18, Defendant filed "Secretary of State John Merrill's Reply in Support of His Motion to Stay (Doc. 28)." (Doc. 36).

Defendant seeks to stay discovery until the court resolves the pending motion for judgment on the pleadings to avoid potentially expensive and time-consuming discovery productions should the court grant Defendant's motion for judgment on the pleadings. The court acknowledges the likely "significant costs" of discovery. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997). So, the court strives to resolve motions to dismiss and motions for judgment on the pleadings prior to the parties engaging in discovery to avoid unnecessary discovery costs.

The court has inherent power "to control the disposition of the causes of its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Chudasama*, 123 F.3d at 1366 ("We recognize that district courts enjoy broad discretion in deciding how best to manage the cases before them."). The Eleventh Circuit has held that "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins." *Chudasama*, 123 F.3d at 1367. The Eleventh Circuit focuses on the reality that a party needs no discovery to resolve a motion to dismiss based upon a purely legal argument.

Here, Plaintiffs do not contend that they need discovery to respond to Defendant's motion for judgment on the pleadings. Instead, Plaintiffs oppose the motion to stay discovery solely because they seek to keep the case moving in hopes of a favorable resolution prior to the 2020 election. Plaintiffs recognize that courts need time to decide motions to dismiss and motions for judgment on the pleadings. The court finds this particularly significant in this case, in which the court must first determine if a three-judge panel is necessary before turning to the remainder of Defendant's motion for judgment on the pleadings. While the court understands the significant costs associated with discovery, the court finds that the need to avoid undue delay in this case is greater.

And motions staying discovery "are not favored because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261, 263 (M.D.N.C. 1988). The court recognizes the need for swift resolution of this case. The complaint challenges the constitutionality of the

current Alabama redistricting plan—the same plan that will be in effect for the 2020 presidential election.

Therefore, pursuant to this court's broad authority to manage the cases before it, the court DENIES Defendant's motion to stay discovery. (Doc. 28).

**DONE** and **ORDERED** this 9th day of January, 2019.

_____
**KARON OWEN BOWDRE**
CHIEF UNITED STATES DISTRICT JUDGE

3