IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff;<br><br>v.<br><br>STATE OF ALABAMA and ALABAMA DEPARTMENT OF CORRECTIONS,<br><br>  Defendants. | Civil No. 2:20-cv-01971-RDP |
| MARK DUKE, *et al.*,<br><br>  Plaintiffs;<br><br>v.<br><br>JEFFERSON S. DUNN, *et al.*,<br><br>  Defendants. | Civil No. 4:14-cv-01952-RDP |
| D.S.,<br><br>  Plaintiff;<br><br>v.<br><br>JEFFERSON S. DUNN, *et al.*,<br><br>  Defendants. | Civil No. 2:20-cv-2012-RDP |

**CONSOLIDATED JOINT RULE 26 CONFERENCE REPORT**

On May 11, 2021, this Court ordered the parties in the three above captioned cases to

"conduct a joint Rule 26(f) conference and file a consolidated joint report in these cases on or

before June 30, 2021." Order, *United States v. Alabama*, No. 2:20-cv-01971-RDP, Doc. 35. The Court directed that the joint conference should address "[t]he extent to which": (1) "the discovery in these actions can or should be coordinated as to avoid duplicative discovery in any action"; and (2) "the relief sought by Plaintiffs in any of these actions is related or in conflict with the relief sought in any other action." *Id.* The parties conducted that joint conference on June 28, 2021, and submit this joint report[1] addressing the Court's two requested topics.

> **Topic 1: "The extent to which the discovery in these actions can or should be coordinated as to avoid duplicative discovery in any action."**

The parties report that some limited discovery coordination could help avoid duplicative discovery and benefit Plaintiffs and the State Defendants in all three cases. The individual reports in the three cases will propose different discovery tracks, with *D.S.* closing on July 1, 2022, and the United States' discovery closing on October 2, 2023. The *Duke* Plaintiffs and Defendants are attempting to come to an agreement on a closing date for discovery in 2022. In its longer discovery period, the United States generally will endeavor to front load its discovery that particularly concerns St. Clair Correctional Facility ("St. Clair"). The United States, however, must reserve the option to take additional, limited discovery regarding St. Clair after discovery closes in the *Duke* and *D.S.* cases.

The parties set out below the proposed extent of coordination regarding: (1) a protective order; (2) document production format protocols; (3) document productions; (4) document production in *D.S.*: (5) depositions; (6) interrogatories and admissions; (7) retained experts; (8) inspection tours of St. Clair; and (9) discovery dispute mediators. Pursuant to this Court's Order,

---

[1] The undersigned parties could not confirm by the Court's deadline the signature of defense attorneys with Capel & Howard, P.C., who represent the following defendants in the D.S. case: Carl Sanders, Gary Malone, Kevin White, Carla Graham, Angelia Gordy, William Ragsdale, Neketris Estelle, Gerald McMillian, Christopher Boyd, Shannon Caldwell, Errol Pickens, Lisa Bonner, Allen Knott, Earl Pickett, Steve Terry, and Tanya Ary.

the parties have "clearly delineate[d] their respective positions" if the parties disagree.  Order, *United States v. Alabama*, No. 2:20-cv-01971-RDP, Doc. 35.

(1) *Protective Order*:  The parties are working together on a mutually agreeable protective order.  If the parties reach an agreement, then they will file a protective order on or before July 16, 2021.  If the parties cannot reach an agreement by July 16, 2021, then they will submit competing proposed protective orders or a single, proposed protective order identifying the areas of agreement and disagreement.

(2) *Protocols for Production of Documents, Things, and ESI*:

The parties are working together on a mutually agreeable protocol for production of documents and things (including ESI).  If the parties reach an agreement, then they will file a stipulated protocol for production of documents and things (including ESI) on or before July 16, 2021.  If the parties cannot reach an agreement by July 16, 2021, then they will submit competing proposed discovery protocols or a single, proposed discovery protocol identifying the areas of agreement and disagreement.

