IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff;<br><br>v.<br><br>STATE OF ALABAMA and ALABAMA DEPARTMENT OF CORRECTIONS,<br><br>Defendants. | CASE NO. 2:20-cv-01971-RDP |

**JOINT NOTICE RE: APPOINTMENT OF A SPECIAL MASTER**

The Parties submit the Joint Notice pursuant to their Rule 26(f) Report, Doc. 42. In that Rule 26(f) Report the Parties submitted that:

> The Parties are working together to identify a special master and to develop a mutually agreeable stipulation concerning the scope of issues for resolution and the method for resolution by the special master. If the Parties reach an agreement, then they will file a stipulation concerning the special master on or before July 16, 2021. If the Parties cannot reach an agreement by July 16, 2021, they will file a status report on that date. They may also submit names of potential special masters and/or a proposal for the scope of issues for resolution and the method for resolution by the special master.

(Doc. 42, ¶ 7).

The Parties report that they have been unable to agree upon a special master candidate. After Judge Harwood, a candidate this Court proposed, indicated that he had a conflict and could not serve, the United States proposed local candidates, Ken Simon and Edgar Gentle. The State rejected those candidates for reasons unrelated to a conflict. The State proposed former Alabama Supreme Court Chief Justice Charles R. (Chuck) Malone. The United States did not agree to Justice Malone for reasons unrelated to a conflict. After discussing with the State pursuit

of potential candidates outside of Alabama, the United States proposed Chris Griffin from Tampa, Florida and C. Edward Dobbs from Atlanta, Georgia. The United States submits that both candidates expressed interest in serving, indicated no conflicts, have no prior relationships with the attorneys in this case, and have extensive federal court and dispute resolution experience. Counsel for the State raised concerns about fees of the two United States' proposed candidates.

The United States, of course, is also concerned about keeping costs low, but the Parties' failure to agree on local candidates and the necessity[1] of reaching out of state has limited candidate options. The United States accordingly proposes, and consents to, Chris Griffin[2] as its primary choice for special master who would charge $450/hour ($225/hour per side), his standard rate for dispute resolution, split evenly between the United States and Defendants. As an alternative, the United States recommends, and consents to, C. Edward Dobbs[3] who would charge $680/hour ($340/hour per side), his standard rate for dispute resolution, split evenly between the United States and Defendants.

Currently, the State cannot consent to the appointment of a special master in accordance with Rule 53(a)(1)(A). In the States' opinion, the United States' candidates for special master charge excessive hourly rates for the Northern District of Alabama. The State submits it should not be subject to such unreasonable expense. Fed. R. Civ. P. 53(a)(3). Ideally for the State, the Court would appoint a United States Magistrate Judge—conceivably from any district in Alabama—to serve as mediator and address the discovery-related issues outlined in Paragraph 1 below. However, if a United States Magistrate Judge cannot serve as mediator and address the

---

[1] The United States submits the Parties agreed that there was a need to look out of state; the State submits that there was no agreement and it is not necessary.

[2] Mr. Griffin's resume is available at http://chrisgriffinmediation.com/about/.

[3] Mr. Dobbs' resume is available at https://www.phrd.com/people/c-edward-dobbs.

issues contained in Paragraph 1 below, then consistent with Rule 53(a)(1)(C), the Court may consider appointing a Special Master to serve as mediator and address those issues. In doing so, the State is confident that the Court will "consider the fairness of imposing the likely expense of the parties and [will] protect against unreasonable expense or delay." Fed. R. Civ. P. 53(a)(3). Nevertheless, to avoid any perceived silence on this issue, and in the event the Court considers appointing a special master, the State proposes former Chief Justice Malone, with Malone & Nelson, 2216 14 Street, Tuscaloosa, AL 35401; (205) 349-3449.

While the Parties were not able to agree on a candidate or candidates to propose to the Court, the Parties were able to reach some agreement on the parameters of the duties of a special master, if appointed by the Court. Those proposed parameters, *including [bracketed] portions where the Parties disagree* and statements noting the Parties' disagreement, are as follows:

*   *   *   *   *   *   *   *

1. <u>Authorized Duties</u>:  The Special Master may help resolve the following disputes between the Parties related to discovery:

   (a) Scope of discoverable information under Fed. R. Civ. P. 26(b);

   (b) Production of information from databases;

   (c) Scope, timing, and logistics of any inspections by the United States of Alabama's Prisons for Men pursuant to Fed. R. Civ. P. 34(a)(2);

   (d) Timing and logistics of United States' access to interview prisoner witnesses;

   (e) Timing and logistics of depositions;

   (f) Preservation of discoverable information;

   (g) Objections to written discovery requests, including potential motions for protective orders;

   (h) Designations of material as covered by a protective order;

   (i) Privilege designations; and

  (j) Any other discovery-related dispute if all Parties provide written agreement consenting to the Special Master's help with that particular dispute.

2. <u>Limitations</u>: While the Parties may later provide written consent, the Parties currently do not consent to the Special Master:

  (a) Conducting evidentiary hearings;

  (b) Imposing any sanctions against a Party;

  (c) Helping resolve disputes that arise during deposition testimony regarding that deponent's testimony; and

  (d) Engaging in *ex parte* communications with any Party.

Any discovery dispute that Paragraph 1 does not cover and that the Parties do not provide written consent to submit to the Special Master shall follow the procedure for "Discovery Disputes" stated in Paragraph 6 of the Initial Order, Doc. 18.

