**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>    **Plaintiff;**<br> **v.**<br><br>**STATE OF ALABAMA and ALABAMA DEPARTMENT OF CORRECTIONS,**<br><br>    **Defendants.** | **Civil. No. 2:20-cv-01971-RDP** |
| **MARK DUKE,** *et al.***,**<br><br>    **Plaintiffs;**<br> **v.**<br><br>**JEFFERSON S. DUNN,** *et al.***,**<br><br>    **Defendants.** | **Civil No. 4:14-cv-01952-RDP** |
| **D.S.,**<br><br>    **Plaintiff;**<br> **v.**<br><br>**JEFFERSON S. DUNN,** *et al.***,**<br><br>    **Defendants.** | **Civil No. 2:20-cv-2012-RDP** |

**<u>STIPULATED CONSOLIDATED PROTECTIVE ORDER</u>**

Pursuant to Federal Rule of Civil Procedure 26(c), which governs the disclosure and access to confidential information, as well as the treatment and maintenance of confidential information by any party or third party, the Parties have stipulated to the following, and it is hereby Ordered:

1. All Confidential or Highly Confidential Information produced or disclosed in these actions shall be used solely for the prosecution or defense (including any appeal therefrom) of these actions, and shall not be used for any other purpose;[1] provided, however, that the parties may disclose Confidential or Highly Confidential Information to a law enforcement agency or prosecutor's office if the party believes that Information is evidence of a violation of federal or state law, or if an ethical obligation so requires.

2. Except as otherwise defined in this Protective Order, these terms have the meaning ascribed to them below:

    a. "**ADOC**" means the Alabama Department of Corrections.

    b. "**Confidential Information**" means all or portions of discovery materials and deposition testimony, and information contained on designated portions therein, concerning or relating to:

        i. Personally identifiable information supplied in any form about current and former prisoners in ADOC custody, and of family members of current and former prisoners, including:

            1. Individually identifiable medical and mental health information protected by the Health Insurance Portability

---

[1] The *D.S.* Plaintiff's counsel and *D.S.* Defendants' counsel are litigating three pending individual damages actions arising from prisoner-on-prisoner assaults that occurred at the St. Clair facility between December 2018 and February 2019. These actions are pending against common and overlapping Defendants. *See D.S. v. Dunn, et al.*, Dkt. 92, No. 2:20-cv-02012-RDP (N.D. Ala.); *Ezell v. Dunn, et al.*, Dkt. 34, No. 4:20-cv-02058-ACA (N.D. Ala.); *Guy v. Dunn, et al.*, Dkt. 40, No. 4:21-cv-00264-ACA (N.D. Ala.). The *D.S.* Plaintiff's counsel and *D.S.* Defendants' counsel shall thus be permitted to disclose to one another and use Confidential or Highly Confidential Information in *Ezell* and *Guy* that the *D.S.* Plaintiff's counsel and *D.S.* Defendants' counsel have access to in *D.S.*

      and Accountability Act of 1996 (HIPAA) and its implementing regulations;

    2. Full names and names of relatives, household members, and minor children;

    3. Home addresses, telephone numbers, fax numbers, email addresses, IP addresses, and device numbers or serial codes;

    4. Social Security Numbers;

    5. Birthdates (other than the year of birth);

    6. Photographs, electronic, or other visual images of the individuals' faces;

    7. Health plan beneficiary numbers and biometric identifiers;

    8. Driver's license numbers;

    9. Employment records, certificate or license numbers, financial records, and account numbers; and

    10. Information about any prisoner's classification, disciplinaries or citations, and investigations.

  ii. Personally identifiable information supplied in any form about current and former persons working for ADOC or within ADOC Facilities, including:

    1. Employment records and certificate or license numbers;

    2. Home addresses and telephone numbers;

    3. Social Security Numbers;

    4. Birthdates (other than the year of birth); and

    5. Driver's license numbers.

  iii. Third-party proprietary business information; and

  iv. Any document or information determined by a party to require additional protection to secure the interests of any party or third-

party. The party designating a document under this subpart shall promptly notify the other parties of such designation. If there is a dispute about the designation of such a document, the parties shall meet and confer and, if no resolution is reached bring the matter to the attention of the Special Master, and as necessary, the court.

      c.      "**Disclosing party**" means any party to these actions and any non-party disclosing or producing Confidential or Highly Confidential Information in connection with discovery in these actions.

