FILED

2021 Nov-09  PM 04:14
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**MIDDLE DIVISION**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **MARK DUKE, et al.,** | } | |
| | } | |
| **Plaintiffs,** | } | |
| | } | |
| **v.** | } | **Case No. 4:14-CV-1952-RDP** |
| | } | |
| **JEFFERSON S. DUNN, et al.,** | } | |
| | } | |
| **Defendants.** | } | |

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No. 2:20-CV-1971-RDP** |
| | } | |
| **STATE OF ALABAMA, et al.,** | } | |
| | } | |
| **Defendants.** | } | |

**<u>ORDER</u>**

Pursuant to Rule 53(a)(1)(A) of the Federal Rules of Civil Procedure, the Parties to these two actions have agreed to the appointment of R. Bruce Barze, Jr. as the Special Master to assist the court with the completion of discovery in these two coordinated actions. The Parties consent to Special Master Barze's appointment for the limited purpose of assisting with discovery matters in accordance with the authorized duties and limitations set out below.[1] Fed. R. Civ. P. 53(a)(1)(A).

---

[1] The State has consented to a Special Master in these cases for discovery purposes. However, to be clear, the State's consent to a Special Master for discovery purposes *in this case* shall not be viewed as a waiver of any "rights, privileges, and/or limitations" in any other action. So, all Parties have consented to the Special Master's appointment in this action. Alternatively, and in any event, even in the absence of the Parties' consent, the court would appoint a Special Master in this case under Rule 53(a)(1)(C). As the court has informed the Parties, it has concluded that absent such an appointment, it will be unable to effectively and timely manage discovery in these actions. Also, 18 U.S.C. § 3626(f) of the Prison Litigation Reform Act has no operation or effect here. The court is appointing a

1.     <u>Authorized Duties</u>: The Special Master may make recommendations to the court regarding the cases' schedules and shall assist the Parties and the court in the following discovery disputes:

    (a)     Scope of discoverable information under Fed. R. Civ. P. 26(b);

    (b)     Production of information from databases;

    (c)     Scope, timing, and logistics of any inspections of Alabama's Prisons for Men pursuant to Fed. R. Civ. P. 34(a)(2);

    (d)     Timing and logistics of access to interview prisoner witnesses;

    (e)     Timing and logistics of depositions;

    (f)     Preservation of discoverable information;

    (g)     Objections to written discovery requests (*e.g.*, Requests for Production, Admissions, and Interrogatories), including objections to the scope, timing, and any logistics, and potential motions for protective orders;

    (h)     Designations of material as covered by a protective order;

    (i)     Privilege designations;

    (j)     Disputes related to the Stipulated Consolidated Protective Order, (*United States v. Alabama*, No. 2:20-cv-1971, Doc. # 62; *Duke et al. v. Dunn et al.*, No. 4:14-cv-1952, Doc. # 229);

    (k)     Disputes related to the Stipulated Consolidated Order Regarding Protocols for Production of Documents and Things (Including ESI), (*United States v. Alabama*, No. 2:20-cv-1971, Doc. # 63; *Duke et al. v. Dunn et al.*, No. 4:14-cv-1952, Doc. # 230); and

    (l)     Any other discovery dispute if the Parties to that dispute provide written consent to the Special Master for assistance in resolving that dispute.

2.     <u>Limitations</u>: Although the Parties to a particular dispute may later provide written consent on an issue-by-issue basis, the Parties currently do not consent to the Special Master:

    (a)     Conducting evidentiary hearings;

---

discovery Special Master who will have no role whatsoever in any remedial aspects of this case. And, neither the State of Alabama nor any other party has consented to anything else.

    (b)        Imposing any sanctions against a Party;

    (c)        Resolving disputes that arise during deposition testimony regarding that deponent's testimony under Rule 30(c)(2) or 30(d)(3);

    (d)        Resolving any factual and/or legal question related to the merits of any claim and/or defense raised by any Party;

    (e)        Engaging in *ex parte* communications with a Party;[2] and

    (f)        Acting as an official Mediator to which a confidentiality or mediation privilege would apply.

3.    <u>Disputes Outside the Special Master's Authority</u>: If a particular discovery dispute is not encompassed within one of the Authorized Duties of the Special Master (*see* subparagraph 1(a)-(k)) and all Parties to that dispute do not consent to the Special Master's assistance in resolving the dispute (*see* subparagraph 1(l)), the Parties shall follow the court's procedure for "Discovery Disputes" (*United States v. Alabama*, No. 2:20-cv-1971, Doc. # 18 at 3): The Parties shall request a conference with the court by either calling chambers or emailing chambers at proctor_chambers@alnd.uscourts.gov. These conferences may be held by telephone or video conference unless the court deems an in-person conference appropriate.

4.    <u>Special Master Dispute Process and Review</u>:  If a discovery dispute arises that is encompassed within the Authorized Duties of the Special Master (*see* Paragraph 1), any Party to that dispute may request that the Special Master assist in resolving the issue. Upon such request, the Special Master may set a conference. At the Special Master's request, the Parties shall be available for the conference as soon as practicable. The Special Master's resolution shall follow one of the following processes:

    (a) The Special Master will enter a Report and Recommendation. Objections to any Report and Recommendation and briefs in support of an objection are due seven days after the issuance of the Report and Recommendation. Briefs in support of

---

[2] If a party is added to either *Duke et al. v. Dunn et al.*, 4:14-cv-01952-RDP or *United State of America v. State of Alabama et al.*, 2:20-cv-01971-RDP, the Parties and the court will address any necessary or appropriate changes to this order (*e.g.*, fee division and consent to *ex parte* communications).

the Report and Recommendation are due seven days after the objection. Replies are due five days after the brief in support. However, the Special Master and/or the Parties may suggest a different briefing schedule for objections to the Report and Recommendation.[3]

(b) The Special Master will hear each Party's arguments without the aid of any *ex parte* communication and suggest a resolution. If the Parties do not agree to the resolution, then the Parties may elevate the dispute to the court. The Special Master shall provide a summary of the dispute to the court, unless all Parties to the dispute agree that the Special Master shall follow the Report and Recommendation process in subparagraph (a) above.

(c) The Special Master will attempt to assist the Parties in resolving the dispute with the aid of *ex parte* communications. If the Parties do not agree to the resolution, then the Parties may elevate the dispute to the court. The Special Master shall not follow the Report and Recommendation process. Instead, the Special Master shall simply provide a summary of the Parties' dispute for the benefit of the court.

The Special Master's process shall follow subparagraph 4(a) unless all Parties to the particular dispute and the Special Master consent to the process detailed in either subparagraph 4(b) or (c). If the Parties elevate a dispute to the court, the Special Master shall have the discretion to determine the content and length of his Report and Recommendation or summary, whichever is applicable. For any elevated dispute, the court shall decide all issues *de novo*.

5.   Miscellaneous:

(a)   The Special Master and the Parties are directed to proceed with all reasonable diligence and to avoid unreasonable expense or delay.

(b)   The Special Master may communicate *ex parte* with the court.

(c)   The Special Master shall submit monthly invoices to the Parties accounting for all hours in one-tenth fractions thereof and any expenses incurred in performance of the Special Master's duties.  The invoices shall delineate whether the Special Master's billed time and expenses should be applied to *Duke v. Dunn*, *United States. v. Alabama*, or both cases.  More particularly, if during the discovery period in *Duke v. Dunn*, a dispute pertains to St. Clair Correctional Facility or pertains to ADOC upper administration, then the Special Master shall bill his time and expenses to both cases.

---

[3] The Parties have agreed that any Report and Recommendation or summary to the court shall not trigger the requirements and procedures set forth in Rule 53(f).

(d)    For time billed to both cases, the *Duke* Plaintiffs, the United States, and Defendants shall split the cost for the Special Master equally in thirds.  For time billed to a single case, the Parties to that case shall split the cost for the Special Master equally in half.

(e)    The Special Master shall be compensated at a rate of $400.00 per hour for the Special Master's time, plus reimbursement for reasonable expenses directly related to the performance of his duties as Special Master.  The work by any associate of the Special Master will be compensated at a rate of $250.00 per hour.

(f)    The Special Master will preserve all written communications with the Parties and any other written materials related to his duties as Special Master until the resolution of both actions or such other time as the court may direct.

**DONE** and **ORDERED** this November 9, 2021.

_____

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE