# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| **Plaintiff,** | ) |
| v. | ) CASE NO. 2:20-CV-01971-RDP |
| **STATE OF ALABAMA,** *et al.*, | ) |
| **Defendants.** | ) |

## MEMORANDUM OF LAW IN SUPPORT OF THE STATE'S MOTION FOR PARTIAL DISMISSAL OF THE SECOND AMENDED COMPLAINT

## TABLE OF CONTENTS

Table of Contents ................................................................................................................. i

Table of Authorities ............................................................................................................ ii

Introduction ..........................................................................................................................1

Legal Standard .....................................................................................................................3

Argument .............................................................................................................................4

      I.      Plaintiff Fails to State a Claim as to Draper Correctional Facility .........................4

      II.     Plaintiff Fails to State a Claim as to Holman Correctional Facility ........................5

      III.    Plaintiff Fails to State a Claim Regarding Excessive Force ...................................6

      IV.    The Court Should Limit Plaintiff's Inmate-on-Inmate Violence and Inmate Sexual Abuse Claims ...............................................................................................7

            A.     The Court Should Limit Plaintiff's Inmate-on Inmate Violence Claim ......7

            B.     The Court Should Limit Plaintiff's Inmate Sexual Abuse Claim ................9

Conclusion .........................................................................................................................10

Certificate of Service .........................................................................................................12

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ................................................................................................................ 3

*Batterman v. BR Carroll Glenridge, LLC*,
   829 F. App'x 478 (11th Cir. 2020) ......................................................................................... 2

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ................................................................................................................ 3

*Franklin v. Curry*,
   738 F.3d 1246 (11th Cir. 2013) .............................................................................................. 3

*Frederick v. Serv. Experts Heating & Air Conditioning, LLC*,
   No. 2:14-CV-01647-RDP (N.D. Ala. July 14, 2016) ............................................................. 2

*Int'l Broth. of Teamsters v. U.S.*,
   431 U.S. 324 (1977) ................................................................................................................ 7

*Swain v Junior*,
   961 F.3d 1276 (11th Cir. 2020) .............................................................................................. 7

Defendants the Alabama Department of Corrections ("ADOC") and the State of Alabama ("Alabama" and, together with ADOC, the "State") hereby submit this Memorandum of Law in Support of the State's Motion for Partial Dismissal (the "Motion") of the Second Amended Complaint (Doc. 71) filed by the United States of America ("Plaintiff").

## INTRODUCTION

The Second Amended Complaint represents Plaintiff's third attempt at pleading a plausible Eighth Amendment claim against the State. This Court previously found that Plaintiff's Amended Complaint constituted a "shotgun pleading" because it "fail[ed] to divide its separate causes of action into different counts." (Doc. 57 at 4). Plaintiff's Second Amended Complaint addressed this fundamental deficiency by separating Plaintiff's claims into four (4) separate counts. (Doc. 71, ¶¶ 264-275 (alleging claims regarding inmate-on-inmate violence, inmate-on-inmate sexual abuse, excessive force, and conditions of confinement)). However, the Court also instructed Plaintiff that it "must provide sufficient factual content of both the objective and subjective elements of an Eighth Amendment violation within each count to satisfy the pleading standards of *Twombly* and *Iqbal*" and "separate its allegations by facility." (Doc. 57 at 5). Plaintiff failed to comply with this portion of the Court's admonishment.

As discussed below, a facility-by-facility analysis of the Second Amended Complaint reveals the hyperbole in Plaintiffs' use of words such as "pervasive" (¶¶ 7, 48, 149, 162, 177, 193, 200, 235) and "systemic" (¶¶ 7-8, 40, 201, 202 and 262) as a description of its claims. Plaintiff would apparently have this Court conclude that one alleged instance of inmate-on-inmate violence at a single facility constitutes a "pervasive" and "systemic" failure of constitutional portions. It does not. For this reason, the Second Amended Complaint leaves the State with no choice but to move to dismiss again. In this very instance, our procedural rules ensure that Plaintiff cannot

1

subject the State of Alabama to invasive, laborious and "systemic" discovery over years unless and until Plaintiff can justify its claims in writing. To date, Plaintiff has failed to do so. As such, the State respectfully requests that the Court appropriately limit this action to matters, which, if proven, rise to the level of constitutional offenses.

Plaintiff's Second Amended Complaint fails to state a claim in at least the following three (3) respects:

(1) Plaintiff fails to state a claim as to Draper Correctional Facility ("Draper") or Holman Correctional Facility ("Holman");

(2) Plaintiff fails to state a claim as to excessive force; and

(3) Plaintiff's sporadic examples of issues at certain facilities cannot support an allegation of a "pattern and practice" of constitutional violations throughout all of ADOC's male correctional facilities.

Accordingly, the State[1] respectfully requests that the Court hold as follows:

(1) Dismiss Plaintiff's claims as to Draper and Holman;

(2) Dismiss Plaintiff's excessive force claim;

(3) Dismiss Plaintiff's inmate-on-inmate violence claim as to Draper, Holman, Easterling Correctional Facility ("Easterling"), Kilby Correctional Facility ("Kilby"), Limestone Correctional Facility ("Limestone"), and Staton Correctional Facility ("Staton");[2]

---

[1] The State is filing an Answer simultaneously with this Motion. The State recognizes that it previously answered the Amended Complaint. (Doc. 40). However, this Court concluded that Plaintiff's Amended Complaint constituted a "shotgun pleading" because it failed "to divide its separate causes of action into different counts." (Doc. 57 at 4). Now that Plaintiff divided its factual allegations into separate counts, the State can better understand the nature of the allegations and identified additional grounds on which to move to dismiss Plaintiff's claims in part. Should the Court conclude that the State's previous Answer to the Amended Complaint precludes this Partial Motion to Dismiss, either in whole or in part, the Court may treat this Motion as a Partial Motion for Judgment on the Pleadings under Federal Rule of Civil Procedure 12(c). See, e.g., Batterman v. BR Carroll Glenridge, LLC, 829 F. App'x 478, 489 (11th Cir. 2020) ("A motion for judgment on the pleadings under Rule 12(c) is governed by the same reviewing standards as a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6)."); Frederick v. Serv. Experts Heating & Air Conditioning, LLC, No. 2:14-CV-01647-RDP, 2016 WL 3753160, at *2 (N.D. Ala. July 14, 2016) ("A Rule 12(c) motion for judgment on the pleadings is analyzed the same as a Rule 12(b)(6) motion to dismiss.").

[2] By virtue of this requested dismissal, the Court would effectively limit Plaintiff's inmate-on-inmate violence claim to Bibb Correctional Facility ("Bibb"), Bullock Correctional Facility ("Bullock"), Donaldson Correctional Facility ("Donaldson"), Elmore Correctional Facility ("Elmore"), Fountain Correctional Facility ("Fountain"), St. Clair Correctional Facility ("St. Clair"), and Ventress Correctional Facility ("Ventress").

2

(4)     Dismiss Plaintiff's inmate sexual abuse claim as to Draper, Holman, Kilby, Limestone, and St. Clair.[3]

## LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557).

In addressing a pleading such as the Second Amended Complaint, when a plaintiff relies upon vague, conclusory allegations, a court must "first separat[e] out the complaint's conclusory legal allegations and then determin[e] whether the remaining well-pleaded factual allegations, accepted as true, 'plausibly give rise to an entitlement to relief.'" Franklin v. Curry, 738 F.3d 1246, 1251 (11th Cir. 2013) (quoting Iqbal, 556 U.S. at 679). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678. Stripped of its labels, conclusions, and formulaic recitation of elements from the statute, Plaintiff's Second Amended Complaint lacks well-pleaded factual allegations with respect to Draper, Holman, and excessive force. Id. Accordingly, the Court should dismiss Plaintiff's claims regarding Draper and Holman and Plaintiff's excessive force claim. Additionally, Plaintiff's Second Amended Complaint lacks well-pleaded allegations regarding a "pattern and practice" of

---

[3] By virtue of this requested dismissal, the Court would effectively limit Plaintiff's inmate sexual abuse claim to Bibb, Bullock, Donaldson, Easterling, Elmore, Fountain, Staton, and Ventress.

constitutional violations with respect to inmate-on-inmate violence and inmate sexual abuse throughout all of ADOC's male correctional facilities. Accordingly, the Court should dismiss Plaintiff's inmate-on-inmate violence claims as to Draper, Holman, Kilby, Easterling, Limestone, and Staton; and should dismiss Plaintiff's inmate sexual abuse claims as to Draper, Holman, Kilby, Limestone, and St. Clair.

**ARGUMENT**

**I.     PLAINTIFF FAILS TO STATE A CLAIM AS TO DRAPER CORRECTIONAL FACILITY.**

According to the Second Amended Complaint, the State decommissioned Draper "[i]n late 2017 and early 2018." (Doc. 71, ¶ 21). Plaintiff alleges that "ADOC reopened [Draper] in a limited capacity in April 2020." (Id.). However, Plaintiff alleges only one (1) instance of inmate-on-inmate violence at Draper – an assault in September 2017, i.e. prior to Draper's closure. (Id., ¶ 140).[4] Plaintiff alleges two (2) instances of inmate-on-inmate sexual abuse at Draper – one in February 2018 and one in January 2017. (Id., ¶¶ 184, 190). Even if such limited, sporadic instances sufficiently alleged a pattern and practice (*which they do not, as discussed further in Section IV below*), Plaintiff provides no allegation suggesting that inmate-on-inmate violence or sexual abuse continued to occur at Draper after the State decommissioned the facility. Plaintiff provides a single allegation of excessive force at Draper in October 2020, which again fails to suggest any pattern or practice of excessive force. (Id., ¶ 214).

Similarly, Plaintiff fails to support its allegations of a failure to provide safe and sanitary conditions at Draper. First, Plaintiff alleges, "[c]onditions at Draper *were* so dangerous that one month after the United States' site visit, ADOC announced the closure of the facility." (Id., ¶ 243.a) (emphasis added). Conditions prior to the State's decommissioning of the facility cannot

---

[4] Plaintiff also alleges that an inmate died from an overdose at Draper in September 2017. (Id., ¶102).

4

support Plaintiff's claim. Plaintiff's sole current claim as to conditions at Draper remains that, "in April 2020, ADOC reopened Draper for use as a quarantine facility for prisoners who received a positive COVID-19 diagnosis, yet prisoners report that there are no sinks with hot water and no working toilets at the facility." (Id., ¶ 243.c). This allegation – based entirely on rank hearsay – cannot support a claim that ADOC fails to provide safe and sanitary conditions at Draper. Iqbal, 556 U.S. at 678 (holding that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"); Twombly, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."). Accordingly, the State respectfully requests that the Court dismiss all claims asserted in the Second Amended Complaint relating to Draper.

## II.   PLAINTIFF FAILS TO STATE A CLAIM AS TO HOLMAN CORRECTIONAL FACILITY.

Plaintiff alleges that, "[i]n January 2020, ADOC decommissioned most of the Holman facility, but continued to hold 307 men at Holman as of September 2021." (Id., ¶ 25). Plaintiff alleges a single incident of inmate-on-inmate violence at Holman in 2018 (id., ¶ 135); a single incident of inmate sexual abuse at Holman in 2018 (id., ¶ 175); and a single incident of excessive force at Holman in 2018 (id., ¶ 229). Thus, all of these alleged incidents occurred well before ADOC decommissioned Holman. Plaintiff fails to allege that any of these issues currently exist at Holman.

With respect to safe and sanitary conditions, Plaintiff alleges only that, "[w]hen [the State] closed Holman, they admitted their inability to safely provide water, electricity, and sewage service due to the hazards in a tunnel that houses the utilities," and that, "[d]espite these problems, ADOC continues to house prisoners on death row and low risk prisoners at Holman's restrictive housing unit and E-dorm." (Id., ¶¶ 247.b, 247.c). Plaintiff fails to allege any current or existing

conditions that endanger the remaining inmates at Holman or any portion of the facility that ADOC did not decommission. Stated differently, it is impossible that prior conditions in a decommissioned facility pose any risk of harm to any portion of the inmate population in Alabama. Accordingly, the State respectfully requests that the Court dismiss all claims asserted in the Second Amended Complaint relating to Holman.

### III.  PLAINTIFF FAILS TO STATE A CLAIM REGARDING EXCESSIVE FORCE.

Plaintiff alleges a total of twenty-six (26) sporadic instances of excessive force over a five-year period in support of its claim that the State "engaged in a pattern or practice of conduct by security staff of using excessive force against prisoners." (Doc. 71, ¶¶ 194; 207-232 (alleging instances of excessive force between 2017 and 2021)). Plaintiff alleges only one (1) or two (2) incidents at each facility other than Bullock and Donaldson, where Plaintiff alleges four (4) and five (5) incidents, respectively. (Id.). Moreover, a number of Plaintiff's allegations suggest that the officers involved in the alleged conduct received discipline. (See, e.g., id., ¶¶ 207 (alleging that officer "was arrested on 2nd-degree assault charges"); 209 (alleging that "a federal grand jury indicted two security staff"); 224 (alleging that "a correctional staff supervisor pleaded guilty to federal charges," "[t]wo other security staff pleaded guilty to federal charges," and "a supervisor of the assaulting officer was convicted of a federal charge"); 226 (officer "pleaded guilty to a federal charge"); and 227 (officer "was suspended for three days"). These allegations hardly suggest that the State "failed to take reasonable measures to prevent correctional staff from inflicting serious harm on prisoners." (Doc. 71, ¶ 204). To the contrary, they suggest that officers appropriately receive discipline when they deploy excessive force against inmates.

Plaintiff's allegation of approximately five (5) total instances per year throughout ADOC's thirteen (13) male correctional facilities (taking as true Plaintiff's assertion that each alleged

instance represented excessive force) – many of which Plaintiff affirmatively alleges involved punishment for the alleged perpetrator(s) – cannot support an allegation of a pattern and practice of excessive force throughout all of ADOC's male correctional facilities. (Doc. 57 at 5 ("Plaintiff must provide sufficient factual content of both the objective and subjective elements of an Eighth Amendment violation within each count to satisfy the pleading standards of *Twombly* and *Iqbal*"); cf. Int'l Broth. of Teamsters v. U.S., 431 U.S. 324, 336 (1977) (holding, in Title VII case, that "because it alleged a systemwide pattern or practice of resistance to the full enjoyment of Title VII rights, the Government ultimately had to prove more than the mere occurrence of isolated or 'accidental' or sporadic discriminatory acts"). Moreover, Plaintiff fails to allege the requisite state of mind to assert a constitutional claim regarding excessive force. Swain v Junior, 961 F.3d 1276, 1287 (11th Cir. 2020) ("A resulting harm thus cannot alone establish a culpable state of mind" for purposes of deliberate indifference."). Plaintiff fails to state a claim regarding a pattern and practice of excessive force violations.

### IV. THE COURT SHOULD LIMIT PLAINTIFF'S INMATE-ON-INMATE VIOLENCE AND INMATE SEXUAL ABUSE CLAIMS.

#### A. THE COURT SHOULD LIMIT PLAINTIFF'S INMATE-ON-INMATE VIOLENCE CLAIM.

Plaintiff alleges that the State engages in a "pattern and practice of failing to protect prisoners in all 13 of Alabama's Prisons for Men from serious harm and a substantial risk of serious harm at the hands of other prisoners, including serious injury and death." (Doc. 71, ¶ 37). Within this category, Plaintiff includes "illustrative examples" of alleged homicides (id., ¶¶ 48-67) and assaults (id., ¶¶ 117-142). Plaintiff's "examples" span a five-year period, from 2017 to 2021. (Id., ¶¶ 48-67; 117-142). Plaintiff includes a handful or fewer examples from each facility, ranging from one (1) each at Holman and Staton to eight (8) each at Bibb and Donaldson. (Id.).

7

Plaintiff attempts to bolster its "illustrative examples" with charts purporting to summarize ADOC's public reporting of homicides in fiscal years 2015 to 2021 (id., ¶ 38); assaults in fiscal years 2015 to 2021 (id., ¶ 74); assaults "with serious injury" in fiscal year 2019 (id., ¶ 75); and assaults in fiscal year 2021 (id., ¶ 78). Plaintiff's cherry-picked and manipulated data cannot save its "systemwide" claim. Indeed, these charts only emphasize the point that each ADOC male facility is separate and unique, and they underscore the impropriety of lumping all facilities together in a single "systemwide" claim. For example, Plaintiff's chart purporting to summarize reported homicides for fiscal years 2015 through 2021 includes ***zero (0) reported homicides at Limestone*** over that entire seven-year period, and one (1) each at Easterling and Kilby. (Doc. 71, ¶ 38). It includes three (3) at Fountain, four (4) at Holman, and five (5) each at Bullock and Donaldson. (Id.). While every murder within a correctional facility constitutes a tragic event, these small numbers over a seven-year period hardly suggest a pattern and practice at these facilities.

Similarly, even Plaintiff knows that no correctional facility in the country could avoid any inmate-on-inmate assaults over a seven-year period. However, Plaintiff's chart purporting to summarize assaults for fiscal years 2015 through 2021 shows low numbers at Limestone, Easterling, and Kilby, just like Plaintiff's charts purporting to list homicides. (Id., ¶ 74). Plaintiff's chart purporting to show assaults with serious injury for fiscal year 2019 lists five (5) such assaults at Kilby, fewer than ten (10) at Limestone, fifteen (15) or fewer at Easterling and Elmore, and fewer than twenty (20) at St. Clair. (Id., ¶ 75). And Plaintiff's chart purporting to show total assaults for fiscal year 2021 shows a total of fifty (50) or fewer at Easterling, Elmore, and Kilby, as well as almost zero (0) for Holman. (Id., ¶ 78). By way of comparison, the Federal Bureau of Prisons reported nine (9) confirmed "serious assaults on inmates" and over 200 "less serious

assaults on inmates" by other inmates in the month of July of 2021 alone.[5] One must wonder how Plaintiff would characterize these levels of violence in comparison to those reflected in Plaintiff's pleadings.

In sum, Plaintiff's cherry-picked data cannot save its "systemwide" claim. Although the State vigorously denies that a pattern or practice of constitutional violations exists at *any* ADOC facility, based on a generous reading of Plaintiff's Second Amended Complaint, the State believes that any claim regarding inmate-on-inmate violence should be limited, at most, to Bibb, Bullock, Donaldson, Elmore, Fountain, St. Clair, and Ventress. Accordingly, the State respectfully requests that the Court dismiss Plaintiff's inmate-on-inmate violence claim as to Easterling, Kilby, Limestone, and Staton, as well as Draper and Holman as set forth above.

### B. THE COURT SHOULD LIMIT PLAINTIFF'S INMATE SEXUAL ABUSE CLAIM.

As with its claim regarding inmate-on-inmate violence, Plaintiff includes "illustrative examples" of sexual abuse within ADOC facilities over the five-year period between 2017 and 2021. (Doc. 71, ¶¶ 162-190). Plaintiff's "examples" of sexual abuse are even more sporadic than its examples of inmate-on-inmate violence. The Second Amended Complaint contains only thirty (30) "examples" of alleged sexual abuse over this five-year period. (Id.). Plaintiff includes only a single example for Kilby, Limestone, and Ventress, as well as Holman (discussed separately above). (Id.). Plaintiff includes between two (2) and four (4) examples at each remaining facility. (Id.). These sporadic "examples" fail to support Plaintiff's claim of a "pervasive pattern of sexual abuse within Alabama's Prisons for Men." (Id., ¶ 162).

---

[5] See https://www.bop.gov/resources/research_projects/assaults/archive/2021-Nov-code101-inmates.pdf and https://www.bop.gov/resources/research_projects/assaults/archive/2021-Nov-code224-inmates.pdf).

As with its inmate-on-inmate violence claim, Plaintiff attempts to bolster this claim with cherry-picked and manipulated data in the form of a chart. (Id., ¶ 149). This chart purports to show the number of reported sexual assaults for 2015, 2016, and 2017. (Id.). Like Plaintiff's charts regarding inmate-on-inmate violence, this chart highlights the differences among ADOC facilities, and demonstrates the fallacy of lumping them all together for purposes of this claim. For example, the chart shows approximately ten (10) reported sexual assaults at Kilby during this three-year period; and twenty (20) or fewer at Limestone and Holman. (Id.). It shows fewer than forty (40) at St. Clair, and Plaintiff fails to allege a single instance of sexual assault at St. Clair after 2018. (Id., ¶¶ 162-190). Plaintiff's cherry-picked data only highlights the impropriety of Plaintiff's "systemwide" claim regarding sexual abuse. Although the State vigorously denies that a pattern or practice of constitutional violations exists at *any* ADOC facility, based on a generous reading of Plaintiff's Second Amended Complaint, the State believes that any claim regarding inmate sexual abuse should be limited, at most, to Bibb, Bullock, Donaldson, Easterling, Elmore, Fountain, Staton, and Ventress. Accordingly, the State respectfully requests that the Court dismiss Plaintiff's inmate sexual abuse claim as to Kilby, Limestone, and St. Clair, as well as Draper and Holman as discussed above.

## CONCLUSION

For the foregoing reasons, the State respectfully requests that the Court dismiss all of Plaintiff's claims as to Draper and Holman; dismiss Plaintiff's excessive force claim as to all facilities; dismiss Plaintiff's inmate-on-inmate violence claim as to Kilby, Easterling, Limestone, and Staton (as well as Draper and Holman); and dismiss Plaintiff's inmate sexual abuse claim as to Kilby, Limestone, and St. Clair (as well as Draper and Holman).

Dated: December 20, 2021

*/s/ William R. Lunsford*
*Attorney for the State*

William R. Lunsford
Matthew B. Reeves
Stephen C. Rogers
**MAYNARD, COOPER & GALE, PC**
655 Gallatin Street
Huntsville, AL 35801
Telephone: (256) 551-0171
Facsimile: (256) 512-0119
blunsford@maynardcooper.com
mreeves@maynardcooper.com
srogers@maynardcooper.com

11

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing has been served upon all attorneys of record in this matter, including without limitation the following, by the Court's CM/ECF system on this the 20th day of December 2021:

Carla C. Ward
Jason R. Cheek
Lane H. Woodke
William R. Chambers, Jr.
Praveen Krishna
**UNITED STATES ATTORNEY'S OFFICE**
1801 Fourth Avenue North
Birmingham, Alabama 35203
Telephone: (205) 244-2185
Facsimile:  (205) 244-2181
carla.ward@usdoj.Gov
jason.cheek@usdoj.Gov
lane.woodke@usdoj.gov
will.chambers@usdoj.gov
praveen.krishna@usdoj.gov

Steven H. Rosenbaum
Kerry K. Dean
Matthew J. Donnelly
**UNITED STATES DEPARTMENT OF JUSTICE**
950 Pennsylvania Avenue NW
Washington, D.C. 20530
Telephone: (202) 258-3036
kerry.k.dean@usdoj.gov
matthew.donnelly@usdoj.gov

Curtis Harris
George Eppsteiner
Deena Fox
**UNITED STATES DEPARTMENT OF JUSTICE**
150 M Street NE
Washington, D.C. 20004
Telephone: (202) 305-1361
curtis.harris@usdoj.gov
george.eppsteiner@usdoj.gov
deena.fox@usdoj.gov

Eric S. Dreiband
**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
1801 L Street NW
Washington, DC 20507
Telephone: (202) 663-4900

 

/s/  *William R. Lunsford*
*Of Counsel*