FILED
2021 Dec-20 PM 03:10
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **CASE NO. 2:20-CV-01971-RDP** |
| **STATE OF ALABAMA, *et al.*,** | ) | |
| **Defendants.** | ) | |

**THE STATE'S ANSWER TO THE SECOND AMENDED COMPLAINT**

Defendants Alabama Department of Corrections ("ADOC") and the State of Alabama ("Alabama" and, together with ADOC, the "State") submit this following Answer to the Plaintiffs' Second Amended Complaint (Doc. No. 71, the "Second Amended Complaint").

**PRELIMINARY STATEMENT**

The State filed a Partial Motion to Dismiss the Second Amended Complaint, pursuant to Rules 12(b) of the Federal Rules of Civil Procedure. (See Doc. No. 73). The State's Motion also invited the Court to consider its motion as a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure since the same legal standard applies. Batterman v. BR Carroll Glenridge, LLC, 829 F. App'x 478, 480 (11th Cir. 2020) ("A motion for judgment on the pleadings under Rule 12(c) is governed by the same reviewing standards as a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6)."); Frederick v. Serv. Experts Heating & Air Conditioning, LLC, No. 2:14-CV-01647-RDP, 2016 WL 3753160, at *2 (N.D. Ala. July 14, 2016) ("A Rule 12(c) motion for judgment on the pleadings is analyzed the same as a Rule 12(b)(6) motion to dismiss."). Accordingly, the State submits this Answer so that, if the Court deems the

State's Motion as a Motion for Judgment on the Pleadings, the State's motion is properly before the Court.

The responses set forth below are based upon readily, reasonably ascertainable, and verifiable information available to the State within the timeframe permitted for this responsive pleading. The State reserves the right to alter, amend or supplement this Answer.

To the corresponding paragraphs of the Second Amended Complaint, the State answers as follows:

1. The State admits that Plaintiff purports to bring this action "pursuant to the Civil Rights of Institutionalized Persons Act (CRIPA), 42 U.S.C. § 1997." The State denies the remaining allegations in Paragraph 1 and footnote 1 the Second Amended Complaint.

2. The State admits that, on or about April 2, 2019, Plaintiff purported to notify the State of Plaintiff's alleged findings. The State denies the remaining allegations in Paragraph 2 of the Second Amended Complaint.

3. The State admits that it engaged in multiple rounds of negotiations, but the State denies that Plaintiff engaged in good faith negotiations with the intention of "correct[ing any…] unconstitutional conditions. The State denies the remaining allegations in Paragraph 3 of the Second Amended Complaint.

4. The State admits that, on or about July 23, 2020, Plaintiff purported to notify the State of Plaintiff's alleged findings. The State denies the remaining allegations in Paragraph 4 of the Second Amended Complaint.

5. The State denies the allegations in Paragraph 5 of the Second Amended Complaint

6. The State denies the allegations in Paragraph 6 of the Second Amended Complaint.

7. The State denies the allegations in Paragraph 7 of the Second Amended Complaint.

8. The State denies the allegations in Paragraph 8 of the Second Amended Complaint.

9. The State lacks knowledge or information sufficient to admit or deny what Plaintiff "has determined," and therefore denies the same. The State denies the remaining allegations in Paragraph 9 of the Second Amended Complaint.

**JURISDICTION AND VENUE**

10. Subject to its affirmative defenses, including, for example, Eleventh Amendment immunity, the State admits the allegations in Paragraph 10 of the Second Amended Complaint.

11. The State admits that 42 U.S.C. § 1997a(a) affords Plaintiff with authority to initiate certain civil actions under certain conditions, but the State denies that Plaintiff complied with the statutory requirements or complied with the necessary conditions precedent to the initiation of this action.

12. The State lacks knowledge or information sufficient to admit or deny what the Attorney General "certified," and therefore denies the same. The State admits that the Second Amended Complaint purports to attach the Attorney General Certificates but denies that those Certificates comply with all statutory requirements – particularly, in light of the multiple and varying Certificates signed by at least two Attorneys General.

13. The State admits the allegations in Paragraph 13 of the Second Amended Complaint.

**PARTIES**

14. The State admits the allegations in Paragraph 14 of the Second Amended Complaint.

15. The State admits the allegations in Paragraph 14 of the Second Amended Complaint.

16. The breadth of the first sentence of Paragraph 16 of the Second Amended Complaint constitutes a question of law, which includes a variety of stipulations, conditions and other issues, and ADOC's obligations to the offender populations vary greatly based upon the individual circumstances. As such, ADOC certainly endeavors to ensure the safety, care, custody and control of individuals in its custody. The State denies the remaining allegations in Paragraph 16 of the Second Amended Complaint.

17. Paragraph 17 of the Second Amended Complaint contains no factual allegation, and, as such, no response is required.

## FACTS

18. In response to Paragraph 18 of the Second Amended Complaint, the State admits that Bibb Correctional Facility is a medium-security, or Security Level IV, prison for men in Brent, Alabama at the time of the filing of this Answer. The State denies the remaining allegations asserted in Paragraph 18 of the Second Amended Complaint.

19. In response to in Paragraph 19 of the Second Amended Complaint, the State admits Bullock Correctional Facility is a medium-security, or Security Level IV, prison for men in Union Springs, Alabama at the time of the filing of this Answer. The State denies the remaining allegations asserted in Paragraph 19 of the Second Amended Complaint.

20. In response to Paragraph 20 of the Second Amended Complaint, the State admits Donaldson Correctional Facility is a close security, or Security Level V, prison for men in West Jefferson, Alabama at the time of the filing of this Answer. The State denies the remaining allegations in Paragraph 20 of the Second Amended Complaint.

21. In response to in Paragraph 21 of the Second Amended Complaint, the State admits that it currently utilizes Draper Correctional Facility for the limited purposes of intake for certain male offenders at this time. The State denies the allegations in Paragraph 21 of the Second Amended Complaint.

22. In response to Paragraph 22 of the Second Amended Complaint, the State admits Easterling Correctional Facility is a medium-security, or Security Level IV, prison for men in Clio, Alabama at the time of the filing of this Answer. The State denies the remaining allegations asserted in Paragraph 22 of the Second Amended Complaint.

23. In response to Paragraph 23 of the Second Amended Complaint, the State admits Elmore Correctional Facility is a medium-security or Security Level IV, prison for men in Elmore, Alabama. The State denies the remaining allegations in Paragraph 23 of the Second Amended Complaint.

24. In response to Paragraph 24 of the Second Amended Complaint, the State admits Fountain Correctional Facility is a medium-security or Security Level IV, prison for men in Atmore, Alabama. The State denies the remaining allegations in Paragraph 24 of the Second Amended Complaint.

25. The State admits Holman Correctional Facility is a close-security, or Security Level V, prison for men in Atmore, Alabama. The State admits that, in January 2020, ADOC decommissioned most of Holman, but continued to hold a small inmate population at Holman as of February 2021. The State denies the remaining allegations in Paragraph 25 of the Second Amended Complaint.

26. In response to Paragraph 26 of the Second Amended Complaint, the State admits Kilby Correctional Facility is a close-security, or Security Level V, prison for men in Mt. Meigs,

Alabama. The State denies the remaining allegations in Paragraph 26 of the Second Amended Complaint.

27. In response to Paragraph 27 of the Second Amended Complaint, the State admits Limestone Correctional Facility is a close-security, or Security Level V, prison for men in Harvest, Alabama. The State denies the remaining allegations in Paragraph 27 of the Second Amended Complaint.

28. In response to Paragraph 28 of the Second Amended Complaint, the State admits St. Clair Correctional Facility is a close-security, or Security Level V, prison for men in Springville, Alabama. The State denies the remaining allegations in Paragraph 28 of the Second Amended Complaint.

29. In response to Paragraph 29 of the Second Amended Complaint, the State admits Staton Correctional Facility is a medium-security, or Security Level IV, prison for men in Elmore, Alabama. The State denies the remaining allegations in Paragraph 29 of the Second Amended Complaint.

30. In response to Paragraph 30 of the Second Amended Complaint, the State admits Ventress Correctional Facility is a medium-security, or Security Level IV, prison for men in Clayton, Alabama. The State denies the remaining allegations in Paragraph 30 of the Second Amended Complaint.

31. The State admits the enumerated facilities in Paragraph 31 of the Second Amended Complaint constitute "correctional facilities," but denies any allegation regarding the applicability of 42 U.S.C. § 1997(1).

32. The State admits the allegations in Paragraph 32 of the Second Amended Complaint.

33. The State lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of the Second Amended Complaint and, as such, denies the allegations.

34. The State admits that, in April 2019, Plaintiff informed the State of Plaintiff's alleged conclusions. The State denies the remaining allegations in Paragraph 34 of the Second Amended Complaint.

35. The State admits that, in July 2020, Plaintiff informed the State of Plaintiff's alleged conclusions. The State denies the remaining allegations in Paragraph 35 of the Second Amended Complaint.

36. The State admits that Plaintiff issued April 2019 and July 2020 findings reports regarding Plaintiff's findings. The State denies the remaining allegations in Paragraph 36 and footnote two of the Second Amended Complaint.

37. The State denies the allegations in Paragraph 37 of the Second Amended Complaint.

38. The State admits that ADOC's monthly reports no longer include statistical data from Draper Correctional Facility and that, during the last several years, certain inmates incarcerated within the Alabama Department of Corrections have died. The State denies all remaining allegations in Paragraph 38 of the Second Amended Complaint and footnote three of the Second Amended Complaint.[1]

39. The State denies that ADOC "does not include deaths that are 'pending investigation' in its Monthly Statistical Reports." The State lacks sufficient knowledge or

[1] The State denies the accuracy of each and every chart contained in the Second Amended Complaint. The State further denies that each and every chart is a true and correct copy of a chart from the State and/or any third party. To the extent the charts in the Second Amended Complaint constitute allegations, the State denies them.

information to admit or deny the allegation that "ADOC's Monthly Statistical Reports for 2021 show no homicides in calendar year 2021," and therefore denies the same. The State denies the remaining allegations in Paragraph 39 of the Second Amended Complaint.

40. The State denies the allegations in Paragraph 40 of the Second Amended Complaint.

41. The State denies the allegations in Paragraph 41 of the Second Amended Complaint.

42. The State denies the allegations in Paragraph 41 of the Second Amended Complaint.

43. The State denies the allegations in Paragraph 43 of the Second Amended Complaint.

44. The State denies the allegations in Paragraph 44 of the Second Amended Complaint.

45. The State denies the allegations in Paragraph 45 of the Second Amended Complaint.

46. The State denies the allegations in Paragraph 46 of the Second Amended Complaint.

47. The State denies the allegations in Paragraph 47 of the Second Amended Complaint.

48. The State admits that certain male inmates murdered other inmates while in ADOC custody. The allegations in Paragraphs 49 through 67 of the Second Amended Complaint fail to provide sufficient meaningful details related to the underlying incidents such as the identities of the assailants and victims such that the State cannot investigate each and every allegation in the

limited timeframe provided. Accordingly, other than as admitted herein, the State denies the allegations in Paragraphs 49 through 67 of the Second Amended Complaint.

68. The State denies the allegations in Paragraph 68 of the Second Amended Complaint.

69. The State denies the allegations in Paragraph 69 of the Second Amended Complaint. See also supra n. 1.

70. The State admits that ADOC's statistical reports reflect only one currently confirmed homicide resulting from inmate-on-inmate violence in Alabama's Prisons for Men between October 2020 and September 2021 and ADOC does not report suspected or potential homicides under investigation at the time of the release of any statistic report. The State denies the remaining allegations in Paragraph 70 of the Second Amended Complaint.

71. The State admits that ADOC statistical reports do not include a category entitled "all deaths," "all deaths from prisoner-on-prisoner homicide," or "deaths that are pending investigation." The State further admits it does not report the cause of death of an inmate in ADOC custody until such time as it confirms the cause of death through its standing investigative process. The State denies the remaining allegations in Paragraph 71 of the Complaint.

72. The State admits that the classification or identification of the cause of death of an inmate in ADOC custody typically results in an investigation by ADOC and/or outside investigative agencies, and the results of such investigations may result in a change or alteration in the originally identified cause of death of an inmate. The State denies the remaining allegations in Paragraph 72 of the Second Amended Complaint.

73. The State admits that it publicly reported 141 inmate deaths for Fiscal Year 2020 for all male facilities, not including Hamilton A&I, and 85 inmate deaths for Fiscal Year 2021, not

including Hamilton A&I. The State admits that no official cause of death has been assigned to certain of these deaths. The State denies the remaining allegations in Paragraph 73 of the Second Amended Complaint.

74. The State denies the allegations in Paragraph 74 of the Second Amended Complaint. See also supra n. 1.

75. The State admits that its monthly reports no longer include statistical data relating to Draper Correctional Facility in light of its current, limited operations. The State denies the remaining allegations in Paragraph 75 of the Second Amended Complaint. See also supra n. 1.

76. The State admits the allegations in Paragraph 76 of the Second Amended Complaint.

77. The State denies the remaining allegations in Paragraph 77 of the Second Amended Complaint.

78. The State denies the allegations in Paragraph 78 of the Second Amended Complaint. See also supra n. 1.

79. The State admits that it publicly reported assaults and fights during Fiscal Year 2021. The State denies the remaining allegations in Paragraph 79 of the Second Amended Complaint.

80. The State denies the allegations in Paragraph 80 of the Second Amended Complaint.

81. The State denies the allegations in Paragraph 81 of the Second Amended Complaint.

82. The State denies the allegations in Paragraph 82 of the Second Amended Complaint and footnote 6 of the Second Amended Complaint.

83. The State admits that ADOC's September 2021 Monthly Statistical Report indicated Alabama's Prisons for Men housed approximately 15,000 inmates.

84. The State admits that the September 2021 Monthly Statistical Report reported certain occupancy rates, but denies the remaining allegations in Paragraph 84 and footnote seven of the Second Amended Complaint.

85. The State denies the allegations in Paragraph 85 of the Second Amended Complaint.

86. The State denies the allegations in Paragraph 86 of the Second Amended Complaint.

87. The State admits that it continues to make reports to the Court in ***Braggs v. Dunn***, United States District Court for the Middle District of Alabama, Case No. 2:14-cv-00601-MHT-JA, regarding correctional staffing levels. The State denies the remaining allegations in Paragraph 87 of the Second Amended Complaint.

88. The State denies the allegations in Paragraph 88 and footnote eight of the Second Amended Complaint.

89. The State denies the allegations in Paragraph 89 of the Second Amended Complaint.

90. The State denies the allegations in Paragraph 90 of the Second Amended Complaint.

91. The State denies the allegations in Paragraph 91, and its subparagraphs 91a. through c., of the Second Amended Complaint.

92. The State denies the allegations in Paragraph 92 of the Second Amended Complaint.

93. The State denies the allegations in Paragraph 93 of the Second Amended Complaint.

94. The State denies the allegations in Paragraph 94 of the Second Amended Complaint.

95. The State denies the allegations in Paragraph 95 and footnote nine of the Second Amended Complaint. See also supra n. 1.

96. The State denies the allegations in Paragraph 96 of the Second Amended Complaint.

97. The State denies the allegations in Paragraph 97 of the Second Amended Complaint.

98. The State denies the allegations in Paragraph 98 of the Second Amended Complaint.

99. The State denies the allegations in Paragraph 99 of the Second Amended Complaint.

100. The State denies the allegations in Paragraph 100 of the Second Amended Complaint.

101. The State denies the allegations in Paragraph 101 of the Second Amended Complaint.

102. The State denies the allegations in Paragraph 102 of the Second Amended Complaint.

103. The State admits the it enacted COVID-19 prevention protocols, which included certain limitations upon the presence of certain visitors within its facilities, but the State denies the remaining allegations in Paragraph 103 of the Second Amended Complaint.

104. The State denies the allegations in Paragraph 104 of the Second Amended Complaint.

105. The State denies the allegations in Paragraph 105 of the Second Amended Complaint.

106. The State denies the allegations in Paragraph 106 of the Second Amended Complaint.

107. The State denies the allegations in Paragraph 107 of the Second Amended Complaint.

108. The State denies the allegations in Paragraph 108 of the Second Amended Complaint.

109. The State denies the allegations in Paragraph 109 of the Second Amended Complaint.

110. The State denies the allegations in Paragraph 110 of the Second Amended Complaint.

111. The State denies the allegations in Paragraph 111 of the Second Amended Complaint.

112. The State denies the allegations in Paragraph 112 of the Second Amended Complaint.

113. The State denies the allegations in Paragraph 113 of the Second Amended Complaint.

114. The State denies the allegations in Paragraph 114 of the Second Amended Complaint.

115. The State denies the allegations in Paragraph 115 of the Second Amended Complaint.

116. The State denies the allegations in Paragraph 116 of the Second Amended Complaint.

117. The State admits that, at times, inmates in ADOC custody threaten, assault and/or injure other inmates. Except as otherwise admitted hereinabove, the State expressly denies the remaining allegations in Paragraph 117 of the Second Amended Complaint.

118. The allegations in Paragraphs 118 through 142 of the Second Amended Complaint do not provide sufficient detail for the State to investigate each and every allegation in the limited timeframe provided. Moreover, the State lacks sufficient information to admit or deny any allegations that suggest an inmate's state of mind or reason for his action or the truth of hearsay statements included within Paragraph 118 through142 of the Second Amended Complaint. Except as otherwise admitted hereinabove, the State expressly denies the allegations in Paragraphs 118 through 142 of the Second Amended Complaint.

143. The State denies the allegations in Paragraph 143 of the Second Amended Complaint.

144. The State denies the allegations in Paragraph 144 of the Second Amended Complaint.

145. The denies the remaining allegations in Paragraph 145 of the Second Amended Complaint. See also supra n. 1.

146. The State denies the allegations in Paragraph 146 of the Second Amended Complaint.

147. The State denies the allegations in Paragraph 147 of the Second Amended Complaint.

148. The State denies the allegations in Paragraph 148 of the Second Amended Complaint.

149. The State denies the allegations in Paragraph 149 of the Second Amended Complaint. See also supra n. 1.

150. The State denies the allegations in Paragraph 150 of the Second Amended Complaint.

151. The State denies the allegations in Paragraph 151 of the Second Amended Complaint.

152. The State denies the allegations in Paragraph 152 of the Second Amended Complaint.

153. The State denies the allegations in Paragraph 153 of the Second Amended Complaint.

154. The State denies the allegations in Paragraph 154 of the Second Amended Complaint.

155. The State denies the allegations in Paragraph 155 of the Second Amended Complaint.

156. The State denies the allegations in Paragraph 156 of the Second Amended Complaint.

157. The State denies the allegations in Paragraph 157 of the Second Amended Complaint.

158. The State denies the allegations in Paragraph 158 of the Second Amended Complaint.

159. The State denies the allegations in Paragraph 159 of the Second Amended Complaint.

160. The State denies the allegations in Paragraph 160 of the Second Amended Complaint.

161. The State denies the allegations in Paragraph 161 of the Second Amended Complaint.

162. The State denies the allegations in Paragraph 162 of the Second Amended Complaint.

163. In response to the allegations asserted in paragraphs 163 through 190 of Plaintiff's Second Amended Complaint, the State admits that certain inmate-on-inmate sexual assaults have occurred within certain ADOC facilities. However, the allegations in Paragraphs 163 through 190 of the Second Amended Complaint do not provide sufficient detail for the State to investigate each and every allegation in the limited timeframe provided. Moreover, the State lacks sufficient information or knowledge to admit or deny allegations that suggest an inmate's state of mind or reason for his actions, nor can the State obtain sufficient information to admit or deny the truth of hearsay statements included within Paragraphs 163 through 190 of the Second Amended Complaint. Other than as expressly admitted herein, the State denies the allegations in Paragraph 163 through 190 of the Second Amended Complaint.

191. The State denies the allegations in Paragraph 191 of the Second Amended Complaint.

192. The State denies the allegations in Paragraph 192 of the Second Amended Complaint.

193. The State denies the allegations in Paragraph 193 of the Second Amended Complaint.

194. The State denies the allegations in Paragraph 194, and its subparagraphs 194a. through f., of the Second Amended Complaint.

195. The State denies the allegations in Paragraph 195 of the Second Amended Complaint.

196. The State denies the allegations in Paragraph 196 of the Second Amended Complaint.

197. The State denies the allegations in Paragraph 197 of the Second Amended Complaint.

198. The State denies the allegations in Paragraph 198 of the Second Amended Complaint.

199. The State denies the allegations in Paragraph 199 of the Second Amended Complaint.

200. The State denies the allegations in Paragraph 200 of the Second Amended Complaint.

201. The State denies the allegations in Paragraph 201, and its subparagraphs 201a. through h., of the Second Amended Complaint.

202. The State denies the allegations in Paragraph 202, and its subparagraphs 202a. through h., and footnote ten of the Second Amended Complaint.

203. The State denies the allegations in Paragraph 203 of the Second Amended Complaint.

204. The State denies the allegations in Paragraph 204 of the Second Amended Complaint.

205. The State denies the allegations in Paragraph 205 of the Second Amended Complaint.

206. The State denies the allegations in Paragraph 206 of the Second Amended Complaint.

207. The State denies the allegations in Paragraph 207 of the Second Amended Complaint.

208. The State denies the allegations in Paragraph 208 of the Second Amended Complaint.

209. The State admits that a federal grand jury indicted two members of the Staton security staff in March 2021. To the extent the allegations in Paragraph 209 purport to describe or characterize the contents of a document, the document speaks for itself and the allegations warrant no further response from the State. The State denies the remaining allegations in Paragraph 209 of the Second Amended Complaint.

210. The State lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 210 of the Second Amended Complaint, and therefore denies the same.

211. The State lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 211 of the Second Amended Complaint, and therefore denies the same.

212. The State lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 212 of the Second Amended Complaint, and therefore denies the same.

213. The State lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 213 of the Second Amended Complaint, and therefore denies the same.

214. The State lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 214 of the Second Amended Complaint, and therefore denies the same.

215. The State denies the allegations in Paragraph 215 of the Second Amended Complaint.

216. The State denies the allegations in Paragraph 216 of the Second Amended Complaint.

217. The State lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 217 of the Second Amended Complaint, and therefore denies the same.

218. The State lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 218 of the Second Amended Complaint, and therefore denies the same.

219. The State lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 219 of the Second Amended Complaint, and therefore denies the same.

220. The State lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 220 of the Second Amended Complaint, and therefore denies the same.

221. The State lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 221 of the Second Amended Complaint, and therefore denies the same.

222. The State lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 222 of the Second Amended Complaint, and therefore denies the same.

223. The State lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 223 of the Second Amended Complaint, and therefore denies the same.

224. The State admits that a former member of the security staff at Elmore pled guilty to federal charges in April 2019. The State admits that two other former ADOC employees assigned to Elmore pled guilty to federal charges. Further, the State admits that a jury convicted a former member of the security staff at Elmore of a federal charge in July 2021. To the extent the allegations in Paragraph 224 purport to describe or characterize the contents of a document or documents, the document or documents speak for themselves, and the allegations warrant no further response from the State. The State denies the remaining allegations in Paragraph 224 of the Second Amended Complaint.

225. The State lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 225 of the Second Amended Complaint, and therefore denies the same.

226. The State admits that a former ADOC employee pled guilty to federal charges in October 2021. The State denies all remaining allegations in Paragraph 226 of the Second Amended Complaint.

227. The State lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 227 of the Second Amended Complaint and therefore denies the same.

228. The State lacks knowledge or information sufficient to admit or deny the allegations the allegations in Paragraph 228 of the Second Amended Complaint, and therefore denies the same.

229. The State lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 229 of the Second Amended Complaint, and therefore denies the same.

230. The State lacks knowledge or information sufficient to admit or deny the allegations the allegations in Paragraph 230 of the Second Amended Complaint, and therefore denies the same.

231. The State lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 231 of the Second Amended Complaint, and therefore denies the same.

232. The State lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 232 of the Second Amended Complaint, and therefore denies the same.

233. The State denies the allegations in Paragraph 233 of the Second Amended Complaint.

234. The State denies the allegations in Paragraph 234 of the Second Amended Complaint.

235. To the extent Paragraph 235 purports to quote from a document or documents, the document or documents speak for themselves, and the allegations warrant no further response from the State.

236. To the extent Paragraph 236 purports to quote from a document or documents, the document or documents speak for themselves and the allegations warrant no further response from the State.

237. To the extent Paragraph 237 purports to quote from a document or documents, the document or documents speak for themselves, and the allegations warrant no further response from the State.

238. The State denies the allegations in Paragraph 238, and its subparagraphs 238a. through c., of the Second Amended Complaint.

239. The State denies the allegations in Paragraph 239, and its subparagraphs 239a. through c., of the Second Amended Complaint.

240. The State lacks knowledge or information sufficient to admit or deny any allegations in the Second Amended Complaint related to “reports” from inmates to Plaintiff and,

as such, denies the same. The State further denies the remaining allegations in Paragraph 240, and its subparagraphs 240a. through e., of the Second Amended Complaint.

241. The State lacks knowledge or information sufficient to admit or deny any allegations in the Second Amended Complaint related to "reports" from inmates to Plaintiff reported to Plaintiff's representatives and, as such, denies the same. The State denies the remaining allegations in Paragraph 241, and its subparagraphs 241a. through d., of the Second Amended Complaint.

242. The State lacks knowledge or information sufficient to admit or deny any allegations in the Second Amended Complaint related to "reports" from inmates to Plaintiff reported to Plaintiff's representatives and, as such, denies the same. The State admits that in December 2020, an inmate died at Donaldson. To the extent the allegations in Paragraph 224(b)(i) purport to describe or characterize the contents of a document or documents, the document or documents speak for themselves, and the allegations warrant no further response from the State. The State denies the remaining allegations in Paragraph 242, and its subparagraphs 242a. through d., of the Second Amended Complaint.

243. The State admits that ADOC announced the closure of Draper Correctional Facility. The State lacks knowledge or information sufficient to admit or deny any allegations in the Second Amended Complaint related to "reports" from inmates to Plaintiff or reported to Plaintiff's representatives and, as such, denies the same. The State admits that ADOC reopened a portion of Draper in a limited capacity in April 2020. The State denies the remaining allegations in Paragraph 243, and its subparagraphs 243a. through d., of the Second Amended Complaint.

244. The State lacks knowledge or information sufficient to admit or deny any allegations in the Second Amended Complaint related to "reports" from inmates to Plaintiff or

reported to Plaintiff's representatives and, as such, denies the same. The State denies the remaining allegations in Paragraph 244, and its subparagraphs 244a. through e., of the Second Amended Complaint.

245. The State lacks knowledge or information sufficient to admit or deny any allegations in the Second Amended Complaint related to "reports" from inmates to Plaintiff reported to Plaintiff's representatives and, as such, denies the same. The State denies the remaining allegations in Paragraph 245, and its subparagraphs 245a. through d., of the Second Amended Complaint.

246. The State lacks knowledge or information sufficient to admit or deny any allegations in the Second Amended Complaint related to "reports" from inmates to Plaintiff or reported to Plaintiff's representatives and, as such, denies the same. The State denies the remaining allegations in Paragraph 246, including the allegations in a. through d. of the Second Amended Complaint.

247. The State admits that it decommissioned the main facility at Holman in January 2020. The State also admits that it continues to house inmates in other portions of the Holman facility. The State denies the remaining allegations in Paragraph 247, and its subparagraphs 247a. through d., of the Second Amended Complaint.

248. The State lacks knowledge or information sufficient to admit or deny any allegations in the Second Amended Complaint related to "reports" from inmates to Plaintiff or reported to Plaintiff's representatives and, as such, denies the same. The State denies the remaining allegations in Paragraph 248, and its subparagraphs 248a. through d., of the Second Amended Complaint.

249. The State denies the allegations in Paragraph 249, and its subparagraphs 249a. through d., of the Second Amended Complaint.

250. The State denies the allegations in Paragraph 250, and its subparagraphs 250a. through d., of the Second Amended Complaint.

251. The State lacks knowledge or information sufficient to admit or deny any allegations in the Second Amended Complaint related to "reports" from inmates to Plaintiff reported to Plaintiff's representatives and, as such, denies the same. The State denies the remaining allegations in Paragraph 251, and its subparagraphs 251a. through d., of the Second Amended Complaint.

252. The State lacks knowledge or information sufficient to admit or deny any allegations in the Second Amended Complaint related to "reports" from inmates to Plaintiff or reported to Plaintiff's representatives and, as such, denies the same. The State denies the remaining allegations in Paragraph 252, and its subparagraphs 252a. through d., of the Second Amended Complaint.

253. The State denies the allegations in Paragraph 253 of the Second Amended Complaint.

254. The State denies the allegations in Paragraph 254 of the Second Amended Complaint.

255. The State denies the allegations in Paragraph 255 of the Second Amended Complaint.

256. To the extent Paragraph 256 of the Second Amended Complaint purports to quote from documents, those documents speak for themselves and require no further response from the

State. The State denies the remaining allegations in Paragraph 256, and its subparagraphs 256a. through e., of the Second Amended Complaint.

257. The State denies the allegations in Paragraph 257 of the Second Amended Complaint.

258. The State denies the allegations in Paragraph 258 of the Second Amended Complaint.

259. The State denies the allegations in Paragraph 259 of the Second Amended Complaint. See also supra n. 1.

260. The State denies the allegations in Paragraph 260 of the Second Amended Complaint.

261. The State denies the allegations in Paragraph 261 of the Second Amended Complaint.

262. The State denies the allegations in Paragraph 262 of the Second Amended Complaint.

263. The State denies the allegations in Paragraph 263 of the Second Amended Complaint.

**COUNT ONE**

**VIOLATION OF THE EIGHTH AND FOURTEENTH AMENDMENTS: FAILURE TO PROTECT FROM PRISONER-ON-PRISONER VIOLENCE**

264. The State denies the allegations in Paragraph 253 of the Second Amended Complaint.

265. The State denies the allegations in Paragraph 265 of the Second Amended Complaint.

266. The State denies the allegations in Paragraph 266 of the Second Amended Complaint.

## COUNT TWO

## VIOLATION OF THE EIGHTH AND FOURTEENTH AMENDMENTS: FAILURE TO PROTECT FROM PRISONER-ON-PRISONER SEXUAL ABUSE

267. The State denies the allegations in Paragraph 267 of the Second Amended Complaint.

268. The State denies the allegations in Paragraph 268 of the Second Amended Complaint.

269. The State denies the allegations in Paragraph 269 of the Second Amended Complaint.

## COUNT THREE

## VIOLATION OF THE EIGHTH AND FOURTEENTH AMENDMENTS: FAILURE TO PROTECT FROM USE OF EXCESSIVE FORCE

270. The State denies the allegations in Paragraph 270 of the Second Amended Complaint.

271. The State denies the allegations in Paragraph 271 of the Second Amended Complaint.

272. The State denies the allegations in Paragraph 272 of the Second Amended Complaint.

## COUNT FOUR

## VIOLATION OF THE EIGHTH AND FOURTEENTH AMENDMENTS: FAILURE TO PROVIDE SAFE CONDITIONS

273. The State denies the allegations in Paragraph 273 of the Second Amended Complaint.

274. The State denies the allegations in Paragraph 274 of the Second Amended Complaint.

275. The State denies the allegations in Paragraph 275 of the Second Amended Complaint.

**PRAYER FOR RELIEF**

276. The State denies the allegations in Paragraph 276 of the Second Amended Complaint.

277. In response to Paragraph 277 of the Second Amended Complaint, the State denies that Plaintiff is entitled to the requested relief or to any relief whatsoever, including, but not limited to, any proposed or requested relief enumerated in subparaphs a. through d.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Second Amended Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Any allegation, contention, count, or request for relief or for damages of any type or nature not expressly admitted is denied and strict proof thereof is demanded.

### THIRD DEFENSE

Plaintiff is not entitled to any relief requested in the Second Amended Complaint.

### FOURTH DEFENSE

Plaintiff is not entitled to any relief under 42 U.S.C. § 1997.

### FIFTH DEFENSE

Plaintiff is unable to establish any causal connection between any action or inaction of the State and any purported injury or violation alleged or for which relief is sought.

**SIXTH DEFENSE**

Plaintiff lacks standing to raise some or all of its claims against the State, or to seek some or all of the requested relief.

**SEVENTH DEFENSE**

The Second Amended Complaint fails to plausibly allege that the State is subjecting individuals residing in or confined to an institution to "egregious or flagrant conditions which deprive such persons of any rights, privileges, or immunities security or protected by the Constitution or laws of the United States causing such persons to suffer grievous harm" 42 U.S.C. § 1997a(a).

**EIGHTH DEFENSE**

The State denies the existence of any "pattern or practice of resistance to the full enjoyment of [any] rights, privileges, or immunities" secured or protected by the Constitution or laws of the United States. 42 U.S.C. § 1997a(a).

**NINTH DEFENSE**

Plaintiff's claim is barred to the extent the relief sought by Plaintiff exceeds the "minimum corrective measures necessary to insure the full enjoyment of" any "rights, privileges, or immunities secured or protected by the Constitution or laws of the United States." 42 U.S.C. § 1997a(a).

**TENTH DEFENSE**

The Attorney General failed to adequately comply with the certification requirements contained in 42 U.S.C. § 1997b.

**ELEVENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

**TWELFTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the statute of limitations.

**THIRTEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in party, by the doctrines of waiver and consent.

**FOURTEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrine of *res judicata* or claim preclusion.

**FIFTEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrine or collateral estoppel or issue preclusion.

**SIXTEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

**SEVENTEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because pending and/or future class action litigation or other litigation encompasses some or all of the injunctive relief sought by Plaintiff.

**EIGHTEENTH DEFENSE**

The State acted in good faith, without malice and without the requisite state of mind necessary for Plaintiff to establish a constitutional violation.

**NINETEENTH DEFENSE**

Plaintiff's claims of unconstitutional customs, policies, or practices cannot be predicated upon isolated or sporadic instances of conduct.

**TWENTIETH DEFENSE**

The State did not authorize, condone, or ratify any alleged unlawful conduct.

**TWENTY-FIRST DEFENSE**

To the extent the alleged violations are remedied by voluntary action of the State, the alleged violations are rendered moot.

**TWENTY-SECOND DEFENSE**

To the extent Plaintiff seeks to recover attorney fees, the State objects because attorney fees are not authorized by statute.

**TWENTY-THIRD DEFENSE**

The State acted in an objectively reasonable manner at all times under the circumstances alleged in the Second Amended Complaint.

**TWENTY-FOURTH DEFENSE**

Any relief regarding correctional or mental health staffing is precluded by the forthcoming final order in *Braggs v. Dunn*, United States District Court for the Middle District of Alabama, Case No. 2:14-cv-00601-MHT-JA.

**TWENTY-FIFTH DEFENSE**

The policies, practices, and procedures implemented or imposed by the ADOC Officials and/or ADOC are lawful and justified.

**TWENTY-SIXTH DEFENSE**

The policies, practices, and procedures implemented or imposed by the State and/or ADOC are reasonably related to legitimate penological interests.

**TWENTY-SEVENTH DEFENSE**

The ADOC Officials claim any and all protections of the Prison Litigation Reform Act (the "PLRA") of 1995, as amended. See 42 U.S.C. § 1997e.

**TWENTY-EIGHTH DEFENSE**

Plaintiffs' requested relief is inappropriate pursuant to the provisions of the PLRA. See 42 U.S.C. § 1997e.

**TWENTY-NINTH DEFENSE**

Plaintiffs' claims are barred because the injunctive relief they seek is not sufficiently narrowly drawn as required by the PLRA. 18 U.S.C. § 3626(a)(1)(A); 42 U.S.C. § 1997e.

**THIRTIETH DEFENSE**

Plaintiffs' claims are barred because the injunctive relief they seek extends further than is necessary to correct any alleged violation of any Plaintiff's constitutional rights. 18 U.S.C. § 3626(a)(1)(A); 42 U.S.C. § 1997e.

**THIRTY-FIRST DEFENSE**

Plaintiffs' claims are barred because the injunctive relief they seek is not the least intrusive means necessary to correct any alleged violation of any Plaintiff's constitutional rights. 18 U.S.C. § 3626(a)(1)(A); 42 U.S.C. § 1997e.

**THIRTY-SECON DEFENSE**

Plaintiffs fail to allege a personal, physical injury as required by the PLRA. 42 U.S.C. § 1997e(e).

**THIRTY-THIRD DEFENSE**

Plaintiffs' claims are barred as they failed to exhaust their administrative remedies as required by the PLRA. 42 U.S.C. § 1997e(a).

**THIRTY-FOURTH DEFENSE**

Plaintiffs' claims fail under the PLRA because the requested relief would adversely impact public safety and the operation of the criminal justice system. 42 U.S.C. § 1997e.

**THIRTY-FIFTH DEFENSE**

Plaintiffs' claims fail under the PLRA because the requested relief would require a government official to exceed his or her authority under state law. 42 U.S.C. § 1997e.

**THIRTY-SIXTH DEFENSE**

Plaintiffs' claims fail under the PLRA because the requested relief would effectively repeal or detract from otherwise applicable limitations on the remedial powers of the courts. 42 U.S.C. § 1997e.

**THIRTY-SEVENTH DEFENSE**

Plaintiffs' claims are barred because the ADOC Officials did not act with deliberate indifference. *Estelle v Gamble,* 429 U.S. 97 (1976).

**THIRTY-EIGHTH DEFENSE**

The State reserves the right to supplement and/or amend this answer as additional information responsive to the allegations of the complaint and/or defenses become known to it.

Dated: December 20, 2021.

*/s/ William R. Lunsford*
*Attorney for the State*

William R. Lunsford
Matthew B. Reeves
La Keisha Butler
**MAYNARD, COOPER & GALE, PC**
655 Gallatin Street
Huntsville, AL 35801
Telephone: (256) 551-0171
Facsimile: (256) 512-0119
blunsford@maynardcooper.com
mreeves@maynardcooper.com
lbutler@maynardcooper.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served upon all attorneys of record in this matter, including without limitation the following, by the Court's CM/ECF system on this the 20th day of December, 2021:

Carla C. Ward
Jason R. Cheek
Lane H. Woodke
William R. Chambers, Jr.
Praveen Krishna
**UNITED STATES ATTORNEY'S OFFICE**
1801 Fourth Avenue North
Birmingham, Alabama 35203
Telephone: (205) 244-2185
Facsimile: (205) 244-2181
carla.ward@usdoj.Gov
jason.cheek@usdoj.Gov
lane.woodke@usdoj.gov
will.chambers@usdoj.gov
praveen.krishna@usdoj.gov

Steven H. Rosenbaum
Kerry K. Dean
Matthew J. Donnelly
**UNITED STATES DEPARTMENT OF JUSTICE**
950 Pennsylvania Avenue NW
Washington, D.C. 20530
Telephone: (202) 258-3036
kerry.k.dean@usdoj.gov
matthew.donnelly@usdoj.gov

Curtis Harris
George Eppsteiner
Deena Fox
**UNITED STATES DEPARTMENT OF JUSTICE**
150 M Street NE
Washington, D.C. 20004
Telephone: (202) 305-1361
curtis.harris@usdoj.gov
george.eppsteiner@usdoj.gov
deena.fox@usdoj.gov

Eric S. Dreiband
**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
1801 L Street NW
Washington, DC 20507
Telephone: (202) 663-4900

*/s/ William R. Lunsford*
*Of Counsel*