UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, } | |
| } | |
|     Plaintiff, } | |
| } | |
| v. } | Case No.: 2:20-CV-01971-RDP |
| } | |
| STATE OF ALABAMA, et al., } | |
| } | |
|     Defendants. } | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendants' Motion for Partial Dismissal. (Doc. # 73). The Motion has been fully briefed (Docs. # 74, 78, 79) and is ripe for decision. For the reasons discussed below, the Motion is due to be denied.

**I.    Background**

The United States brings this action against the State of Alabama and the Alabama Department of Corrections pursuant to the Civil Rights of Institutionalized Persons Act ("CRIPA"), 42 U.S.C. § 1997. (Doc. # 71 at 1). Plaintiff alleges that Defendants have violated the Eighth and Fourteenth Amendments to the Constitution of the United States "by failing to prevent prisoner-on-prisoner violence, by failing to prevent prisoner-on-prisoner sexual abuse, by failing to protect prisoners from the use of excessive force by security staff, and by failing to provide safe physical conditions of confinement." (*Id.*).

Defendants' motion largely turns on the requirements for pleading a CRIPA case. There is little adversarial case law concerning that statute because, in many of the CRIPA investigations that even reach litigation, the complaint is filed simultaneously with a consent decree (or at least with the goal of soon reaching a consent decree). *See* Correctional Law Commentary Assessing

the Trends in the Application of CRIPA in Prisons and Jails: 2000 to 2014, 52 No. 6 Crim. Law Bulletin ART 7 (2016) ("[R]arely does a Findings Letter result in a lawsuit or a consent decree as jail and prison facility executives voluntarily participate in a settlement/memorandum of agreement. However, a majority of lawsuits filed by the DOJ resulted in a court ordered consent decree, 75% of the jails and 100% for prison facilities."); Mary Ann Lee, Digging Out of the Hole: Arguments Against the Use of Juvenile Solitary Confinement in Kentucky, 105 Ky. L.J. 151, 165–66 (2017) (implying that CRIPA has led to a trend of settlement and consent decrees over litigation); *United States v. California*, CV 06-2667-GPS, 2011 WL 13143465 at *1 (C.D. Cal. Oct. 31, 2011) ("On May 2, 2006, the government filed both an action under CRIPA and a consent judgment against Defendants."); *United States v. Virginia*, 3:12-cv-00059-JAG, 2012 WL 13034148 at *1 (E.D. Va. June 5, 2012) ("On January 26, 2012, the plaintiff–United States of America filed its complaint … The parties simultaneously filed a consent decree.").

This is not the first time the court has ruled on a motion to dismiss in this case. On October 8, 2021, the court granted in part and denied in part Defendants' motion for partial dismissal of the First Amended Complaint. (*See* Doc. # 57). In the previous motion, Defendants made five distinct arguments. First, Defendants asserted that the allegations related to the failure to provide safe and sanitary conditions did not state a plausible claim. (Doc. # 39 at 8). The court determined that Plaintiff's First Amended Complaint was a shotgun pleading because it did not separate each cause of action into separate counts. (Doc. # 57 at 4). So, the court ordered Plaintiff to replead its claims in accordance with the Eleventh Circuit's opinion in *Weiland v. Palm Beach Cty. Sherriff's Office*, 792 F.3d 1313 (11th Cir. 2015), and the pleading standards articulated by the Supreme Court in *Twombly* and *Iqbal*. (*Id.* at 4-5). The court also reminded Plaintiff to continue to follow

the court's April 13, 2021 Order, which instructed the United States to separate its allegations by facility. (*Id.* at 5).

Second, Defendants argued that any allegation of correctional understaffing is not timely. (Doc. # 39 at 12). Defendants pointed to the ongoing litigation in *Braggs v. Dunn*, 2:14-cv-601-MTT (M.D. Ala. 2014). (*Id.*). But, as the court has previously observed, (1) understaffing is alleged in the First Amended Complaint not as a separate claim but as a contributing factor to three of the causes of actions, and (2) that the *Braggs* class action has no preclusive effect as to the present action. (Doc. # 57 at 5).

Third, Defendants urged the court to apply a heightened pleading standard in CRIPA actions. (Doc. # 39 at 5-6). The court declined to do so. (Doc. # 57 at 9). The court concluded that "CRIPA does not create a heightened pleading standard." (*Id.* at 8). The court also noted that "CRIPA is a statutory vehicle that confers standing on the Attorney General to enforce existing constitutional rights and federal statutory rights." (*Id.* at 7)

Fourth, Defendants requested that the court review the Attorney General's certification of the action. (Doc. # 39 at 6-8). Again, the court declined to do so. (Doc. # 57 at 9). The court joined the vast majority of district courts to decide this issue and held that "the Attorney General's certification is not subject to judicial review." (*Id.* at 8).

Fifth, Defendants argued that the First Amended Complaint should be dismissed because it sought improper relief. (*Id.* at 11). The court disagreed, noting that relief awarded by the court (if there is any) would have to comply with the Prison Litigation Reform Act (a point that Plaintiff conceded). (*See* Doc. # 57 at 5).

On November 19, 2021, Plaintiff filed the Second Amended Complaint. (Doc. # 71). The Second Amended Complaint delineates each claim in a separate count. (*Id.* at 58-61). It also

provides additional factual allegations for each claim. More specifically, it provides more facility-by-facility details related to the alleged failure to provide safe and sanitary conditions claim. (*See id.* at 40-55).

Defendants have again moved to dismiss, this time arguing that Plaintiff has: (1) failed to state a claim as to Draper Correctional Facility; (2) failed to state a claim as to Holman Correctional Facility; (3) failed to state a claim regarding excessive force; and (4) failed to state a claim as to particular facilities regarding the inmate-on-inmate violence claim and the inmate sexual abuse claim. (*See* Doc. # 74).

## II.     Standard of Review

The Federal Rules of Civil Procedure require that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, the complaint must include enough facts "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels and conclusions" or "naked assertion[s]" without supporting factual allegations. *Id.* at 555, 557. In deciding a Rule 12(b)(6) motion to dismiss, courts view the allegations in the complaint in the light most favorable to the non-moving party. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007).

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate

"more than a sheer possibility that a defendant has acted unlawfully." *Id.* A plausible claim for relief requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Twombly*, 550 U.S. at 556.

In considering a motion to dismiss, a court should "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Kivisto v. Miller, Canfield, Paddock & Stone, PLC*, 413 F. App'x 136, 138 (11th Cir. 2011) (quoting *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010)). That task is context specific and, to survive the motion, the allegations must permit the court based on its "judicial experience and common sense ... to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. If the court determines that the well-pleaded facts, accepted as true, do not state a claim that is plausible, the claims are due to be dismissed. *Twombly*, 550 U.S. at 570.

**III.   Analysis**

Three of Defendants' arguments concern whether CRIPA actions are limited to institution-by-institution claims. They are not, and the court explains why below. Defendant's remaining argument asks the court to dismiss a claim (excessive force) the court already acknowledged has been sufficiently pleaded. So, for the reasons set forth below, the court concludes that Defendants' Motion is due to be denied.

Neither the statutory text, nor the case law concerning CRIPA limits the United States' action to institution-by-institution claims. As the court has previously acknowledged, CRIPA merely confers standing on the Attorney General to institute a civil action to enforce existing constitutional rights and federal statutory rights. (Doc. # 57 at 7) (citing *Patsy v. Board of Regents*,

457 U.S. 496, 507-08 (1982); *United States v. Erie County*, 724 F. Supp. 2d 357, 366 (W.D. N.Y. 2010)). The portion of CRIPA entitled "[i]nitiation of civil actions" provides:

> Whenever the Attorney General has reasonable cause to believe that any State or political subdivision of a State, official, employee, or agent thereof, or other person acting on behalf of a State or political subdivision of a State is subjecting persons residing in or confined to an institution, as defined in section 1997 of this title, to egregious or flagrant conditions which deprive such persons of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States causing such persons to suffer grievous harm, and that such deprivation is pursuant to a pattern or practice of resistance to the full enjoyment of such rights, privileges, or immunities, the Attorney General, for or in the name of the United States, may institute a civil action in any appropriate United States district court against such party for such equitable relief as may be appropriate to insure the minimum corrective measures necessary to insure the full enjoyment of such rights, privileges, or immunities, except that such equitable relief shall be available under this subchapter to persons residing in or confined to an institution as defined in section 1997(1)(B)(ii) of this title only insofar as such persons are subjected to conditions which deprive them of rights, privileges, or immunities secured or protected by the Constitution of the United States.

42 U.S.C. § 1997a(a). First, as the court previously recognized, the express preconditions in § 1997a(a) apply only to the Attorney General's reasonable-cause determination. (Doc. # 57 at 7-8); *United States v. Pennsylvania*, 902 F. Supp. 565, 579 (W.D. Pa. 1995). CRIPA does not add any substantive requirements. *See generally United States v. Pennsylvania*, 863 F. Supp. 217, 219-20 (E.D. Pa. 1994). Second, nothing in § 1997a(a)'s plain language limits the Attorney General to filing claims on an institution-by-institution basis.[1]

Nor does case law support limiting a CRIPA action to institution-by-institution claims. Several CRIPA cases have concerned only one institution. *See United States v. Virgin Islands*, 748 F.3d 514 (3d. Cir. 2014); *United States v. Virginia*, 3:12-cv-00059-JAG, 2012 WL 13034148 (E.D. Va. June 5, 2012); *United States v. Arkansas*, 4:09-cv-00033-HLJ, 2009 WL 10688638 (W.D. Ark.

---

[1] While 42 U.S.C. §§ 1997a-1 and 1997b require institution-specific actions, those sections do not concern the filing of a civil action; rather, they relate to the Attorney General's subpoena power during the investigation before a civil action is filed and the certification requirements, respectively.

6

Dec. 7, 2009); *United States v. Terrell Cnty., Georgia*, 457 F. Supp. 2d 1359 (M.D. Ga. 2006); *United States v. Connecticut*, 931 F. Supp. 974 (D. Conn. 1996); *United States v. Commonwealth of Pennsylvania*, 2:93-cv-02094-CCN (E.D. Pa. 1993); *United States v. Tennessee*, 2:92-cv-02062-JPM-TMP (W.D. Tenn. 1992); *Unites States v. State of Illinois*, 803 F. Supp. 1338 (N. D. Ill. 1992); *United States v. State of New York*, 690 F. Supp. 1201 (W.D. N.Y. 1988); *United States v. Residents of Fairview Training Center*, Civ. No. 86-961LE, 1987 WL 39761 (D. Or. Apr. 8, 1987). Other CRIPA actions have been limited to a small number of institutions. *See United States v. California*, CV 06-2667-GPS, 2011 WL 13143465 (C.D. Cal. Oct. 31, 2011) (two facilities); *United States v. Erie Cnty., New York*, 1:09-cv-00849-WMS-JJM (W.D. N.Y. 2009) (two facilities); *United States v. Michigan*, 680 F. Supp. 928 (W.D. Mich. 1987) (three facilities); *United States v. State of Hawaii*, 564 F. Supp. 189 (D. Haw. 1983) (two facilities). However, none of these cases expressly limit CRIPA's reach to institution-by-institution claims.

The United States has also brought several statewide (or county-wide) CRIPA actions. *United States v. Mississippi*, 3:16-cv-00622-CWR-FKB (S.D. Miss. 2016); *United States v. Cnty. Of Los Angeles*, 2:15-cv-05903-DDP-JEM (C.D. Cal. 2015); *United States v. Texas*, 1:09-cv-490 (W.D. Tex. 2009); *United States v. Commonwealth of Puerto Rico*, 3:94-cv-02080-FAB, 2007 WL 1119336 (D.P.R. Apr. 10, 2007). The appropriate defendant is the state and/or county, regardless of the number of prisons at issue. The court's earlier instruction for Plaintiff to separate its allegations by facility was not an indication that CRIPA limits Plaintiff to institution-by-institution claims. Rather, the purpose of the order was to ensure that Plaintiff was providing Defendants with proper notice of the claims as required by Federal Rule of Evidence 8(a).

In this case, the claims are substantively predicated on the Eighth and Fourteenth Amendments to the United States Constitution. (*See* Doc. # 71 at 58-61). Further, the Defendants

in this case are the State of Alabama and the Alabama Department of Corrections ("ADOT") — not the thirteen Alabama state prisons. Therefore, the question is whether Plaintiff has sufficiently pleaded the four causes of actions (that are each predicated on alleged Eighth and Fourteenth Amendment violations) against the State of Alabama and ADOT. In short, the answer to that question is yes.

During the October 7, 2021 scheduling conference, the court explained that Plaintiff's prisoner-on-prisoner violence, prisoner-on-prisoner sexual abuse, and excessive force claim were sufficiently pleaded. (Doc. # 61 at 5). The court also noted that, as pleaded in the First Amended Complaint, the unsafe conditions claim was a close call. (*Id.* at 5-6; *see* Doc. # 57 at 5 n.1). Here, Defendants do not contest the entirety of the unsafe conditions count. Nonetheless, the court concludes that the Second Amended Complaint contains sufficient factual allegations to satisfy Rule 8(a) as to each count.

## IV.   Conclusion

For the reasons set forth above, Defendants' Motion for Partial Dismissal (Doc. # 73) is **DENIED**.

**DONE** and **ORDERED** this April 1, 2022.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE