UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** } | |
| } | |
| **Plaintiff,** } | |
| } | |
| **v.** } | Case No.: **2:20-CV-1971-RDP** |
| } | |
| **STATE OF ALABAMA, et al.,** } | |
| } | |
| **Defendants.** } | |

## SCHEDULING ORDER

The Parties held a scheduling conference on April 19, 2021, and submitted a Rule 26(f) report on June 30, 2021. (Doc. # 42). Since then, the court resolved motions to dismiss the complaint and amended complaints. (*See* Docs. # 57, 81). The parties also agreed to the appointment of a special master for assisting with discovery matters -- which the court approved. (Doc. # 70). On April 4, 2022, the court directed the Parties to confer with the Special Master and file a proposed scheduling order. (Doc. # 82). Based on that conference with the Special Master, the Parties' proposed scheduling order, the Parties' Rule 26(f) report, and the complexity of the case, it is hereby **ORDERED** as follows:

1. EXTENSIONS: EXTENSIONS FOR THE DEADLINES SET FOR DISCOVERY CUTOFF AND DISPOSITIVE MOTIONS WILL NOT BE EXTENDED ABSENT GOOD CAUSE SHOWN.

2. <u>Discovery and Dispositive Motion Deadlines</u>:

| EVENT | DATE |
|---|---|
| Join Parties or Amend Pleadings: | Thursday, October 20, 2022 |
| Initial Expert Reports: | Friday, September 22, 2023 |
| Response Expert Reports: | Tuesday, November 21, 2023 |
| Rebuttal Expert Reports: | Thursday, December 21, 2023 |
| All Discovery Closes: | Tuesday, March 5, 2024 |
| Motions for Summary Judgment: | Monday, April 22, 2024 |
| Responses to MSJ | Wednesday, May 22, 2024 |
| Replies to MSJ | Wednesday, June 12, 2024 |
| Pretrial Ready | September 2024 |
| Trial Ready | November 2024 |

3. <u>Parties and Pleadings</u>: The Parties are allowed until October 20, 2022, to join additional parties and to amend the pleadings. Unless the Party's pleading may be amended as a matter of course pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, the Party must file a motion for leave to amend. Such motion for leave to amend shall specifically state the matters that the Party wishes to add or delete and shall contain (attached as an exhibit) the complete and executed Amended Complaint or Amended Answer, which is suitable for filing.

4. <u>Discovery Generally</u>: Unless otherwise altered by this Order, the Parties will conduct discovery, including discovery to non-parties, pursuant to the Federal Rules of Civil Procedure and any applicable local rule or court order. All discovery must be propounded in such time that the deadline to respond or produce occurs on or before the close of discovery.

5. <u>Discovery Preservation, Production, and Protection</u>: The Parties will preserve and produce discovery in accordance with the Stipulated Consolidated Protective Order (Doc. # 62) and the Stipulated Consolidated Order Regarding Protocols for Production of Documents and Things (Including ESI) (Doc. # 63).

6. <u>Discovery Disputes</u>: Discovery disputes will be resolved according to the process set forth in the Special Master Order (Doc. # 70). If the Special Master Order does not apply, the Parties will resolve discovery disputes according to the court's procedure for "Discovery Disputes" set forth in the Initial Order. (Doc. # 18 at 3).

7. <u>Limitations on Discovery</u>: The court imposes the following limits on discovery tools:

   (a) <u>Interrogatories</u>: The maximum number of interrogatories is 50 per side, meaning 50 for the United States and 50 total for the Defendants. Federal Rule of Civil Procedure 33 governs the response time and other interrogatory procedures.

   (b) <u>Admissions</u>: The maximum number of requests for admissions is 100 per side. Federal Rule of Civil Procedure 36 governs the response time and other admissions procedures.

   (c) <u>Depositions</u>: The maximum number of depositions is 75 per side. Of these 75 depositions, 25 depositions are limited to a maximum time of 7 hours; 25 depositions are limited to a maximum time of 4.5 hours; and the remaining 25 depositions are limited to a maximum time of 3.5 hours. The notice of deposition must state whether the deposition is for 7 hours, 4.5 hours, or 3.5 hours. Each side may additionally depose for 7 hours any expert the other side discloses. Deposition hours means hours on the record, excluding off-the-record time for breaks. Subject to adequate advance notice and coordination, multiple depositions may occur sequentially on the same day (*e.g.*, two 3.5-hour depositions on the same day), and

more than one deposition may occur at the same time on the same day, but generally no more than two depositions may occur at the same time on the same day.

8. <u>Site Inspections and Prisoner Interviews</u>:

   (a) <u>Site Inspections</u>: The Parties are currently negotiating an agreement regarding protocols for Federal Rule of Civil Procedure 34(a)(2) inspections of the prison facilities at issue in this case, including interviews of prisoners that occur during those site inspections. The Parties will raise any disputes regarding these inspections through the process outlined in the Special Master Order.

   (b) <u>Prisoner Interviews</u>: Beyond any prisoner interviews occurring during any site inspection, if the United States wishes to interview a single prisoner at a facility, the United States may interview prisoners though the regular attorney visitation process. If the United States wishes to interview consecutively more than one prisoner at a facility, the Unites States will provide a list of prisoners (containing a reasonable number of prisoners for that visit and the date(s) the United States wishes to interview prisoners) at a facility to Defendants at least three days prior to its visit. Defendants will facilitate an orderly, prompt production of those listed prisoners for confidential interviews at a facility that provide greater access than the typical attorney visitation process. Any prisoner may, in the presence of the United States, decline to be interviewed. Defendants' safety and/or security concerns may dictate whether a visitation interview may occur on a given date and time at a particular prison or as to a particular prisoner, as well as the necessity to restrain a prisoner during the visit.

9. <u>Expert Testimony Disclosures</u>: All Parties must disclose initial expert reports[1] by September 22, 2023. For any initial report disclosed in the month of September 2023, any other Party may disclose a response report by November 21, 2023; any Party disclosing an initial report may disclose a rebuttal report to the response report by December 21, 2023. If a Party submits an initial report prior to the month of September 2023, any response report is due 60 days after the initial report, and any rebuttal report is due 30 days after any response report. A response report must be limited solely to rebutting an initial report, must stay within the scope of the initial report, and may not introduce new topics or subject areas that did not appear in the initial report. Similarly, a rebuttal report must be limited solely to rebutting a response report, must stay within the scope of the initial report, and may not introduce new topics or subject areas that did not appear in the initial report. As noted above, any side may depose another side's expert and such deposition will not count against that side's non-expert deposition number limit noted above. Discovery of other evidence supporting an expert's written report shall be accomplished by subpoena to the expert, rather than serving discovery on the opposing side.

10. <u>Supplementations of Disclosures and Discovery under Federal Rule of Civil Procedure 26(e)</u>: The Parties will provide supplementation at reasonable intervals. Additionally, to allow sufficient time to conduct follow-up depositions and other discovery, the Parties will provide a supplement 60 days prior to the close of discovery that includes all unproduced supplemental discovery that the Party, exercising due diligence, is aware of

---

[1] "Report" in this paragraph means disclosure of all information related to an expert's testimony required by Rule 26(a)(2), including disclosures under Rule 26(a)(2)(C) for experts who do not need to provide a written report.

as of that date. After that supplement occurring 60 days prior to the close of discovery, the Parties should supplement with any discovery that subsequently comes into existence or that the Party, exercising due diligence, was not aware of.

11. Dispositive Motions: All dispositive motions must be filed by April 22, 2024; the Parties will follow the briefing schedule set in paragraph 2 above if a dispositive motion is filed in the month of April 2024. If a Party files a dispositive motion prior to the month of April 2024, the response is due 30 days after the dispositive motion, and any reply is due 21 days after the response. The Parties will follow the substantive and formatting requirements for dispositive motions set forth in the Initial Order and its Appendix II. (Doc. # 18).

12. Trial Length: This is a non-jury trial, which the parties expect to last an estimated length of six to eight weeks.

13. Settlement and Mediation: The Parties previously engaged in settlement discussions with U.S. Magistrate Judge John Ott. If the Parties determine a continuation of mediation would be productive in the future, they should seek to re-engage Judge Ott for that purpose and alert the Court.

**DONE** and **ORDERED** this May 10, 2022.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE