FILED

2022 Sep-30  PM 03:03
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | Civil. No. 2:20-cv-01971-RDP |
| | ) | |
| STATE OF ALABAMA and | ) | |
| ALABAMA DEPARTMENT OF | ) | |
| CORRECTIONS, | ) | |
| | ) | |
| DEFENDANTS. | ) | |
| _____ | ) | |

**Motion for Leave to Intervene**

Pursuant to Fed. R. Civ. Pro. 24(a) and (b), Plaintiffs, Ted Ray Burruss Jr., Roger Elton, Joe Ranger Pickett, and Joey Smith, hereby move this Court for leave to intervene in this action and to file the complaint in intervention appended hereto as Exhibit 1.  In support of this motion, Plaintiffs state:

1. Plaintiffs are inmates in the custody of the Alabama Department of Corrections.

2. Plaintiffs have diabetes and other medical conditions which require unique dietary plans and levels of caloric intake.

3. Plaintiffs are the subjects of an ongoing Department of Justice Investigation around Constitutional violations within the Alabama Department of Corrections.

4. Plaintiffs have diabetes and other medical conditions which require unique dietary plans and levels of caloric intake.

5. A preliminary injunction in connection with action is necessary to preserve the life and health of the Plaintiffs.

6. Plaintiffs claim an interest relating to their health and physical wellbeing that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the plaintiff's ability to protect their interest.

7. To date, the Department of Justice has done a great job in conducting its investigation. In spite of this, conditions have worsened markedly. This worsening of conditions has escalated due to the retaliatory tactics of Alabama prison staff in response to a recent inmate labor strike. As such, in order to fully protect the interests of the Plaintiffs, this intervention is necessary.

8. Plaintiffs' submission of their motion is timely, as it was only Monday, September 26th, 2022, that inmates became subjected to limited food provision, both in quantity and quality. It is Plaintiff's reasonable belief that this limited provision of food serve as retaliation to the inmate labor strike that commenced on the same day.

9. On April 3rd, 2019, the Department of Justice (DOJ) announced in a Notice Report that there is reasonable cause to believe that Alabama prisons violate the Constitution's Eighth Amendment prohibition of cruel and usual punishment. The DOJ cited overcrowded facilities, sexual assault, and inmate on inmate violence as the causes of this Constitutional violation.

10. On July 23rd, 2020, the DOJ released a follow up Notice Report which concluded that Alabama prisons for men are also in violation of the Constitution due to the fact that there is reasonable cause to believe that prisoners are subjected to excessive force at the hands of prison staff.

11. On December 9th, 2020, the DOJ filed suit against the State of Alabama and the Alabama Department of Corrections. The complaint holds that "…the conditions at Alabama's prisons for men violate the Constitution because Alabama fails to provide adequate protection from prisoner-on-prisoner violence and prisoner-on-prisoner sexual abuse, fails to provide safe and sanitary conditions, and subjects prisoners to excessive force at the hands of prison staff."

12. On November 23rd, 2021 the DOJ amended its complaint against the State of Alabama and the Alabama Department of Corrections. The amended complaint lists specific violations such as lack of adequate toilets, sinks and showers, a lack of surveillance cameras, infestations of rats and roaches and broken HVAC systems. The DOJ described the Alabama Department of Corrections as maintaining an attitude of deliberate indifference to these issues.

13. The Alabama Department of Corrections is under Court order in the Middle District, in the case of Braggs v Dunn, to increase staffing and the provision of mental health care.

14. On Monday, September 26th thousands of inmates, across all of Alabama's major correctional facilities, announced that they would be engaging in a labor strike and would not report to their jobs. This strike is a coordinated effort, with nine concrete demands, seeking to bring about meaningful reform in sentencing guidelines, parole policies and exploitative practices. The strike has been entirely peaceful.

15. In response to the strike, Alabama prison officials are using food deprivation as a means to pressure inmates to return to work. The quality and quantity of food provided has been reduced such that the actions of Alabama prison officials are in violation of the Eighth Amendment's prohibition of cruel and unusual punishment.

16. Prison officials have reduced the frequency of meals from the standard three times per day to only twice per day. Multiple federal courts have found that providing only two meals a day violates the Eighth Amendment's prohibition of cruel and unusual punishment.

17. The Alabama Department of Corrections food administration protocol states that three meals are to be served each day. The only stated exception to this standard, when two meals per day may be served, is excessive food service demand on weekends or holidays. Clearly, the deprivation of food as a means to pressure inmates to cease engaging in a peaceful strike does not fit within this exception.  Further, the exception to the standard of three meals per day is designed as a short-term solution. This strike has the potential to continue for weeks and months.

18. Further, the exception to the standard three meals per day requires that the two meals meet the basic nutritional goals set out by the Alabama Department of Corrections. These goals are not being met.

19. Reports and photos of the meals being served to inmates have circulated. These reports clearly indicate their non-conformity with established standards. The Alabama Department of Corrections states that the provision of food at its facilities is designed to "Ensure each inmate is provided a wholesome and nutritious diet, which meets nationally recommended dietary allowances (RDA), prepared under sanitary conditions and served in an appetizing manner." Meals have included slices of bread topped with some sort of sludge, uncooked hot dogs and miniscule portions of canned fruit.

20. Upon examining a photo which depicts a tray served to an inmate (shown below), the dissent from established standards and protocol is clear. The photo shows a singular piece of cheese, a small portion of mashed potatoes and a small portion of canned fruit.  Standard measurements show that the mashed potatoes provide 150 calories, the cheese 50 calories, and the fruit 100

calories. This is a total of 400 calories. At present, this sort of meal is served twice per day such

that inmates are provided with 800 calories in a day. The national recommended dietary

allowances, which ADOC claims to meet, state that adult males ought to ingest around 2,500

calories each day. Alabama is not even providing ⅓ of the amount of food it ought to. This fact

does not begin address the unbalanced and nutritionally derelict content of these meals.

21. Unfortunately, this unacceptable reduction in the quality and quantity of food served to inmates

seems to represent a deliberate effort to stifle the labor strike. The Alabama Political Reporter

divulged that "Many incarcerated individuals alleging that Alabama Department of Corrections

officials are deliberately cutting the food portion size and the amount of food they receive in an

attempt to stymie organizing efforts."

22. In direct contradiction to the reports received from the incarcerated strikers, Kelly Betts, public

information manager for ADOC, said all meals were happening but that some might be delayed.

The leadership at Donaldson Correctional Facility circulated an internal memo detailing that



meal reductions would continue until the labor strike ended.

23. This deprivation of food is particularly harmful to those inmates suffering from health conditions

such as diabetes which require unique and specific dietary plans and levels of caloric intake. For

these inmates, especially, this is not a matter of comfort or appetite but rather life and death. If a

diabetic inmate is not fed sufficiently, such that they do not ingest enough glucose, they will

suffer from diabetic hypoglycemia. If untreated, which is quite likely given ADOC's record of

failing to provide medical care, diabetic hypoglycemia can lead to convulsions, seizures,

unconsciousness and in some circumstances death.

   WHEREFORE, Plaintiff respectfully moves this Court to allow him to intervene in this
action to file the Complaint.


      Respectfully submitted,


      */s/ Clifford W. Hardy, Jr.*
      CLIFFORD W. HARDY, JR. (HAR003)

**Clifford Hardy Attorney at Law, LLC**
**1600 3rd Ave N**
**Bessemer, Alabama 35020**


<u>Certificate of Service</u>


I hereby certify that I have, on September 29th , electronically filed this Motion for

Leave to Intervene, including the attached Complaint in Intervention, by means of

this Court's electronic filing service, which service causes a copy of the Complaint

in Intervention to be served on counsel of record in this action.


      <u>*Clifford W. Hardy, Jr.*</u>

      *Of Counsel*