IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| v. ) | Civil. No. 2:20-cv-01971-RDP |
| ) | |
| STATE OF ALABAMA and ) | |
| ALABAMA DEPARTMENT OF ) | |
| CORRECTIONS, ) | |
| ) | |
| DEFENDANTS. ) | |
| _____ ) | |

**Amended Motion for Leave to Intervene**

Pursuant to Fed. R. Civ. Pro. 24(a) and (b), Plaintiff-Intervenors, Billy Crowe (AIS: 122898), Kenneth Traywick (AIS: 177252), Wesley Stoudenmire (AIS: 154072), Ted Ray Burruss Jr. (AIS: 191186), Roger Elton Arnold (AIS: 171425), Joe Ranger Pickett (AIS: 128361), Charles Howard Baker Jr. (AIS: 216485), James Beech (AIS: 301727 ), Calvin Nix (AIS: 167868), Clinton Poores (AIS: 318593), Scott Jones (AIS: 292237), Freeshone McLeod (AIS: 229466), Shannon Tucker (AIS: 321166), Ronny Horton (AIS: 158476), Rickey Crawford (AIS: 215206), Ronnie Pugh (AIS: 249863), Matthew Hayes (AIS: 145601), Daniel Ash (AIS: 135225), Donald Nichols (AIS: 152618), Carlton Holman (AIS: 272477), Thomas May (AIS: 295054), Grady Bankhead (AIS: 112076), Terry Tatum (AIS: 162574), Ray McKinstry (AIS: 133713), Edward Daughtry (AIS: 169244), Kenneth Fluker (AIS: 167439), James George (AIS: 109780), Kevin Peoples (AIS: 204839), Nathanial Garrison (AIS: 142021), Jack Lee Wiley (AIS: 256482), Steven Cotton (AIS: 178710), Robert Steele (AIS: 147169), Carsbia Taylor (AIS: 117810), Bobby Sanford (AIS:

156788), Lester Mack Jr. (AIS: 311861), David Laney (AIS: 305136) and Joey Smith (AIS: 170129), hereby move this Court for leave to intervene in this action and to file the complaint in intervention appended hereto as Exhibit 1, and the Emergency Motion for a Temporary Restraining Order and Preliminary Injunction Enjoining Defendants from Reducing or Terminating Plaintiff-Intervenors' Dietary and Medical Needs as Exhibit 2. In support of this motion, Plaintiff-Intervenors state:

1. Plaintiff-Intervenors are inmates in the custody of the Alabama Department of Corrections ("ADOC").

2. Some of the Plaintiff-Intervenors have diabetes and other medical conditions which require unique dietary plans and levels of caloric intake.

3. Plaintiff-Intervenors are the subjects of an ongoing Department of Justice ("DOJ") investigation around constitutional violations committed by ADOC.

4. Plaintiff-Intervenors claim interests relating to their health, wellbeing, and safety that is the subject of the action, and that interest is so situated that disposing of the action may as a practical matter impair or impede Plaintiff-Intervenors' ability to protect their interests. Plaintiff-Intervenors have also been placed in increasingly dangerous and understaffed conditions and the remedies entered in this litigation may will aggravate the risks of danger to Plaintiff Intervenors, to the extent such remedies involve long term construction of new prisons, rather than other actions more likely to improve safety and reduce cruelty in the immediate future. For example, Plaintiff-Intervenors allege that ADOC has unconstitutionally reduced their food and access to medicine.[1]

---

[1] The identification of inmates who are not getting food is current insofar as counsel is aware, but there may be some inmates who are at facilities that have discontinued the work stoppage in order to eat. Insofar as counsel is aware, normal food service has resumed at Limestone Correctional Facility as of this filing date, and thus inmates

5. DOJ's Complaint (Doc. No. 1) and Amended Complaint (Doc. No. 37) do not address the acute issues the Plaintiff-Intervenors are facing urgently. Therefore, DOJ does not adequately represent Plaintiff with respect to the matters addressed in the proposed Complaint in Intervention.

6. ADOC prison conditions have worsened markedly since the filing of the underlying Complaint on December 9, 2020 (Doc. No. 1) and the Amended Complaint on May 19, 2021 (Doc. No. 37), particularly since September 26, 2022. It is Plaintiff-Intervenors' reasonable belief that this worsening of conditions has escalated due to the retaliatory tactics of Alabama prison staff in response to an inmate labor strike. Plaintiff-Intervenors seek a preliminary injunction by this Court to thwart the immediate and irreversible threat to their health and safety that recently enacted ADOC policies present. To their knowledge, existing parties to this action have not sought such relief. Obtaining such relief promptly is necessary because Plaintiff-Intervenors face ongoing and worsening life-threatening conditions that can and must be remedied by ADOC immediately. As such, in order to fully protect the interests of the Plaintiff-Intervenors, this intervention is necessary.

7. A preliminary injunction in connection with this action is necessary to preserve the life and health of the Plaintiff-Intervenors.

8. Since the initiation of DOJ's investigation into the unconstitutional conventions of ADOC, conditions within the prisons have continued to decline. Staffing levels have declined. Violence, suicides and overdoses have increased. Defendants have taken no immediate measures to ameliorate the primary concerns of the DOJ investigation, and instead have only taken measures to construct two new mega-prisons (only one of which has broken

---

housed there are not seeking emergency relief as it relates to food service. However, inmates may resume the work stoppage, at which time it is expected that the restricted food service would also resume.

ground, with a completion date of no sooner than Spring 2026). The construction of the new mega-prisons is coming at the expense, literally and figuratively, of efforts to ameliorate the crisis immediately at hand.

9. The peaceful inmate work stoppage has demonstrated just how close to a tipping point ADOC facilities are. Within hours of not having access to unpaid inmate labor, Defendants claimed an inability to retain regular feeding schedules and medical care. Due to the inadequate medical care, the inappropriate ratio of correctional officers to inmates (which ratio worsens daily) and other issues unrelated to physical plant, the mortality rate in the Defendant's prisons is sharply increasing.

10. Plaintiff-Intervenors' submission of their motion is timely. It was only this Summer that the Defendants and their affiliate, the Alabama Corrections Institution Finance Authority, made it plain that they would not seek funding for any improvements other than new prisons. Likewise, it was only on August 11, 2022, that the leadership of the Alabama Senate Budget Committee made it plain that the Alabama Department of Corrections would have no additional funds to hire more correctional officers. It was only Monday, September 26, 2022, that inmates became subjected to limited food provision, both in quantity and quality, and change in medication/medical equipment policy that has had acute and deleterious effects on Plaintiff-Intervenors' health. And, finally, it was only October 3, 2022, that the Governor of Alabama announced that she would work to divert as refunds all or part revenues exceeding budgeted expenses. Until recently, it was hardly upon Plaintiff-Intervenors to anticipate that Defendants would so openly flout their obligations to comply with the Eighth Amendment, as made applicable to the States, including the State of Alabama, by the Fourteenth Amendment.

WHEREFORE, Plaintiff-Intervenors respectfully move this Court to allow them to intervene in this action to file the Complaint in Intervention, appended hereto as <u>Exhibit 1</u>. Plaintiff-Intervenors also seek leave to apply for a Temporary Restraining Order and Preliminary Injunction Enjoining Defendants from Reducing or Terminating Plaintiff-Intervenors' Dietary and Medical Needs, appended hereto as <u>Exhibit 2</u>.

    Respectfully submitted,

    */s/ Cliff Hardy*

**Clifford Hardy Attorney at Law, LLC**
1600 3rd Ave N.
Bessemer, Alabama 35020

**Certificate of Service**

I hereby certify that I have, on October 7, 2022, electronically filed this Amended Motion for Leave to Intervene, including the attached Complaint in Intervention and Emergency Motion for a Temporary Restraining Order and Preliminary Injunction Enjoining Defendants from Reducing or Terminating Plaintiff-Intervenors' Dietary and Medical Needs, by means of this Court's electronic filing service, which service causes a copy of this Amended Motion for Leave to Intervene, the Complaint in Intervention, and Emergency Motion for a Temporary Restraining Order and Preliminary Injunction Enjoining Defendants from Reducing or Terminating Plaintiff-Intervenors' Dietary and Medical Needs to be served on counsel of record in this action.

                                                    */s/ Cliff Hardy*