**EXHIBIT 2**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| v. ) | Civil. No. 2:20-cv-01971-RDP |
| ) | |
| STATE OF ALABAMA and ) | |
| ALABAMA DEPARTMENT OF ) | |
| CORRECTIONS, ) | |
| ) | |
| DEFENDANTS. ) | |
| _____) | |

**PLAINTIFFS' APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Plaintiff-Intervenors, Billy Crowe (AIS: 122898), Kenneth Traywick (AIS: 177252), Wesley Stoudenmire (AIS: 154072), Ted Ray Burruss Jr. (AIS: 191186), Roger Elton Arnold (AIS: 171425), Joe Ranger Pickett (AIS: 128361), Charles Howard Baker Jr. (AIS: 216485), James Beech (AIS: 301727 ), Calvin Nix (AIS: 167868), Clinton Poores (AIS: 318593), Scott Jones (AIS: 292237), Freeshone McLeod (AIS: 229466), Shannon Tucker (AIS: 321166), Ronny Horton (AIS: 158476), Rickey Crawford (AIS: 215206), Ronnie Pugh (AIS: 249863), Matthew Hayes (AIS: 145601), Daniel Ash (AIS: 135225), Donald Nichols (AIS: 152618), Carlton Holman (AIS: 272477), Thomas May (AIS: 295054), Grady Bankhead (AIS: 112076), Terry Tatum (AIS: 162574), Ray McKinstry (AIS: 133713), Edward Daughtry (AIS: 169244), Kenneth Fluker (AIS: 167439), James George (AIS: 109780), Kevin Peoples (AIS: 204839), Nathanial Garrison (AIS: 142021), Jack Lee Wiley (AIS: 256482), Steven Cotton (AIS: 178710), Robert Steele (AIS: 147169), Carsbia Taylor (AIS: 117810), Bobby Sanford (AIS: 156788), Lester Mack Jr. (AIS:

311861), David Laney (AIS: 305136) and Joey Smith (AIS: 170129) (collectively, "Plaintiff-Intervenors") move this Court to enter a temporary restraining order and preliminary injunction prohibiting defendants, or anyone else with actual or constructive notice of the of order, from failing to provide Plaintiff-Intervenors with adequate food, as more particularly described herein, medication, and medical equipment. In support of this motion, Plaintiff-Intervenors state:

1. Plaintiff-Intervenors are in the custody of the Alabama Department of Corrections ("ADOC").

2. Since September 26, 2022, Plaintiff-Intervenors have been deprived of a subsistence-level caloric intake, and, in some cases, their prescribed medications and medical equipment (particularly, C-PAP machines).[1]

3. On September 26, 2022, Defendants reduced Plaintiff-Intervenors' meal amounts drastically – well below the levels appropriate for even entirely healthy individuals, and dangerously low for those with health conditions – despite the fact that some of the plaintiffs and many others in custody require medication that must be taken with food.

4. Plaintiffs Beech, Nix, Poores, Jones, Horton, Crawford, Ash, McKinstry, George and Mack have been denied access to prescription medications and medical devices.

5. All of these measures contradict the judgment of Defendants' own medical personnel.

6. Defendants have advised inmates, including some of the Plaintiff-Intervenors named herein, that they will continue to reduce Plaintiff-Intervenors' food access until the peaceful inmate work stoppage ceases.

---

[1] The identification of inmates who are not getting food is current insofar as counsel is aware, but there may be some inmates who are at facilities that have discontinued the work stoppage in order to eat. Insofar as counsel is aware, normal food service has resumed at Limestone Correctional Facility as of this filing date, and thus inmates housed there are not seeking emergency relief as it relates to food service. However, inmates may resume the work stoppage, at which time it is expected that the restricted food service would also resume.

7. Reducing the food, medicine, and medical equipment has inflicted suffering on Plaintiff-Intervenors, but has served no penological purpose. Some Plaintiff-Intervenors have lost considerable body mass, have had blood sugar drop to dangerous levels, and have experienced other acute medical symptoms as a direct result of Defendants' actions.

8. The Plaintiff-Intervenors who have not been able to metabolize their medication because Defendants have reduced food provided to them are Stoudenmire, Beech, Nix, Poores, Jones, Horton, Crawford, Ash, McKinstry, George and Mack.

9. The Plaintiff-Intervenors who had their C-PAP machines confiscated are Poores and Jones.

10. The Plaintiff-Intervenors who have endured the most harm to their body mass as a result of failure to receive sufficient caloric intake are Crowe and Sandford, though nearly all Plaintiff-Intervenors have lost body mass as a result of the limited meals. Losing body mass in prison typically undermines the ability of an inmate to protect himself.

11. Plaintiff-Intervenors pray this Court will enter Temporary Restraining Order and Preliminary Injunction to avert irreparable harm. Furthermore, there is no remedy that will avert the short-term irreparable harm that Plaintiff-Intervenors seek to avoid, and therefore no remedy is "available" within the meaning of the Prison Litigation Reform Act, 42 U.S.C. § 1997(e). Additionally, there is no internal ADOC grievance procedure, to address their long-term irreparable harm. Despite this, multiple Plaintiff-Intervenors have submitted requests for medical attention through the limited avenues available to ADOC inmates.

12. The relief sought herein meets the needs-narrowness-intrusiveness test prescribed by the Prison Litigation Reform Act. Plaintiff-Intervenors are not asking for good or better food. They are just asking for enough nutrition to avoid suffering physical harm. They are not

asking for first class medical treatment. They just want the medication that has previously been prescribed to them and that was available to them prior to the prison work stoppage. They are not asking for cutting edge medical equipment. They just want their C-PAP machines. In other words, they just want the Defendants to stop retaliating against them just because inmates have gone on strike.

13. Plaintiff-Intervenors are likely to prevail on the merits of their claim. Courts have held that the Eighth Amendment prohibits "bird feeding" or "holiday feeding" by reducing calories for more than a day or two. No court has ever held that a prison can cut off a prisoner's medication just because the inmates in that prison have gone on strike. Likewise, no court has held that a prison can confiscate medical equipment simply because inmates in that prison have gone on strike.

14. Granting the relief requested herein would not harm Defendants at all, much less irreparably. They have the food. They have the medicine. The only medical equipment Plaintiff-Intervenors request is that which Defendants or their agents have confiscated.

15. The relief requested herein would promote, rather than undermine, the public interest.

16. Plaintiff-Intervenors will post such bond or other security as the Court requires.

WHEREFORE, Plaintiff-Intervenors respectfully request this Court to enter a temporary restraining order and a preliminary injunction requiring Defendants to resume meal service, to dispense medication, and to return medical equipment as requested herein.

Respectfully submitted,

*/s/ Cliff Hardy*

**Clifford Hardy Attorney at Law, LLC**
1600 3rd Ave N
Bessemer, Alabama 35020

**Certificate of Service**

      I hereby certify that I have, on October 7, 2022, electronically filed this Emergency Motion for a Temporary Restraining Order and Preliminary Injunction Enjoining Defendants from Reducing or Terminating Plaintiff-Intervenors' Dietary and Medical Needs, by means of this Court's electronic filing service, which service causes a copy of the Emergency Motion for a Temporary Restraining Order and Preliminary Injunction Enjoining Defendants from Reducing or Terminating Plaintiff-Intervenors' Dietary and Medical Needs to be served on counsel of record in this action.



                                                            */s/ Cliff Hardy*