IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff;<br>    v.<br><br>STATE OF ALABAMA and ALABAMA DEPARTMENT OF CORRECTIONS,<br><br>                Defendants. | Civil No. 2:20-cv-01971-RDP |

**UNITED STATES' RESPONSE IN OPPOSITION TO MOTION TO INTERVENE**

A group of 37 men (Applicants), who are incarcerated at six prison facilities operated by the Alabama Department of Corrections (ADOC), seeks to intervene to raise claims that are not at issue in this case. (Amended Motion to Intervene, Doc. 99). It is, therefore, not necessary for intervention to be granted to protect their rights concerning the constitutional adequacy of food service and medical care provided by Defendants in recent weeks. And intervention would be untimely at this stage of the proceedings as it would disrupt the ongoing discovery to incorporate the additional claims. For these reasons, the Motion to Intervene should be denied.

**LEGAL STANDARD**

Applicants move for intervention as of right pursuant to Rule 24(a) of the Federal Rules of Civil Procedure, and alternatively move for permissive intervention pursuant to Rule 24(b). A party seeking intervention as of right must establish:

> (1) the application for intervention is timely; (2) the applicant has a sufficient interest in the litigation; (3) disposition of the action, as a practical matter, may impede or impair the applicant's ability to protect their interest; and (4) the applicant's interest is represented inadequately by the existing parties to the suit.

*Purcell v. BankAtlantic Fin. Corp.*, 85 F.3d 1508, 1512 (11th Cir. 1996).

Alternatively, a court may allow permissive intervention when (1) the motion is timely, (2) the applicant's claim shares a common question of law or fact with the litigation, and (3) the intervention would not unduly prejudice or delay the litigation. *Georgia v. U.S. Army Corps of Eng'rs*, 302 F.3d 1242, 1250 (11th Cir. 2002).

## ARGUMENT

**A. Applicants Do Not Meet the Standard for Intervention as of Right.**

   **(1) Applicants' Do Not Possess a Sufficient Interest in the Litigation to Justify Intervention as of Right.**

A party seeking intervention must show that they have a "direct, substantial, legally protectable interest" in the proceedings. *Mt. Hawley Ins. Co. v. Sandy Lake Props., Inc.*, 425 F.3d 1308, 1311 (11th Cir. 2005). The interest must be a particularized interest, rather than a general grievance. *Athens Lumber Co. v. Fed. Election Comm'n*, 690 F.2d 1364, 1366 (11th Cir. 1982) (denying intervention as of right when the union organization's claimed interest in disproportionate corporate expenditures was "shared with all unions and all citizens concerned about the ramifications of direct corporate expenditures" and thus too generalized).

Applicants' principal legal claims are not the subject of this action; they claim that ADOC has violated the Eighth Amendment rights of Applicants by: (1) failing to feed Applicants a sufficient caloric intake; (2) failing to feed Applicants three meals per day, especially when considering the reduced caloric and nutritional value of the meals; and (3) depriving Applicants of medication and medical equipment. (Doc. 99-1, ¶¶ 53-62, 93). The United States alleges that Defendants violate the constitutional rights of prisoners housed in Alabama's Prisons for Men by failing to protect them from prisoner-on-prisoner violence and sexual abuse, use of excessive force, and by failing to provide reasonably safe conditions. (Doc.

1, ¶ 1). The United States' case does not address the adequacy of food service or medical care. The distinct questions of law and fact raised by Applicants' claims demonstrate that Applicants' particularized interests are not present in the United States' litigation, making intervention inappropriate.[1]

Applicants nonetheless state that their interest in the litigation relates to their health, wellbeing, and safety, rather than relating specifically to the inadequacy of meals and medical care in Alabama's Prisons for Men. (Doc. 99, ¶ 4). On those stated terms, their interest is insufficiently particularized to justify intervention as a matter of right. As in *Athens Lumber Co. v. Fed. Election Comm'n*, 690 F.2d 1364 (11th Cir. 1982), Applicants' claimed interest is articulated at such a generalized level that it would presumably be shared by any person incarcerated in an Alabama prison. *Id.*; *see also United States v. Georgia*, 2022 WL 61156, at *2 (N.D. Ga. Jan. 6, 2022) (denying intervention in a suit involving challenges to a state election procedures bill when the putative intervenor's claimed interest was "a generalized interest in orderly elections that is widely shared by members of the voting public"). While Applicants' allegations indeed reflect concerns regarding health, wellbeing, and safety in Alabama's Prisons for Men, allowing generalized interests to suffice for the purposes of intervention as of right would be unworkable, as it would open the door for an unrestricted number of people incarcerated in Alabama who allege articulable Eighth Amendment harms that implicate health, wellbeing, and safety to intervene in the litigation.

---

[1] Similarly, this Court entertained consolidating this litigation with *D.S. v. Dunn*, No. 2:20-cv-02012 (N.D. Ala.), and *Duke v. Dunn*, No. 4:14-cv-01952 (N.D. Ala.), two lawsuits currently pending in this Court against officials from the State of Alabama and ADOC. This Court, however, chose not to do so. Each action presents discrete questions of law and fact from this action, even though they concerned conditions of confinement in Alabama's prisons.

**(2) Applicants' Interests Will Not Be Impaired if Intervention is Denied.**

Applicants' interests will not be impaired if intervention is denied, as they would retain the ability to pursue their claims against ADOC and the State of Alabama separately. Applicants argue that their interests would, as a practical matter, be impaired by a disposition in the litigation, pointing to the possibility that remedies entered in the litigation may insufficiently improve safety within Alabama's Prisons for Men "*to the extent* such remedies involve long term construction of new prisons." (Doc. 99, p. 2) (emphasis added). Such an argument is speculative and thus an insufficient basis for intervention as of right. *See Dillard v. City of Foley*, 926 F. Supp. 1053, 1061 (M.D. Ala. 1995) (denying intervention as of right when the alleged harm to the proposed intervenor's interest was speculative and contingent on a number of factual variables).

Applicants seek specific and immediate relief in a preliminary injunction, (Doc. 99, p. 3), and the United States' case presents no bar if Applicants seek such relief in separate litigation, particularly given that Applicants' claims specifically relate to the inadequacy of meals and medical care in ADOC facilities, issues that are not the subject of the United States' litigation. *See Edmonson v. U.S. Steel Corp.*, 659 F.2d 582, 585 (5th Cir. 1981) (Clark, J., concurring) ("[A] denial of intervention was not a bar to relief since an independent action might be maintained to [seek the relief] in question."). Thus, Applicants' interests would not be impaired if intervention is denied.

**(3) Even if the Court Finds that Applicants Hold a Sufficient Interest in the Litigation, Applicants Provide No Indication that the United States' Representation is Inadequate.**

Even if a sufficient interest in the litigation has been established, intervention is not permitted if an existing party adequately represents the would-be intervenor's interest. Courts

4

presume that an intervenor's interests are adequately represented by an existing party when the existing party and intervenor share the same ultimate objective. *Athens Lumber Co.*, 690 F.2d at 1366.  In the Eleventh Circuit, courts find that representation is adequate "if no collusion is shown between the representative and an opposing party, if the representative does not have or represent an interest adverse to the proposed intervenor, and if the representative does not fail in fulfillment of his duty." *Fed. Sav. & Loan Ins. Corp. v. Falls Chase Special Taxing Dist.*, 983 F.2d 211, 215 (11th Cir. 1993) (citation omitted).  Applicants have not met their burden to show that the United States' representation is inadequate.

Here, there is no collusion between the United States and State of Alabama, and Applicants have not shown that the United States' interests are adverse to their own.  The United States' interest in this action is directly aligned with Applicants' interests relating to health, wellbeing, and safety, as the Civil Rights of Institutionalized Persons Act, 42 U.S.C. § 1997a, empowers the Attorney General to seek "minimum corrective measures necessary to insure the full enjoyment of . . . rights, privileges, or immunities" by institutionalized citizens. *Id.*  Indeed, Applicants allege that unconstitutional harms have resulted from the State of Alabama's failure to "ameliorate the primary concerns of the DOJ investigation." (Doc. 99, p. 3).  Lastly, Applicants have not shown that the United States has failed in its pursuit of its interests.  The United States has twice amended its Complaint, successfully defeated three motions to dismiss, and is engaged in comprehensive written discovery with inspections of the prisons and other discovery forthcoming.  The United States' diligent prosecution of its suit against the State of Alabama undermines any claim of inadequate representation.

### (4) Applicants' Motion to Intervene is Untimely.

Courts consider four factors in determining the timeliness of motions to intervene:

> (1) the length of time during which the would-be intervenor knew or reasonably should have known of his interest in the case before he petitioned for leave to intervene; (2) the extent of prejudice to the existing parties as a result of the would-be intervenor's failure to apply as soon as he knew or reasonably should have known of his interest; (3) the extent of prejudice to the would-be intervenor if his petition is denied; and (4) the existence of unusual circumstances militating either for or against a determination that the application is timely.

*United States v. Jefferson Cnty.*, 720 F.2d 1511, 1516 (11th Cir. 1983).

Applicants argue that their Motion to Intervene is timely because they sought relief soon after ADOC allegedly began restricting meal service in response to the work stoppage, which commenced on September 26, 2022. (Doc. 99, p. 4; Doc. 99-1, ¶ 1). Applicants allege, for instance, that ADOC "unconstitutionally reduced their food and access to medicine," and that it was not until September 26, 2022, that Applicants became subjected to these conditions. (Doc. 99, pp. 2, 4). Even if Applicants' Motion to Intervene is timely in terms of these specific allegations, the length of these proceedings, which began when the United States filed its complaint on December 9, 2020, weighs in favor of denying Applicants' Motion to Intervene for untimeliness. Further, Applicants' discrete legal claims raise questions of law and fact that are not the subject of this action, and similarly weigh against intervention, as discussed above.

In addition, Applicants' claimed interest is stated more generally as relating to their health, wellbeing, and safety. (Doc. 99, p. 2). In terms of this claimed interest, Applicants' Motion to Intervene is untimely. Delay is measured from the point at which the "would-be intervenor knew or reasonably should have known of his interest in the case." *Jefferson Cnty.*, 720 F.2d at 1516. The United States' Complaint alleges that Defendants routinely violate the constitutional rights of prisoners housed in Alabama's Prisons for Men by failing to protect them from harm and provide reasonably safe conditions. (Doc. 1, ¶ 1). As such, Applicants' interest

as to their health, wellbeing, and safety would have been triggered when this litigation commenced, and thus should have been known well before even the summer of 2022.

Allowing Applicants to intervene at this stage of the litigation would prejudice the current Parties by disrupting the ongoing discovery and preparation for trial. In the nearly two years since the litigation commenced on December 9, 2020, the Parties have negotiated and conducted significant discovery, produced and reviewed voluminous documents and data, and are about to begin depositions and on-site inspections. The current Parties are operating on a demanding pre-trial and discovery schedule so as to fulfill the considerable fact and expert discovery required in a complex, system-wide litigation. Intervention at this stage would threaten to undo the Parties' current progress in discovery, would necessitate the expenditure of additional resources on new discovery efforts, and in all likelihood further delay trial. Such prejudice weighs strongly in favor of denying Applicants' Motion to Intervene.

In contrast, Applicants would not be prejudiced if intervention is denied. Prejudice, in this context, is concerned with "the extent to which a final judgment in the case may bind the movant even though he is not adequately represented by an existing party." *Jefferson Cnty.*, 720 F.2d at 1517 (analyzing *Stallworth v. Monsanto Co.*, 558 F.2d 257 (5th Cir. 1977)). Final judgment in the United States' litigation would not have a preclusive effect on Applicants' ability to assert any of their claims or interests against the State of Alabama. As Applicants point out, their Complaint in Intervention raises a number of discrete claims that are outside the scope of this litigation. (Doc. 99, p. 3). In particular, the United States' case does not address the inadequacy of meals or medical care in ADOC facilities, which form the crux of Applicants' Complaint in Intervention. (*See* Doc. 99-1, ¶¶ 1-2, 4-6).

Finally, while Applicants frame their generalized interest, relating to health, wellbeing, and safety, as being triggered only recently by ADOC's response to the work stoppage, (Doc. 99, p. 4), the emergence of additional alleged constitutional violations nearly two years after the commencement of this litigation is not a circumstance that sufficiently mitigates the prejudice to the current Parties if intervention is allowed.

**B. Applicants' Intervention Would Unduly Delay the Litigation and Prejudice the Existing Parties.**

When, as here, there is no right to intervene, the Court has the discretion to allow permissive intervention if the movant's claim or defense shares a "common question of law or fact" with the main action, the motion for intervention is timely made, and if intervention will not "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b).

While Applicants' allegations may share some common questions of law or fact with the litigation, particularly as to the impact of understaffing, this Court should deny permissive intervention since Applicants' Motion was untimely made, intervention would unduly delay the litigation and prejudice existing Parties, and Applicants' specific claims are distinct from those raised by the United States.

As previously noted, Applicants filed their Motion nearly two years after the United States' litigation commenced.  Even if Applicants' Motion was timely, permissive intervention should still be denied because intervention would unduly delay the litigation and prejudice existing Parties.  As previously noted, the Parties are operating on a demanding pre-trial and discovery schedule, and it was only through extensive negotiations that the Parties were able to develop plans and protocols for the significant fact and expert discovery required by a complex systemwide litigation, including site inspections, depositions, considerable document production

8

and review, and expert consultation and testimony. Intervention by a new party would prejudice the current Parties by disrupting these resource-intensive discovery efforts. The likely delays that would result from duplicative efforts would significantly prejudice the Parties.

Moreover, granting permissive intervention on the grounds presented by Applicants would be unworkable. Applicants' claim as to "conditions and practices constituting cruel and unusual punishment" is applicable to every person incarcerated in Alabama's Prisons for Men. (*See* Doc. 99-1, ¶¶ 105-06). Thus, Applicants' intervention would essentially open the door to intervention by any person incarcerated in Alabama's Prisons for Men who alleges an articulable Eighth Amendment harm. *See Commonwealth of Va. v. Westinghouse Elec. Corp.*, 542 F.2d 214, 217 (4th Cir. 1976) (denying intervention and noting that, if intervention were permitted, others would likely move to intervene and the "resultant complexity of the litigation, combined with increases in cost and judicial time, would hinder resolution"). The increased complexity, cost, and judicial time that would result from intervention by an unpredictable number of parties would significantly prejudice the existing Parties to the litigation and would be inappropriate, especially in a suit where the United States adequately represents the claimed interests of Applicants.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that this Court deny Applicants' Amended Motion to Intervene.

Respectfully submitted,

| | |
|---|---|
| STEVEN H. ROSENBAUM<br>Chief | LANE H. WOODKE<br>Chief, Civil Division |
| KERRY KRENTLER DEAN<br>Deputy Chief | JASON R. CHEEK<br>Deputy Civil Chief |

| | |
|---|---|
| */s/ Matthew J. Donnelly - -* | CARLA C. WARD |
| GEORGE EPPSTEINER | Assistant United States Attorney |
| CURTIS HARRIS | United States Attorney's Office |
| MATTHEW J. DONNELLY | Northern District of Alabama |
| Trial Attorneys | 1801 Fourth Avenue North |
| United States Department of Justice | Birmingham, Alabama 35203 |
| Civil Rights Division | (205) 244-2185 |
| Special Litigation Section | car1a.ward@usdoj.gov |
| 950 Pennsylvania Avenue, NW | |
| Washington, DC 20530 | |
| (202) 616-2788 | |
| matthew.donnelly@usdoj.gov | |

Dated: October 14, 2022

**CERTIFICATE OF SERVICE**

I hereby certify that on October 14, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Respectfully submitted,

 */s/ Matthew J. Donnelly*
MATTHEW J. DONNELLY
Attorney
United States Department of Justice
Civil Rights Division
950 Pennsylvania Avenue, NW
Washington, DC 20530
(202) 616-2788
matthew.donnelly@usdoj.gov