# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | } |
| **Plaintiff,** | } |
| v. | } Case No.: 2:20-CV-01971-RDP |
| STATE OF ALABAMA, et al., | } |
| **Defendants.** | } |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on the Amended Motion to Intervene filed by thirty-seven (37) proposed Plaintiff-Intervenors who are currently incarcerated in the custody of Defendant Alabama Department of Corrections ("ADOC"). (Doc. # 99). The proposed Plaintiff-Intervenors have diabetes and/or other medical conditions which require unique dietary plans and levels of caloric intake. (*Id.*).

**I.     Background**

The United States brought this action against the Alabama Defendants pursuant to the Civil Rights of Institutionalized Persons Act ("CRIPA"), 42 U.S.C. § 1997. (Doc. # 71 at 1). CRIPA confers standing on the Attorney General to institute a civil action to enforce existing constitutional rights and federal statutory rights. *Patsy v. Board of Regents*, 457 U.S. 496, 507-08 (1982); *United States v. Erie County*, 724 F. Supp. 2d 357, 366 (W.D. N.Y. 2010). The United States alleges that Defendants have violated the Eighth and Fourteenth Amendments to the Constitution of the United States "by failing to prevent prisoner-on-prisoner violence, by failing to prevent prisoner-on-prisoner sexual abuse, by failing to protect prisoners from the use of excessive force by security staff, and by failing to provide safe physical conditions of confinement." (*Id.*).

As grounds for intervening in this action, the proposed Plaintiff-Intervenors assert that the "DOJ's Complaint [] and Amended Complaint [] do not address the acute issues [they] are facing urgently." (Doc. # 99 at ¶ 5). Proposed Plaintiff-Intervenors argue that "ADOC prison conditions have worsened markedly since the filing of the underlying Complaint [in this action], particularly since September 26, 2022" related "to an inmate labor strike" that affects "their health and safety." (*Id*. at ¶ 6). Although the proposed complaint in intervention mentions ADOC staffing levels and prisoner on prisoner violence, the main thrust of the proposed complaint in intervention is the "reduction in the quality and quantity of food served to inmates" and proposed Plaintiff Intervenors allege the change was made in retaliation for the inmate labor strike. (*See, e.g*., Doc. # 99-1 at ¶ 52-72).

The parties to this action have responded to the Motion. (Doc. # 101, 102). Both the United States and the Alabama Defendants, ADOC and the State of Alabama, oppose proposed Plaintiff-Intervenors' Motion to Intervene. (Docs. # 101, 102). The Alabama Defendants argue that intervention should be denied because: (1) the State's sovereign immunity bars proposed Plaintiff-Intervenors' action entirely; (2) this court lacks jurisdiction to hear the claims asserted in the proposed Complaint in Intervention; (3) proposed Plaintiff-Intervenors fail to satisfy either the requirements for intervention as a matter of right under Rule 24(a) or the requirements for permissive intervention under Rule 24(b); and (4) The Prison Litigation Reform Act (the "PLRA") bars proposed Plaintiff-Intervenors from pursuing their claims in this action. (Doc. # 101 at 10).[1] The United States points out that the proposed Plaintiff-Intervenors seek to intervene to raise claims that are not at issue in this case, and it is therefore unnecessary that intervention be granted

---

[1] The Alabama Defendants also address additional merits issues related to proposed Plaintiff-Intervenors' request for injunctive relief. (Doc. # 101 at 10 (items 6 and 7).

2

to protect their rights concerning the constitutional adequacy of food service and medical care. (Doc. # 102 at 1).

## II.     Analysis

Although the parties have raised a number of other arguments as to why intervention should be denied, this motion can easily be resolved based on the language of Federal Rule of Civil Procedure 24. Rule 24 addresses intervention and provides:

> (a)     Intervention of Right. On timely motion, the court must permit anyone to intervene who:
>
> > (1)     is given an unconditional right to intervene by a federal statute; or
> >
> > (2)     claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.
>
> (b)     Permissive Intervention.
>
> > (1)     In General. On timely motion, the court may permit anyone to intervene who:
> >
> > > (A)     is given a conditional right to intervene by a federal statute; or
> > >
> > > (B)     has a claim or defense that shares with the main action a common question of law or fact.
> >
> > []
>
> (3) Delay or Prejudice. In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

Fed.R.Civ.P. 24.

### A.     Intervention of Right

Under Rule 24(a)(2), a party may intervene as a matter of right if: (1) the application to intervene is timely; (2) the applicant has an interest relating to the property or transaction which is the subject of the action; (3) the applicant is so situated that the disposition of the action, as a

practical matter, may impede or impair his ability to protect that interest; and (4) the applicant's interest will not be represented adequately by the existing parties to the suit. *Sierra Club, Inc. v. Leavitt*, 488 F.3d 904, 910 (11th Cir. 2007). A party seeking intervention "bear[s] the burden of proof to establish all four [factors] for intervention as a matter of right." *Burke v. Ocwen Financial Group*, 833 Fed. App'x 288, 291 (11th Cir. 2020). "Under Rule 24(a)(2), a party is entitled to intervention as a matter of right if the party's interest in the subject matter of the litigation is direct, substantial and legally protectable." *Georgia v. United States Army Corps of Eng'rs*, 302 F.3d 1242, 1249 (11th Cir. 2002).

As to timeliness, although this case has been pending for almost two years, the proposed Plaintiff-Intervenors contend that the issue raised by their motion arose recently. That is, they assert:

1. It was only this Summer that the Defendants and their affiliate, the Alabama Corrections Institution Finance Authority, made it plain that they would not seek funding for any improvements other than new prisons;

2. It was only on August 11, 2022, that the leadership of the Alabama Senate Budget Committee made it plain that the Alabama Department of Corrections would have no additional funds to hire more correctional officers;

3. It was only on Monday, September 26, 2022, that inmates became subjected to limited food provision, both in quantity and quality, and change in medication/medical equipment policy, in relation to the inmate labor strike; and

4. It was only on October 3, 2022, that the Governor of Alabama announced that she would work to divert as refunds all or part revenues exceeding budgeted expenses.

(Doc. # 99 at ¶ 10).

As to timeliness, the Eleventh Circuit has instructed courts to consider:

(1) the length of time during which the proposed intervenor knew or reasonably should have known of the interest in the case before moving to intervene; (2) the extent of prejudice to the existing parties as a result of the proposed intervenor's failure to move for intervention as soon as it knew or reasonably should have known of its interest; (3) the extent of prejudice to the proposed intervenor if the motion is

4

denied; and (4) the existence of unusual circumstances militating either for or against a determination that their motion was timely.

*Georgia*, 302 F.3d at 1259 (citing *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989)). However, "[w]e must also keep in mind that '[t]imeliness is not a word of exactitude or of precisely measurable dimensions. The requirement of timeliness must have accommodating flexibility toward both the court and the litigants if it is to be successfully employed to regulate intervention in the interest of justice.'" *Chiles*, 865 F.2d t 1213 (quoting *McDonald v. E.J. Lavino Co.*, 430 F.2d 1065, 1074 (5th Cir.1970)). Because the proposed Plaintiff-Intervenors only recently learned that the rights with which they are concerned were violated, the Motion may very well be timely. But that is not the key issue here.

The remaining Rule 24(a)(2) factors weigh against allowing intervention as a matter of right. First, the proposed Plaintiff-Intervenors' stated interest differs from the issues which are at the heart of this case. *See W. Virginia v. United States Dep't of Treasury*, 571 F. Supp. 3d 1229, 1248 (N.D. Ala. 2021) (denying intervention were intervenor seeks relief different from the Plaintiff). This CRIPA action "relates to (1) inmate-on-inmate violence (which, again, is not an issue raised in the complaint in intervention); (2) excessive force (which is not an issue raised in the complaint in intervention); (3) unsafe and unsanitary facility conditions (which is not an issue raised in the complaint in intervention); and (4) correctional staffing (which is not an issue raised in the complaint in intervention)." (Doc. # 101 at 20 (citing Docs. # 71, 99-1). The proposed Plaintiff-Intervenors' claims relate to their particular dietary and/or medical needs during "a recent inmate labor strike which was not occurring at the inception of the current litigation." (*Id*. (citing Doc. # 99 at ¶ 10)).

Moreover, the disposition of this action will not impede or impair the proposed Plaintiff-Intervenors' ability to protect their interests. Any legal or factual findings made in the current action will have no bearing whatsoever on the proposed Plaintiff-Intervenors' ability to assert a

claim regarding dietary and/or medical needs. Rather, although wholly unrelated to the claims they wish to add to this case, the relief sought by the United States in this action will inure to the benefit of the proposed Plaintiff-Intervenors. Finally, to the extent that their interests do coincide with the interests addressed in this litigation, the proposed Plaintiff-Intervenors have not shown that the United States will not adequately represent their interests on the claims actually raised in this case.

Because the proposed Plaintiff-Intervenors have not established "all four [factors] for intervention as a matter of right," the motion for intervention of right under Rule 24(a) is due to be denied. *Burke*, 833 Fed. App'x at 291.

### B.   Permissive Intervention

Rule 24(b) provides for permissive intervention when an applicant's claim or defense and claims or defenses the main action share a question of law or fact and the intervention will not unduly prejudice or delay the adjudication of the rights of the original parties. Fed. R. Civ. P. 24(b); *Georgia*, 302 F.3d at 1249–50. However, even if a proposed intervenor satisfies the timeliness and common interest requirements, the court may still deny permissive intervention. *Chiles*, 865 F.2d at 1213. Ultimately, the decision regarding whether a party should be allowed to permissively intervene is left to the district court's "full discretionary powers." *United States v. S. Fla. Water Mgmt. Dist.*, 922 F.2d 704, 712 (11th Cir. 1991).

First, as discussed above, the interests asserted by the proposed Plaintiff-Intervenors regarding their dietary and/or medical needs in the face of an inmate labor strike are not the same as those asserted in this CRIPA action – *i.e.*, (1) inmate-on-inmate violence, (2) excessive force, (3) unsafe and unsanitary facility conditions, and (4) correctional staffing. Therefore, the two sets of claims do not share common questions of law or fact. Moreover, the proposed Plaintiff-Intervenors "have other means of asserting their right[s]" in grievance processes, administrative proceedings, or a separate lawsuit. *See Burke*, 833 F. App'x at 294. "When an appellant has other

adequate means of asserting its rights, a charge of abuse of discretion in the denial of a motion for permissive intervention would appear to be almost untenable on its face." *Id*. (quoting *Worlds v. Dep't of Health & Rehab. Servs., State of Fla.*, 929 F.2d 591, 595 n.20 (11th Cir. 1991) (in turn quoting *Korioth v. Brisco*, 523 F.2d 1271, 1279 n. 25 (5th Cir. 1975))).

Finally, allowing permissive intervention under these circumstances would cause undue prejudice and delay and unnecessarily expand the scope of this litigation, which would without question contribute to further delays. Rule 24(b)(3) specifically provides that courts "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." This case has been pending for almost two years. The parties engaged in "extensive negotiations" regarding "protocols for the significant fact and expert discovery required by a complex systemwide litigation, including site inspections, depositions, considerable document production and review, and expert consultation and testimony." (Docs. # 85, 86, 88, 89, 93, 102 at 8-9). Adding new parties and new issues at this late date would force the original parties in this case to litigate factual questions not presently at issue, expand the scope of discovery which has already been underway,  and "unduly delay or prejudice the adjudication of the original parties' rights" in this matter. Rule 24(b)(3). Therefore, in exercising its discretion, the court finds that the proposed Plaintiff-Intervenors have not established that permissive intervention is warranted here.

**III.    Conclusion**

For all of the foregoing reasons, the proposed Plaintiff-Intervenors' Amended Motion to Intervene (Doc. # 99) is **DENIED**.

 **DONE** and **ORDERED** this October 25, 2022.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE