UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | } |
| | } |
| **Plaintiff,** | } |
| | } |
| v. | }   Case No.: 2:20-CV-01971-RDP |
| | } |
| **STATE OF ALABAMA, et al.,** | } |
| | } |
| **Defendants.** | } |

### ORDER

This matter is before the court on proposed Plaintiff-Intervenor Billy Crowe's Motion to Amend, Alter, and Vacate. (Doc. # 107). In his Motion, Crowe seeks to amend, alter, and vacate the court's October 25, 2022 Order denying an Amended Motion to Intervene filed by thirty-seven (37) proposed Plaintiff-Intervenors who are currently incarcerated in the custody of Defendant Alabama Department of Corrections ("ADOC"). (Doc. # 105). The Motion has been fully briefed. (Docs. # 109, 110, 111).

Crowe's Motion is in reality a motion for reconsideration of the court's October 25, 2022 Order. Motions for reconsideration are a disfavored, extraordinary remedy that should be employed sparingly. *See, e.g., Iberiabank v. Case Construction, LLC*, 2015 WL 5457889, at *2 (S.D. Ala. Sept. 16, 2015) ("Motions to reconsider are disfavored in federal court and are granted only in narrowly circumscribed circumstances"). As one court in this circuit has noted, motions to reconsider are permissible "only when one of the following has occurred: an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice." *Longcrier v. HL-A Co*., 595 F. Supp. 2d 1218, 1247 (S.D. Ala. 2008) (citations and internal punctuation omitted). Motions to reconsider may not be used "to relitigate old matters,

raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Vill. of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005).

Furthermore, merely because a district court can reconsider an interlocutory order does not mean that it should do so in a particular case. The law is clear that the stringent limitations applicable to motions filed under Rules 59(e) or 60(b) apply with equal force in the Rule 54(b) context. *See, e.g., Maldonado v. Snead*, 168 F.App'x. 373, 386-87 (11th Cir. Feb. 23, 2006) (explaining that "we see no reason to apply a different standard when the party seeks reconsideration of a non-final order" pursuant to Rule 54(b) "than when the party seeks reconsideration of a final judgment" pursuant to Rule 60(b)). Even in the context of an interlocutory order, reconsideration remains an extraordinary remedy that may not be invoked merely because a litigant armed with some hindsight now wishes to supplement arguments previously considered and rejected by the court.

As to the grounds for reconsideration here, Crowe has not argued that there has been an intervening change in controlling law, nor that the court clearly erred. Rather, he argues the availability of new evidence that indicates an injustice has been imposed against him in retaliation for his attempted participation in this case. He asserts that "[t]his case practically impairs Crowe's interests on several fronts. Since the Court denied leave, Crowe has been continually beaten by other inmates while correctional officers looked on." (Doc. # 107 at 3). He further argues that "[n]either USDOJ nor ADOC have adequately protected Crowe's interests in this matter [because] the "disorder" in the state's prisons "has increased." *Id*. at 4. However, Crowe concedes that a disposition in this case would not bind him or other incarcerated persons in separate cases against ADOC based upon the circumstances of their own incarceration. (Doc. # 103 at 2; Doc. 107 ¶ 5).

The court obviously is concerned about the allegations contained in Crowe's Motion. But the question here is whether those allegations should be litigated in this action. They should not.

This case is not about any one prisoner's conditions of confinement. This is a case filed by the Department of Justice pursuant to the Civil Rights of Institutionalized Persons Act ("CRIPA"), 42 U.S.C. § 1997. (Doc. # 71 at 1). CRIPA confers standing on the *Attorney General* to institute a civil action to enforce existing constitutional rights and federal statutory rights. *Patsy v. Board of Regents*, 457 U.S. 496, 507-08 (1982); *United States v. Erie County*, 724 F. Supp. 2d 357, 366 (W.D. N.Y. 2010). That is, CRIPA gives the Attorney General standing to sue on behalf of institutionalized individuals to ensure that their constitutional rights are protected. See 42 U.S.C. § 1997a. Although Crowe's concerns regarding violence in Alabama's prisons may align with the interests advanced by the United States in this action (again, disposition of the case in the United States' favor would advance, rather than impair, Crowe's interests), this is not a case in which those individual claims can be litigated.

In his current Motion, Crowe has not demonstrated the extraordinary circumstances necessary to compel reconsideration of the court's October 21, 2022 Order denying intervention. Nor has he shown, in any event, that his motion should be granted. Therefore, Crowe's Motion to Amend, Alter, and Vacate (Doc. # 107) is **DENIED**.

**DONE** and **ORDERED** this December 15, 2022.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE