IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 2:20-cv-01971-RDP |
| ) | |
| STATE OF ALABAMA and ALABAMA ) | OPPOSED |
| DEPARTMENT OF CORRECTIONS, ) | |
| ) | |
| Defendants. ) | |

**THE STATE'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DEPOSITION TESTIMONY OF NON-PARTY ROBERT COUNCIL (AIS # 181418)**

The State of Alabama ("Alabama") and Alabama Department of Corrections ("ADOC," and together with Alabama, the "State"), pursuant to Rules 37 and 45 of the Federal Rules of Civil Procedure, hereby move the Court to compel the deposition testimony of non-party Robert Council ("Council"). The State attempted to take Council's deposition on April 2, 2024, at Limestone Correctional Facility ("Limestone"). However, Council refused to provide testimony. Council failed to provide any good cause for his refusal to participate in the deposition. Council stated, "I'm done" and terminated the deposition. The State moves to compel the testimony of Council and to recover all expenses incurred by Council's refusal to provide deposition testimony.

**FACTUAL BACKGROUND**

Council is currently serving a life sentence for murder. Council's incarceration within the Alabama Department of Corrections ("ADOC") began in 1995. The State issued Council a Subpoena and Notice of Deposition on March 22, 2024 (the "Subpoena"). (The Subpoena and Notice of Deposition are attached hereto as **Exhibit A** *in globo*). Based on holdups in the mail room at Limestone, Correctional Lieutenant Steven Howell hand delivered the Subpoena to Council during his interview with the Department of Justice on April 1, 2024. (Proof of Service

is attached hereto as **Exhibit B**). Council spoke with Department of Justice ("Plaintiff") Attorneys Charles Regan and Haley Van Erem ("Plaintiff's Counsel") prior to the deposition, but otherwise did not file any objections or make any attempts to communicate with any counsel that he could not attend the deposition on April 2, 2024. Accordingly, counsel for all Parties appeared for Council's deposition on April 2, 2024. Upon arriving at the deposition, Council refused to participate claiming "I am not a party. I am not a witness. I have no participation whatsoever in the DOJ versus the State of Alabama" and proceeded to leave the deposition. (Council's deposition transcript is attached hereto as **Exhibit C**).

The State seeks relevant deposition testimony from Council regarding his incarceration within the ADOC system, which constitutes an issue within this action. Council's testimony is discoverable as it relates to Plaintiff's allegations of constitutional violations at several ADOC facilities, including Limestone. The State properly served the subpoena on Council commanding his presence to testify, yet Council failed to provide any legal basis for his refusal to answer any of the State's questions prior to terminating the deposition. Prior to Council terminating the deposition, the State took all reasonable efforts to have Council participate in the deposition. Council made his intention to disregard the Subpoena clear through his actions.

Given the facts above and the parties discovery deadline of May 28, 2024, the State respectfully requests the Court grant the State's Motion and compel non-party Council to provide deposition testimony and pay the State's reasonable expenses incurred in bringing this Motion.

## LEGAL STANDARD

Rule 45 of the Federal Rules of Civil Procedure sets forth the process for a party to obtain information from non-parties through issuance of a subpoena. "Once a deponent has appeared for a deposition, Federal Rule of Civil Procedure 37(a)(3)(B)(i) governs a motion to compel a

deponent—whether a party or a non-party—to answer a question." Callaway v. Adcock, No. 2:20-CV-00598-SRW, 2021 WL 8316457, at *2 (M.D. Ala. May 26, 2021).  A party seeking to compel deposition testimony may move for an order compelling an answer if "a deponent fails to answer a question asked under Rule 30 or 31."  FED. R. CIV. P. 37(a)(3)(B)(i).

When a motion to compel discovery is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion … to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" Progressive Mountain Ins. Co. v. R.W. Womack & Sons, Inc., No. CV-111-159, 2012 WL 12929726, at *2 (S.D. Ga. Aug. 30, 2012) at 2 (quoting FED. R. CIV. P.37(a)(5)(A)).  But "sanctions are not to be awarded if the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action, the opposing party's response was substantially justified, or other circumstances make an award of expenses unjust."  FED. R. CIV. P. 37(a)(5)(A)(i)-(iii).

### ARGUMENT

**I.    COUNCIL IMPROPERLY REFUSED TO SUBMIT TO HIS PROPERLY NOTICED DEPOSITION.**

The State began the deposition by verifying that Council does not have an attorney for this proceeding, Council responded by saying, "I do not have an attorney.  I am not a party.  I am not a witness.  I have no participation whatsoever in the DOJ versus the State of Alabama.  Like I said and I reiterate, I am not a witness.  I am not a party." (Council Dep. 9:2-7).  Council stated that he met with Plaintiff's Counsel but under the threat of force.  He stated "I'm compelled by the ADOC to do what they say or be assaulted . . . When I refused to come, I was threatened that if I didn't participate or come that there would be violence." (Council Dep. 9:21-10:3).  Council stated the threats came from "the ADOC." (Council Dep. 10:5).  When pressed on who, individually, threatened him, Council stated, "I'm done" and left the room.  (Council Dep. 10:11-14).  As

3

Council's refusal to submit to the deposition was without cause, the State requests that Council be compelled to submit to the State's deposition.

## II. COUNCIL IMPROPERLY TERMINATED THE DEPOSITION.

Even if Council had a legitimate reason to not answer the State's questions, which he clearly did not, a refusal to answer questions does not give Council the right to terminate the deposition. Rule 30 of the Federal Rules of Civil Procedure provides "[a]t any time during a deposition, the deponent or a party may move to terminate or limit it on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party." FED. R. CIV. P. 30(d)(3)(A). Council failed to indicate the deposition fell under any reason for terminating a deposition.

Notwithstanding Council's failure to provide a proper reason for terminating the deposition, no such reason exists in the present case. The State only asked standard introductory questions about Council's potential representation by an attorney. Therefore, Council cannot reasonably argue that any of the State's questions posed intended to annoy, embarrass, or harass him. In addition, if Council had not terminated the deposition, the State's questions would remain consistent with the questions propounded to all other non-party inmates in this matter. The State asks questions regarding the non-party inmates' personal knowledge regarding their experiences within ADOC. The State seeks this information in good faith and without intent to unreasonably annoy, embarrass, or oppress the deponents. Because Council lacks good cause to terminate his deposition, the State requests that the Court compel Council to appear and provide testimony in this matter.

4

**III.   THE STATE IS ENTITLED TO THE COSTS OF COMPELLING TESTIMONY.**

As Council's conduct necessitated this motion, after being afforded an opportunity to be heard, Council must pay the State's reasonable costs, including attorney's fees, pursuant to Rule 37.  FED. R. CIV. P. 37 (a)(5)(A); see also Davey v. Baptist Health Care Corp., No. 3:06CV31/RV/EMT, 2007 WL 9735104, at *2 (N.D. Fla. Feb. 9, 2007) (awarding fees and expenses incurred in bringing a motion to compel and expenses incurred in attending the deposition from nonparty deponent); Gen. Ins. Co. of Am. v. E. Consol. Utils, Inc., 126 F.3d 215, 219–20 (3d Cir. 1997); Miller v. Transamerican Press, Inc., 709 F.2d 524, 531 (9th Cir. 1983) (noting that Rule 37(b)(1) sanctions may be available against nonparty deponent who fails to appear at deposition or to answer a question after being directed to do so by the court); 7 MOORE'S FEDERAL PRACTICE § 37.40 (3d ed. 1997) ("Rule 37(b)(1), governing a deponent's failure to be sworn or to answer a question after being directed to do so by the court, applies to nonparties").

The record establishes Council flatly refused to comply with the Subpoena.  In response to his unsupported assertion that ADOC coerced Council into attending the deposition, the State attempted to inquire about the threats. (Council Dep. 9:14-10:11).  Despite claiming coercion to attend the deposition, Council made the deliberate decision to not comply with the Subpoena and leave the deposition.  Therefore, the State requests the Court grant the State an award of attorney's fees and expenses incurred for the cost of bringing this motion to compel.

## CONCLUSION

Based on the above, the State requests this Court, after due proceedings, enter an order compelling the deposition testimony of Council and awarding the State its attorney's fees and costs associated with this motion.

Dated: April 25, 2024.

/s/ Kenneth S. Steely
Kenneth S. Steely
*One of the Attorneys for the State*

William R. Lunsford
Matthew B. Reeves
Lynette E. Potter
Kenneth S. Steely
Clifford Z. Stafford
Daniel J. Chism
Carson T. Perreault
P. Andrew Ray
William J. Cranford, III
Andrew T. Toler
**BUTLER SNOW LLP**
200 West Side Square
Suite 100
Huntsville, Alabama 35801
Telephone: (256) 936-5650
Facsimile: (256) 936-5651

bill.lunsford@butlersnow.com
matt.reeves@butlersnow.com
lynette.potter@butlersnow.com
kenneth.steely@butlersnow.com
zane.stafford@butlersnow.com
daniel.chism@butlersnow.com
carson.perreault@butlersnow.com
andrew.ray@butlersnow.com
will.cranford@butlersnow.com
andrew.toler@butlersnow.com

Keith J. Fernandez
**BUTLER SNOW LLP**
445 North Boulevard
Suite 300
Baton Rouge, Louisiana 70802
Telephone: (225) 325-8700
Facsimile: (225) 325-8800
keith.fernandez@butlersnow.com

Edderek L. Beau Cole

                **BUTLER SNOW LLP**
                1020 Highland Colony Parkway
                Suite 1400
                Ridgeland, Mississippi 39157
                Telephone: (601) 948-5711
                beau.cole@butlersnow.com

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing has been served via certified mail upon Robert Council, as well as upon all attorneys of record in this matter, including without limitation the following, by this Court's CM/ECF system and/or electronic mail on this 25th day of April, 2024:

Carla Ward
Jason R. Cheek
William R. Chambers, Jr.
Praveen Krishna
**UNITED STATES ATTORNEY'S OFFICE**
1801 Fourth Avenue North
Birmingham, Alabama 35203
Telephone: (205) 244-2185
Facsimile: (205) 244-2181
carla.ward@usdoj.gov
jason.cheek@usdoj.gov
will.chambers@usdoj.gov
praveen.krishna@usdoj.gov

Kerry K. Dean
Matthew J. Donnelly
Steven Rosenbaum
**UNITED STATES DEPARTMENT OF JUSTICE**
950 Pennsylvania Avenue NW
Washington, DC 20530
Telephone: (202) 258-3036
kerry.k.dean@usdoj.gov
matthew.donnelly@usdoj.gov
steven.rosenbaum@usdoj.gov

George Eppsteiner
Deena Fox
Curtis Harris
Eileen Ulate
**UNITED STATES DEPARTMENT OF JUSTICE**
150 M Street NE
Washington, DC 20004
Telephone: (202) 305-1361
george.eppsteiner@usdoj.gov
deena.fox@usdoj.gov
curtis.harris@usdoj.gov
natasha-eileen.ulate@usdoj.gov

Robert Council (AIS #181418)
Limestone Correctional Facility
28779 Nick Davis Rd
Harvest, AL 35749

/s/ Kenneth S. Steely
Of Counsel