AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Alabama

| United States of America | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 2:20-cv-01971-RDP |
| State of Alabama, et al. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:   Robert Council (AIS #181418)

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Limestone Correctional Facility<br>28779 Nick Davis Road<br>Harvest, AL 35749 | Date and Time:<br>04/02/2024 9:00 am |
|---|---|

The deposition will be recorded by this method:   Stenographic means

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:   See attached Amended Notice of Deposition

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   03/22/2024

    CLERK OF COURT
                                                OR
    _____                _____/s/ Lynette E. Potter_____
    *Signature of Clerk or Deputy Clerk*               *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
State of Alabama and Alabama Department of Corrections      , who issues or requests this subpoena, are:
Lynette E. Potter, Butler Snow LLP, 200 West Side Square, Suite 100, Huntsville, AL 35801

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 2:20-cv-01971-RDP

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

### Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CASE NO. 2:20-CV-01971-RDP** |
| ) | |
| **STATE OF ALABAMA, and ALABAMA** ) | |
| **DEPARTMENT OF CORRECTIONS,** ) | |
| ) | |
| **Defendants.** ) | |

### AMENDED NOTICE OF DEPOSITION OF ROBERT COUNCIL (AIS #181418)

PLEASE TAKE NOTICE that on **Tuesday, April 2, 2024 at 9:00 am (CDT)** at Limestone Correctional Facility, 28779 Nick Davis Road, Harvest, AL 35749, Defendants the State of Alabama ("Alabama") and the Alabama Department of Corrections ("ADOC" and, together with Alabama, the "State") will take the deposition of **Robert Council (AIS #181418)** which will be recorded by stenographic means. This oral examination will be conducted pursuant to Rule 30 of the Federal Rules of Civil Procedure, before a Notary Public or other officer authorized by law to administer oaths, for the purpose of discovery, use at trial, or both. The oral examination will continue for seven (7) hours on the record.

Notice is hereby further given, pursuant to Rules 26, 30(b)(2), and 34 of the Federal Rules of Civil Procedure, that the State requests Robert Council (AIS #181418) produce the following documents and tangible things and/or permit the State to inspect and copy the documents set forth herein at the taking of the deposition.

### REQUESTS FOR PRODUCTION OF DOCUMENTS

#### INSTRUCTIONS

1. In answering these requests for production (each a "Request" and collectively "Requests"), you must furnish any and all documents or items known or available regardless of

whether those documents are physically possessed by you or your attorneys, employees, agents, investigators, or other persons acting on your behalf.

2. Unless otherwise specified, each Request refers to, relates to, and requests information for any and all periods of time leading up to and including the date upon which you provide the documents responsive to the Request and/or any supplement or supplements thereto to undersigned counsel.

3. If you cannot produce any of the requested documents or items in full, produce to the extent possible and specify (1) whatever information and knowledge you have concerning the contents of the remaining documents and items, including dates and titles; and (2) why you cannot produce the remaining document(s) and/or item(s).

4. To the extent any requested documents or items are not produced based on the claim of privilege, please provide the following non-privileged information:

    i. the date upon which such document or item was discovered, disclosed, or otherwise became known by you and/or your representatives;

    ii. the identity of any and all persons (including name and/or last known address) who, to your knowledge, have firsthand knowledge of the documents being withheld;

    iii. a description of any and all documents or items containing the information sought and the identity of each person or entity who (or which) accessed such document or documents; and

    iv. the exact grounds upon which you claim the documents or items sought are privileged.

5. In the event that any requested document or item called for by these Requests has been lost, destroyed, or discarded, that document is to be identified by stating:

    (i) any addressor and addressee;

    (ii) any indicated or blind copies;

    (iii) the document's date, subject matter, number of pages, and attachments or appendices;

    (iv) all persons to whom the document was distributed, shown, or explained;

    (v) the date of loss, destruction, or discard; the manner of destruction or discard; and the reason for destruction or discard;

    (vi) the persons authorized to carry out such destruction or discard; and

  (vii) whether any copies of the document or item presently exist and, if so, the name of the custodian of each copy.

6. Where only a portion of a document relates to or refers to the subject indicated, the entire document, along with all attachments, appendices and/or exhibits, must be produced.

7. To the extent that you allege that any single Request or portion of such is allegedly objectionable, you remain obligated to respond to those non-objectionable Requests or portions of such and state fully the basis for your objection.

8. Unless otherwise agreed in writing acknowledged by undersigned counsel, any failure by you to provide full and complete responses to the Requests set forth herein within the time frame allowed under Rule 34 of the Federal Rules of Civil Procedure will be deemed an express and unequivocal waiver of any and all objections you may possess to the Requests set forth herein.

## DEFINITIONS

Unless otherwise indicated, the following terms as used herein shall have the following meanings:

1. "ADOC" shall refer to the Alabama Department of Corrections.

2. "ADOC correctional facility" shall refer to any and all major correctional facilities, work release centers, work centers, and camps operated by the ADOC.

3. "The State" shall refer to State of Alabama and the Alabama Department of Corrections.

4. "And/or" shall be interpreted in every instance both conjunctively and disjunctively so as to include any information within the scope of any of the items to which the conjunction "and/or" applies.

5. "Communication(s)" means any documents, oral statements, postings or communications on any social media platform, meetings, work conferences, formal or informal, at any time or place, under any circumstances whatsoever, whereby information of any nature was stated, written, recorded, or in any way or manner transmitted or transferred.

6. "Correctional Officials" shall refer to any ADOC employee assigned to, or working at any ADOC facility and holding any of the following titles: Correctional Security Guard, Basic Correctional Officer, Cubicle Correctional Officer, Basic Correctional Officer Trainee, Correctional Security Officer, Correctional Officer Trainee, Correctional Officer, Senior Correction Security Officer, Senior Correctional Officer, Sergeant, Lieutenant, Captain, Warden I, Warden II, Warden III, and/or Assistant Deputy Commissioner.

7. "Current Incarceration" shall refer to the period of incarceration within the ADOC

system for which you are currently incarcerated.

8. "Date" means as exact a date as you are able to give. If an exact date is not known, provide as close an approximation as you can.

9. "Document(s)" shall have the same meaning as in Rule 34 of the Federal Rules of Civil Procedure and shall include, without limitation, all written or graphic matter of every kind and description, whether handwritten, typed or otherwise produced, reproduced, generated, maintained, or stored, whether draft or final, original or reproduction, in your actual or constructive possession, custody, or control, regardless of where located and however denominated by you including, but not limited to: reports, statements, letters, correspondence, memoranda, notes, e-mails, summaries, films, transcripts, contracts, agreements, licenses, memoranda or notes of telephone conversations, personal conversations, or interviews, microfilms, telegrams, books, articles, bulletins, circulars, pamphlets, notices, rules, regulations, directives, teletype messages, communications, minutes of meetings, interoffice communications, working papers, desk calendars, appointment books, diaries, time sheets, logs, visual, audio or video tapes, recordings, drawings, graphs, charts, photographs, telephone records, data processing results, social media postings, social media communications, printouts and computations (both in existence and stored in memory), any tangible means of expression, any graphic or other form by which human intelligence or communication is in any way transmitted, recorded, or reported and other data compilations from which information can be obtained and translated, if necessary, in a reasonably usable form including, without limitation, tapes, videotapes, audiotapes, photographs, computer disks, computer tapes or other computer information of any kind in whatsoever media. The term "document" shall also include all copies of each document if the copies contain any omission or additional writing or other marking or are not identical to the original in any manner whatsoever.

10. "Identify" when used in connection with a person(s) means to provide the following information:

    a. his/her/its/their name;

    b. birthday, if known;

    c. Social Security Number, if known;

    d. present and/or last known address;

    e. telephone number;

    f. relationship, if any, to you, e.g., employee, employer, attorney, colleague, mother, father, aunt, uncle, etc.; and

    g. present employer and address or location of employer.

11. "Identify" when referring to a document or writing means to give sufficient characterization of such document or writing so as to have identified it "with reasonable particularity" for purposes of Rules 33 and 34 of the Federal Rules of Civil Procedure. More specifically, the term "identify" when used with reference to a document includes:

      a.    the date the document bears, or if none, the date it was written;

      b.    the name and address of each person who created or wrote it or participated in the creation or writing of it;

      c.    the name and/or address of each person who received a copy of the document;

      d.    a description of the document, for instance, a letter or memorandum;

      e.    its present location and/or the custodian of each copy, or if unknown, its last known location and/or custodian; and

      f.    if any document is no longer in your possession, or subject to your control, state what disposition was made of it, the reason for such disposition, the identity of the person currently having possession or control, and the date that possession was relinquished by you.

12.    "Identify" when used in reference to a communication, includes:

      a.    the persons participating in such communication;

      b.    the date, manner (e.g., telephone, text, e-mail, chatroom, social media website or in person), and place where persons participated in, heard, or saw the communication;

      c.    a description of the circumstances surrounding the communication, for instance, meeting, speech, news media or conversation;

      d.    the name of each person who was present, other than the participants; and

      e.    the substance of the oral communication.

13.    "Incarceration" shall refer to your confinement within the ADOC system or any other jail, prison, or other correctional facility, in which you are or were confined.

14.    "Lawsuit" shall mean the case styled as <u>United States of America v. State of Alabama, et al.</u>, In the United States District Court for the Northern District of Alabama, Southern Division; Case No. 2:20-cv-01971-RDP.

15.    "Medical care" and "medical treatment" shall refer to any medical evaluation, assessment, monitoring, testing, diagnosis, treatment, hospitalization, medication, therapeutic measures, prevention, or other acts taken or decisions made related to any human disease, pain, injury, deformity, or physical condition, for the purpose of diagnosis, cure, mitigation, treatment, or prevention of disease, or for the purpose of affecting any structure or function of the body.

16. "Plaintiff" shall refer to the United States of America.

17. "Party" shall refer to Plaintiff, the State of Alabama, and Alabama Department of Corrections.

18. "PREA" and "Prison Rape Elimination Act" shall refer to the Prison Rape Elimination Act of 2003, 34 U.S.C. § 30301 et seq. and its federal implementing regulations, 28 C.F.R. §§ 115 et seq.

19. "Relate(s) to," "related to," and "relating to" means constituting, comprising, containing, setting forth, showing, disclosing, describing, explaining, supporting, contradicting, summarizing, mentioning, concerning, and/or referring to, directly or indirectly.

20. "Statement(s)" means any written or recorded account of a person's knowledge of any of the facts of this case made or taken for use or possible use in this litigation including, without limitation, affidavits, signed or unsigned statements, audio or video recordings, e-mails, or letters purporting to memorialize or describe the comments of a person about alleged facts relating to this litigation.

21. "Third-Party" means any natural person, corporation, partnership, company, sole proprietorship, association, institute, joint venture, trust, form, or other entity whether publicly or privately owned or controlled, for profit or not for profit, or partially or fully government controlled who is not specifically identified by name as a party to this Lawsuit as of the date of these requests.

22. "You" or "your" shall refer to the person responding to this written discovery request.

### REQUESTS FOR PRODUCTION

1. Copies of any and all documents referring to, relating to, created by, provided to, or otherwise mentioning any Correctional Official including, without limitation, any correspondence, notes, medical records, financial records, and other files pertaining in any way to any ADOC employee.

2. Copies of any and all documents, statements, and/or communications between you and anyone else relating to the facts and circumstances surrounding any fight, assault, or altercation you had with any other inmate or person during the course of any Incarceration, including disciplinary reports, disciplinary or administrative hearing notices, or any other report related to disciplinary or administrative action.

3.   Copies of any and all documents, statements, and/or communications referring to, relating to, or otherwise evidencing any other lawsuit, complaint, or grievance filed by you during the past five (5) years relating in any way to any condition of confinement in any ADOC correctional facility, any individual incarcerated within ADOC correctional facilities in the last five (5) years, any individual employed by ADOC, a concern for your safety, sexual violence, or PREA.

4.   Copies of any and all documents referring to, relating to, or otherwise evidencing any complaints and/or grievances submitted by you during any period of Incarceration, including informal complaints, grievances, administrative grievances, and any letters or written communications about such complaints.

5.   Copies of any and all documents referring to, relating to, or otherwise evidencing any other lawsuit and/or administrative proceeding in which you were a party, a witness, or otherwise involved.

6.   Copies of any and all documents referring to, relating to, memorializing, and/or otherwise evidencing communications, oral or written, by and between you and any Third-Party concerning or relating to any Correctional Official or this Lawsuit.

7.   Copies of any and all documents referring to, relating to, memorializing, and/or otherwise evidencing communications, oral or written, by and between you and any Correctional Official.

8.   Copies of any and all documents, including, without limitation, notes, relating to any interviews or communications between you and any agents, employees, investigators, staff, experts, consultants or counsel for Plaintiff in connection with or relating to this Lawsuit, inmate-on-inmate violence in ADOC correctional facilities, inmate-on-inmate sexual violence in ADOC

correctional facilities, allegations of excessive uses of force by staff in ADOC correctional facilities, the physical conditions and cleanliness of ADOC correctional facilities, the treatment of inmates who report assaults by other inmates or by staff in ADOC correctional facilities, the treatment of inmates who report sexual assaults by other inmates or by staff in ADOC correctional facilities, and/or any alleged violations of the constitutional rights of inmates in ADOC correctional facilities.

9. Copies of any and all documents referring to, relating to, or otherwise evidencing any request you made to any Party and/or Third-Party for protection from other inmates, and/or from any Correctional Official, of any kind and the results or responses thereof.

10. Copies of any and all documents referring to, relating to, or otherwise evidencing any other legal proceeding (e.g., administrative proceeding, arbitration, or criminal or civil action) and/or settlement in which you were a party within the past ten (10) years, including without limitation, copies of any and all documents referring to, relating to, or otherwise evidencing any disciplinary actions any ADOC employees issued against you during your Incarceration.

11. All documents (including communications) and things you reasonably expect to use to refresh your memory at the deposition.

12. All documents (including communications) and things you reviewed, discussed, generated, and/or considered in preparation for the deposition or at any time in the past, including working notes and memoranda.

Dated: March 22, 2024

/s/ Lynette E. Potter
_____

*One of the Attorneys for the State*

William R. Lunsford
Matthew B. Reeves

Lynette E. Potter
Kenneth S. Steely
Clifford Z. Stafford
**BUTLER SNOW LLP**
200 West Side Square
Suite 100
Huntsville, Alabama 35801
Telephone: (256) 936-5650
Facsimile: (256) 936-5651
bill.lunsford@butlersnow.com
matt.reeves@butlersnow.com
lynette.potter@butlersnow.com
kenneth.steely@butlersnow.com
zane.stafford@butlersnow.com

Keith J. Fernandez
**BUTLER SNOW LLP**
445 North Boulevard
Suite 300
Baton Rouge, Louisiana 70802
Telephone: (225) 325-8700
Facsimile: (225) 325-8800
keith.fernandez@butlersnow.com

Edderek L. Beau Cole
**BUTLER SNOW LLP**
1020 Highland Colony Parkway
Suite 1400
Ridgeland, Mississippi 39157
Telephone: (601) 948-5711
beau.cole@butlersnow.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon all attorneys of record in this matter, including without limitation the following, by the Court's CM/ECF system on this 22nd day of March, 2024:

Carla Ward
Jason R. Cheek
Lane H. Woodke
William R. Chambers, Jr.
Praveen Krishna
**UNITED STATES ATTORNEY'S OFFICE**
1801 Fourth Avenue North Birmingham, Alabama 35203
Telephone: (205) 244-2185
Facsimile: (205) 244-2181
carla.ward@usdoj.gov
jason.cheek@usdoj.gov
lane.woodke@usdoj.gov
will.chambers@usdoj.gov
praveen.krishna@usdoj.gov

Kerry K. Dean
Matthew J. Donnelly
Steven Rosenbaum
**UNITED STATES DEPARTMENT OF JUSTICE**
950 Pennsylvania Avenue NW
Washington, DC 20530
Telephone: (202) 258-3036
kerry.k.dean@usdoj.gov
matthew.donnelly@usdoj.gov
steven.rosenbaum@usdoj.gov

George Eppsteiner
Deena Fox
Curtis Harris
Eileen Ulate
**UNITED STATES DEPARTMENT OF JUSTICE**
150 M Street NE
Washington, DC 20004
Telephone: (202) 305-1361
george.eppsteiner@usdoj.gov
deena.fox@usdoj.gov
curtis.harris@usdoj.gov
natasha-eileen.ulate@usdoj.gov

Eric S. Dreiband
**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
1801 L Street NW
Washington, DC 20507
(202) 663-4900

/s/ Lynette E. Potter
Of Counsel