UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** } | |
| } | |
| **Plaintiff,** } | |
| } | |
| v. } | Case No.:  2:20-cv-01971-RDP |
| } | |
| **STATE OF ALABAMA, et al.,** } | |
| } | |
| **Defendants.** } | |

# ORDER

This matter is before the court on Defendants' Motion for Reconsideration of the Court's August 9, 2024, Order Denying the State's Motion to Compel Testimony of Robert Council. (Doc. # 200). The Motion asks the court to reconsider its Order denying the State's Motion to Compel Deposition Testimony of Non-Party Robert Council. (*Id*.).

Although the State had previously worked with Council's former counsel to schedule Council's deposition, on the occasion at issue, the State did not serve Council with a subpoena for his deposition until the day before the scheduled deposition. (Doc. # 200 at 3) ("the State and Plaintiff ultimately scheduled [Council's] deposition for April 2, 2024" and "the State properly served Council on April 1, 2024." (*Id.* (citing Doc. # 182-2)). According to Plaintiff, even this late service of the subpoena only occurred because counsel for Plaintiff "alerted defense counsel that the prisoners claimed they had not received the subpoenas." (Doc. # 185 at 7 (citing Doc. # 143)). The State was also on notice that there had been previous issues with the timely service of a subpoena on Council. (Doc. # 143).

One day's notice of the deposition was not reasonable notice, and based on prior issues with the delivery of subpoenas by ADOC employees, counsel should have ensured reasonable

notice was given. Federal Rule of Civil Procedure 45 "does not state what period of notice provides a 'reasonable time' for a third party to comply with a subpoena[]" but "other courts have looked to the language [of Rule 45(d)(2)(B)] to find fourteen days from the date of service is presumptively reasonable." *Great Lakes Ins. SE v. Chartered Yachts Miami LLC*, 2021 WL 4949151, at *3 (S.D. Fla. Oct. 25, 2021) (quoting *TIC Park Centre 9, LLC v. Cabot*, 2017 WL 9988745, at *7 (S.D. Fla. June 9, 2017); *see also Hamilton v. Coffee Health Grp.*, 2011 WL 13286731, at *3 (N.D. Ala. Nov. 16, 2011) (listing cases where courts have found notice under fourteen days unreasonable).

The State also complains that Council's deposition is necessary because Plaintiff allegedly has "unfettered" access to communicate with Counsel. But the State has access to other information about the terms of Council's incarceration from other litigation addressing those conditions. *Council v. Hamm et al.*, United States District Court for the Middle District of Alabama cases number 2:23-cv-00658-ECM-CWB; *Council, et al. v. Ivey et al.*, United States District Court for the Middle District of Alabama cases number 2:23-cv-00712-CLM-JTA; *Council v. Hamm et al.*, United States District Court for the Middle District of Alabama cases number 2:23-cv-00730-ECM-JTA).

For these reasons, and the reasons set forth in the court's prior order regarding Council's deposition Doc. # 198), Defendants' Motion for Reconsideration of the Court's August 9, 2024, Order Denying the State's Motion to Compel Testimony of Robert Council (Doc. # 200) is **DENIED**.

**DONE** and **ORDERED** this September 4, 2024.

_____
**R. DAVID PROCTOR**
CHIEF U.S. DISTRICT JUDGE