UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, } | |
| } | |
| Plaintiff, } | |
| } | |
| v. } | Case No.: 2:20-cv-01971-RDP |
| } | |
| STATE OF ALABAMA, et al., } | |
| } | |
| Defendants. } | |

# ORDER

On December 5, 2024, the Special Master filed a Report and Recommendation ("R&R") regarding the United States's request for entry of a protective order establishing that materials used to prepare its Rule 30(b)(6) designee(s) will retain their privileged status, and regarding certain topics contained in Defendants' Rule 30(b)(6) notice that remain a matter of contention between the parties. (Doc. # 218). The Special Master recommended:

1. That the United States's request for entry of a protective order establishing that materials used to prepare its Rule 30(b)(6) designee(s) will retain privileged attorney work product status be GRANTED IN PART as to topics (and the included subtopics) 2.1, 2.2, 2.3, 2.4, 2.5, 2.6, 2.8, 2.9, and 2.11 of the Amended 30(b)(6) Notice, and that the court direct the United States to provide Defendants with substantive, written responses to these topics within thirty (30) days of entry of the court's Order on the R&R;

2. That the United States's request for entry of a protective order should be DENIED as to the remainder of topics (1.1; 1.2; 2.7; 2.10; 3 (including its subtopics); and 4

(including its subtopics)), and that the 30(b)(6) deposition on these topics should proceed at a date of the parties choosing.

Both the United States and Defendants filed objections to the Special Master's R&R. (Docs. # 220, 221).

In its Objection, the United States explains that the effect of the R&R is to convert many, but not all, of the Civil Rights Division deposition Topics into contention interrogatories. The United States's limited objection argues that the remaining Civil Rights Division Topics (that the Recommendation indicated could remain deposition Topics) should also be converted into contention interrogatories. (Doc. # 220 at 1-2). The United States does not oppose proffering a Rule 30(b)(6) deponent for the Topics relating to the Federal Bureau of Prisons as it acknowledges that the BOP has first-hand knowledge of what occurs in its prisons. (Doc. # 226 at 4-5; Doc. # # 229 at 3). In contrast, the United States contends it does not possess first-hand knowledge of any factual matters occurring within Defendants' facilities and any alleged constitutional violations occurring in those facilities. (*Id.*). "Rather, the litigation team at the Civil Rights Division reviews and compiles documents and testimony from Defendants and third parties." (Doc. # 226 at 9).

Defendants object and argue that the court should reject the Special Master's recommendation to convert the State's 30(b)(6) deposition topics to contention interrogatories. Alternatively, Defendants assert that the court should reject the Special Master's recommendation as to topics 2.1, 2.2, 2.3, 2.4, 2.5, 2.6, 2.8 and 2.11, and affirm the Special Master's recommendation as to topics 2.3.3 and 2.9). (Doc. # 221 at 2).

The parties' Objections have been fully briefed. (Docs. # 225, 226, 228, 229).

A "district court has broad discretion to compel or deny discovery." *United States v. Cuya*, 964 F.3d 969, 970–71 (11th Cir. 2020) (citing *Josendis v. Wall to Wall Residence Repairs, Inc*., 662 F.3d 1292, 1306–07 (11th Cir. 2011)).

Courts generally allow the Rule 30(b)(6) deposition of a government agency in enforcement actions. *See Equal Emp. Opportunity Comm'n, v. Gold, Inc*., 2018 WL 5784055, at *3 (N.D. Fla. June 25, 2018) (granting defendant's motion to compel the deposition of the EEOC's corporate representative and denying EEOC's motion for protective order to prevent deposition); *EEOC v. AZ Metro Distribs., LLC*, 2016 WL 4768796 (E.D.N.Y. Sept. 13, 2016) (permitting the deposition of "four EEOC officials involved with [the former employees'] investigation, solely for purposes of determining the factual basis of allegations made in the charges"); *SEC v. Merkin*, 283 F.R.D. 689, 695 (S.D. Fla. 2012) ("[S]everal district courts have applied [Rule] 30(b)(6) to government agencies and have rejected sweeping arguments that a deposition could not go forward because of the possibility that some questions might seek protected information.").

However, "'depositions, including [Rule] 30(b)(6) depositions, are designed to discover facts, not contentions or legal theories, which, to the extent discoverable at all prior to trial, must be discovered by other means.'" *Hendrickson v. Rapid City, Pierre & E. R.R., Inc*., 2023 WL 5486239, at *7 (D. S.D. Aug. 24, 2023) (quoting *United States v. Stabl Inc*., 2018 WL 3758204, at *7 (D. Neb. Aug. 8, 2018) (in turn quoting U.*S. ex rel. Baklid-Kunz v. Halifax Hosp. Med. Ctr*., 2012 WL 3537070, at *4 (M.D. Fla. Aug. 14, 2012)); *see also JPMorgan Chase Bank v. Liberty Mut. Ins. Co*., 209 F.R.D. 361, 362 (S.D. N.Y. 2002) ("In a nutshell, depositions, including [Rule] 30(b)(6) depositions, are designed to discover facts, not contentions or legal theories, which, to the extent discoverable at all prior to trial, must be discovered by other means."). With regard to the Civil Rights Division Topics, as explained above and as noted in the United States's Limited

Objection, the United States does not appear to have any first hand factual knowledge but only information that was obtained from Defendants or third parties. *See Consumer Fin. Prot. Bureau v. 1st All. Lending, LLC*, 2023 WL 3619478, at *3 (D. Conn. May 24, 2023) (finding "CFPB, as a federal law enforcement agency, compiles and relies on testimony and documents from third parties, and from Defendants themselves, who have independent knowledge of the facts in this case . . . [the CFPB] does not have any independent knowledge of the facts that constitute Defendants' violations"). Under these circumstances, alternative forms of discovery, such as contention interrogatories are warranted.

> As other courts have observed:
>
> Defendants' contention that, as a Rule 30(b)(6) deponent, [the deponent] has an obligation to supplement her limited personal knowledge with all relevant information known to the Government, does not, in my view, merit serious consideration. Taken to its logical conclusion, defendants' position would require that: 1) the various Assistant United States Attorneys with responsibility for drafting the Supplemental Complaint, supervising the investigation and preparing for trial in this action, collect and synthesize all of the information in their possession; 2) that they then impart that body of knowledge to [the deponent]; and 3) that [the deponent], in turn, feed it back to defendants in response to their deposition questions. To state the proposition is to defeat it. However liberal the discovery rules are, they could not reasonably be construed as requiring a party in a case such as this to make a Rule 30(b)(6) deponent, who is an investigator assisting counsel, the repository of all information known to counsel so that she could then provide it to an adversary.

*United States v. Dist. Council of N.Y C. & Vicinity of United Bhd. of Carpenters & Joiners of Am.*, 1992 WL 208284, at *15 (S.D.N.Y. Aug. 18, 1992). Under circumstances similar to those presented here, a judge from the District of Vermont concluded:

> Because in this case the SEC has no independent knowledge of the facts and the acts and omissions of its agents are not at issue, the SEC has no obligation to choose a designee and to disclose to that person every fact known to the SEC that may be relevant to this litigation.

(United States District Court for the District of Vermont Case No. 5:14-cv-00006-cr, Doc. # 210 at 9-10 (citing *US v. Dist. Council of N.Y C. & Vicinity*, 1992 WL 208284, at *15)).

As to the Civil Rights Division Topics, all of the factual information the United States has gathered is from Defendants and third parties. The only additional information Defendants could garner from a Rule 30(b)(6) deposition of a representative is the Civil Rights Division's analysis of that information. And that would be work product.[1]

After careful *de novo* review of the Report and Recommendation, the parties' objections, briefs, and attached exhibits, the court **ADOPTS IN PART** the Report of the Special Master and further **ACCEPTS IN PART** the recommendation of the Special Master. (Doc. # 218). In particular, the Report and Recommendation (Doc. # 218) is **ADOPTED AND ACCEPTED** except in one limited aspect: the court **REJECTS** the recommendation that the United States's request for entry of a protective order should be denied as to the remaining Civil Rights Division Topics (that the Recommendation indicated could remain deposition Topics).

The court **ORDERS** as follows:

1. The United States's request for entry of a protective order establishing that materials used to prepare its Rule 30(b)(6) designee(s) will retain privileged attorney work product status is **GRANTED** as to the Civil Rights Division Topics of the Amended Rule 30(b)(6) Notice. The United States is **ORDERED** to provide Defendants with substantive, written responses to the Civil Rights Division Topics of the Amended Rule 30(b)(6) Notice within thirty (30) days of this Order.[2]

---

[1] To the extent Defendants wish to authenticate documents, the parties can meet and confer and develop a stipulation to save all parties time and money.

[2] The court feels compelled to note that, in their Objection to the Special Master's R&R, Defendants assert that "General Garland's (and his predecessor's) dubious certification remains a topic of dispute in this action." (Doc. # 221 at 15). Defendants are incorrect. That certification is not at issue in this case. As this court has already explained, "[t]his court agrees with the vast majority of district courts to decide this issue: the Attorney General's certification is not subject to judicial review." (Doc. # 57 at 8 (collecting cases); Doc. # 81 at 3 (referencing this holding)).

2. The United States **SHALL** proffer a Rule 30(b)(6) deponent for the Topics relating to the Federal Bureau of Prisons, and that deposition will be taken at a mutually agreeable date and time.[3]

**DONE** and **ORDERED** this January 14, 2025.

                                              _____
                                              **R. DAVID PROCTOR**
                                              CHIEF U.S. DISTRICT JUDGE

---

[3] "[I]n the course of deposing the Rule 30(b)(6) designee, [] counsel can raise claims of work product and/or privilege to particular questions or areas of inquiry raised during the deposition and, if warranted, even instruct the witness not to answer." *United States v. Land O'Lakes, Inc.*, 2018 WL 11411337, at *8 (W.D. Okla. Oct. 24, 2018).