IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 2:20-cv-01971-RDP |
| | ) |
| STATE OF ALABAMA and ALABAMA | ) |
| DEPARTMENT OF CORRECTIONS, | ) |
| | ) |
| Defendants. | ) |

**THE STATE'S SECOND SET OF INTERROGATORIES TO PLAINTIFF**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendants the State of Alabama ("Alabama") and Alabama Department of Corrections ("ADOC," and together with Alabama, the "State"), propound this Second Set of Interrogatories (each an "Interrogatory" and collectively the "Interrogatories") to Plaintiff United States of America ("Plaintiff") to be answered under oath within thirty (30) days of the date of service.

**INSTRUCTIONS**

1. To the extent that any single Interrogatory or portion of such is deemed to be objectionable, you are still to answer those non-objectionable Interrogatories or portions of such and state fully the basis for your objection. Each Interrogatory is to be answered in accordance with the following instructions.

2. If an Interrogatory or portion thereof, is objectionable, then you must state the grounds for your objection with specificity and answer all non-objectionable Interrogatories and/or portions thereof. Plaintiff must state the grounds for its objection with specificity.

3. Each Interrogatory seeks information within your possession, custody, or control, including information known by each of your agents (such as attorneys), servants, employees, and other persons who are subject to their control.

4. If an Interrogatory seeks information that is not within your personal knowledge but is within the knowledge of your agent (such as an attorney), servant, or employee, then you must answer the Interrogatory, noting the person who possessed personal knowledge of the information.

5. For any information withheld from an answer to an Interrogatory as privileged or subject to protection as trial-preparation material, you must:

    a. expressly make the claim;

    b. provide the following information so that the State may assess the claim:

        (1) the date you discovered, received, or became aware of the privileged or protected information;

        (2) the identity of each person participating in, or present during the creation, communication, or disclosure of the privileged or protected information;

        (3) a description of all documents or tangible things containing the privileged or protected information; and

        (4) the identity of each person having access to the privileged or protected information, including any document or tangible things containing the privileged or protected information.

6. Unless otherwise agreed in writing acknowledged by undersigned counsel, any failure by you to provide full and complete responses to these Interrogatories within the time frame allowed under Rule 33 of the Federal Rules of Civil Procedure will be deemed an express and unequivocal waiver of any and all objections you may possess to these Interrogatories.

## DEFINITIONS

Unless otherwise indicated, the following terms as used herein shall have the following meanings:

1. "ADOC" shall refer to the Alabama Department of Corrections.

2. "ADOC Facilities" shall refer to all major male facilities identified in this Lawsuit, including Bibb, Bullock, Donaldson, Draper, Easterling, Elmore, Fountain, Holman, Kilby, Limestone, St. Clair, Staton, and Ventress Correctional Facilities.

3. "And/or" shall be interpreted in every instance both conjunctively and disjunctively so as to include any information within the scope of any of the items to which the conjunction "and/or" applies.

4. "Communication(s)" means any documents, oral statements, postings or communications on any social media platform, meetings, work conferences, formal or informal, at any time or place, under any circumstances whatsoever, whereby information of any nature was stated, written, recorded, or in any way or manner transmitted or transferred.

5. "Correctional Officials" shall refer to any ADOC employee assigned to, or working at any ADOC facility and holding any of the following titles: Correctional Security Guard, Basic Correctional Officer, Cubicle Correctional Officer, Basic Correctional Officer Trainee, Correctional Security Officer, Correctional Officer Trainee, Correctional Officer, Senior Correction Security Officer, Senior Correctional Officer, Sergeant, Lieutenant, Captain, Warden I, Warden II, Warden III, and/or Assistant Deputy Commissioner.

6. "CRIPA" means the Civil Rights of Institutionalized Persons Act (CRIPA), 42 U.S.C. § 1997.

7. "Date" means as exact a date as you are able to give. If an exact date is not known, provide as close an approximation as you can.

8. "Document(s)" shall have the same meaning as in Rule 34 of the Federal Rules of Civil Procedure and shall include, without limitation, all written or graphic matter of every kind and description, whether handwritten, typed or otherwise produced, reproduced, generated, maintained, or stored, whether draft or final, original or reproduction, in your actual or constructive possession, custody, or control, regardless of where located and however denominated by you including, but not limited to: reports, statements, letters, correspondence, memoranda, notes, e-mails, summaries, films, transcripts, contracts, agreements, licenses, memoranda or notes of telephone conversations, personal conversations, or interviews, microfilms, telegrams, books, articles, bulletins, circulars, pamphlets, notices, rules, regulations, directives, teletype messages, communications, minutes of meetings, interoffice communications, working papers, desk calendars, appointment books, diaries, time sheets, logs, visual, audio or video tapes, recordings, drawings, graphs, charts, photographs, telephone records, data processing results, social media postings, social media communications, printouts and computations (both in existence and stored in memory), any tangible means of expression, any graphic or other form by which human intelligence or communication is in any way transmitted, recorded, or reported and other data compilations from which information can be obtained and translated, if necessary, in a reasonably usable form including, without limitation, tapes, videotapes, audiotapes, photographs, computer disks, computer tapes or other computer information of any kind in whatsoever media. The term "document" shall also include all copies of each document if the copies contain any omission or additional writing or other marking or are not identical to the original in any manner whatsoever.

9. "DOJ" shall refer to the U.S. Department of Justice.

10. "Identify" when used in connection with a person(s) means to provide the following information:

    a. his/her/its/their name;

    b. birthday, if known;

    c. Social Security Number, if known;

    d. present and/or last known address;

    e. telephone number;

  f.  relationship, if any, to you, e.g., employee, employer, attorney, colleague, mother, father, aunt, uncle, etc.; and

  g.  present employer and address or location of employer.

11. "Identify" when referring to a document or writing means to give sufficient characterization of such document or writing so as to have identified it "with reasonable particularity" for purposes of Rules 33 and 34 of the Federal Rules of Civil Procedure. More specifically, the term "identify" when used with reference to a document includes:

  a.  the date the document bears, of if none, the date it was written;

  b.  the name and address of each person who created or wrote it or participated in the creation or writing of it;

  c.  the name and/or address of each person who received a copy of the document;

  d.  a description of the document, for instance, a letter or memorandum;

  e.  its present location and/or the custodian of each copy, or if unknown, its last known location and/or custodian; and

  f.  if any document is no longer in your possession, or subject to your control, state what disposition was made of it, the reason for such disposition, the identity of the person currently having possession or control, and the date that possession was relinquished by you.

12. "Identify" when used in reference to a communication, includes:

  a.  the persons participating in such communication;

  b.  the date, manner (e.g., telephone, text, e-mail, chatroom, social media website or in person), and place where persons participated in, heard, or saw the communication;

  c.  a description of the circumstances surrounding the communication, for instance, meeting, speech, news media or conversation;

  d.  the name of each person who was present, other than the participants; and

  e.  the substance of the oral communication.

13. "Incarcerated Individual" shall refer to any person confined in an ADOC facility or any other jail, prison, or correctional facility, in which the person is confined.

14. "Incarceration" shall refer to inmate's or inmates' confinement in an ADOC facility or any other jail, prison, or correctional facility, in which inmate(s) is or was confined.

15. "Investigation" shall refer to the United States' investigation pursuant to CRIPA, initiated in 2016, into whether the conditions in Alabama's major correctional facilities for men violate the Eighth Amended of the United States Constitution.

16. "Lawsuit" shall mean the case styled as United States of America v. State of Alabama, *et al.*, In the United States District Court for the Northern District of Alabama, Southern Division; Case No. 2:20-cv-01971-RDP.

17. "Party" shall refer to Plaintiff, The State of Alabama, or Alabama Department of Corrections, and "Parties" shall refer to Plaintiff, The State of Alabama, and Alabama Department of Corrections collectively.

18. "Plaintiff" shall refer to the United States of America.

19. "Relate(s) to," "related to," and "relating to" means constituting, comprising, containing, setting forth, showing, disclosing, describing, explaining, supporting, contradicting, summarizing, mentioning, concerning, and/or referring to, directly or indirectly.

20. "Statement(s)" means any written or recorded account of a person's knowledge of any of the facts of this case made or taken for use or possible use in this litigation including, without limitation, affidavits, signed or unsigned statements, audio or video recordings, e-mails, or letters purporting to memorialize or describe the comments of a person about alleged facts relating to this litigation.

21. "The State" shall refer to State of Alabama and the Alabama Department of Corrections.

22. "Third-Party" means any natural person, corporation, partnership, company, sole proprietorship, association, institute, joint venture, trust, form, or other entity whether publicly or privately owned or controlled, for profit or not for profit, or partially or fully government controlled who is not specifically identified by name as a party to this Lawsuit as of the date of these requests.

23. "You" or "your" shall refer to the person or entity responding to this written discovery request.

**DUTY TO SUPPLEMENT**

You are hereby requested to supplement your responses if you or any person acting on your behalf obtains documents or information that render your prior responses incorrect, incomplete, or misleading. Such supplemental responses shall be served promptly, but in any case, within thirty

5

(30) days after you receive or discover such documents or information and in no circumstances later than fifteen (15) days before trial.

## INTERROGATORIES

15. Identify the person(s) answering these Interrogatories, responding to the State's First Requests for Admission, and/or responding to the State's Third Request for Production of Documents, including any person(s) supplying information or assisting in any way with the preparation of the answers and responses to these Interrogatories, the State's First Requests for Admission, and/or the State's Third Request for Production of Documents.

16. Identify the primary facts underlying Plaintiff's determination that current conditions within the ADOC Facilities egregiously or flagrantly violate the rights, privileges, and/or immunities of Incarcerated Individuals within the ADOC facilities, as secured or protected by the Eighth Amendment to the United States Constitution.

17. Identify the primary facts underlying Plaintiff's determination that the current conditions within the ADOC Facilities resulting in egregious or flagrant violations of the Eighth Amendment to the United States Constitution cause Incarcerated Individuals within the ADOC Facilities to suffer grievous harm.

18. Identify the primary facts underlying Plaintiffs' determination that ADOC and/or the State continue to demonstrate a pattern or practice of resistance to the rights, privileges, or immunities of Incarcerated Individuals within the ADOC Facilities, as secured or protected by the Eighth Amendment to the United States Constitution.

19. Identify the minimum corrective measures that Plaintiff currently considers necessary for ADOC and/or the State to take to ensure that the Incarcerated Individuals within the ADOC Facilities receive the full enjoyment of their rights, privileges, or immunities, as secured or protected by the Eighth Amendment to the United States Constitution.

Dated: April 28, 2024.

        */s/ William R. Lunsford*
        William R. Lunsford
        *One of the Attorneys for the State*

        William R. Lunsford
        Matthew B. Reeves
        Lynette E. Potter
        Kenneth S. Steely
        Clifford Z. Stafford
        Daniel J. Chism
        Carson T. Perreault
        P. Andrew Ray
        William J. Cranford, III
        Andrew T. Toler
        **BUTLER SNOW LLP**
        200 West Side Square
        Suite 100
        Huntsville, Alabama 35801
        Telephone: (256) 936-5650
        Facsimile: (256) 936-5651
        bill.lunsford@butlersnow.com
        matt.reeves@butlersnow.com
        lynette.potter@butlersnow.com
        kenneth.steely@butlersnow.com
        zane.stafford@butlersnow.com
        daniel.chism@butlersnow.com
        carson.perreault@butlersnow.com
        andrew.ray@butlersnow.com
        will.cranford@butlersnow.com
        andrew.toler@butlersnow.com

        Keith J. Fernandez
        **BUTLER SNOW LLP**
        445 North Boulevard
        Suite 300
        Baton Rouge, Louisiana 70802
        Telephone: (225) 325-8700
        Facsimile: (225) 325-8800
        keith.fernandez@butlersnow.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon all attorneys of record in this matter, including without limitation the following, by electronic mail on this 28th day of April, 2024:

Carla Ward
Jason R. Cheek
William R. Chambers, Jr.
Praveen Krishna
**UNITED STATES ATTORNEY'S OFFICE**
1801 Fourth Avenue North
Birmingham, Alabama 35203
Telephone: (205) 244-2185
Facsimile: (205) 244-2181
carla.ward@usdoj.gov
jason.cheek@usdoj.gov
will.chambers@usdoj.gov
praveen.krishna@usdoj.gov

Kerry K. Dean
Matthew J. Donnelly
Steven Rosenbaum
**UNITED STATES DEPARTMENT OF JUSTICE**
950 Pennsylvania Avenue NW
Washington, DC 20530
Telephone: (202) 258-3036
kerry.k.dean@usdoj.gov
matthew.donnelly@usdoj.gov
steven.rosenbaum@usdoj.gov

George Eppsteiner
Deena Fox
Curtis Harris
Eileen Ulate
**UNITED STATES DEPARTMENT OF JUSTICE**
150 M Street NE
Washington, DC 20004
Telephone: (202) 305-1361
george.eppsteiner@usdoj.gov
deena.fox@usdoj.gov
curtis.harris@usdoj.gov
natasha-eileen.ulate@usdoj.gov

/s/ *William R. Lunsford*
Of Counsel