FILED
2025 Jan-20 PM 04:37
U.S. DISTRICT COURT
N.D. OF ALABAMA



**U.S. Department of Justice**

Civil Rights Division

*950 Pennsylvania Avenue, NW – 4CON*
*Washington, DC 20530*

September 11, 2024

**Via Electronic Mail**

William R. Lunsford
Butler Snow LLP
200 West Side Square
Suite 100
Huntsville, Alabama 35801
bill.lunsford@butlersnow.com

Re: Subpoena to United States' Employee Mark Williams
*United States v. Alabama*, No. 2:20cv01971-RDP (N.D. Ala.)

Dear Mr. Lunsford:

On September 4, 2024, defense counsel emailed United States' counsel a subpoena for a deposition directed to Mark Williams. As you know, the United States employs Mr. Williams as an investigator on our litigation team. This subpoena also included eight document requests. We write to make our initial objections to the subpoena and request more information.[1]

The United States initially objects to the subpoena for Mr. Williams's deposition as an improper attempt to obtain the United States' privileged communications and other information subject to the attorney work product, attorney client, common interest, law enforcement, deliberative process, and potentially other privileges. In response to Defendants' previous multiple attempts to obtain discovery from and/or regarding the United States' investigators, the United States has consistently objected that its investigators, including Mr. Willaims, are not first-hand witnesses in this enforcement litigation. *See, e.g.*, Letter from M. Donnelly, U.S.' counsel, to W. Lunsford, Defs.' counsel, Re.: Defendants' June 16, 2023, Letter (Regarding United States' Responses to Defendants' First Requests for Production and First Interrogatories)

[1] The United States assumes that Defendants directed and served the subpoena to the United States as a Party, and through the United States to Mr. Williams in his capacity as employee of the United States as a Party. If Defendants instead intended just to provide the United States notice of the proposed deposition and subpoena for documents, and Defendants will separately serve Mr. Williams with the subpoena, please let us know. The United States objects to the subpoena to the extent Defendants may intend the subpoena to alter or circumvent the normal discovery rules and procedures that apply among the Parties. *See Manzo-Pianelli v. United Servs. Auto. Ass'n*, No. 15-61324, 2015 WL 12806618, at *2 (S.D. Fla. Nov. 3, 2015); *Suarez v. Padron*, No. 18-23930-CIV, 2019 WL 13256088, at *1-2 (S.D. Fla. Mar. 25, 2019).

at 7-8, 10 (July 27, 2023, addendum); Letter from Donnelly to Lunsford, Re.: Defendants' June 16, 2023, Letter (Regarding United States' Responses to Defendants' First Requests for Production and First Interrogatories) at 5-8 (June 30, 2023); Letter from M. Donnelly, U.S.' counsel, to L. Butler, Defs.' counsel, Re.: United States' Responses to Defendants' First Requests for Production and First Interrogatories at 7-8, 12 (Sept. 2, 2022). Rather the United States' investigators talk to potential witnesses and make notes or other attorney work product records at the direction of and for counsel.[2] Just like the United States' attorneys, its investigators are not witnesses and have no direct knowledge of the evidentiary facts. Defendants subpoenaing Mr. Williams is akin to the United States subpoenaing the attorneys, investigators, and paralegals of defense counsel's firm or for those in the ADOC's office of general counsel. Our investigators have no discoverable information. We relayed that if and when these investigators have discoverable, direct knowledge, the United States' will list them on its Initial Disclosures as persons who may have discoverable information relevant to the United States' claims. *Id.*

Since those repeated objections, the United States has not listed Mr. Williams on its supplemental Initial Disclosures as a person who may have discoverable information. Given this, the United States requests that Defendants provide a statement "setting forth a summary of the testimony sought" from Mr. Williams. 28 C.F.R. § 16.23. This statement should particularly include what non-privileged information Defendants seek from Mr. Williams. If Defendants seek privileged information, Defendants' statement should include why Defendants believe they can override the applicable privileges. *See* 28 C.F.R. § 16.26.

Sincerely,

MATTHEW J. DONNELLY
Attorney
United States Department of Justice
Civil Rights Division
950 Pennsylvania Avenue, NW
Washington, DC 20530
(202) 616-2788
matthew.donnelly@usdoj.gov

cc via email: counsel of record
Special Master Barze

[2] The United States has already been producing non-privileged documents sent to or from Mr. Williams.