

October 3, 2024

**VIA E-MAIL ONLY**

Matthew Donnelly
United States Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530
Matthew.donnelly@usdoj.gov

Re: **United States of America v. State of Alabama, *et al*.**, In the United States District Court for the Northern District of Alabama, Southern Division; Civil Action No. 2:20-cv-01971-RDP.

Matt:

On behalf of the State of Alabama ("Alabama") and the Alabama Department of Corrections ("ADOC," and together with Alabama, the "State"), I write in response to your September 11, 2024, correspondence ("Plaintiff's Correspondence") in the above-entitled matter.

### THE STATE REMAINS ENTITLED TO DEPOSE MARK WILLIAMS

Plaintiff's Correspondence does not satisfy the Federal Rules of Civil Procedure, and Plaintiff cannot preemptively claim privilege prior to the State asking a single deposition question. Additionally, Plaintiff counterintuitively asserts that, although Mark Williams ("Williams") verified the answers to the State's Second Set of Interrogatories on May 28, 2024, he lacks "direct knowledge." (Plaintiff's Correspondence at 2). As further discussed below, Plaintiff's contention remains unpersuasive.

I. **PLAINTIFF MUST ABIDE BY THE FEDERAL RULES OF CIVIL PROCEDURE.**

The State properly served Plaintiff with a Subpoena and Notice of Deposition on September 4, 2024, consistent with the prior practice used by Plaintiff in deposing seventy (70) non-party ADOC employees. Rather than utilize avenues provided by Federal Rules of Civil Procedure to object to the document requests served on Williams or move to quash the subpoena, Plaintiff's Correspondence merely provided "initial objections." (See Plaintiff's Correspondence at 1). Based on Plaintiff's Correspondence alone, the State cannot determine whether Plaintiff intends to attend the deposition. Accordingly, Plaintiff must either attend the deposition, move for a protective order, or file a motion to quash. Fed. R. Civ. P. 26(c); see also Fed. R. Civ. P. 45(d)(3).

II. **28 C.F.R. § 16.26 LACKS RELEVANCE TO THE STATE'S SUBPOENA AND NOTICE OF DEPOSITION.**

*Suite 100*
*200 West Side Square*
*Huntsville, AL 35801*

**MATT REEVES**
256.936.5609
matt.reeves@butlersnow.com

*T 256.936.5650*
*F 256.936.5651*
*www.butlersnow.com*

BUTLER SNOW LLP

October 3, 2024
Page 2

28 C.F.R. § 16.26 neither bars Williams' testimony nor requires the State to explain why it "believe[s] [it] can override the applicable privileges." (See Plaintiff's Correspondence at 2). However, the State notes that Plaintiff's speculative need for protection based on work product or privilege "cannot be determined before the examination begins." SEC v. Kramer, 778 F. Supp. 2d 1320, 1328 (M.D. Fla. 2011). Thus, Plaintiff cannot yet demonstrate privilege exists, much less that the State must provide justification to "override" it. Additionally, "[c]ounsel may protect against the disclosure of work product or privileged information by interposing appropriate objections and giving instructions on a question-by-question basis." S.E.C. v. Merkin, F.R.D. 689, 698 (S.D. Fla. 2012).

In response to Plaintiff's request for a summary of the testimony sought—the State seeks testimony from Williams about the facts and bases for information contained in the United States' Objections and Responses to the State's Second Set of Interrogatories.[1] As for documents, Plaintiff's Correspondence notes that "[t]he United States has already been producing non-privileged documents sent to or from Mr. Williams." (See Plaintiff's Correspondence at 2). Certainly, documents sent to or from Williams does not reflect the full scope of documents and things sought by the State from Williams. Nevertheless, Plaintiff can readily comply with the State's Notice of Video Deposition and Request for Production of Documents and produce all non-privileged material responsive to the State's request.

### III. MARK WILLIAMS VERIFIED PLAINTIFF'S INTERROGATORY ANSWERS BASED ON PERSONAL KNOWLEDGE.

Under Fed. R. Civ. Pro. 33(b)(5), the person making the answers must sign the interrogatories. Of course, the person answering interrogatories does so "under oath," meaning the person answering interrogatories, even on behalf of a public or private entity, possesses the same obligations as a person testifying at a deposition or trial. Fed. R. Civ. P. 33(b)(3). So, Williams already provided the equivalent of testimony under oath—apparently, without "direct knowledge" of the facts or information he verified under oath. But "direct knowledge" is not the standard; instead, "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has *personal knowledge* of the matter. Evidence to prove *personal knowledge* may consist of the witness's own testimony." Fed. R. Evid. 602 (emphasis added). Clearly, Williams possesses *personal knowledge* of the facts and bases for answers to interrogatories he personally verified (as evidenced by Williams' testimony or verification of those interrogatory answers alone), otherwise Williams' interrogatory answers on behalf of Plaintiff violate the Federal Rules of Civil Procedure, a serious problem for Plaintiff likely requiring sanctions from the Court if Plaintiff persists with this foolishness concerning Williams' alleged lack of "direct knowledge."

Plaintiff's detour concerning Williams' lack of "direct knowledge" in Plaintiff's Correspondence makes no difference to the issue before the Special Master. Instead, the Plaintiff must carry the high burden of showing *good cause* to completely preclude a deposition. See, e.g.,

---

[1] The State provides this section pursuant to 28 C.F.R. § 16.23(c); however, this section does not limit the testimony sought to only those matters summarized in this section. This section merely represents the State's summary of the testimony sought from Williams, a DOJ agent or employee.

October 3, 2024
Page 3

West Peninsular Title Co. v. Palm Beach County, 132 F.R.D. 301, 302 (S.D. Fla. 1990) (noting the rarity of protective orders totally prohibiting a deposition absent extraordinary circumstances); see also Salter v. Upjohn Co., 593 F.2d 649, 651 (5th Cir. 1979) ("It is very unusual for a court to prohibit the taking of a deposition altogether and absent extraordinary circumstances, such an order would likely be in error").[2] Additionally, the party seeking to prevent the deposition bears the burden of demonstrating that it would not lead to relevant information. Gen. Star Indem. Co. v. Platinum Indem. Ltd., 210 F.R.D. 80, 82 (S.D.N.Y. 2002). Critically, deposition testimony regarding facts remains distinguishable from work product and other claimed privileges. A.R. ex rel. Root v. Dudek, 304 F.R.D. 668 (2015).

First, Plaintiff fails to identify a single "extraordinary circumstance" as justification to preclude Williams' deposition, and instead simply claims that Williams lacks "direct knowledge." Again, a feigned lack of "direct knowledge" (as opposed to simply "personal knowledge") by Williams in light of past discovery to the contrary lacks any merit whatsoever and certainly does not demonstrate an "extraordinary circumstance." See West Peninsular Title Co., 132 F.R.D. at 302; see also Plaintiff's Correspondence at 2. Inarguably, Plaintiff cannot demonstrate that the alleged facts underlying Williams' verification of the State's Second Set of Interrogatories lack relevance to its claims or the State's defenses. See Gen. Star Indem. Co., 210 F.R.D. at 82. For example, the State's Interrogatory No. 18 specifically asks for the identification of facts about "Plaintiff's determination that ADOC and/or the State continue to demonstrate a pattern or practice of resistance to the rights, privileges, or immunities of Incarcerated individuals within the ADOC Facilities"—which Williams' answer provides immense detail through seven (7) specific allegations with the alleged supporting facts covering ten (10) pages. (Plaintiff's Objections and Responses to the State's Second Set of Interrogatories at 5-15).

Although courts may refuse to permit depositions of representatives who verified interrogatory responses if the representatives lack *personal knowledge* of the case's particular facts, Plaintiff cannot reasonably make such a claim. See Jiminez-Carillo v. Autopart Int'l, Inc., 285 F.R.D. 668, 670 (S.D. Fla. 2012); see also Thomas v. Int'l Bus. Machs., 48 F.3d 478, 483–84 (10th Cir. 1995) (upholding a protective order forbidding plaintiff from deposing defendant's corporate officer, in part, because plaintiff failed to show why it could not acquire the information through depositions of other personnel with better knowledge). Unlike Jiminez-Carillo, the facts Williams verified under oath to support Plaintiff's allegations in this action demonstrate that he possesses personal knowledge—again, if not, Plaintiff has major problems with the interrogatories Williams verified. For example, Williams testified in his interrogatory answers on behalf of Plaintiff that the State: (1) fails to provide reasonable safety from inmate-on-inmate violence; (2) fails to provide reasonable safety from inmate-on-inmate sexual assault; (3) uses excessive force; (4) fails to prevent the introduction of dangerous contraband; (5) fails to provide adequate staffing and supervision; (6) fails to provide safe and sanitary physical plant conditions; and (7) fails to provide adequate leadership and take reasonable measures to address harm. (See Plaintiff's Objections and Responses to the State's Second Set of Interrogatories at 5-15). To support these claims, Williams makes factual allegations that the State "had an unreasonably high number of

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981.

October 3, 2024
Page 4

homicides," fails to "accurately and consistently track prisoner deaths," does not "provide adequate oversight of sexual abuse prevention practices," and "lacks adequate plumbing systems."[3]  Id.

In addition to verifying alleged facts and information contained in Plaintiff's interrogatory answers, Williams attended site visits at ADOC facilities and regularly communicates with ADOC inmates.  Even more, unlike Thomas, the State clearly lacks the ability to acquire information known and verified by Williams through depositions of other Department of Justice ("DOJ") personnel.  Williams receives information which Plaintiff uses to support its claims.  The State has the right to probe into Williams' knowledge of the alleged facts and bases he relied on to verify the State's Second Set of Interrogatories and allegations therein.

## CONCLUSION

The State requests that Plaintiff confirm Williams' availability for the October 14, 2024, deposition.  Should Plaintiff refuse to comply with its obligations under the Federal Rules of Civil Procedure and applicable case law, the State will be required to seek assistance from the Special Master.

Sincerely,

BUTLER SNOW LLP

Matt Reeves

CZS:czs

cc: All Counsel of Record
    Bruce Barze, Special Master

---

[3] The examples provided are not exhaustive.  As noted above, Williams verified under oath similar factual allegations that spanned ten (10) pages in response to the States Interrogatory No. 18 alone.