FILED
2025 Jan-20  PM 04:37
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

               Plaintiff;

v.

STATE OF ALABAMA and ALABAMA
DEPARTMENT OF CORRECTIONS,

               Defendants.

Civil No. 2:20-cv-01971-RDP

## THE UNITED STATES' OBJECTIONS AND RESPONSES TO DEFENDANTS' REQUESTS FOR PRODUCTION TO MARK WILLIAMS

Pursuant to Federal Rule of Civil Procedure 34, the United States hereby responds to Defendants' Requests for Production to Mark Williams, which Defendants served via an emailed subpoena[1] on September 4, 2024. The United States submits these objections and responses, and will supplement as appropriate, under the Federal Rules of Civil Procedure, the Local Rules for the Northern District of Alabama, and Court orders, including the Scheduling Order, Doc. # 174, the Stipulated Consolidated Protective Order, Doc. # 62, and the Stipulated Consolidated Order Regarding Protocols for Production of Documents and Things (including ESI), Doc. # 63.

---

[1] As noted in the United States' letter to defense counsel on September 11, 2024, the United States assumes that Defendants directed and served the subpoena to the United States as a Party, and through the United States to Mr. Williams in his capacity as employee of the United States as a Party. *See* Letter from M. Donnelly, U.S.' Counsel, to W. Lunsford, Defs.' Counsel, Re.: Subpoena to United States' Employee Mark Williams (Sept. 11, 2024). Defendants' response letter sent yesterday appears to confirm that was Defendants' intention. *See* Letter from M. Reeves, Defs.' Counsel, to M. Donnelly, U.S.' Counsel, at 1 (Oct. 3, 2024). Moreover, as noted in the United States' letter (at 1 n.1), Defendants cannot use a subpoena to alter or circumvent the normal discovery rules (including Rule 34) and procedures that apply among the Parties. *See Manzo-Pianelli v. United Servs. Auto. Ass'n*, No. 15-61324, 2015 WL 12806618, at *2 (S.D. Fla. Nov. 3, 2015); *Suarez v. Padron*, No. 18-23930-CIV, 2019 WL 13256088, at *1–2 (S.D. Fla. Mar. 25, 2019).

## <u>UNITED STATES' GENERAL RESERVATIONS</u>

The United States gives its objections and responses to each Request for Production with specificity below.  The United States also expresses the following reservations.

First, the United States' objections and responses to each Request are based on information known to the United States at this time.  The United States will supplement in accordance with the Court's orders and Rule 26(e).  Consistent with the Federal Rules, the United States therefore reserves the option to assert additional objections as new information arises.

Second, the United States bases its objections and responses on its best understanding of what the Request is seeking.  The United States reserves the option to make additional objections and amend responses if the United States' understanding conflicts with Defendants' interpretation.

Third, the United States' objections and responses are given in accordance with the requirements of the Federal Rules and Court orders, and not in accordance with Defendants' instructions that conflict with and expand the requirements of those Rules and orders.

Fourth, in responding to these Requests, the United States does not concede the relevancy, materiality, competency, or admissibility of any evidence or information requested by Defendants.  The United States reserves the option to object on any ground as to the use of its responses in any trial or proceeding.

## <u>OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION</u>

**Request No. 1:**        Any and all documents you considered or relied on to certify any response contained within the United States' Objections and Responses to the State's Second Set of Interrogatories signed on May 28, 2024.

**United States' Response:**

The United States objects to this Request as incredibly overbroad and unduly burdensome because the Request extends to every document "considered or relied on" in responding to Defendants' Second Set of Interrogatories—which essentially means every document in this case. As explained in the United States' objections to Defendants' Second Set of Interrogatories, many of the interrogatories were improper overbroad, kitchen-sink, contention interrogatories that essentially asked the United States to marshal all available evidence collected over years of discovery and distill the entire lawsuit. For example, Interrogatory Number 18 asked the United States to identify the "primary facts" underlying the United States' "determination that ADOC and/or the State continue to demonstrate a pattern of practice of resistance to the rights, privileges, or immunities of Incarcerated Individuals within the ADOC Facilities, as secured or protected by the Eighth Amendment to the United States Constitution." Defs.' Second Set of Interrogatories, Interrogatory No. 18 (May 28, 2024). Through this overbroad, kitchen-sink, contention interrogatory, Defendants asked the United States for the primary facts underlying the entire case. Despite this, and subject to the United States' stated objections, the United States provided a lengthy, detailed answer to this improper overbroad, kitchen-sink, contention interrogatory. *See* Letter from M. Reeves, Defs.' Counsel, to M. Donnelly, U.S.' Counsel, [Re: response to U.S. Letter Re: Subpoena to United States' Employee Mark Williams] at 3 (Oct. 3, 2024) ("Defendants' October 3, 2024, Response Letter") (describing answer as "provid[ing] immense detail through seven (7) specific allegations with the alleged supporting facts covering ten (10) pages").

By asking for all the documents used to formulate responses to this and other overbroad interrogatories, Defendants essentially request all the documents in this case. Providing every

document in the case is unquestionably unduly burdensome and disproportionate to the needs of this case, especially since Defendants already control and provided the bulk of the evidence in this lawsuit.

Defendants have all non-privileged documents in the case. Defendants already have all their own documents, and have agreed the United States does not need to produce Defendants documents back to them. *E.g.*, Letter from M. Donnelly, U.S.' Counsel, to L. Butler, Defs.' Counsel, [Re: United States' Responses to Defs.' First Requests for Production] at 1-2 (Sept. 2, 2022) ("[Y]ou confirmed on our telephone conference that Defendants do not expect the United States to engage in the unduly burdensome endeavor of producing Defendants' documents back to Defendants."); Letter from W. Lunsford, Defs.' Counsel, to C. Ward, U.S.' Counsel, [Re.: U.S. discovery responses] at 1, 9 (June 16, 2023) (responding to the United States' Sept. 2, 2022, letter and reflecting agreement that requests seek "documents not previously produced to Plaintiff by the State"). Defendants also have already asked for all documents the United States obtained from anyone besides Defendants in connection with this lawsuit, (*see, e.g.*, Defendants' First Request for Production, Request No. 7), and the United States already agreed to provide and has provided documents from third parties that are not privileged.

The only documents Defendants do not already have are privileged, which reflects Defendants' improper attempt to secure the mental impressions of United States' counsel and other privileged materials. The United States accordingly further objects to this Request as improperly seeking documents protected by the attorney-client, work product, deliberative process, common interest, trial preparation, and law enforcement investigatory privileges.

**Request No. 2:**          Any and all communications to or from Plaintiff and its counsel which contain any facts or data that Plaintiff's counsel provided to you and that you considered or relied on to certify any response contained within the United States' Objections and Responses to the State's Second Set of Interrogatories signed on May 28, 2024.

**United States' Response:**

The United States objects to this Request as directly seeking the United States' privileged work product and/or attorney client communications.  As you know, Mr. Mark Williams is a federal employee who serves as an investigator on the United States' litigation team for this case.  *See, e.g.*, Letter from M. Donnelly, U.S.' Counsel, to W. Lunsford, Defs.' Counsel, Re.: Subpoena to United States' Employee Mark Williams (Sept. 11, 2024) ("United States' September 11, 2024, *Touhy* Letter").  Any communications between attorneys for the United States and Mr. Williams would thus naturally be privileged work product and/or attorney client communications—just as any communications between defense counsel and defense counsel's firm's investigators and paralegals would naturally be privileged work product and/or attorney client communications.  The United States also objects to this Request as improperly seeking documents protected by the deliberative process, trial preparation, and law enforcement investigatory privileges.  The United States naturally has no responsive non-privileged documents.

**Request No. 3:**          Any and all communications to or from Plaintiff and its counsel which contain any inferences that they provided and that you considered or relied on to certify any response contained within the United States' Objections and Responses to the State's Second Set of Interrogatories signed on May 28, 2024.

**United States' Response:**

The United States objects to this Request for the same reasons as stated in its Response to Request Number 2.  The United States accordingly objects to this Request as directly seeking the

United States' privileged work product and/or attorney client communications.  As you know,

Mark Williams is an investigator on the United States' litigation team for this case.  Any

communications between attorneys for the United States and Mr. Williams would thus naturally

constitute privileged work product and/or attorney client communications—just as any

communications between defense counsel and defense counsel's firm's investigators and

paralegals would naturally be privileged work product and/or attorney client communications.

The United States also objects to this Request as improperly seeking documents protected by the

deliberative process, trial preparation, and law enforcement investigatory privileges.  The United

States naturally has no responsive non-privileged documents.

> **Request No. 4:**        Any outside source material, such as books, articles, or other
> written materials related to this Lawsuit and/or your investigation, that you
> considered or relied on to certify any response contained within the United
> States' Objections and Responses to the State's Second Set of Interrogatories
> signed on May 28, 2024.

**United States' Response:**

The United States objects to this Request as vague as to what constitutes "outside source

material," particularly since it encompasses "books [and] articles" as well as "*other* written

materials related to this Lawsuit and/or your investigation." *Id.* (emphasis added).  What types

of documents Defendants seek in this Request is ambiguous.[2]  Defendants have already asked for

all documents obtained from anyone besides Defendants in connection with this lawsuit, (*see,*

*e.g.*, Defendants' First Request for Production, Request No. 7), and the United States already

agreed to provide and has provided documents obtained from third parties that are not privileged.

---

[2] While this Request uses the term "outside," if Defendants somehow intended the Request to include
internal and privileged documents, the United States reserves its objections to the extent the Request seeks
documents protected by the attorney-client, work product, deliberative process, common interest, trial preparation,
and law enforcement investigatory privileges.

The United States also objects this Request as overbroad and unduly burdensome. As explained above in the United States' Response to Request Number 1, Defendants propounded overbroad, kitchen-sink, contention interrogatories, including a contention interrogatory that asked the United States for the primary facts underlying the entire case. The United States throughout this lengthy discovery period of approximately four years has likely consulted multiple "outside" public "books [and] articles," to which Defendants have equal access. The United States, however, did not directly or contemporaneously review any "outside" public "books [and] articles" when formulating its answers to Defendants' Second Set of Interrogatories.

> **Request No. 5:**        Any and all notes you created or drafted during or after any visit to ADOC correctional facilities that reference the visit, that you considered or relied on to certify any response contained within the United States' Objections and Responses to the State's Second Set of Interrogatories signed on May 28, 2024.

**United States' Response:**

The United States objects to this Request as directly seeking the United States' privileged work product. As the United States' investigator, Mr. Williams makes notes and other records at the direction of and for counsel, which makes his notes privileged work product. Defendants have not made any showing that any factual information in the United States' work product cannot be obtained through other means. Nor can Defendants make this showing because Defendants were present for all of Mr. Williams's visits to ADOC correctional facilities, and of course have unlimited access to these facilities and those facilities' prisoners beyond Mr. Williams's visits. Moreover, Defendants recorded the name of every prisoner Mr. Williams interviewed during his visits.

The United States also objects to this Request as improperly seeking documents protected by the trial preparation and law enforcement investigatory privileges. The United States naturally has no responsive non-privileged documents.

**Request No. 6:**    Any and all notes you created or drafted during or after speaking with any ADOC inmate, including by telephone, that memorialize the conversations, that you considered or relied on to certify any response contained within the United States' Objections and Responses to the State's Second Set of Interrogatories signed on May 28, 2024

**United States' Response:**

Defendants have already asked for this type of information, and the United States reiterates and incorporates its previous objections. *See* Defendants' First Requests for Production, Request Nos. 5, 37; United States' Objections and Responses to Defendants' First Requests for Production at pp. 6–8, 33–34 (June 27, 2022).

The United States also objects to this Request as directly seeking the United States' privileged work product. As the United States' investigator, Mr. Williams makes notes and other records at the direction of and for counsel, which makes his notes privileged work product. The United States also objects to this Request as improperly seeking documents protected by the trial preparation and law enforcement investigatory privileges.

Again, the United States directs Defendants to the United States' Initial Disclosures (and supplements), which identify and will continue to identify individuals, including ADOC prisoners, who may have discoverable information relevant to the United States' claims. *See* United States' Objections and Responses to Defendants' First Requests for Production at pp. 6–8, 33–34 (June 27, 2022).

**Request No. 7:**    All documents (including communications) and things you reasonably expect to use to refresh your memory at the deposition.

**United States' Response:**

As noted above, the United States has objected to the deposition of its investigator Mr. Williams, who works on the United States' litigation team.  *See, e.g.*, United States' Sept. 11, 2024, *Touhy* Letter.  The United States reiterates that objection here.[3]  Given this overall objection to the deposition, the United States currently has no responsive documents.  The United States preserves the option to make additional objections, including those for privileges, in the future should circumstances change.

> **Request No. 8:**      All documents (including communications) and things you reviewed, discussed, generated, and/or considered in preparation for the deposition or at any time in the past, including working notes and memoranda.

**United States' Response:**

The United States objects to this Request for the same reasons in its Response to Request Number 7.  The United States thus reiterates that it has objected to the deposition of its investigator Mr. Williams, who works on the United States' litigation team.  *See, e.g.*, United States' Sept. 11, 2024, *Touhy* Letter.  The United States reiterates that objection here.  Given this overall objection to the deposition, the United States currently has no responsive documents.

---

[3] Defendants' October 3, 2024, Response Letter to the United States' September. 11, 2024, *Touhy* Letter objecting to the deposition of its investigator Williams has not resolved the United States' objections.  While the United States intends to send a reply letter, the United States notes here that Defendants' October 3, 2024, Response Letter did not supply a sufficient summary statement for 28 C.F.R. § 16.23, including as to the United States' necessary inquiry regarding the privileged information that Defendants seek, *see* 28 C.F.R. § 16.26.  Indeed, Defendants' October 3, 2024, Response Letter disavows that its purported summary statement is a complete summary.  *Id.* at 2 n.2.  Moreover, Defendants' Requests for Production here confirm that Defendants are actively seeking to solicit privileged information in their proposed deposition of Mr. Willaims.  The United States will produce Mr. Willaims for a deposition on a mutually agreeable date if and when its objections are resolved through the discovery process that applies to the Parties.  *See generally* Nov. 9, 2021, Order [Appointing Special Master], Doc. # 70; *see also Manzo-Pianelli v. United Servs. Auto. Ass'n*, No. 15-61324, 2015 WL 12806618, at *2 (S.D. Fla. Nov. 3, 2015) (finding party may not use a subpoena to alter or circumvent the normal discovery rules and procedures that apply among the parties); *accord Suarez v. Padron*, No. 18-23930-CIV, 2019 WL 13256088, at *1-2 (S.D. Fla. Mar. 25, 2019).

The United States preserves the option to make additional objections, including those for privileges, in the future should circumstances change.

#   #   #

REGAN RUSH
Acting Chief

KERRY KRENTLER DEAN
Deputy Chief

 */s/ Matthew J. Donnelly*
CURTIS HARRIS
GEORGE EPPSTEINER
EILEEN ULATE
MATTHEW J. DONNELLY
Trial Attorneys
United States Department of Justice
Civil Rights Division
Special Litigation Section
950 Pennsylvania Avenue, NW
Washington, DC 20530
(202) 616-2788
matthew.donnelly@usdoj.gov

JASON R. CHEEK
Chief, Civil Division

CARLA C. WARD
Deputy Civil Chief
United States Attorney's Office
Northern District of Alabama
1801 Fourth Avenue North
Birmingham, Alabama 35203
(205) 244-2185
carla.ward@usdoj.gov

DATED: October 4, 2024

## CERTIFICATE OF SERVICE

I hereby certify that on October 4, 2024, I electronically mailed the foregoing OBJECTIONS AND RESPONSES TO DEFENDANTS' REQUESTS FOR PRODUCTION TO MARK WILLIAMS to Party counsel of record, pursuant to the Parties' stipulation and Federal Rule of Civil Procedure 5(b)(2)(E).

_/s/ Matthew J. Donnelly_
MATTHEW J. DONNELLY
Attorney for the United States