(3) *Requests for Production*:

*Plaintiffs' Position:*  To help alleviate duplicative document requests and productions, the Collective Plaintiffs propose to coordinate, without consolidating, document requests.  Moreover, while the parties are still negotiating protective orders and discovery production protocols, the Collective Plaintiffs believe that a uniform consolidated document production protocol and a Consolidated Protective Order that applies to all three cases would promote discovery sharing and coordination and thus result in in less duplicative discovery requests and discovery productions because, among other things, all three cases implicate the policies, customs, knowledge, actions, and omissions of ADOC officials and staff relating to prisoner-on-prisoner violence at St. Clair,

and the *D.S.* and *United States* cases both implicate the policies, customs, knowledge, actions, and omissions of ADOC officials and staff relating to prisoner-on-prisoner violence at Donaldson. These Consolidated orders would also allow defendants to respond to document requests with Bates numbers of previously produced responsive documents, without reproducing the documents.

*The State Defendants' Position*:  The State Defendants would welcome coordinated, consolidated document requests from the Collective Plaintiffs.  However, based on the Collective Plaintiffs' position on a variety of issues, including the currently proposed discovery protocols and protective order, the State Defendants believe such coordinated (but apparently not consolidated) document requests will result in individualized disputes concerning relevancy, the scope of discovery, and other issues in each of the three (3) actions.  As a result, coordinated discovery (especially with the Consolidated Plaintiffs' currently proposed discovery protocols and protective order) will not simplify or streamline discovery, but instead compound discovery disputes and place undue burden and cost on the State Defendants.

(4)     *Production in D.S. of Documents Already Produced to Date in Duke*:

*Plaintiffs' Position:*  To streamline discovery, promote efficiency, and conserve the resources of the parties and Court, the *D.S.* Plaintiff proposes that all documents produced to date in *Duke v. Dunn* should be produced in *D.S. v. Dunn*, because the documents relevant to deliberate indifference in *D.S.* will largely overlap with the *Duke* documents, and no reason exists for the parties and Court in *D.S.* to duplicate the discovery efforts already completed in *Duke*.  The *Duke* Plaintiffs have agreed to facilitate the production in response to a subpoena from the *D.S.* Plaintiff, subject to this Court's approval.

The *D.S.* and *Duke* complaints both assert that ADOC officials and staff were deliberately indifferent to a longstanding, known condition of widespread prisoner-on-prisoner violence, and

4

engaged in policies and practices that placed prisoners at substantial risk of serious physical harm, including (1) inadequate supervision and monitoring; (2) dangerous housing and classification assignments; (3) pervasive weapons contraband; (4) a failure to discipline, and protect prisoners from, frequent serious violence; (5) a failure to detect, prevent, and respond to sexual violence or protect reporting victims from retaliation; and (6) promotion of a culture of violence and abuse. *D.S. v. Dunn*, No. 2:20-cv-02012-RDP, Second Amended Complaint,[2] Doc. 92 at Counts I-I & ¶¶110-61, 162-92 & 193-290; *Duke v.* Dunn, No. 4:14-cv-01952, Complaint, Doc. 1. The discovery to date in *Duke* regarding the policies, customs, knowledge, actions, and omissions of ADOC officials and staff relating to prisoner-on-prisoner violence at St. Clair is thus relevant in *D.S.* Many of the *D.S.* Defendants previously agreed to production of the *Duke* documents in other individual damages cases. *E.g., McGregor v. Thomas, et al.*, Case 4:17-cv-00593 (N.D. Ala. Apr. 12, 2017), Doc. 44 ("The parties agree that, to streamline discovery, all documents produced to date in *Duke v. Dunn*, et al., Civil Action No. 4:14-cv-01952 (N.D. Ala.), are discoverable in this action.").

Although Defendants raise temporal objections to the production, D.S.'s claims center on the *D.S.* Defendants' alleged failure to act despite subjective knowledge of longstanding conditions, policies, and customs that began in 2010, and continued through the 2014 filing of the *Duke* class action and the January 2019 assault of D.S. at St. Clair. E.g., *D.S.*, Doc. 92, at Counts I-IV, ¶¶110-116 & 162-192. Plaintiff D.S. respectfully requests the *Duke* discovery <u>to date</u>, and thus the *D.S.* Defendants' arguments below regarding supplemental productions in *Duke* are premature.

---

[2] Pursuant to Court's order, Plaintiff D.S. has filed a second amended complaint, and all D.S. Defendants have affirmed that they do not have any "shotgun pleading" concerns regarding his complaint. The State Defendants have indicated that they intend to file a motion to dismiss the second amended complaint as a result of continued pleading deficiencies.

*The State Defendants' Position*: This topic—i.e., the production of documents from *Duke* in *D.S.*—is beyond the scope of the Court's instruction. It should be dealt with in the *D.S.* case. It is inappropriate for the *D.S.* Plaintiff to attempt to leverage the Court ordered process of evaluating coordinated discovery efforts into the provision of irrelevant documents before the *D.S.* Plaintiff even has an operative pleading.

The State Defendants object to the production of "all documents produced to date in *Duke v. Dunn*" in *D.S. D.S.* Plaintiff's counsel knows that the *Duke* documents previously produced in *McGregor* from as early as 2014 are irrelevant and outside the scope of discovery in *D.S.* Separately, but equally important, *D.S.* Plaintiff's counsel has no idea what documents have been produced in *Duke* since the production in *McGregor* and, therefore, they have no idea what documents from *Duke* are or are not relevant in *D.S.* Indeed, all of the documents produced by the State Defendants in *Duke* are not, and logically cannot be, relevant to the incident at issue involving D.S. at St. Clair on January 29, 2019. Moreover, any future production to the *Duke* Plaintiffs will be "supplemental discovery" related to current circumstances so that the *Duke* Plaintiffs can support an updated motion for class certification, motion for summary judgment, and injunctive relief. Of course, current circumstances at St. Clair are totally irrelevant to the individual-capacity claims seeking monetary damages concerning the individual actions of the State Defendants on or around January 29, 2019, which is the focus of the *D.S.* case.

The *D.S.* Plaintiff's reliance on *McGregor* (and any related cases) is misplaced. The *McGregor* parties were dealing with a different set of production in a different case for different time periods produced for different reasons. The *McGregor* defendants opposed production of documents from *Duke* in *McGregor*, but ultimately agreed to produce such *Duke*-related documents as part of a mutually agreeable resolution of a number of issues and for reasons that do not exist in

the *D.S.* case.  The *McGregor* case (and related cases) were filed in 2017, alleging incidents at St. Clair in 2015.  However, the *D.S.* case, filed on December 14, 2020, concerned an incident at St. Clair that occurred approximately four (4) years after the incident in *McGregor*.  In hindsight, the *McGregor* defendants found that the *Duke*-related documents were so outdated as to make them irrelevant in *McGregor*.  The additional passage of time since the production in *McGregor* make the *Duke*-related documents so outdated as to make them irrelevant and non-discoverable in the *D.S.* case.

As it relates to production by the State Defendants of documents from *Duke* to *D.S.*, the State Defendants are not being offered a resolution of any discovery disputes or other issues. Additionally, as a result of the passage of time and the expansion of the amount and scope of discovery in *Duke* over time (including production after *McGregor*) covering broad policy-related issues, it makes production of all (or even any) documents produced in *Duke* to the *D.S.* Plaintiff objectionable and inappropriate, given the narrow scope of claims asserted by D.S. against the State Defendants related to the alleged January 29, 2019, incident at St. Clair and the narrow relief sought by D.S.  Indeed, D.S. is not seeking facility-wide injunctive relief or policy change concerning, among other things, inmate-on-inmate violence, contraband, use of force, and inmate movement. (*Compare Duke* Doc. 53 with *D.S.* Doc. 67).  The State Defendants maintain their objection to production of documents from *Duke* to the *D.S.* Plaintiff and suggest further discussion and briefing of this issue in *D.S.* if the Court is inclined to order any production of *Duke* documents in the *D.S.* case.

(5)     *Depositions*:

*Plaintiffs' Position*:  The Collective Plaintiffs offered to engage in some coordination on the timing of depositions of common deponents to avoid some duplication.  *Duke* and *D.S.*

Plaintiffs offered to coordinate and combine their depositions of mutual deponents. For those combined depositions the time limit for each deposition would be 10 hours, and the *Duke* and *D.S.* Plaintiffs would coordinate on how to divide those 10 hours. That combined deposition would count as a plaintiff deposition in both the *Duke* and *D.S.* cases.

The United States offered to endeavor not to unnecessarily depose individuals already deposed in a combined *Duke* and *D.S.* deposition who physically work at, or whose job responsibilities relate mostly to, St. Clair. Given the United States' longer discovery period, and the potential new incidents, data, and other evidence that could occur during that additional period, the United States sought to reserve the option to conduct its own 3.5-hour deposition of those witnesses. The United States also reserved the option to depose common deponents whose job responsibilities extend beyond St. Clair to other ADOC facilities or to the ADOC system as a whole, (*e.g.*, Commissioner Dunn), for 7 hours given the scope of the United States' case. Given the Defendants' desire, explained below, not to coordinate depositions, the Collective Plaintiffs agree not to consolidate depositions.

*The State Defendants' Position*: The State Defendants are open to coordinating the timing of depositions of common deponents to avoid duplication. However, the Collective Plaintiffs' proposal is unacceptable. For example, the United States wants to watch or obtain and read the deposition of a "common deponent" and then take its own short or full-length deposition. Notably, the deposition of Commissioner Dunn (and numerous other ADOC Central Office employees) will continue to be the full seven (7) hours, which results in no significant benefit to the State Defendants. If the Collective Plaintiffs wanted to reduce the burden on the State Defendants and create efficiencies, then the Collective Plaintiffs could take a single, 10-hour deposition of persons identified in all three (3) actions as a common deponent, without reserving a right to redepose or

continue the deposition of such common deponents. The State Defendants could agree to a consolidated deposition under those circumstances, but the Collective Plaintiffs are not agreeable with that proposal.

(6) *Interrogatories and Requests for Admissions*: The parties believe that interrogatories and requests for admissions should not be consolidated because they will often use these discovery methods to obtain evidence regarding claims, defenses, and issues that are particular to a single case.

(7) *Retained Experts*: Neither Collective Plaintiffs nor the State Defendants envision using all the same experts in each of the three cases, although there may be some overlap. At this early stage of discovery in all three cases, neither Collective Plaintiffs nor the State Defendants know the extent of the overlap. Regardless of any overlap, the parties should make expert disclosures separately in each case. Also, in each case, each side should retain the option to conduct its own deposition of any expert who may offer testimony in the case.

(8) *Inspection Tours of St. Clair*: The *Duke* Plaintiffs and United States agree to attempt to coordinate the timing of any inspections and expert tours of St. Clair. To that end, the *Duke* Plaintiffs and United States propose that the parties in their two cases select a mutually agreeable week in November 2021 for their experts to tour St. Clair. If the State Defendants cannot accommodate the *Duke* Plaintiffs' and United States' experts for the same week in November 2021, the United States will delay its expert tour of St. Clair to a later date. The State Defendants agree to attempt to coordinate the timing of any site inspection at St. Clair with the *Duke* Plaintiffs and the United States.

The *D.S.* Plaintiff anticipates seeking a site inspection at St. Clair. Fed. R. Civ. P. 34(a). The *D.S.* Plaintiff is willing to coordinate his inspection with that of the *Duke* Plaintiffs and the

United States.  The State Defendants do not believe that a site inspection is appropriate in the *D.S.* case and that any dispute concerning site inspections by the *D.S.* Plaintiff may be resolved in *D.S.*.

(9) *Discovery Mediator and Special Master*:  The *Duke* and *D.S.* Plaintiffs propose that Judge John Ott mediate[3] discovery disputes in the *Duke* and *D.S.* cases.  Judge Ott has served as mediator in the *Duke* case with respect to settlement and discovery disputes since 2016 and is willing to continue in that role as well as to mediate discovery disputes in *D.S.*  Judge Ott, unfortunately, has relayed he is not available to mediate discovery disputes in the United States' larger systemwide case.  The United States and the State Defendants are working together to identify a special master and to develop a mutually agreeable stipulation concerning the scope of issues for resolution and the method for resolution by the special master.  If those parties reach an agreement, then they will file a stipulation concerning the special master on or before July 16, 2021.  If they cannot reach an agreement by July 16, 2021, the United States and the State Defendants will file a status report on that date.  They may also submit names of potential special masters and/or a proposal for the scope of issues for resolution and the method for resolution by the special master.

> **Topic 2: "The extent to which the relief sought by Plaintiffs in any of these actions is related or in conflict with the relief sought in any other action."**

*Plaintiffs' Position*:  As explained by Plaintiffs below, the relief Plaintiffs seek in these three cases is not in conflict, and the relief sought by the *Duke* Plaintiffs and the United States is partially related.

---

[3] The use of the term "mediate" and its iterations is not meant to incorporate or adopt any privilege or other confidentiality protection that controlling federal case law does not already recognize, as applied in federal question claims.

As for the *D.S.* case, the *D.S.* Plaintiff's requested relief is unrelated to the relief sought by the *Duke* Plaintiffs and the United States. Plaintiff *D.S.* seeks damages relief only, compared to the *Duke* Plaintiffs and United States which both seek injunctive relief only. The *D.S.* damages relief is therefore unrelated and does not present any conflict with the potential injunctive relief in the *Duke* and United States cases.

As for the *Duke* and the United States cases, the two cases seek relief that is partially related but not in conflict. The *Duke* Plaintiffs seek injunctive relief related to the St. Clair correctional facility only. The United States seeks systemic injunctive relief against the ADOC correctional system, across 13 correctional facilities that include St. Clair. The relief the United States seeks is thus partially related to the relief the *Duke* Plaintiffs seek. The United States seeks, among other things, changes to ADOC policy and practice to remedy unconstitutional conditions that are occurring across the system.

The *Duke* Plaintiffs and United States submit that this partially related relief should not cause any conflicting orders or obligations. Given the proposed faster discovery track for *Duke*, any injunctive relief this Court awards in *Duke* presumably should come before any relief awarded in the United States' case. The subsequent relief the United States seeks in its larger systemwide case would, in the United States' opinion, supplement and complement any injunctive relief the *Duke* Plaintiffs obtain in their faster-tracked case. The United States' sought relief could impose additional, instead of conflicting, remedial obligations on top of any relief the *Duke* Plaintiffs obtain. Moreover, this Court has jurisdiction over both cases, and thus can ensure any injunctive relief granted does not subject defendants to conflicting obligations.

*The State Defendants' Position*: The State Defendants do not understand the Court's Order to seek their position on this question. The State Defendants reserve and preserve their arguments

concerning any conflict in the relief sought by the *D.S.* Plaintiff, the *Duke* Plaintiffs, and/or the United States, especially in light of the fact that a motion to dismiss has been filed and is pending or will be filed and pending (as it relates to the *D.S.* case) in each of the three (3) actions.

Dated:  June 30, 2021.

Respectfully submitted,

AS TO THE *UNITED STATES* CASE:

*/s/ Carla C. Ward*
Carla C. Ward
*Attorney for the United States*

Carla C. Ward
Jason R. Cheek
Lane H. Woodke
William R. Chambers, Jr.
**UNITED STATES ATTORNEY'S OFFICE**
1801 Fourth Avenue North
Birmingham, Alabama 35203
Telephone: (205) 244-2185
carla.ward@usdoj.gov
jason.cheek@usdoj.gov
lane.woodke@usdoj.gov
will.chambers@usdoj.gov

Kristen Clarke
Steven H. Rosenbaum
Kerry K. Dean
Curtis Harris
Deena Fox
George Eppsteiner
Matthew Donnelly
**UNITED STATES DEPARTMENT OF JUSTICE**
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530
Telephone: (202) 258-3036
kerry.k.dean@usdoj.gov
curtis.harris@crt.usdoj.gov
deena.fox@usdoj.gov
george.eppsteiner@usdoj.gov
matthew.donnelly@usdoj.gov

*/s/ Matthew B Reeves*
Matthew B. Reeves
*Attorney for the State*

William R. Lunsford
Matthew B. Reeves
Stephen C. Rogers
La Keisha W. Butler
**MAYNARD, COOPER & GALE, P.C.**
655 Gallatin Street, S.W.
Huntsville, AL 35801
Telephone: (256) 551-0171
Facsimile: (256) 512-0119
blunsford@maynardcooper.com
mreeves@maynardcooper.com
srogers@maynardcooper.com
lbutler@maynardcooper.com

AS TO THE *DUKE* CASE:

| | |
|---|---|
| */s/ Charlotte R. Morrison* | */s/ Matthew B Reeves* |
| Charlotte R. Morrison | Matthew B. Reeves |
| *Attorney for the Plaintiffs* | *Attorney for the ADOC Officials* |

Charlotte R. Morrison
Bryan A. Stevenson
**EQUAL JUSTICE INITIATIVE**
122 Commerce Street
Montgomery, AL 36104
Telephone: (334) 269-1803
Facsimile: (334) 269-1806
bstevenson@eji.org
cmorrison@eji.org

William R. Lunsford
Matthew B. Reeves
La Keisha Butler
**MAYNARD, COOPER & GALE, P.C.**
655 Gallatin Street, S.W.
Huntsville, AL 35801
Telephone: (256) 551-0171
Facsimile: (256) 512-0119
blunsford@maynardcooper.com
mreeves@maynardcooper.com
lbutler@maynardcooper.com

Mary-Coleman M. Roberts
Bart Harmon
**ALABAMA DEPARTMENT OF CORRECTIONS**
301 Ripley Street
Post Office Box 301501
Montgomery, AL 36130
Telephone: (334) 353-3889
Facsimile: (334) 353-3891
marycoleman.roberts@doc.alabama.gov
bart.harmon@doc.alabama.gov

AS TO THE *D.S.* CASE:

| | |
|---|---|
| */s/ Ruth Z Brown* | */s/ Matthew B Reeves* |
| Ruth Z. Brown | Matthew B. Reeves |
| *Attorney for the Plaintiffs* | *Attorney for the ADOC Officials* |

Ruth Z. Brown
Megan Pierce
**LOEVY & LOEVY**
311 N. Aberdeen, 3rd Floor
Chicago, IL 60607
Telephone: (312) 243-5900
Facsimile: (312) 243-5902
ruth@loevy.com
megan@loevy.com

Anil A. Mujumdar
**DAGNEY JOHNSON LAW GROUP**
2170 Highland Avenue, Suite 250
Birmingham, AL 35205
Telephone: (205) 590-6986
Facsimile: (205) 809-7899
anil@dagneylaw.com

William R. Lunsford
Matthew B. Reeves
Stephen C. Rogers
La Keisha W. Butler
**MAYNARD, COOPER & GALE, P.C.**
655 Gallatin Street, S.W.
Huntsville, AL 35801
Telephone: (256) 551-0171
Facsimile: (256) 512-0119
blunsford@maynardcooper.com
mreeves@maynardcooper.com
srogers@maynardcooper.com
lbutler@maynardcooper.com

## CERTIFICATE OF SERVICE

      I hereby certify that on June 30, 2021, I electronically filed the foregoing Consolidated Joint Rule 26 Conference Report in *United States v. Alabama*, No. 2:20-cv-01971-RDP (N.D. Ala.) with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                              Respectfully submitted,

                              */s Carla C. Ward*
                              CARLA C. WARD
                              Attorney for the United States
                              Assistant United States Attorney
                              United States Attorney's Office
                              Northern District of Alabama
                              1801 Fourth Avenue North
                              Birmingham, Alabama 35203
                              (205) 244-2185
                              car1a.ward@usdoj.gov