3. <u>[Alternative] Dispute Resolution Process and Review</u>: Any Party may request that the Special Master help resolve a discovery dispute that falls within the Master's Authorized Duties specified in Paragraph 1 above. Upon such request, the Parties will participate in [an initial session / mediation of the dispute] with the Special Master within seven days of the request. Where the Parties do not reach agreement with regard to discovery disputes by the end of the initial session with the Special Master, any Party may elevate the discovery dispute to the Court, in accordance with the procedure for "Discovery Disputes" stated in Paragraph 6 of the Initial Order, Doc. 18. During the discovery dispute conference with the Court, the Special Master may participate and give recommendations to the Court on the dispute, but the Court will decide all issues *de novo*.

 *United States' Position on Paragraph 3*: *The United States objects to the use of the terms "Alternative" Dispute Resolution and "mediation" to the extent that they (or anything else in the paragraph) will be construed as incorporating any privilege or adopting any local court plan that makes these meetings and communications with the special master hidden from the public. As*

*stated above, the special master would be a Court entity performing a court-like function similar to a magistrate judge, and discovery disputes should follow the normal court default of being transparent, non-secret proceedings.*

*States' Position on Paragraph 3*:  Regardless of whether a United States Magistrate Judge or a Special Master serve as mediator, the State believes the resolution of the discovery-related disputes reflected in Paragraph 1 above should be subject to the Court's Alternative Resolution Dispute Plan, available at https://www.alnd.uscourts.gov/sites/alnd/files/forms/ADR%20Plan.pdf. See also In re: Blue Cross Blue Shield Antitrust Lit., Case No. 2:13-cv-200000-RDP, 2020 WL 8256366, at *19 (N.D. Ala. Nov. 30, 2020) (applying the ADR Plan and finding "[M]ediation files are not litigation files.  In this court at least, there is a mediation privilege.").  That is consistent with the State's understanding of the role envisioned by the Court during the Parties' prior teleconference.  It is also consistent with the role served by United States Magistrate Judge John Ott (ret.) during the Braggs action, which worked well in resolving discovery and other disputes and would work well in this action.  Moreover, the application of mediation privilege in the resolution of discovery disputes did not preclude the parties in Braggs, and would not preclude the parties in this action, from making arguments supporting or refuting the production of documents, things, and ESI if such dispute were ultimately elevated to this Court (i.e., a public forum).

    4.    <u>Miscellaneous</u>:

        (a)    The Special Master is directed to proceed with all reasonable diligence;

        (b)    The Special Master may communicate *ex parte* with the Court;

*United States' proposed additions of "(c)" and "(d)" to Paragraph 4*:

        [ (c)    The United States and Defendants shall split the cost for the Special Master equally.  The Special Master shall be compensated at a rate of _____ per hour and reimbursement for reasonable expenses directly related to the performance of his/her duties as Special Master; and]

[ (d)    The Special Master shall submit monthly invoices to the Parties accounting for all hours or one-tenth factions thereof and any expenses incurred in performance of the Special Master's duties. ]

*State's proposed additions of "(c)" and "(d)" to Paragraph 4*:

[ Because the cost for the Special Master is unknown, the State cannot agree to equally split or otherwise pay for the cost of and reasonable expenses associated with the Special Master, especially in light of the hourly rate for the United States' proposed Special Masters. Consistent with Rule 53(a)(3), "[i]n appointing a special master, the [C]ourt must consider the fairness of imposing the likely expense of the parties and must protect against unreasonable expense or delay." Fed. R. Civ. P. 53(a)(3)

(c)    The cost for the Special Master shall be paid as follows _____. The Special Master shall be compensated at a rate of _____ per hour and reimbursement for reasonable expenses directly related to the performance of his/her duties as Special Master; and]

[ (d)    The Special Master shall submit monthly invoices to the Party or Parties paying his or her invoice, accounting for all hours or one-tenth factions thereof and any expenses incurred in performance of the Special Master's duties. ]

\*     \*     \*     \*     \*     \*     \*     \*

Date:  July 16, 2021

Respectfully submitted,

FOR THE UNITED STATES:

| | |
|---|---|
| KRISTEN CLARKE<br>Assistant Attorney General | WILLIAM R. CHAMBERS<br>Acting United States Attorney |
| STEPHEN H. ROSENBAUM<br>Chief | LANE H. WOODKE<br>Chief, Civil Division |
| KERRY KRENTLER DEAN<br>Deputy Chief | JASON R. CHEEK<br>Deputy Civil Chief |

| | |
|---|---|
| */s/ Matthew J. Donnelly* | CARLA C. WARD |
| DEENA FOX | Assistant United States Attorney |
| GEORGE EPPSTEINER | United States Attorney's Office |
| MATTHEW DONNELLY | Northern District of Alabama |
| CURTIS HARRIS | 1801 Fourth Avenue North |
| Trial Attorneys | Birmingham, Alabama 35203 |
| United States Department of Justice | (205) 244-2185 |
| Civil Rights Division | car1a.ward@usdoj.gov |
| Special Litigation Section | |
| 950 Pennsylvania Ave, NW | |
| Washington, DC 20530 | |
| (202) 258-3036 | |
| matthew.donnelly@usdoj.gov | |

FOR THE STATE:

>   */s Matthew B. Reeves*
> William R. Lunsford
> Matthew B. Reeves
> Stephen C. Rogers
> MAYNARD, COOPER & GALE, P.C.
> 655 Gallatin Street, S.W.
> Huntsville, Alabama 35801
> Telephone: (256) 551-0171
> Facsimile: (256) 512-0119
> blunsford@maynardcooper.com
> mreeves@maynardcooper.com
> srogers@maynardcooper.com

## CERTIFICATE OF SERVICE

  I hereby certify that on July 16, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

                 Respectfully submitted,

                 */s Matthew J. Donnelly*
                 MATTHEW J. DONNELLY
                 Attorney
                 United States Department of Justice
                 Civil Rights Division
                 950 Pennsylvania Ave, NW
                 Washington, DC 20530
                 (202) 616-2788
                 matthew.donnelly@usdoj.gov