      d.      "**Discovery material(s)**" means one or more items, documents, or information in any another form that is/are produced or generated in disclosures or responses to discovery in these actions, regardless of the medium or manner in which it is stored, generated, or maintained.

      e.      "**Document(s)**" possesses the same meaning as provided in Rule 34 of the Federal Rules of Civil Procedure for documents, electronically stored information, and tangible things, and shall include all original, written, recorded, electronic, or graphic materials, and all copies, duplicates or abstracts thereof including notes on documents.

      f.      "**Highly Confidential Information**" means all or portions of discovery materials and deposition testimony, and information contained on designated portions therein, that: (1) is likely to jeopardize the safety of security operations of ADOC Facilities or the safety of prisoners in ADOC's custody if made public; (2) is likely to result in retaliation based on a good faith belief concerning the likelihood of such retaliation due to

demonstrable circumstances; (3) concern or relate to an ongoing[2] investigation of an incident of inmate-on-inmate violence or staff use of force; or (4) internal self-critical reviews and quality control materials, such as mortality reviews regarding prisoner deaths.

      g.      "**Receiving party**" means any party to these actions and any non-party that receives Confidential or Highly Confidential Information.

3.      All discovery materials and deposition testimony that contain Confidential or Highly Confidential Information produced by a disclosing party in these actions shall be treated and maintained in a manner that prevents access by any person or entity not entitled to access that information under this Protective Order.

4.      A receiving party may disclose Confidential Information only to the following persons:

      a.      counsel and the firm that has filed an appearance in these actions, including paralegal, investigative, secretarial, reproduction, and clerical personnel who are engaged in assisting such counsel in these actions;

      b.      the State's in-house counsel, officers, directors, and employees to whom disclosure is reasonably necessary for defending these actions and only for the purpose of defending these actions;

      c.      any independent outside expert or consultant, and employees and assistants under the control of such an outside expert or consultant, who is engaged by counsel in these actions, whether or not such expert is paid directly by a receiving party;

---

[2] The Party making such designation will alert the other side when the investigation is no longer ongoing and the designation will either be changed to Confidential Information or removed.

  d. any deposition witness in these actions to whom disclosure is reasonably necessary (although such individuals shall not be permitted to retain any copies);

  e. the author or recipient of a document, or anyone else who already saw the document in the ordinary course of his or her employment or other authorized capacity, containing the Confidential Information;

  f. any court reporter, stenographer or video operator, or professional vendors to whom disclosure is reasonably necessary for these actions;

  g. the court, any appellate court, and necessary court personnel, mediator, or special master to whom disclosure is reasonably necessary for these actions; and

  h. other persons upon written consent, or consent on the record at a deposition, by the disclosing party.

5. A receiving party may disclose Highly Confidential Information only to the following persons:

  a. counsel and the firm that has filed an appearance in these actions, including paralegal, investigative, secretarial, reproduction, and clerical personnel who are engaged in assisting such counsel in these actions;

  b. any independent outside expert or consultant, and employees and assistants under the control of such an expert or consultant, who is engaged by counsel in these actions, whether or not such expert is paid directly by a receiving party;

  c. the author or recipient of a document containing the Highly Confidential Information;

  d. any court reporter, stenographer or video operator, or professional vendors to whom disclosure is reasonably necessary for these actions;

    e. the court, any appellate court, and necessary court personnel, mediator, or special master to whom disclosure is reasonably necessary for these actions; and

    f. other persons, but only upon obtaining written consent (or consent on the record at a deposition) of the disclosing party.

  6. Designation of documents or other non-deposition material as containing Confidential or Highly Confidential Information may be made at or prior to the time of production by stamping or otherwise affixing the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on each page deemed Confidential or Highly Confidential, respectively, in a manner that does not interfere with the legibility of the document. When Confidential or Highly Confidential Information is disclosed in a form not appropriate for such placing or affixing the applicable legend, such information shall be designated as Confidential or Highly Confidential in writing at the time it is delivered to the receiving party. For example, if documents containing protected information are produced on media such as a thumb-drive, then the accompanying correspondence must identify the particular documents and pages (where possible) on the thumb-drive that include Confidential or Highly Confidential Information.

  A party that makes original documents or materials available for inspection need not designate them for protection until after the receiving party that conducted the inspection has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL." After the receiving party has identified the documents it wants copied and produced, the disclosing party must determine which documents, or portions thereof, qualify for protection under this Protective Order and affix the appropriate legend before producing the documents. The designations of protected material are not intended to apply to a whole document

unless the whole document substantially contains such protected material; the parties should not designate every page of a document as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" unless the whole document substantially contains such protected material.

7.  Parties may show deponents any discovery material or information that contains Confidential Information or Highly Confidential Information if the deponent falls within the categories of persons capable of receiving such Confidential or Highly Confidential Information in accordance with Paragraphs 4 and 5, respectively. Additionally, a deposing party may obtain consent of a disclosing party to show a deponent any discovery material or information that contains Confidential Information or Highly Confidential Information, notwithstanding that the person does not fall within the categories of persons capable of receiving such Confidential or Highly Confidential Information. A disclosing party may designate as Confidential or Highly Confidential any portion of a transcript from a deposition deemed to contain such material. The disclosing party shall orally advise the court reporter and counsel of record by the end of the deposition that the deposition potentially contains Confidential or Highly Confidential Information. Within 30 days after receipt from the court reporter of that deposition transcript, the disclosing party shall provide written designations of which portions of the deposition contain Confidential or Highly Confidential Information. During such 30-day period, the parties shall treat the entire transcript according to the potential confidentially designation the disclosing party gave orally by the end of the deposition. After the disclosing party's written designations, the reporter shall mark "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on the face of the transcript at the beginning and end of any portions of Confidential or Highly Confidential testimony. Transcripts containing Confidential or Highly Confidential testimony shall have an obvious legend on the title page that the transcript contains Confidential or Highly Confidential Information, and

the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Confidential or Highly Confidential.  The use of a document as an exhibit at a deposition, hearing, or trial shall not in any way affect the document's designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

8. A failure to designate materials as Confidential or Highly Confidential at the time of production may be remedied by supplemental written notice by the disclosing party.  The disclosing party must notify the receiving party within seven calendar days after discovering that it inadvertently failed to designate the information as Confidential or Highly Confidential.  If such notice is given, all discovery materials and testimony so designated shall be subject to this Protective Order as if they had been initially designated as Confidential or Highly Confidential to the extent that such discovery materials and testimony fall within the definition of Confidential or Highly Confidential Information.  Therefore, the receiving party should notify any non-party to whom disclosure was made about the confidentiality designation.

9. In the event that a disclosing party produces two or more identical copies of a document of which at least one copy is designated as Confidential or Highly Confidential and at least one copy is not so designated, once such a discrepancy is discovered, all copies of the document shall be treated with the greatest amount of protection so designated.  If a receiving party identifies such a discrepancy, it shall promptly notify the disclosing party.  Once the disclosing party identifies or becomes aware of the discrepancy, it shall promptly notify all other parties to the action.

10. Neither the designation of information as Confidential or Highly Confidential Information nor the identification of a person as qualified to receive or view such information in Paragraphs 4 and 5, respectively, creates a requirement to produce or an entitlement to receive

Confidential or Highly Confidential Information that said person is not otherwise required to produce or entitled to receive. Any person or entity in possession of designated Confidential or Highly Confidential Information shall maintain those materials in a secure manner, and shall not reveal or discuss such Confidential or Highly Confidential Information to or with any person not entitled to receive it, so that the Confidential or Highly Confidential Information is not further disclosed or used in any manner inconsistent with this Protective Order. The protections conferred by this Protective Order cover not only the protected information itself, but also any information copied or excerpted therefrom if it might disclose protected material to persons not authorized to receive such material. This prohibition shall not prevent derivative use of protected information in generalized and anonymized summaries or statements that maintain the confidentiality of the underlying protected information

11. Subject to Paragraph 12 below, each expert, advisor, consultant, fact witness, or potential fact witness who receives Confidential or Highly Confidential Information, as permitted in Paragraphs 4 and 5, respectively, shall be shown a copy of this Protective Order and be advised of its contents.

12. Nothing in this Protective Order shall be construed as limiting a disclosing party's use of its own Confidential or Highly Confidential Information.

13. If a receiving party learns that, by inadvertence or otherwise, it has disclosed Confidential or Highly Confidential Information to any person or in any circumstance not authorized under this Protective Order, then the receiving party must, not later than seven days after learning of the disclosure: (a) notify in writing the disclosing party of the unauthorized disclosures; (b) make diligent attempts to retrieve all unauthorized copies of the Confidential or

Highly Confidential Information; and (c) inform any person to whom unauthorized disclosures was made of all the terms of this Protective Order.

14. In the event of a request pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, or the Alabama Open Records Act, Ala. Code § 36-12-40, for documents and information (including discovery materials and testimony) containing Confidential or Highly Confidential Information from these actions, the court further intends that this Protective Order will protect the records from access via FOIA or the Alabama Open Records Act, unless the court issues a subsequent order permitting disclosure.

15. If a receiving party is served with a subpoena or a court order issued in another action or an investigation that compels disclosure of any Confidential or Highly Confidential Information, that receiving party must: (a) promptly notify in writing the disclosing party and provide it with a copy of the subpoena or court order; (b) promptly notify in writing the person or entity who caused the subpoena or order to issue in the other action or investigation of this Protective Order and provide it with a copy; and (c) cooperate with respect to all reasonable procedures pursued by the disclosing party whose Confidential or Highly Confidential Information may be affected; provided, however, that nothing in this Order is intended to shield otherwise discoverable information in any case before another court or judicial officer.

The disclosing party must notify the receiving party within seven days of receiving the notice and accompanying information if it intends to seek a protective order from the applicable court to avoid disclosure of the Confidential or Highly Confidential Information.

    a. If the disclosing party timely seeks a protective order, the receiving party served with the subpoena or court order shall not produce any Confidential or Highly Confidential Information before a determination by the applicable court, unless the

disclosing party consents to such production in writing. The disclosing party shall bear the burden and expense of seeking protection of its Confidential or Highly Confidential Information in the applicable court.

  b. If the disclosing party fails to object or seek a protective order from the court within 14 days of receiving the notice and accompanying information, or such other shorter time as may be required by the applicable court to seek a protective order, the receiving party may produce the Confidential or Highly Confidential Information responsive to the subpoena or court order.

  16. Without written permission from the disclosing party or a court order secured after appropriate notice to all interested persons, a receiving party may not file in the public record in these actions any Confidential or Highly Confidential Information. This Protective Order also does not, by itself, authorize the filing of any document under seal. Any party wishing to file Confidential or Highly Confidential Information in connection with an affidavit, brief, declaration, memorandum, motion, or other submission to the court must comply with the local rules and the Civil Administrative Procedures Manual for CM/ECF.

  17. In the event any party wishes to use protected information regarding a person identified in Paragraph 2(b)(i)-(ii) in any affidavit, brief, declaration, memorandum, motion, or other submission to the court in these actions and such affidavit, brief, declaration, memorandum, or other submission is not filed under seal and marked as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" (as applicable), then such party shall conceal the identity of the subject of the Confidential or Highly Confidential Information by coding such documents to substitute a numerical or other designation for the person's name or other identifying information, or by redacting identifying information. That party shall file under seal an unredacted version of the

document to the court and serve an unredacted version of the document on the other parties at the time of filing.

18. This Protective Order shall not prevent a party from applying to the court for relief therefrom, or from applying to the court for further or additional protective orders. This Protective Order shall not prevent a party from raising any permissible objection to the production or use of Confidential or Highly Confidential Information in the course of these actions, including during discovery or at trial.

19. Any receiving party challenging a confidentiality designation shall meet and confer with the disclosing party (including a non-party) in an attempt to resolve the dispute. If the disclosing party and receiving party are unable to resolve the dispute, the challenging party may bring the matter to the attention of the Special Master to resolve the dispute. If the dispute is not resolved it will be litigated consistent with the anticipated Special Master Order. Pending resolution, the Confidential or Highly Confidential designation and protections will remain in full force and effect.

20. This Protective Order shall serve as a qualified protective order under Health Insurance Portability and Accountability Act of 1996 (HIPAA), Pub. L. No. 104-191, 110 Stat. 1936 (1996) and its implementing regulations, and shall serve as an order authorizing any health care or mental health care provider, health plan, or other entity covered by HIPAA, to produce to a party unredacted protected health information, which includes documents and records relating to the past, present, or future medical or mental condition of any individual who is or was a prisoner in the custody of ADOC at any time between December 9, 2018, and the trial of these actions. This Protective Order authorizes any third-party whom a party subpoenas requesting the production of documents or commanding attendance at deposition or trial to disclose the protected

health information in response to such request or subpoena. This Protective Order is intended to authorize such disclosures under the privacy regulations issued pursuant to HIPAA. 45 C.F.R. § 164.512(e)(1)(i).

    a.    Sufficient proof for purposes of this Protective Order that an individual is or was in ADOC custody shall include a printout from ADOC's online inmate search database.[3]

    b.    A party serving any such subpoena or other lawful process on a third-party seeking protected health information under this Paragraph 20 shall serve a copy of the subpoena on the other parties in its action on the day when the subpoena is served on a non-party to the action. Within 14 days of receiving any subpoenaed protected health information from a non-party to the action, the receiving party shall produce a copy of any such protected health information to the other parties to the action.

    c.    Nothing in this Protective Order shall be construed to preclude or limit the United States from exercising its independent, ongoing authority to access institutions, individuals, and medical records related to Alabama's correctional facilities for men, pursuant to its authority as a health oversight agency and investigatory authority under HIPAA and its regulations, 45 C.F.R. § 164.512(d), and the Civil Rights of Institutionalized Persons Act (CRIPA), 42 U.S.C. § 1997.

21.    Within 60 days after the final disposition an action, including any appeals, each receiving party in that action must either return all Confidential or Highly Confidential Information and all protected health information to the disclosing party or destroy such material, including all

---

[3] The online inmate search database is located at the following site: http://www.doc.state.al.us/InmateSearch.

14

copies, abstracts, compilations, summaries, and any other form in which the Confidential or Highly Confidential information and protected health information may have been reproduced or captured.

Whether the Confidential or Highly Confidential Information or the protected health information is returned or destroyed, the receiving party must submit a written certification to the disclosing party by the 60-day deadline that: (a) identifies (by category, where appropriate) all the Confidential or Highly Confidential Information and protected health information that was returned or destroyed, and (b) affirms that the receiving party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Confidential or Highly Confidential Information or protected health information.

Notwithstanding anything in this Paragraph 21, counsel for the receiving party may retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Confidential or Highly Confidential Information and protected health information, to the extent required by federal records retention, professional ethical, or other similar obligations. Any such archival copies that contain or constitute Confidential or Highly Confidential Information and protected health information remain subject to this Protective Order.

22. This Protective Order does not govern how the court will handle Confidential or Highly Confidential Information at in-court evidentiary hearings and trial. This Order also shall not prejudice in any way the rights of any party to introduce as evidence at evidentiary hearings or trial any document, testimony, or other evidence subject to this Protective Order that is otherwise admissible, or prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony, or other evidence subject to this Protective

Order.  A party that intends to present or that anticipates that another party may present Confidential or Highly Confidential Information at an in-court evidentiary hearing or trial shall bring that issue to the court's and parties' attention by motion, pretrial memorandum, or other method approved by the court, by disclosing the nature of the information without disclosing the particulars of the Confidential or Highly Confidential Information.  The court will thereafter either refer to the matter to the Special Master or make such orders as are necessary to govern the use of such documents or information at the hearing or trial.

23. The parties agree that a designation of information as Confidential or Highly Confidential is not intended to be and shall not be construed as an admission that such information is relevant to a party's claims or defenses, nor subject to an applicable privilege or protection. Nothing in this Protective Order or any designation of confidentiality hereunder, or any failure to make such designation, shall be used or characterized by any party as an admission by a party or a party opponent.

24. Notwithstanding anything to the contrary in this Order, all disputes related to this Order shall first be brought to the Special Master.  The procedure for resolving such disputes shall follow the process outlined in the forthcoming Order that appoints a Special Master.[4]  A party may only seek modification of this Order from the court.

25. Upon conclusion of these actions, the provisions of this Protective Order shall continue to be binding.  This Protective Order shall remain in force and effect until modified, superseded, or terminated by order of this court.

---

[4] The parties have agreed that a Special Master will oversee disputes in *United States v. Alabama*, 2:20-cv-1971-RDP, and *Duke et al. v. Dunn et al.*, 4:14-cv-1952-RDP, during the discovery phase of litigation. The court awaits the parties' joint proposal to finalize the role of the Special Master and the procedures that the parties are to follow if a dispute occurs.

**DONE** and **ORDERED** this October 14, 2021.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE