FILED
2025 Feb-05  PM 04:32
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:20-CV-1971-RDP** |
| | ) | |
| **STATE OF ALABAMA, and** | ) | |
| **ALABAMA DEPARTMENT OF** | ) | |
| **CORRECTIONS,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**Exhibit A to**

**NOTICE OF DISCOVERY DISPUTE BY SPECIAL MASTER**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | **CASE NO. 2:20-CV-01971-RDP** |
| STATE OF ALABAMA, and ALABAMA DEPARTMENT OF CORRECTIONS, | ) ) ) | |
| **Defendants.** | ) ) | |

### ADOC'S RESPONSES AND OBJECTIONS TO
### PLAINTIFF'S FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the <u>Federal Rules of Civil Procedure</u>, the Alabama Department of Corrections ("<u>ADOC</u>") hereby submits the following Responses and Objections to the United States' ("<u>Plaintiff</u>") First Set of Interrogatories Directed to ADOC (each an "Interrogatory" and collectively, the "<u>Interrogatories</u>") served on September 21, 2021.

### OBJECTIONS TO EACH INTERROGATORY

1.     ADOC objects to each Interrogatory to the extent the number of Interrogatories, including discrete subparts, exceed the limit agreed to by the Parties in the Rule 26(f) Report of the Parties' Planning Meeting.  (<u>See</u> Fed. R. Civ. P. 33(a); Doc. No. 42 at § 3(f)).

2.     ADOC objects to each Interrogatory to the extent it seeks publicly available information and/or documents and the burden of obtaining the information and/or documents is substantially the same or less for Plaintiff. <u>See</u> Fed. R. Civ. P. 26(b), 33(d).

3.     ADOC objects to each Interrogatory to the extent that it is cumulative and/or duplicative of the information and/or documents available to Plaintiff (including information and/or documents obtained during the CRIPA investigation) and the burden of ascertaining the information and/or documents is substantially the same or less for Plaintiff.  See Fed. R. Civ. P. 26(b), 33(d).

4.     ADOC objects to each Interrogatory because the "Instructions" and "Definitions and Interpretations" attempt to impermissibly expand ADOC's obligations under the Federal Rules of Civil Procedure, change the plain meaning of a word or phrase, and/or make such Interrogatory ambiguous, vague, and confusing.

5.     ADOC objects to each Interrogatory to the extent that the information requested, if any, is irrelevant or not proportional to the needs of the case.  Further, the State objects to each Interrogatory as irrelevant based upon the Court's order requiring Plaintiff to file a Second Amended Complaint.  On October 8, 2021, the Court struck Plaintiff's Amended Complaint as a shotgun pleading and ordered Plaintiff to file a Second Amended Complaint within forty-five (45) days.  (Doc. Nos. 57, 58).

6.     ADOC objects to each Interrogatory to the extent that the information requested is not in ADOC's possession, custody, control, or personal knowledge.

7.     ADOC objects to each Interrogatory to the extent that any Interrogatory is overly broad, vague or ambiguous, oppressive, unduly burdensome, expensive, and/or beyond the permissible scope of discovery under the Federal Rules of Civil Procedure.

8.     ADOC objects to each Interrogatory to the extent that it seeks information protected by attorney-client privilege, the work-product doctrine, and/or any other privilege or immunity.

9.     By supplying any information and/or documents in response to any Interrogatory, ADOC does not admit, and shall not be construed to admit, the relevance of such information and/or documents in this action.  ADOC reserves the right to object to the competency, relevancy, materiality, admissibility and privilege of any information and/or documents requested in any Interrogatory.  ADOC further reserves the right to object on any ground to the use of any information provided, documents produced, or the subject matter thereof, in any subsequent proceeding in, or the trial of, this or any other action.  Any information and/or documentation provided by ADOC in response to any Interrogatory is for use in this action only and for no other purpose, otherwise ADOC would object to providing it to Plaintiff.

10.    ADOC's objections to the Interrogatories are made without waiver, or prejudice, to any additional objections ADOC may hereafter make.  All such objections are hereby expressly preserved as is the right to move for a protective order.

11.    ADOC reserves the right to supplement its objections and answer to each Interrogatory.

## OBJECTIONS TO INSTRUCTIONS

1.    ADOC objects to Instruction No. 1 as overbroad and unduly burdensome to the extent it requests information not in ADOC's possession, custody, control, or personal knowledge.  Additionally, Instruction No. 1 is vague and ambiguous to the extent it requires ADOC to guess or speculate as to what constitutes "other representative."  Furthermore, ADOC objects to Instruction No. 1 to the extent it expands ADOC's obligations under the <u>Federal Rules of Civil Procedure</u>.

2.    ADOC objects to Instructions No. 2 through 7 to the extent they expand ADOC's obligations under the <u>Federal Rules of Civil Procedure</u>.

## OBJECTIONS TO DEFINITIONS AND INTERPRETATIONS

1.    ADOC objects to Definition and Interpretation No. 1 to the extent it expands ADOC's obligations under the <u>Federal Rules of Civil Procedure</u>.

2.    ADOC objects to Definition and Interpretation No. 2 to the extent it expands ADOC's obligations under the <u>Federal Rules of Civil Procedure</u>. Additionally, Definition and Interpretation No. 2 is vague and ambiguous to the extent it requires ADOC to guess or speculate as to the meaning of "appropriate contextual meaning."

3.    ADOC objects to Definitions and Interpretations No. 3 through 5 to the extent they expand ADOC's obligations under the <u>Federal Rules of Civil Procedure</u>.

4.    ADOC objects to Definition and Interpretation No. 6 regarding "Contraband."  The definition is vague and ambiguous to the extent it requires ADOC to guess or speculate as to the meaning of "reasonably be expected."

5.    ADOC objects to Definition and Interpretation No. 7 regarding "Document" to the extent it expands ADOC's obligations under the <u>Federal Rules of Civil Procedure</u>.  Additionally, it is overbroad and unduly burdensome to the

extent it encompasses information and/or documents to which ADOC "can obtain access" but are not within ADOC's possession, custody, or control.

6.    ADOC objects to Definition and Interpretation No. 8 regarding "Facilities" as overbroad and unduly burdensome to the extent it includes "any Facility built to supplement or replace these Facilities, whether or not owned by Alabama and ADOC."

7.    ADOC objects to Definition and Interpretation No. 15 regarding "Staff" as overbroad and unduly burdensome to the extent it includes volunteers and contractors of ADOC as those are independent third-parties for whom ADOC cannot (and possesses no obligation) to answer.

### ADDITIONAL OBJECTIONS AND ANSWERS TO EACH INTERROGATORY

## Interrogatory No. 1

Identify (in a sortable and searchable format) every prisoner death that occurred at one of the Facilities, or during or after transfer from a Facility to an outside hospital.  For each prisoner death, provide: date of death, name of the deceased prisoner, ADOC identification number or AIS# of the deceased prisoner, Facility where the prisoner was last incarcerated, cause of death, the name of the hospital (if any) where the prisoner was sent for treatment related to the death, the related incident report numbers, the LESD investigative numbers related to the death, and the name of the entity where the body was sent for an autopsy.

**ADDITIONAL OBJECTIONS AND ANSWER:**  Interrogatory No. 1,

including discrete subparts, is at least ten (10) Interrogatories.  ADOC objects to

Interrogatory No. 1 because the information it seeks is irrelevant to the claims and

defenses in this action, unduly burdensome in terms of scope and cost, and

disproportional to the needs of this case.  For example, an inmate at Hamilton who

died of natural causes is wholly irrelevant to any claim concerning violence within

ADOC's prisons and, therefore, Plaintiff lacks any need for information concerning

the inmate's name and AIS#, cause of death, hospital-level care, incident report number, and autopsy location (if any). ADOC further objects to Interrogatory No. 1 as overbroad, unduly burdensome, and outside the obligations of Rule 33 to the extent it requires ADOC to provide an answer in a "sortable and searchable format." Indeed, ADOC produced, or will produce in the near future, incident reports for incident report class codes (including Death – Inmate – Accident; Death – Inmate – Suicide; Death – Inmate-on-Inmate; and Inmate Death-Natural) in a format that Plaintiff can easily ascertain any relevant information sought by Interrogatory No. 1. See Fed. R. Civ. P. 33(d). Finally, ADOC objects to Interrogatory No. 1 as overbroad, unduly burdensome, and disproportional to the needs of this case to the extent it calls for ADOC to prepare a compilation of data for Plaintiff and/or to reproduce, in narrative answer format, information from various documents or forms across multiple ADOC facilities (including facilities not part of this action) in the possession of a variety of different divisions and persons. Subject to and without waiving its objections, ADOC directs Plaintiff to the incident reports and supporting documents produced by ADOC in response to Plaintiffs' Amended First Request for Production served on September 14, 2021.

## Interrogatory No. 2

Identify (in a sortable and searchable format) all incidents referred by ADOC to local or federal law enforcement for criminal prosecution. For each incident referred, provide: date of incident, the related incident report numbers, the LESD investigative numbers related to the incident, the basis for referral, Facility where

the incident occurred, name of the local or federal office to which it was referred, names and ADOC identification numbers or AIS#s of any involved prisoners, names of any involved staff members, and the case number if the incident was prosecuted.

**ADDITIONAL OBJECTIONS AND ANSWER:** Interrogatory No. 2, including discrete subparts, is at least ten (10) Interrogatories. ADOC objects to Interrogatory No. 2 because the information it seeks is irrelevant to the claims and defenses in this action, unduly burdensome in terms of scope and cost, and disproportional to the needs of this case. ADOC does not keep the information sought by Plaintiff in Interrogatory No. 2 in the format requested and to obtain all information sought concerning criminal prosecution of "incidents" would result in undue burden and cost on ADOC. ADOC further objects to Interrogatory No. 2 as overbroad, unduly burdensome, and outside the obligations of Rule 33 to the extent it requires ADOC to provide an answer in a "sortable and searchable format." Additionally, ADOC objects to Interrogatory No. 2 because Plaintiff seeks information such as a "case number" from a case "prosecuted" by "local or federal law enforcement" that is not in ADOC's possession, custody, or control. Again, ADOC produced, or will produce in the near future, incident reports in a format that Plaintiff can easily ascertain any relevant information sought by Interrogatory No. 2. See Fed. R. Civ. P. 33(d). ADOC further objects to Interrogatory No. 2 as overbroad, unduly burdensome, and disproportional to the needs of this case to the extent it calls for ADOC to prepare a compilation of data for Plaintiff and/or to

6

reproduce, in narrative answer format, information from various documents or forms across multiple ADOC facilities (including facilities not part of this action) in the possession of a variety of different divisions and persons.  Finally, ADOC objects to Interrogatory No. 2 because it is vague and ambiguous to the extent it requires ADOC to guess or speculate as to the meaning of "incident," "basis for referral," "any involved prisoners," and "any involved staff members."  Subject to and without waiving its objections, ADOC directs Plaintiff to the incident reports and supporting documents produced by ADOC in response to Plaintiffs' Amended First Request for Production served on September 14, 2021.

**<u>Interrogatory No. 3</u>**

Identify (in a sortable and searchable format) all employees, contractors, and volunteers who have been disciplined, or resigned while an investigation of misconduct was pending, for misconduct related to contraband or extortion, supervision of or interaction with prisoners, staff use of force, or security staffing, including failure to work overtime.  For each person listed, include: name of individual, any employee identification number, individual's position at time of alleged infractions, date of alleged infractions, description of allegations, disciplinary action taken, date of employment action, Facility, and the custodian of any records related to the separation from service.

**ADDITIONAL OBJECTIONS AND ANSWER:** Interrogatory No. 3, including discrete subparts, is at least fourteen (14) Interrogatories.  ADOC objects to Interrogatory No. 3 as irrelevant to the extent it is not limited to "discipline" or "misconduct" occurring at one of the ADOC facilities at issue in this action and seeks an "employee identification number."  ADOC further objects to Interrogatory

No. 3 because it is vague, ambiguous, and confusing in asking about "discipline" and other information for persons such as "contractors" and "volunteers" that ADOC lacks personal knowledge or any employment relationship, and in seeking information about "staff use of force" and "security staffing." Additionally, ADOC objects to Interrogatory No. 3 as overbroad, unduly burdensome, and outside the obligations of Rule 33 to the extent it requires ADOC to provide an answer in a "sortable and searchable format." ADOC objects to Interrogatory No. 3 as unduly burdensome in terms of scope and cost and disproportional to the needs of this case. Indeed, to answer Interrogatory No. 3, including its various subparts, would require a review of numerous individual employment files, some of which are not in the possession, custody, or control of ADOC, and invade the privacy rights of third parties. Finally, ADOC objects to Interrogatory No. 3 as overbroad, unduly burdensome, and disproportional to the needs of this case to the extent it calls for ADOC to prepare a compilation of data for Plaintiff and/or to reproduce, in narrative answer format, information from various documents or forms across multiple ADOC facilities (including facilities not part of this action) in the possession of a variety of different divisions and persons. Subject to and without waiving its objections, ADOC directs Plaintiff to the incident reports and supporting documents produced by ADOC in response to Plaintiffs' Amended First Request for Production served on September 14, 2021.

**Interrogatory No. 4**

Identify (in a sortable and searchable format) all positions in ADOC central management office including full position titles, job responsibilities, whether the position is vacant, and the full name and any employee identification number of each staff currently in each role.

**ADDITIONAL OBJECTIONS AND ANSWER:** Interrogatory No. 4, including discrete subparts, is at least five (5) Interrogatories. ADOC objects to Interrogatory No. 4 because it is irrelevant to the extent it seeks information about positions and persons in ADOC's "central management office" who would not have knowledge of any facts, policies, or other information related to the allegations in Plaintiffs' Amended Complaint and because it seeks "employee identification numbers." Plaintiff cannot invade the privacy rights of third parties. ADOC further objects to Interrogatory No. 3 because it seeks information that is publicly available, including information available on ADOC's website concerning its executive leadership. Finally, ADOC objects to Interrogatory No. 4 as overbroad, unduly burdensome, and disproportional to the needs of this case to the extent it calls for ADOC to prepare a compilation of data for Plaintiff and/or to reproduce, in narrative answer format, information from various documents or forms across multiple ADOC facilities (including facilities not part of this action) in the possession of a variety of different divisions and persons.

**Interrogatory No. 5**

For each Facility, identify (in a sortable and searchable format) all medical centers, hospitals, rape crisis centers, or other outside locations where ADOC transfers prisoners for treatment after suffering injuries as the result of potential/alleged staff use of force, prisoner-on-prisoner violence, drug use, sexual abuse, or after death.

**ADDITIONAL OBJECTIONS AND ANSWER:** Interrogatory No. 5, including discrete subparts, is at least twelve (12) Interrogatories. ADOC objects to Interrogatory No. 5 as vague, ambiguous, and confusing as a result of the use of the term "staff" and to the extent Plaintiff seeks medical providers providing "treatment" to "prisoners" "after death." Of course, no medical provider treats a person after death. ADOC further objects to Interrogatory No. 5 because it seeks information outside its personal knowledge, including information within the personal knowledge of ADOC's medical vendor, Wexford Health Sources, Inc. Additionally, ADOC objects to Interrogatory No. 5 as overbroad, unduly burdensome, and outside the obligations of Rule 33 to the extent it requires ADOC to provide an answer in a "sortable and searchable format." Finally, ADOC objects to Interrogatory No. 5 as overbroad, unduly burdensome, and disproportional to the needs of this case to the extent it calls for ADOC to prepare a compilation of data for Plaintiff and/or to reproduce, in narrative answer format, information from various documents or forms across multiple ADOC facilities (including facilities not part of this action) in the possession of a variety of different divisions and persons. Subject to and without

waiving its objections, ADOC directs Plaintiff to the incident reports and supporting documents (including the following incident codes Death – Inmate – Accident; Death – Inmate – Suicide; Death – Inmate-on-Inmate; Inmate Death-Natural; Assault – Inmate on Inmate Throwing Substances; Assault – Inmate on Inmate with Weapon; Assault – Inmate on Inmate without Weapon; Assault – Inmate on Staff Throwing Substances; Assault – Inmate on Staff with Weapon; Assault – Inmate on Staff without Weapon; Assault - Inmate-on-Inmate - No Injury; Assault-Inmate-on-Employee; Assault-Inmate-on-Employee with Serious Injury; Assault-Inmate-On-Inmate -- Non Serious Injury; Assault-Inmate-on-Staff; Assault-Inmate-on-Staff with Serious Injury; Fighting - Inmate on Other - w/o Weapon; Fighting - Inmate on Other - with Weapon; Fighting - Inmate-on-Inmate - With Weapon; Fighting - Inmate-on-Inmate Fighting w/o Weapon; Injury - Accident - Inmate – Serious; Sexual Assault – Inmate on Inmate with Weapon; Sexual Assault – Inmate on Inmate without Weapon; Sexual Assault – Inmate on Staff with Weapon; Sexual Assault - Inmate-on-Inmate; Use of Force - Chemical Agents/Electric Restraints/Impact Weapon/Physical; Use of Force – Lethal) produced by ADOC in response to Plaintiffs' Amended First Request for Production served on September 14, 2021.

## Interrogatory No. 6

Identify (in a sortable and searchable format) all lawsuits—by case name, court, case number, and case disposition—that prisoners filed against ADOC, the State of Alabama, or Defendants' officials, in state or federal courts since January 1, 2018, that allege violations of the United States Constitution regarding prisoner-on-

prisoner violence or sexual abuse, staff use of force, or unsafe conditions of confinement.

**ADDITIONAL OBJECTIONS AND ANSWER:** Interrogatory No. 6, including discrete subparts, is at least seven (7) Interrogatories. ADOC objects to Interrogatory No. 6 as overbroad, unduly burdensome, and disproportional to the needs of this case. ADOC further objects because Interrogatory No. 6, including discrete subparts, seeks information that is publicly available and the burden of ascertaining the information is substantially the same or less for Plaintiff. See Fed. R. Civ. P. 26(b), 33(d). Additionally, ADOC objects to Interrogatory No. 6 as vague and ambiguous, particularly in using the terms or phrases "Defendants' officials," "staff," and "unsafe conditions of confinement" because those terms or phrases require ADOC to speculate on "lawsuits" that might be responsive. ADOC further objects to Interrogatory No. 6 as overbroad, unduly burdensome, and disproportional to the needs of this case to the extent it calls for ADOC to prepare a compilation of data for Plaintiff and/or to reproduce, in narrative answer format, information from various documents or forms across multiple ADOC facilities (including facilities not part of this action) in the possession of a variety of different divisions and persons. Finally, ADOC objects to Interrogatory No. 6 as irrelevant to the extent "unsafe conditions of confinement" refers to "lawsuits" asserting claims similar to Plaintiff's claims regarding physical plant conditions. Plaintiff's claims regarding physical plant conditions must be re-pleaded pursuant to the Court's October 8, 2021

Order. (Doc. No. 58). Only if Plaintiff cures the deficiencies identified by the Court in its October 8, 2021 Memorandum Opinion (Doc. No. 57) will ADOC have an obligation to meet and confer concerning the discovery sought relating to Plaintiff's clams on any physical plant conditions.

**Interrogatory No. 7**

Identify the ADOC staff, by name and position, responsible for tracking and responding to complaints or concerns received by ADOC from third parties, including non-profits, contractors, volunteers, or friends and family members of prisoners, related to prison conditions such as prisoner-on-prisoner violence, sexual abuse, staff use of force, contraband, or physical plant conditions, including cameras, locks, and bathroom and shower facilities that are not properly functioning. For each individual, describe how they receive and track the complaints or concerns.

**ADDITIONAL OBJECTIONS AND ANSWER:** Interrogatory No. 7, including discrete subparts, is at least four (4) Interrogatories. ADOC objects to Interrogatory No. 7 as irrelevant, unduly burdensome, and disproportional to the needs of this case to the extent Plaintiff seeks the "name and position" of any "staff" who "respond[ed] to complaints or concerns" from "third parties" concerning a variety of issues at any ADOC facility (including facilities not part of this action) regardless of the formal or informal nature of the "complaint" or "concern" over a lengthy temporal period. Indeed, this Interrogatory No. 7 is made more objectionable by the use of vague and ambiguous terms and phrases such as "staff," "contractors," "volunteers," and "physical plant conditions," as well as Plaintiff's attempt to expand the breadth of this Interrogatory by making "tracking and

responding" disjunctive.  As written (including using Plaintiff's improper definitions and instructions), Plaintiff essentially seeks the identity of all persons who have been in any ADOC facility since January 1, 2019, an impossible task.  Additionally, ADOC objects to Interrogatory No. 7 as irrelevant to the extent it seeks information about complaints regarding physical plant conditions.  Plaintiff's claims regarding physical plant conditions must be re-pleaded pursuant to the Court's October 8, 2021 Order.  (Doc. No. 58).  Only if Plaintiff cures the deficiencies identified by the Court in its October 8, 2021 Memorandum Opinion (Doc. No. 57) will ADOC have an obligation to meet and confer concerning the discovery sought relating to Plaintiff's clams regarding physical plant conditions.

**<u>Interrogatory No. 8</u>**

Identify by name all accountability tools, including audits, analyses, strategic plans or other reports, and any corresponding databases underlying those tools, that ADOC periodically performs internally or conducts through consultants, or other outside parties for the following topics:

    (a) security staffing
    (b) prisoner deaths
    (c) prisoner injuries
    (d) contraband
    (e) prisoner-on-prisoner violence
    (f) prisoner drug possession or use
    (g) prisoner overdoses
    (h) prisoner discipline
    (i) staff use of force
    (j) classification screening
    (k) intake screening
    (l) prisoner sexual abuse
    (m) staff misconduct

(n) physical plant conditions (including cameras, locks, and bathroom and shower facilities that are not properly functioning), or

(o) retaliation against prisoners or staff.

For each accountability tool listed, include: the frequency with which the document is issued, the office or individual responsible for preparing the document, and the subjects covered.

**ADDITIONAL OBJECTIONS AND ANSWER:** Interrogatory No. 8, including discrete subparts, contains five (5) Interrogatories on fifteen (15) separate topics for a total of seventy-five (75) Interrogatories. See Fed. R. Civ. P. 33(a)(1). ADOC objects to Interrogatory No. 7 because it is overbroad, unduly burdensome, and disproportional to the needs of the case.  ADOC further objects to Interrogatory No. 7 as vague and ambiguous, particularly because of the use of terms or phrases "accountability tools" in relation to items other than "audits" (i.e., "analyses," "strategic plans," and "other reports"), "corresponding databases," "staff," "physical plant conditions," and "retaliation."  If Plaintiff intends ADOC to interpret the terms or phrases "analyses," "strategic plans," and "other reports" broadly, then the "accountability tools" would include basic forms used by ADOC and/or its medical and mental-health vendors on a daily basis.  For example, many of the fifteen (15) topics would include "analyses" and "other reports" contained in incident reports (ex. ADOC Form 302) that are stored in the incident report database.  Additionally, ADOC objects to Interrogatory No. 8 to the extent Plaintiff seeks through the use of the terms or phrases "consultants" and "other outside parties" information protected

15

by attorney-client privilege, work-product doctrine, and/or a non-disclosure agreement, confidentiality agreement, or protective order with another person or tribunal. Finally, ADOC objects to Interrogatory No. 8 as irrelevant to the extent "unsafe conditions of confinement" refers to "lawsuits" asserting claims similar to Plaintiff's claims regarding physical plant conditions. Plaintiff's claims regarding physical plant conditions must be re-pleaded pursuant to the Court's October 8, 2021 Order. (Doc. No. 58). Only if Plaintiff cures the deficiencies identified by the Court in its October 8, 2021 Memorandum Opinion (Doc. No. 57) will ADOC have an obligation to meet and confer concerning the discovery sought relating to Plaintiff's clams on any physical plant conditions.

**Interrogatory No. 9**

Identify which Facilities have surveillance cameras and what year the cameras were installed. For each Facility, include identification of (in a sortable and searchable format) how many cameras are in operational use, where in the Facility those cameras are located, where in the Facility inoperative cameras are located, the date range for when any cameras were out of service, how long the video footage is retained, and whether, and how many of, the security staff at the Facility employ the use of body cameras.

**ADDITIONAL OBJECTIONS AND ANSWER:** Interrogatory No. 9, including discrete subparts, is at least eight (8) Interrogatories. ADOC objects to Interrogatory No. 9 as irrelevant to the extent it seeks information about physical plant conditions. Plaintiff's claims regarding physical plant conditions must be re-pleaded pursuant to the Court's October 8, 2021 Order. (Doc. No. 58). Only after

Plaintiff cures the deficiencies identified by the Court in its October 8, 2021 Memorandum Opinion (Doc. No. 57) will ADOC have an obligation to meet and confer concerning the discovery sought relating to Plaintiff's clams regarding physical plant conditions.    ADOC further objects to Interrogatory No. 9 as overbroad, unduly burdensome, and disproportional to the needs of this case to the extent it calls for ADOC to prepare a compilation of data for Plaintiff and/or to reproduce, in narrative answer format, information from various documents or forms across multiple ADOC facilities (including facilities not part of this action) in the possession of a variety of different divisions and persons.    Additionally, ADOC objects to Interrogatory No. 9 as overbroad, unduly burdensome, and disproportional to the needs of this case, especially as it relates to location and operational status of every camera (including body camera) at every "Facility" and every "security staff" at a "Facility" who may have "employ[ed]" the use of body cameras.

**Interrogatory No. 10**

For each month, identify the number of Mandatory and Essential Posts that were designated for each Facility and the number of posts that were vacant at each Facility, by position and shift, including the number of shifts each Post was not filled during the month.

**ADDITIONAL OBJECTIONS AND ANSWER:**  Interrogatory No. 10, including discrete subparts, is at least eight (8) Interrogatories.  ADOC objects to Interrogatory No. 10 as overbroad, unduly burdensome, and disproportional to the needs of the case (a) to the extent answering would require ADOC to gather and review the

assignment rosters for every shift for every facility for every day since January 1, 2019, which numbers over twenty-five thousand (25,000) assignment rosters, and (b) to the extent it calls for ADOC to prepare a compilation of data for Plaintiff and/or to reproduce, in narrative answer format, information from various documents or forms across multiple ADOC facilities (including facilities not part of this action) in the possession of a variety of different divisions and persons. ADOC further objects to Interrogatory No. 10 to the extent it seeks information protected by attorney-client privilege, work-product doctrine, and/or a non-disclosure agreement, confidentiality agreement, or protective order with another person or tribunal. Nevertheless, ADOC notes that Plaintiff obtained a copy of the May 1, 2018 staffing analysis completed by Russ and Meg Savage during the CRIPA investigation. (Braggs Doc. No. 1813-1).

Dated: October 21, 2021

/s/ William R. Lunsford
William R. Lunsford
*One of the Attorneys for ADOC*

William R. Lunsford
Matthew B. Reeves
Stephen C. Rogers
**MAYNARD, COOPER & GALE, PC**
655 Gallatin Street
Huntsville, AL 35801
Telephone: (256) 551-0171
Facsimile: (256) 512-0119
blunsford@maynardcooper.com

mreeves@maynardcooper.com
srogers@maynard.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have served a copy of the foregoing upon the following, via email and/or U.S. Mail, first class postage prepaid and properly addressed, on this the 21st day of October, 2021:

Carla Ward
Jason R. Cheek
Lane H. Woodke
William R. Chambers, Jr.
Praveen Krishna
United States Attorney's Office
1801 Fourth Avenue North
Birmingham, Alabama 35203
Telephone: (205) 244-2185
Facsimile:  (205) 244-2181
Carla.Ward@usdoj.Gov
Jason.Cheek@usdoj.Gov
lane.woodke@usdoj.gov
Will.Chambers@usdoj.gov
praveen.krishna@usdoj.gov

Steven H. Rosenbaum
Kerry K. Dean
United States Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530
Telephone: (202) 258-3036
kerry.k.dean@usdoj.gov

Curtis Harris
Deena Fox
United States Department of Justice
150 M Street NE
Washington, DC 20004
Telephone: (202) 305-1361
curtis.harris@crt.usdoj.gov
deena.fox@usdoj.gov

Eric S. Dreiband
Equal Employment Opportunity Commission
1801 L Street NW
Washington, DC 20507
(202) 663-4900

/s/ *William R. Lunsford*

*Of Counsel*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:20-CV-01971-RDP** |
| | ) | |
| **STATE OF ALABAMA, and ALABAMA** | ) | |
| **DEPARTMENT OF CORRECTIONS,** | ) | |
| | ) | |
| **Defendants.** | | |

**THE STATE'S OBJECTIONS AND ANSWERS
TO PLAINTIFF'S SECOND SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the <u>Federal Rules of Civil Procedure</u>, the State of Alabama

and the Alabama Department of Corrections ("<u>ADOC</u>," and collectively the "<u>State</u>") hereby

submit the following Objections and Answers to Plaintiff's Second Interrogatories (each an

"<u>Interrogatory</u>" and collectively, the "<u>Interrogatories</u>") served by Plaintiff on April 26, 2024.

<u>**OBJECTIONS TO EACH INTERROGATORY**</u>

The State provides its objections and understanding in responding to each Interrogatory:

1.      By responding to any Interrogatory, the State does not admit any information in its answer (including any referenced document) is relevant in this action.  Additionally, the State responds to these Interrogatories with the express understanding that his answers and any responsive documents will be used in this action alone and for no other purpose.

2.      The State objects to each Interrogatory to the extent the number of Interrogatories, including discrete subparts, exceed the limit agreed to by the Parties in the Rule 26(f) Report of the Parties' Planning Meeting.  (<u>See</u> Fed. R. Civ. P. 33(a); Doc. No. 42 at 3 § (f)).

3.      The State reserves the right to supplement its answer to each Interrogatory during or after completion of discovery.

4.      The State objects to each Interrogatory to the extent that the information and/or documentation called for, if any, is irrelevant or not reasonably calculated to lead to the discovery of admissible evidence.

5.      The State objects to each Interrogatory because Plaintiff's discovery exceeds the

nature, character, and extent of discovery Plaintiff represented it needed or the Court afforded Plaintiff.

6.      The State objects to each Interrogatory to the extent that such Interrogatory is overly broad, vague, and ambiguous, oppressive, unduly burdensome, expensive, disproportional to the needs of this case, and/or beyond the permissible scope of discovery under the <u>Federal Rules of Civil Procedure</u>, either as an individual Interrogatory or through a cumulative effect when considered in light of the other Interrogatories.

7.      The State objects to each Interrogatory to the extent the "Definitions" and "Instructions" accompanying Plaintiff's Interrogatories attempt to vary the obligations and procedures imposed by the <u>Federal Rules of Civil Procedure</u>, change the plain meaning of a word or phrase, and make such Interrogatory ambiguous, confusing, and vague.

8.      The State objects to each Interrogatory to the extent that the information and/or documentation called for, if any, was obtained and prepared in anticipation of litigation or for trial, and Plaintiff has made no showing that it has a substantial need for the materials in the preparation of this action, and that it is unable without due hardship to obtain the substantial equivalent of the materials by other means.

9.      The State objects to each Interrogatory to the extent Plaintiff seeks information or documents protected by the attorney-client privilege, work product doctrine, joint defense doctrine, the continuous quality improvement / peer review privilege, the law enforcement / investigatory privilege, and any other applicable privilege or immunity.   Moreover, any inadvertent production of privileged materials by the State may not be construed as a waiver of the applicable privilege.    The State reserves the right to seek the return of such privileged materials, and to object to their use.   The State reserves the right to redact privileged information from documents that contain both privileged and non-privileged information.

10.     The State objects to each Interrogatory to the extent that it seeks information or documents that are confidential and/or proprietary in nature, including, without limitation, sensitive security and/or proprietary information.

11.     The State objects to each Interrogatory to the extent that it seeks discovery that is unreasonably cumulative, duplicative, or seeks information that is equally available to Plaintiff and the burden on Plaintiff to obtain the requested information or documents is no greater than the burden on the State.

12.     The State objects to each Interrogatory that exceeds the number of discovery requests authorized by the <u>Federal Rules of Civil Procedure</u> (including, but not limited to, the limitations on Interrogatories, Requests for Production, and Requests for Admissions), or any order that may be entered by the Court.

13.     The State reserves the right to object on any ground to the use of any information provided, documents produced, or the subject matter thereof, in any subsequent proceeding, or the trial of this or any other action.

14.     The State makes these objections without waiver of, or prejudice to, additional

objections it may make.   Further, the State expressly reserves all such objections, as well as the right to move for a protective order.

<u>**ADDITIONAL OBJECTIONS AND ANSWERS TO PLAINTIFF'S INTERROGATORIES**</u>

**INTERROGATORY NO. 11:** Identify the custodian(s) for each Facility that compiled and provided responsive documents to Request for Production No. 255.[1]

**ADDITIONAL OBJECTIONS AND RESPONSE:**  The State objects to Interrogatory No. 11, including its discrete subparts, as it contains at least thirteen (13) Interrogatories given the number of "Facilities" listed in Plaintiff's definitions.  The State also objects to this Interrogatory as vague and ambiguous to the extent that it requires the State to guess or speculate as to what constitutes "custodian(s)" or "compiled and provided."  Even when read in context and based on generally recognized understandings of these terms, this Interrogatory remains nonsensical.  It seeks the "custodian" of three (3) discrete categories of documents at thirteen (13) Facilities <u>and</u> (apparently) the identity of person(s) who compiled and provided the three (3) discrete categories of documents at thirteen (13) Facilities.  Indeed, this Interrogatory suffers a fatal presumption:  the "custodian(s) at a Facility "compiled and provided" responsive documents.  In the litigation context, "custodian" commonly refers to a person with ownership or "[p]ossession, custody, or control[]" over documents.  <u>See</u> Fed. R. Civ. P. 45.  Of course, the State owns or exercises possession, custody, and control over documents at the Facilities and, therefore, the State is the "custodian" of the documents.

If, however, Plaintiff seeks the identity of the person(s) who "compiled and provided" the three (3) categories of documents from the Facilities, then a number of other objections exist.  For instance, the State objects to the extent Plaintiff seeks information protected by the attorney-client privilege, work-product doctrine, and any other privilege or immunity because, if broadly defined, the State's counsel "compiled and provided documents [responsive] to Request for Production No. 255" to Plaintiff's counsel.  Moreover, this Interrogatory lacks any relevance whatsoever to the claims and defenses in this action and lacks proportionality to the needs of this case.  Neither the U.S. Supreme Court nor the Eleventh Circuit ever mandated, as a constitutional minimum, a system for recording and addressing maintenance items in a prison.

The State further objects because this Interrogatory duplicates testimony provided by Director of Facilities Management Jenny Abbott during her deposition on May 10, 2024, concerning maintenance requests, lists of maintenance requests, closure of maintenance requests, and production of maintenance-related documentation.  During Abbott's deposition, Plaintiff's counsel asked about several specific maintenance requests and lists produced in response to Request for Production No. 255, including persons who prepared and maintained these documents at Facilities such as Easterling and Limestone.

---

[1] Request for Production No. 255 stated: "Please provide all maintenance requests, or a list of all requests, submitted in the Facilities for the months of November 2022 and November 2023 and the dates in which the request were closed, including the reason for the closure."

**INTERROGATORY NO. 12:**  Identify which Facilities have an electronic system to track security check rounds with an electronic wand/pole touch system, which housing unit(s) the system is in place in, and the date of the system's implementation in each Facility. *See*, *e.g.*, Deposition of Joseph Headley (Mar. 22, 2024), at 128:6-132:19 (referring to the system as the "Guard One" system).

**ADDITIONAL OBJECTIONS AND RESPONSE:**  The State objects to Interrogatory No. 12, including its discrete subparts, as it contains at least three (3) Interrogatories.  The State also objects to this Interrogatory as vague and ambiguous to the extent it requires the State to guess or speculate as to what constitutes "track," "security check rounds," "touch system," and "implementation."  Moreover, the State objects as this Interrogatory seeks disclosure of information not relevant to Plaintiff's claims.  Further, the State objects to Interrogatory No. 12 as overbroad, unduly burdensome, and disproportional to the needs of the case, especially as it relates to location of every "Guard One system" at every Facility.  The State further objects because this Interrogatory duplicates testimony provided by numerous ADOC employees, including, most recently, Warden Christopher Gordy.

Subject to and without waiving the foregoing objections, the State responds that Bibb, Bullock, Donaldson, Easterling, Fountain, Holman, Kilby, Limestone, Staton, St. Clair, and Ventress Correctional Facilities possess the "Guard One system."  On August 25, 2023, ADOC "implemented" or achieved substantial completion of the "Guard One system" at Bibb, Bullock, Donaldson, Easterling, Fountain, Kilby, Limestone, St. Clair, and Ventress Correctional Facilities (the "Nine Original Sites").  For Holman and Staton Correctional Facilities, ADOC "implemented" or achieved substantial completion of the "Guard One system" on December 14, 2023 and December 20, 2023, respectively.  For the Nine Original Sites, the "Guard One system" exists in any cell or area designated as a Restrictive Housing Unit, Residential Treatment Unit, Crisis Cell, Structured Living Unit, Stabilization Unit, Special Safety Unit, Safe Keeping Unit, Intake Unit, or infirmary.  For Staton, the "Guard One system" exists in housing units A through F.  For Holman, the "Guard One system" exists in the Restrictive Housing Unit.

Dated: May 28, 2024.

*/s/ William R. Lunsford*
William R. Lunsford

*One of the Attorneys for the State*

William R. Lunsford
Matthew B. Reeves
Lynette E. Potter
Kenneth S. Steely
Clifford Z. Stafford

4

Daniel J. Chism
Carson T. Perreault
P. Andrew Ray
William J. Cranford, III
Andrew T. Toler

**BUTLER SNOW LLP**
200 West Side Square
Suite 100
Huntsville, Alabama 35801
Telephone: (256) 936-5650
Facsimile: (256) 936-5651
bill.lunsford@butlersnow.com
matt.reeves@butlersnow.com
lynette.potter@butlersnow.com
kenneth.steely@butlersnow.com
zane.stafford@butlersnow.com
daniel.chism@butlersnow.com
carson.perreault@butlersnow.com
andrew.ray@butlersnow.com
will.cranford@butlersnow.com
andrew.toler@butlersnow.com

Keith J. Fernandez
**BUTLER SNOW LLP**
445 North Boulevard
Suite 300
Baton Rouge, Louisiana 70802
Telephone: (225) 325-8700
Facsimile: (225) 325-8800
keith.fernandez@butlersnow.com

Edderek L. Beau Cole
**BUTLER SNOW LLP**
1020 Highland Colony Parkway
Suite 1400
Ridgeland, Mississippi 39157
Telephone: (601) 948-5711
beau.cole@butlersnow.com

Michael B. Beers
**BUTLER SNOW LLP**
250 Commerce Street
Suite 100
Montgomery, Alabama 36104
Telephone: (334) 832-2905

5

Facsimile: (334) 832-2901
mike.beers@butlersnow.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon all attorneys of record in this matter, including without limitation the following, by electronic mail on this 28th day of May, 2024:

Carla Ward
Jason R. Cheek
William R. Chambers, Jr.
Praveen Krishna
**UNITED STATES ATTORNEY'S OFFICE**
1801 Fourth Avenue North Birmingham, Alabama 35203
Telephone: (205) 244-2185
Facsimile: (205) 244-2181
carla.ward@usdoj.gov
jason.cheek@usdoj.gov
will.chambers@usdoj.gov
praveen.krishna@usdoj.gov

George Eppsteiner
Deena Fox
Curtis Harris
Eileen Ulate
**UNITED STATES DEPARTMENT OF JUSTICE**
150 M Street NE
Washington, DC 20004
Telephone: (202) 305-1361
george.eppsteiner@usdoj.gov
deena.fox@usdoj.gov
curtis.harris@usdoj.gov
natasha-eileen.ulate@usdoj.gov

Kerry K. Dean
Matthew J. Donnelly
Steven Rosenbaum
**UNITED STATES DEPARTMENT OF JUSTICE**
950 Pennsylvania Avenue NW
Washington, DC 20530
Telephone: (202) 258-3036
kerry.k.dean@usdoj.gov
matthew.donnelly@usdoj.gov
Steven.rosenbaum@usdoj.gov

/s/ William R. Lunsford
Of Counsel

7

## **VERIFICATION**

The foregoing responses to interrogatory No. 12 are true and correct.

David Courson

By: David Courson
Title: Director of Security Technologies
Division, Alabama Department of
Corrections

STATE OF ALABAMA ) ) COUNTY OF JEFFERSON )

I, a Notary Public in and for said County in said State, hereby certify that
*David Courson* signed to the foregoing instrument and who is known to me,
acknowledged before me on this day that, being informed of the contents of the instrument, he,
with full authority, executed the same voluntarily.

Given under my hand and official seal this 28th day of *May*, 2024.

Daniel James Chism
Notary Public
Alabama State at Large
My Commission Expires: 08/11/2026

Notary Public
My Commission Expires: 8/11/26

**NOTARY SEAL**

[Remainder of page intentionally left blank.]

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )    **Case No. 2:20-CV-01971-RDP** |
| | ) |
| **STATE OF ALABAMA, and ALABAMA** | ) |
| **DEPARTMENT OF CORRECTIONS,** | ) |
| | ) |
| **Defendants.** | |

**THE STATE'S OBJECTIONS AND ANSWERS**
**TO PLAINTIFF'S THIRD SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the <u>Federal Rules of Civil Procedure</u>, the State of Alabama

and the Alabama Department of Corrections ("<u>ADOC</u>," and collectively the "<u>State</u>") hereby

submit the following Objections and Answers to Plaintiff's Third Interrogatories (each an

"<u>Interrogatory</u>" and collectively, the "<u>Interrogatories</u>") served by Plaintiff on November 8, 2024.

<u>**OBJECTIONS TO EACH INTERROGATORY**</u>

The State provides its objections and understanding in responding to each Interrogatory:

1.      By responding to any Interrogatory, the State does not admit any information in
its answer (including any referenced document) is relevant in this action.  Additionally, the State
responds to these Interrogatories with the express understanding that its answers and any
responsive documents will be used in this action alone and for no other purpose.

2.      The State objects to each Interrogatory to the extent the number of Interrogatories,
including discrete subparts, exceed the limit agreed to by the Parties in the Rule 26(f) Report of
the Parties' Planning Meeting.  (<u>See</u> Fed. R. Civ. P. 33(a); Doc. No. 42 at 3 § (f)).

3.      The State reserves the right to supplement its answer to each Interrogatory during
or after completion of discovery.

4.      The State objects to each Interrogatory to the extent that the information and/or
documentation called for, if any, is irrelevant or not reasonably calculated to lead to the discovery
of admissible evidence.

5.      The State objects to each Interrogatory because Plaintiff's discovery exceeds the

nature, character, and extent of discovery Plaintiff represented it needed or this Court afforded Plaintiff.

6.      The State objects to each Interrogatory to the extent that such Interrogatory is overly broad, vague, and ambiguous, oppressive, unduly burdensome, expensive, disproportional to the needs of this case, and/or beyond the permissible scope of discovery under the <u>Federal Rules of Civil Procedure</u>, either as an individual Interrogatory or through a cumulative effect when considered in light of the other Interrogatories.

7.      The State objects to each Interrogatory to the extent the "Definitions" and "Instructions" accompanying Plaintiff's Interrogatories attempt to vary the obligations and procedures imposed by the <u>Federal Rules of Civil Procedure</u>, change the plain meaning of a word or phrase, and make such Interrogatory ambiguous, confusing, and vague.

8.      The State objects to each Interrogatory to the extent that the information and/or documentation called for, if any, was obtained and prepared in anticipation of litigation or for trial, and Plaintiff has made no showing that it has a substantial need for the materials in the preparation of this action, and that it is unable without due hardship to obtain the substantial equivalent of the materials by other means.

9.      The State objects to each Interrogatory to the extent Plaintiff seeks information or documents protected by the attorney-client privilege, work product doctrine, joint defense doctrine, the continuous quality improvement / peer review privilege, the law enforcement / investigatory privilege, and any other applicable privilege or immunity.  Moreover, any inadvertent production of privileged materials by the State may not be construed as a waiver of the applicable privilege.   The State reserves the right to seek the return of such privileged materials, and to object to their use.   The State reserves the right to redact privileged information from documents that contain both privileged and non-privileged information.

10.      The State objects to each Interrogatory to the extent that it seeks information or documents that are confidential and/or proprietary in nature, including, without limitation, sensitive security and/or proprietary information.

11.      The State objects to each Interrogatory to the extent that it seeks discovery that is unreasonably cumulative, duplicative, or seeks information that is equally available to Plaintiff and the burden on Plaintiff to obtain the requested information or documents is no greater than the burden on the State.

12.      The State objects to each Interrogatory that exceeds the number of discovery requests authorized by the <u>Federal Rules of Civil Procedure</u> (including, but not limited to, the limitations on Interrogatories, Requests for Production, and Requests for Admissions), or any order that may be entered by this Court.

13.      The State objects to each Interrogatory to the extent it incorporates by reference or attempts to incorporate by reference Plaintiff's allegations contained in the Second Amended Complaint by citing to the State's Answer as doing so creates vagueness and ambiguity to the Interrogatory.

14.    The State reserves the right to object on any ground to the use of any information provided, documents produced, or the subject matter thereof, in any subsequent proceeding, or the trial of this or any other action.

15.    The State makes these objections without waiver of, or prejudice to, additional objections it may make.   Further, the State expressly reserves all such objections, as well as the right to move for a protective order.

### ADDITIONAL OBJECTIONS AND ANSWERS TO PLAINTIFF'S INTERROGATORIES

**INTERROGATORY NO. 13:** Confirm ADOC contends that the Facilities' in-house

population[1] exceeding their designed capacity does not constitute overcrowding, and please

identify the primary facts, broken down by Facility, supporting this contention. (*Cf., e.g.*, Answer

¶¶ 5, 239, Doc. # 75.)

**ADDITIONAL OBJECTIONS AND RESPONSE:**    The State objects to this Interrogatory (or more aptly, Interrogatories) as Plaintiff exceeded the number of Interrogatories agreed to and allowed by this Court.  (Doc. No. 83-1).  Plaintiff previously sent one-hundred sixty-nine (169) Interrogatories to the State in violation of this Court's limit of fifty (50) Interrogatories. (See the State's Responses to Plaintiff's First and Second Interrogatories).  Despite Plaintiff's disregard for this Court's discovery limitation, the State answered the previously propounded excess Interrogatories in a good faith effort of avoiding further discovery disputes; however, Plaintiff further disregards this Court-ordered limitation as this Interrogatory contains at least twenty-six (26) discrete Interrogatories demanding the State provide information on two (2) distinct categories of information on thirteen (13) separate facilities presenting an undue burden on the State.

Further, even if Plaintiff complied with this Court's discovery order (it did not), the State objects to this Interrogatory as vague, ambiguous, and overbroad.  The State objects to Plaintiff's use of the vague, ambiguous term "overcrowding."  This term maintains any number of possible definitions each with its own connotation and implication.  For example, Plaintiff could mean simply the original design capacity of any given facility—an outdated model for institutional capacity; however, this definition improperly conflates "overcrowding" with a lack of space. Conversely, overcrowding could mean whether or not inmates at each facility possess bed space.

---

[1] ADOC's monthly statistical report for August 2024 defines "In-House Population" as follows: "Defines an inmate where ADOC maintains custody of an inmate to a period of incarceration. ADOC In-House Population inmates are housed within correctional facilities owned and operated by ADOC; this includes transient inmates between correctional facilities." See ADOC, Monthly Statistical Report for August 2024, https://doc.alabama.gov/docs/ MonthlyRpts/August%202024.pdf. That same report indicates that "In-House Designed capacity" is "Original architecural [sic] design plus renovations." Id.

The State also objects to this Interrogatory on the basis that Plaintiff implies the State's Answer to its Second Amended Complaint creates a burden for the State to carry at trial. Instead, Plaintiff carries the burden of proof as to its claims in this case, and the State's Answer speaks for itself.

The State objects to the extent this Interrogatory incorporates by reference Plaintiff's allegations contained in the Second Amended Complaint by referring to the State's Answer. Plaintiff alleges that "overcrowding" results in inmate-on-inmate violence. (Doc. No. 71 ¶ 239). Plaintiff alleges that "overcrowding" results in inmates leaving secure areas and the proliferation of contraband. (Id.). The State objects as it remains unclear if Plaintiff intends the State to make a contention about the relation of "overcrowding" on inmate-on-inmate violence, contraband, and inmate movement. Certainly, the State objects to and cannot respond to this Interrogatory as written as it remains ambiguous as to what Plaintiff seeks the State to contend in responding to this Interrogatory, especially by referencing or incorporating the State's Answer that, itself, referenced Plaintiff's Second Amended Complaint.

The State objects to Plaintiff's use of the vague phrase "primary facts." This Interrogatory would require the State to guess or speculate which facts Plaintiff considers "primary." The State further objects to Plaintiff's characterization of ADOC facilities. Moreover, the State objects to this Interrogatory to the extent Plaintiff intends to include its characterizations surrounding its usage of the term "overcrowded" (and its variants) in its Second Amended Complaint within the ambit of this Interrogatory, creating further ambiguity in the Interrogatory.

The State objects to this Interrogatory as overbroad, unduly burdensome, and disproportional to the needs of this case to the extent it calls for the State to prepare a compilation of data or "facts" for Plaintiff and produce in narrative format information from various documents or forms from various ADOC facilities; notably, the information Plaintiff seeks remains equally available to it as documents produced in the course of this action. Finally, the State objects to this Interrogatory as premature as discovery remains ongoing, and the State reserves the right to supplement or amend its responses once the State completes discovery.

**INTERROGATORY NO. 14:**  Confirm ADOC contends that the Facilities' correctional staffing levels do not constitute understaffing, and please identify the primary facts, broken down by Facility, supporting this contention. (*Cf., e.g.*, Answer ¶¶ 5, 258, Doc. # 75.)

**ADDITIONAL OBJECTIONS AND RESPONSE:**  The State objects to this Interrogatory (or more aptly, Interrogatories) as Plaintiff already grossly exceeded the number of Interrogatories agreed to and allowed by this Court. (Doc. No. 83-1). Plaintiff previously sent one-hundred sixty-nine (169) Interrogatories to the State in direct violation of this Court's limit of fifty (50) Interrogatories. (See the State's Responses to Plaintiff's First and Second Interrogatories). Despite Plaintiff's disregard for this Court's discovery limitation, the State answered the previously propounded excess Interrogatories in a good faith effort of avoiding further discovery disputes; however, Plaintiff further disregards this Court-ordered limitation as this Interrogatory contains at least twenty-six (26) discrete Interrogatories demanding the State

provide information on two (2) distinct categories of information on thirteen (13) separate facilities presenting an undue burden on the State.

Further, even if Plaintiff complied with this Court's discovery order (it did not), the State objects to this Interrogatory as vague, ambiguous, and overbroad. For example, Plaintiff uses the vague, ambiguous term "understaffing." As Plaintiff failed to provide any workable definition of the term "understaffing," the State cannot possibly respond to this Interrogatory as drafted. If Plaintiff intends to imply that any deviation from 100% staffing (or "fully staffed") equates to "understaffing," then few, if any, Departments of Corrections (including the Federal Bureau of Prisons) could satisfy this absurd standard. Further, Plaintiff again uses the vague, ambiguous phrase "primary facts." The State objects as this Interrogatory requires the State to guess or speculate which facts Plaintiff considers "primary."

The State also objects to this Interrogatory on the basis that Plaintiff implies the State's Answer to its Second Amended Complaint creates a burden for the State to carry at trial. Instead, Plaintiff carries the burden of proof as to its claims in this case, and the State's Answer speaks for itself.

The State objects to this Interrogatory as overbroad, unduly burdensome, and disproportional to the needs of this case to the extent it calls for the State to prepare a compilation of data or "facts" for Plaintiff and produce in narrative format information from various documents or forms from various ADOC facilities; notably, the information Plaintiff seeks remains equally available to it as documents produced in the course of this action. Finally, the State objects to this Interrogatory as premature as discovery remains ongoing, and the State reserves the right to supplement or amend its responses once the State completes discovery.

**INTERROGATORY NO. 15:** Confirm ADOC contends that it provides adequate supervision of prisoners housed within its Facilities, and please identify the primary facts, broken down by Facility, supporting this contention. (*Cf., e.g.*, Answer ¶¶ 80, 93, 151, Doc. # 75.)

**ADDITIONAL OBJECTIONS AND RESPONSE:** The State objects to this Interrogatory (or more aptly, Interrogatories) as Plaintiff already grossly exceeded the number of Interrogatories agreed to and allowed by this Court. (Doc. No. 83-1). Plaintiff previously sent one-hundred sixty-nine (169) Interrogatories to the State in direct violation of this Court's limit of fifty (50) Interrogatories. (See the State's Responses to Plaintiff's First and Second Interrogatories). Despite Plaintiff's disregard for this Court's discovery limitation, the State answered the previously propounded excess Interrogatories in a good faith effort of avoiding further discovery disputes; however, Plaintiff further disregards this Court-ordered limitation as this Interrogatory contains at least twenty-six (26) discrete Interrogatories demanding the State provide information on two (2) distinct categories of information on thirteen (13) separate facilities presenting an undue burden on the State.

Even if Plaintiff complied with this Court's order, Plaintiff's Interrogatory No. 15 remains vague, overbroad, and ambiguous, and the State objects to it. For example, Plaintiff uses the ambiguous, undefined phrase "adequate supervision." The State objects as this Interrogatory

requires it to guess or speculate as to Plaintiff's meaning of the word "adequate" in relation to supervision. It remains unclear if Plaintiff intends "adequate" to mean that inmates receive constant one-on-one surveillance—again, a standard that no correctional department can attain—or some other unspecified definition of "adequate supervision." The State further objects to the extent Plaintiff seeks to incorporate its allegations in the Second Amended Complaint into this Interrogatory as Plaintiff's allegation that a lack of supervision directly causes serious inmate injury. (Doc. No. 71, ¶ 93). The State objects to this characterization and rejects it as it grossly oversimplifies the dynamics of a correctional system and demonstrates Plaintiff's lack of knowledge about how correctional systems operate.

Further, Plaintiff again uses the vague, ambiguous phrase "primary facts." The State objects as this Interrogatory requires the State to guess or speculate which facts Plaintiff considers "primary." The State objects as Plaintiff does not include any temporal limitation or time frame for the State to respond to this Interrogatory. As such, the relevant time period for the Interrogatory remains unclear.

The State also objects to this Interrogatory on the basis that Plaintiff implies the State's Answer to its Second Amended Complaint creates a burden for the State to carry at trial. Instead, Plaintiff carries the burden of proof as to its claims in this case, and the State's Answer speaks for itself.

The State objects to this Interrogatory as overbroad, unduly burdensome, and disproportional to the needs of this case to the extent it calls for the State to prepare a compilation of data or "facts" for Plaintiff and produce in narrative format information from various documents or forms from various ADOC facilities; notably, the information Plaintiff seeks remains equally available to it as documents produced in the course of this action. Finally, the State objects to this Interrogatory as premature as discovery remains ongoing, and the State reserves the right to supplement or amend its responses once the State completes discovery.

**INTERROGATORY NO. 16:** Confirm ADOC contends that it does not engage in a pattern or practice of failing to protect prisoners from serious harm from violence by other prisoners (*i.e.*, prisoner-on-prisoner violence) at the Facilities, and please identify the primary facts, broken down by Facility, supporting this contention. (*Cf., e.g.*, Answer ¶ 37, Doc. # 75.)

**ADDITIONAL OBJECTIONS AND RESPONSE:** The State objects to this Interrogatory (or more aptly, Interrogatories) as Plaintiff already grossly exceeded the number of Interrogatories agreed to and allowed by this Court. (Doc. No. 83-1). Plaintiff previously sent one-hundred sixty-nine (169) Interrogatories to the State in direct violation of this Court's limit of fifty (50) Interrogatories. (See the State's Responses to Plaintiff's First and Second Interrogatories). Despite Plaintiff's disregard for this Court's order, the State answered the previously propounded excess Interrogatories in a good faith effort of avoiding further discovery disputes; however, Plaintiff further disregards this Court-ordered limitation as this Interrogatory contains at least twenty-six (26) discrete Interrogatories demanding the State provide information

on two (2) distinct categories of information on thirteen (13) separate facilities presenting an undue burden on the State.

The State objects to this Interrogatory as vague, overbroad, and ambiguous. For example, Plaintiff seeks the State to contend that it does not engage in a "pattern or practice" of failing to protect inmates from "serious harm." Plaintiff fails to define what it intends to encompass a "pattern or practice." It also remains unclear what Plaintiff believes would represent a "pattern or practice;" therefore, the State cannot respond in any meaningful way to this Interrogatory. Plaintiff also fails to define what it contends would constitute a "serious" harm. Again, Plaintiff's use of vague, undefined terms prevents the State from fairly meeting the substance of this Interrogatory. The State further objects to the extent Plaintiff seeks to incorporate its allegations in the Second Amended Complaint into this Interrogatory as Plaintiff alleges that a lack of supervision directly causes serious inmate injury. (Doc. No. 71, ¶ 37). To the extent Plaintiff intends to incorporate its allegations into this Interrogatory, Plaintiff's Interrogatory implies that the State does not protect any inmate—an absurd contention. Further, Plaintiff again uses the vague, ambiguous phrase "primary facts." The State objects as this Interrogatory requires the State to guess or speculate which facts Plaintiff considers "primary."

The State also objects to this Interrogatory on the basis that Plaintiff implies the State's Answer to its Second Amended Complaint creates a burden for the State to carry at trial. Instead, Plaintiff carries the burden of proof as to its claims in this case, and the State's Answer speaks for itself. Furthermore, Plaintiff's Interrogatory asks the State to contend or prove a negative, namely, that the State does not engage in a "pattern or practice," and directs the State to provide "primary facts" in support of the negative contention.

The State objects to this Interrogatory as overbroad, unduly burdensome, and disproportional to the needs of this case to the extent it calls for the State to prepare a compilation of data or "facts" for Plaintiff and produce in narrative format information from various documents or forms from various ADOC facilities; notably, the information Plaintiff seeks remains equally available to it as documents produced in the course of this litigation. Finally, the State objects to this Interrogatory as premature as discovery remains ongoing, and the State reserves the right to supplement or amend its responses once the State completes discovery.

**INTERROGATORY NO. 17:** Confirm ADOC contends that it does not engage in a pattern or practice of failing to protect prisoners from sexual abuse by other prisoners (*i.e.*, prisoner-on-prisoner sexual abuse) in the Facilities, and please identify the primary facts, broken down by Facility, supporting this contention. (*Cf., e.g.*, Answer ¶ 144, Doc. # 75.)

**ADDITIONAL OBJECTIONS AND RESPONSE:** The State objects to this Interrogatory (or more aptly, Interrogatories) as Plaintiff already grossly exceeded the number of Interrogatories agreed to and allowed by this Court. (Doc. No. 83-1). Plaintiff previously sent one-hundred sixty-nine (169) Interrogatories to the State in direct violation of this Court's limit of fifty (50) Interrogatories. (See the State's Responses to Plaintiff's First and Second Interrogatories). Despite Plaintiff's disregard for this Court's discovery limitation, the State

answered the previously propounded excess Interrogatories in a good faith effort of avoiding further discovery disputes; however, Plaintiff further disregards this Court-ordered limitation as this Interrogatory contains at least twenty-six (26) discrete Interrogatories demanding the State provide information on two (2) distinct categories of information on thirteen (13) separate facilities presenting an undue burden on the State.

The State objects to this Interrogatory as vague, overbroad, and ambiguous. For example, Plaintiff seeks the State to contend that it does not engage in a "pattern or practice" of failing to protect inmates from "sexual abuse." Plaintiff fails to define what it intends to encompass a "pattern or practice." Therefore, it remains unclear what Plaintiff believes would represent a pattern or practice; thus, the State cannot respond in any meaningful way to this Interrogatory. The State further objects to the extent Plaintiff seeks to incorporate its allegations in the Second Amended Complaint into this Interrogatory as Plaintiff's allegation that a lack of supervision directly causes serious inmate injury. (Doc. No. 71, ¶ 144). To the extent Plaintiff intends to incorporate its allegations into this Interrogatory, Plaintiff's Interrogatory implies that the State does not protect any inmate from "sexual abuse"—an absurd contention, as ADOC utilizes numerous policies targeted toward preventing inmate-on-inmate "sexual abuse" and possesses numerous PREA audits demonstrating its compliance with those standards, which go far beyond any constitutional requirement for sexual safety of inmates.

Further, Plaintiff again uses the vague, ambiguous phrase "primary facts," and the State objects to it. The State objects as this Interrogatory requires the State to guess or speculate which facts Plaintiff considers "primary." The State objects as Plaintiff does not include any temporal limitation or time frame for the State to respond to this Interrogatory. As such, the time period sought by Plaintiff remains entirely unclear.

The State also objects to this Interrogatory on the basis that Plaintiff implies the State's Answer to its Second Amended Complaint creates a burden for the State to carry at trial. Instead, Plaintiff carries the burden of proof as to its claims in this case, and the State's Answer speaks for itself. Furthermore, Plaintiff's Interrogatory asks the State to contend or prove a negative, namely, that the State does not engage in a "pattern or practice," and directs the State to provide "primary facts" in support of the negative contention.

The State objects to this Interrogatory as overbroad, unduly burdensome, and disproportional to the needs of this case to the extent it calls for the State to prepare a compilation of data or "facts" for Plaintiff and produce in narrative format information from various documents or forms from various ADOC facilities; notably, the information Plaintiff seeks remains equally available to it as documents produced in the course of this litigation. Finally, the State objects to this Interrogatory as premature as discovery remains ongoing, and the State reserves the right to supplement or amend its responses once the State completes discovery.

**INTERROGATORY NO. 18:** Confirm ADOC contends that it adequately impedes the introduction of contraband at the Facilities, and please identify the primary facts, broken down by Facility, supporting this contention. (*Cf., e.g.*, Answer ¶ 95, Doc. # 75.)

**ADDITIONAL OBJECTIONS AND RESPONSE:**    The State objects to this Interrogatory (or more aptly, Interrogatories) as Plaintiff already grossly exceeded the number of Interrogatories agreed to and allowed by this Court.  (Doc. No. 83-1).  Plaintiff previously sent one-hundred sixty-nine (169) Interrogatories to the State in direct violation of this Court's limit of fifty (50) Interrogatories.    (See the State's Responses to Plaintiff's First and Second Interrogatories).  Despite Plaintiff's disregard for this Court's discovery limitation, the State answered the previously propounded excess Interrogatories in a good faith effort of avoiding further discovery disputes; however, Plaintiff further disregards this Court-ordered limitation as this Interrogatory contains at least twenty-six (26) discrete Interrogatories demanding the State provide information on two (2) distinct categories of information on thirteen (13) separate facilities presenting an undue burden on the State.

The State objects to this Interrogatory as vague, overbroad, and ambiguous.  For example, Plaintiff's use of the vague, undefined terms and phrase "adequately impedes" requires the State to guess or speculate what Plaintiff believes to be "adequate."  ADOC expends countless resources and manpower in its efforts to interdict contraband.  Of course, no correctional facility can fully stop or remove contraband from its population, so it remains entirely unclear what Plaintiff contends constitutes "adequate" impeding of contraband.  The State further objects to the extent Plaintiff seeks to incorporate its allegations in the Second Amended Complaint into this Interrogatory as Plaintiff's allegations cited here rely on a Chart which fails to identify its source material.  (Doc. No. 71, ¶ 95).  Further, Plaintiff's Chart 7 apparently relies on information from 2015-2017 which remains irrelevant to the present conditions of ADOC facilities.  (Id.).  The State objects to this Interrogatory as Plaintiff's use of nearly decade-old data makes this Interrogatory ambiguous as to the scope Plaintiff's requested contention.  Moreover, Plaintiff's Chart purports to include "incidents" of "possession or discovery."  Thus, Plaintiff's chart apparently includes data from the successful interdiction and confiscation of "contraband."  Plaintiff's use of numerous vague and ambiguous phrases and attempts to incorporate information into this Interrogatory making it impossible for the State to answer.  Additionally, Plaintiff (again) uses the vague, ambiguous phrase "primary facts," to which the State objects.  The State objects as this Interrogatory requires the State to guess or speculate which facts Plaintiff considers "primary."

The State also objects to this Interrogatory on the basis that Plaintiff implies the State's Answer to its Second Amended Complaint creates a burden for the State to carry at trial.  Instead, Plaintiff carries the burden of proof as to its claims in this case, and the State's Answer speaks for itself.

The State objects to this Interrogatory as overbroad, unduly burdensome, and disproportional to the needs of this case to the extent it calls for the State to prepare a compilation of data or "facts" for Plaintiff and produce in narrative format information from various documents or forms from various ADOC facilities; notably, the information Plaintiff seeks remains equally available to it as documents produced in the course of this action.  Finally, the State objects to this Interrogatory as premature as discovery remains ongoing, and the State reserves the right to supplement or amend its responses once the State completes discovery.

**INTERROGATORY NO. 19:**  Confirm ADOC contends that it does not engage in a

pattern or practice of failing to protect prisoners from correctional staff's use of excessive force in

the Facilities, and please identify the primary facts, broken down by Facility, supporting this

contention. (*Cf., e.g.*, Answer ¶ 192, Doc. # 75.)

**ADDITIONAL OBJECTIONS AND RESPONSE:**    The State objects to this Interrogatory (or more aptly, Interrogatories) as Plaintiff already grossly exceeded the number of Interrogatories agreed to and allowed by this Court.  (Doc. No. 83-1).  Plaintiff previously sent one-hundred sixty-nine (169) Interrogatories to the State in direct violation of this Court's limit of fifty (50) Interrogatories.   (See the State's Responses to Plaintiff's First and Second Interrogatories).  Despite Plaintiff's disregard for this Court's discovery limitation, the State answered the previously propounded excess Interrogatories in a good faith effort of avoiding further discovery disputes; however, Plaintiff further disregards this Court-ordered limitation as this Interrogatory contains at least twenty-six (26) discrete Interrogatories demanding the State provide information on two (2) distinct categories of information on thirteen (13) separate facilities presenting an undue burden on the State.

The State objects to this Interrogatory as vague, ambiguous, and overbroad.  The State objects to Plaintiff's use of the ambiguous phrases "pattern or practice," "protect prisoners," and "excessive force."  For example, "excessive force" could refer to ADOC's definition used by the Law Enforcement Services Division who investigates uses of force and makes determinations regarding justified or unjustified uses of force.  "[E]xcessive force" could also refer to force believed by inmates to be excessive.  Plaintiff fails to define what it contends constitutes a "pattern or practice."  For example, Plaintiff's undefined term could refer to two or three or more occurrences over a day, a week, or some other period. Thus, the State cannot respond in any meaningful way to this Interrogatory.

Further, Plaintiff (again) uses the vague, ambiguous phrase "primary facts," and the State objects to it.  The State objects as this Interrogatory requires the State to guess or speculate which facts Plaintiff considers "primary."  The State also objects to this Interrogatory on the basis that Plaintiff implies the State's Answer to its Second Amended Complaint creates a burden for the State to carry at trial.  Instead, Plaintiff carries the burden of proof as to its claims in this case, and the State's Answer speaks for itself.  Moreover, Plaintiff's Interrogatory asks the State to contend or prove a negative, namely, that the State does not engage in a "pattern or practice," and directs the State to provide "primary facts" in support of the negative contention.

The State objects to this Interrogatory as overbroad, unduly burdensome, and disproportional to the needs of this case to the extent it calls for the State to prepare a compilation of data or "facts" for Plaintiff and produce in narrative format information from various documents or forms from various ADOC facilities; notably, the information Plaintiff seeks remains equally available to it as documents produced in the course of this action.  Finally, the State objects to this Interrogatory as premature as discovery remains ongoing, and the State reserves the right to supplement or amend its responses once the State completes discovery.

**INTERROGATORY NO. 20:**    Confirm ADOC contends that it conducts adequate

investigations of prisoner-on-prisoner violence, prisoner-on-prisoner sexual abuse, contraband

introduction, and uses of force occurring at the Facilities, and please identify the primary facts,

broken down by Facility, supporting this contention. (*Cf., e.g.*, Answer ¶¶ 95, 156, 201, 202, Doc.

# 75.)

**ADDITIONAL OBJECTIONS AND RESPONSE:**     The State objects to this Interrogatory (or more aptly, Interrogatories) as Plaintiff already grossly exceeded the number of Interrogatories agreed to and allowed by this Court.  (Doc. No. 83-1).  Plaintiff previously sent one-hundred sixty-nine (169) Interrogatories to the State in violation of this Court's limit of fifty (50) Interrogatories.  (See the State's Responses to Plaintiff's First and Second Interrogatories).  Despite Plaintiff's disregard for this Court's discovery limitation, the State answered the previously propounded excess Interrogatories in a good faith effort of avoiding further discovery disputes; however, Plaintiff further disregards this Court-ordered limitation as this Interrogatory contains at least fifty-two (52) discrete Interrogatories demanding the State provide information on four (4) distinct categories of information on thirteen (13) separate facilities presenting an undue burden on the State.

The State objects to this Interrogatory as vague, ambiguous, and overbroad.  The State objects to Plaintiff's use of the ambiguous phrase "adequate investigations."  This vague, undefined term would require the State to guess or speculate what Plaintiff would consider "adequate."  Therefore, the State objects as it cannot respond meaningfully to this Interrogatory.  The State also objects to the vague, ambiguous categories Plaintiff seeks to inquire about "prisoner-on-prisoner violence, prisoner-on-prisoner sexual abuse, contraband introduction, and uses of force."  As Plaintiff failed to define these terms, the scope of the terms remains unclear.  For example, use of force could refer to any time a correctional officer placed an inmate in restraints against his will, or it could refer to every use of OC spray, or something else.  Further, Plaintiff again uses the vague, ambiguous phrase "primary facts," and the State objects to it.  The State objects as this Interrogatory requires the State to guess or speculate which facts Plaintiff considers "primary."

The State also objects to this Interrogatory on the basis that Plaintiff implies the State's Answer to its Second Amended Complaint creates a burden for the State to carry at trial.  Instead, Plaintiff carries the burden of proof as to its claims in this case, and the State's Answer speaks for itself.

The State objects to this Interrogatory as overbroad, unduly burdensome, and disproportional to the needs of this case to the extent it calls for the State to prepare a compilation of data or "facts" for Plaintiff and produce in narrative format information from various documents or forms from various ADOC facilities; notably, the information Plaintiff seeks remains equally available to it as documents produced in the course of this action.  Finally, the State objects to this Interrogatory as untimely as discovery remains ongoing, and the State reserves the right to supplement or amend its responses once the State completes discovery.

**INTERROGATORY NO. 21:**  Confirm ADOC contends that the physical conditions in

its Facilities do not constitute a pattern or practice of providing unsafe and unsanitary conditions

that expose prisoners to unreasonable physical or health risks, and please identify the primary

facts, broken down by Facility, supporting this contention. (*Cf., e.g.*, Answer ¶ 234, Doc. # 75.)

    **ADDITIONAL OBJECTIONS AND RESPONSE:** The State objects to this Interrogatory (or more aptly, Interrogatories) as Plaintiff already exceeded the number of Interrogatories agreed to and allowed by this Court. (Doc. No. 83-1). Plaintiff previously sent one-hundred sixty-nine (169) Interrogatories to the State in violation of this Court's limit of fifty (50) Interrogatories. (See the State's Responses to Plaintiff's First and Second Interrogatories). Despite Plaintiff's disregard for this Court's discovery limitation, the State answered the previously propounded excess Interrogatories in a good faith effort of avoiding further discovery disputes; however, Plaintiff further disregards this Court-ordered limitation as this Interrogatory contains at least twenty-six (26) discrete Interrogatories demanding the State provide information on two (2) distinct categories of information on thirteen (13) separate facilities presenting an undue burden on the State.

    The State objects to this Interrogatory as vague, ambiguous, and overbroad. For example, Plaintiff's use of vague phrases such as "physical conditions," "pattern or practice," "unsafe and unsanitary conditions," and "unreasonable physical or health risks" leaves the State to guess or speculate at the scope of the Interrogatory. Plaintiff fails to define these terms, and numerous reasonable definitions exist for each term. For example, Plaintiff asks the State to contend that the "physical condition" of ADOC facilities somehow represent a pattern or practice. It remains unclear how the physical layout of any facility represents any pattern or practice, much less how the "practice" of the facility's design causes an "unreasonable health risk."

    As another example, ADOC inmates maintain job placements which may involve work around heavy machinery or electricity which can impact the relative safety and risk profile of inmates who engage in such work. Plaintiff fails to define what it contends creates a "pattern or practice." Therefore, it remains unclear what Plaintiff believes would represent a pattern or practice; thus, the State cannot respond in any meaningful way to this Interrogatory. Further, Plaintiff again uses the vague, ambiguous phrase "primary facts," and the State objects to it. The State objects as this Interrogatory requires the State to guess or speculate which facts Plaintiff considers "primary."

    The State also objects to this Interrogatory on the basis that Plaintiff implies the State's Answer to its Second Amended Complaint creates a burden for the State to carry at trial. Instead, Plaintiff carries the burden of proof as to its claims in this case, and the State's Answer speaks for itself. Furthermore, Plaintiff's Interrogatory asks the State to contend or prove a negative, namely, that the State does not engage in a "pattern or practice," and directs the State to provide "primary facts" in support of the negative contention.

    The State objects to this Interrogatory as overbroad, unduly burdensome, and disproportional to the needs of this case to the extent it calls for the State to prepare a compilation of data or "facts" for Plaintiff and produce in narrative format information from various documents or forms from various ADOC facilities; notably, the information Plaintiff seeks remains equally available to it as documents produced in the course of this action. Finally, the State objects to this

Interrogatory as premature as discovery remains ongoing, and the State reserves the right to supplement or amend its responses once the State completes discovery.

**INTERROGATORY NO. 22:**  Identify the primary facts, broken down by Facility, supporting ADOC's contention that Defendants are not deliberately indifferent to the in-house population exceeding the Facilities' design capacity; please include primary facts for any voluntary action by Defendants to remedy this overcrowding alleged in the Second Amended Complaint. (*Cf., e.g.*, Answer ¶¶ 8, 254, 5, 239, and p. 30 (Twenty-First Defense), Doc. # 75.)

**ADDITIONAL OBJECTIONS AND RESPONSE:**  The State objects to this Interrogatory as duplicative of Interrogatory No. 13.  The State incorporates its objections to Interrogatory No. 13 as if fully set forth here.  Further, the State objects as Plaintiff exceeded the number of Interrogatories this Court allowed.  (Doc. No. 83-1).  Plaintiff previously sent one-hundred sixty-nine (169) Interrogatories to the State in violation of this Court's limit of fifty (50) Interrogatories.  (See the State's Responses to Plaintiff's First and Second Interrogatories).  Despite Plaintiff's disregard for this Court's discovery limitation, the State answered the previously propounded excess Interrogatories in a good faith effort of avoiding further discovery disputes; however, Plaintiff further disregards this Court-ordered limitation as this Interrogatory contains at least twenty-six (26) discrete Interrogatories demanding the State provide information on two (2) distinct categories of information on thirteen (13) separate facilities presenting an undue burden on the State.

Further, Plaintiff continues to use the vague, ambiguous phrase "primary facts," and the State objects to it.  The State objects as this Interrogatory requires the State to guess or speculate which facts Plaintiff considers "primary."  The State objects as Plaintiff does not include any temporal limitation or time frame for the State to respond to this Interrogatory.  In theory, this would require the State to cite every action taken that in any way impacts population numbers over a six (6) year time frame.  Moreover, the State objects to this Interrogatory as overbroad and unduly burdensome as Plaintiff seeks for the ADOC to "identify" the facts supporting the contention that the "defendants are not deliberately indifferent."  This request would require the State to preemptively brief Plaintiff on the State's entire case-in-chief—a result plainly outside the bounds of what the <u>Federal Rules of Civil Procedure</u> allow.

The State also objects that the Interrogatory assumes a violation of a duty relating to inmate "population exceeding the Facilities' design capacity," and further asks for identification of remedies for this purported violation.  Thus, the Interrogatory rests on a faulty premise which the State contests.

Also, the State objects to this Interrogatory as overbroad, unduly burdensome, and disproportional to the needs of this case to the extent it calls for the State to prepare a compilation of data or "facts" for Plaintiff and produce in narrative format information from various documents or forms from various ADOC facilities; notably, the information Plaintiff seeks remains equally

available to it as documents produced in the course of this action. Finally, the State objects to this Interrogatory as premature as discovery remains ongoing, and the State reserves the right to supplement or amend its responses once the State completes discovery.

**INTERROGATORY NO. 23:** Identify the primary facts, broken down by Facility, supporting ADOC's contention that Defendants are not deliberately indifferent to correctional staff understaffing at the Facilities; please include primary facts for any voluntary action by Defendants to remedy this understaffing alleged in the Second Amended Complaint. (*C.f., e.g.*, Answer ¶¶ 8, 254, 256, and p. 30 (Twenty-First Defense), Doc. 75.)

**ADDITIONAL OBJECTIONS AND RESPONSE:** The State objects to this Interrogatory as duplicative of Interrogatory No. 14. The State incorporates its objections to Interrogatory No. 14 as if fully set forth here. Further, the State objects as Plaintiff exceeded the number of Interrogatories this Court allowed. (Doc. No. 83-1). Plaintiff previously sent one-hundred sixty-nine (169) Interrogatories to the State in violation of this Court's limit of fifty (50) Interrogatories. (See the State's Responses to Plaintiff's First and Second Interrogatories). Despite Plaintiff's disregard for this Court's discovery limitation, the State answered the previously propounded excess Interrogatories in a good faith effort of avoiding further discovery disputes; however, Plaintiff further disregards this Court-ordered limitation as this Interrogatory contains at least twenty-six (26) discrete Interrogatories demanding the State provide information on two (2) distinct categories of information on thirteen (13) separate facilities presenting an undue burden on the State.

Further, Plaintiff continues to use the vague, ambiguous phrase "primary facts," and the State objects to it. The State objects as this Interrogatory requires the State to guess or speculate which facts Plaintiff considers "primary."

The State also objects that the Interrogatory assumes a violation of a duty relating to correctional staffing at ADOC facilities and further asks for identification of remedies for this purported violation. Thus, the Interrogatory rests on a faulty premise which the State contests.

Further, as previously explained, Plaintiff's undefined term "understaffing" remains unworkably vague. The State cannot respond to this Interrogatory as it theoretically would require the State to cite every time it hired an employee over a six (6) year period. Moreover, the State objects to this Interrogatory as overbroad and unduly burdensome as Plaintiff seeks for the ADOC to "identify" the facts supporting the contention that the "defendants are not deliberately indifferent." This absurd request would require the State to preemptively brief Plaintiff on the State's entire case-in-chief—a result plainly outside the bounds of what the Federal Rules of Civil Procedure allow.

The State objects to this Interrogatory as overbroad, unduly burdensome, and disproportional to the needs of this case to the extent it calls for the State to prepare a compilation of data or "facts" for Plaintiff and produce in narrative format information from various documents

14

or forms from various ADOC facilities; notably, the information Plaintiff seeks remains equally available to it as documents produced in the course of this action. Finally, the State objects to this Interrogatory as premature as discovery remains ongoing, and the State reserves the right to supplement or amend its responses once the State completes discovery.

**INTERROGATORY NO. 24:** Identify the primary facts, broken down by Facility,

supporting ADOC's contention that Defendants are not deliberately indifferent to inadequate

supervision of prisoners within the Facilities; please include primary facts for any voluntary action

by Defendants to remedy this inadequate supervision alleged in the Second Amended Complaint.

(*Cf.* Answer ¶¶ 8, 254, 80, 93, 151, and p. 30 (Twenty-First Defense), Doc. # 75.)

**ADDITIONAL OBJECTIONS AND RESPONSE:** The State objects to this Interrogatory as duplicative of Interrogatory No. 15. The State restates its objections to Interrogatory No. 15 as if fully set forth here. Further, the State objects as Plaintiff exceeded the number of Interrogatories this Court allowed. (Doc. No. 83-1). Plaintiff previously sent one-hundred sixty-nine (169) Interrogatories to the State in violation of this Court's limit of fifty (50) Interrogatories. (See the State's Responses to Plaintiff's First and Second Interrogatories). Despite Plaintiff's disregard for this Court's discovery limitation, the State answered the previously propounded excess Interrogatories in a good faith effort of avoiding further discovery disputes; however, Plaintiff further disregards this Court-ordered limitation as this Interrogatory contains at least twenty-six (26) discrete Interrogatories demanding the State provide information on two (2) distinct categories of information on thirteen (13) separate facilities presenting an undue burden on the State.

Further, Plaintiff continues to use the vague, ambiguous phrase "primary facts," and the State objects to it. The State objects as this Interrogatory requires the State to guess or speculate which facts Plaintiff considers "primary." The State maintains its objection that Plaintiff's undefined, ambiguous term "inadequate" requires the State to guess or speculate on what Plaintiff seeks the State contend to. As such, the State cannot provide respond to this Interrogatory. Moreover, the State objects to this Interrogatory as overbroad and unduly burdensome as Plaintiff seeks for the ADOC to "identify" the facts supporting the contention that the "defendants are not deliberately indifferent." This request would require the State to preemptively brief Plaintiff on the State's entire case-in-chief—a result plainly outside the bounds of what the Federal Rules of Civil Procedure allow.

The State also objects that the Interrogatory assumes a violation of a duty relating to "supervision of prisoners" at ADOC facilities and further asks for identification of remedies for this purported violation. Thus, the Interrogatory rests on a faulty premise which the State contests.

The State objects to this Interrogatory as overbroad, unduly burdensome, and disproportional to the needs of this case to the extent it calls for the State to prepare a compilation of data or "facts" for Plaintiff and produce in narrative format information from various documents or forms from various ADOC facilities; notably, the information Plaintiff seeks remains equally

15

available to it as documents produced in the course of this action. Finally, the State objects to this Interrogatory as premature as discovery remains ongoing, and the State reserves the right to supplement or amend its responses once the State completes discovery.

**INTERROGATORY NO. 25:** Identify the primary facts, broken down by Facility, supporting ADOC's contention that Defendants are not deliberately indifferent to prisoner-on-prisoner violence in the Facilities; please include primary facts for any voluntary action by Defendants to remedy this prisoner-on-prisoner violence alleged in the Second Amended Complaint. (*C.f., e.g.*, Answer ¶¶ 8, 254, 265, and p. 30 (Twenty-First Defense), Doc. 75.)

**ADDITIONAL OBJECTIONS AND RESPONSE:** The State objects to this Interrogatory as duplicative of Interrogatory No. 16. The State incorporates its objections to Interrogatory No. 16 as if fully set forth here. Further, the State objects as Plaintiff exceeded the number of Interrogatories this Court allowed. (Doc. No. 83-1). Plaintiff previously sent one-hundred sixty-nine (169) Interrogatories to the State in violation of this Court's limit of fifty (50) Interrogatories. (See the State's Responses to Plaintiff's First and Second Interrogatories). Despite Plaintiff's disregard for this Court's discovery limitation, the State answered the previously propounded excess Interrogatories in a good faith effort of avoiding further discovery disputes; however, Plaintiff further disregards this Court-ordered limitation as this Interrogatory contains at least twenty-six (26) discrete Interrogatories demanding the State provide information on two (2) distinct categories of information on thirteen (13) separate facilities presenting an undue burden on the State.

Further, the State objects to Plaintiff's continued use the vague, ambiguous phrase "primary facts." The State objects as this Interrogatory requires the State to guess or speculate which facts Plaintiff considers "primary." The State objects as in theory this overbroad Interrogatory would require the State to cite every action taken that in anyway impacts security over a six (6) period. Moreover, the State objects to this Interrogatory as overbroad and unduly burdensome as Plaintiff seeks for the ADOC to "identify" the facts supporting the contention that the "defendants are not deliberately indifferent." This request would require the State to preemptively brief Plaintiff on the State's entire case-in-chief—a result plainly outside the bounds of what the Federal Rules of Civil Procedure allow.

The State objects to the extent the Interrogatory assumes that any entity running a prison system can "remedy" "prisoner-on-prisoner violence." The State also objects that the Interrogatory assumes a violation of a duty relating to "prisoner-on-prisoner violence" at ADOC facilities and further asks for identification of remedies for this purported violation. Thus, the Interrogatory rests on a faulty premise which the State contests.

The State objects to this Interrogatory as overbroad, unduly burdensome, and disproportional to the needs of this case to the extent it calls for the State to prepare a compilation of data or "facts" for Plaintiff and produce in narrative format information from various documents or forms from various ADOC facilities; notably, the information Plaintiff seeks remains equally

16

available to it as documents produced in the course of this action.  Finally, the State objects to this Interrogatory as premature as discovery remains ongoing, and the State reserves the right to supplement or amend its responses once the State completes discovery.

**INTERROGATORY NO. 26:**  Identify the primary facts, broken down by Facility, supporting ADOC's contention that Defendants are not deliberately indifferent to prisoner-on-prisoner sexual abuse in the Facilities; please include primary facts for any voluntary action by Defendants to remedy this prisoner-on-prisoner sexual abuse alleged in the Second Amended Complaint. (*Cf., e.g.*, Answer ¶¶ 8, 254, 268, and p. 30 (Twenty-First Defense), Doc. 75.)

**ADDITIONAL OBJECTIONS AND RESPONSE:**  The State objects to this Interrogatory as duplicative of Interrogatory No. 17.  The State incorporates its objections to Interrogatory No. 17 as if fully set forth here.  Further, the State objects as Plaintiff exceeded the number of Interrogatories this Court allowed.  (Doc. No. 83-1).  Plaintiff previously sent one-hundred sixty-nine (169) Interrogatories to the State in violation of this Court's limit of fifty (50) Interrogatories.  (See the State's Responses to Plaintiff's First and Second Interrogatories). Despite Plaintiff's disregard for this Court's discovery limitation, the State answered the previously propounded excess Interrogatories in a good faith effort of avoiding further discovery disputes; however, Plaintiff further disregards this Court-ordered limitation as this Interrogatory contains at least twenty-six (26) discrete Interrogatories demanding the State provide information on two (2) distinct categories of information on thirteen (13) separate facilities presenting an undue burden on the State.

Further, Plaintiff continues to use the vague, ambiguous phrase "primary facts," and the State objects to it.  The State objects as this Interrogatory requires the State to guess or speculate which facts Plaintiff considers "primary."  The State objects as in theory this overbroad Interrogatory would require the State to cite every action taken that in anyway impacts security over a six (6) year period.  Moreover, the State objects to this Interrogatory as overbroad and unduly burdensome as Plaintiff seeks for the ADOC to "identify" the facts supporting the contention that the "defendants are not deliberately indifferent."  This request would require the State to preemptively brief Plaintiff on the State's entire case-in-chief—a result plainly outside the bounds of what the Federal Rules of Civil Procedure allow.

The State objects to the extent the Interrogatory assumes that any entity running a prison system can "remedy" "prisoner-on-prisoner sexual abuse."  The State also objects that the Interrogatory assumes a violation of a duty relating to "prisoner-on-prisoner sexual abuse" at ADOC facilities and further asks for identification of remedies for this purported violation.  Thus, the Interrogatory rests on a faulty premise of the violation of a duty, which the State contests.

The State objects to this Interrogatory as overbroad, unduly burdensome, and disproportional to the needs of this case to the extent it calls for the State to prepare a compilation of data or "facts" for Plaintiff and produce in narrative format information from various documents or forms from various ADOC facilities; notably, the information Plaintiff seeks remains equally

17

available to it as documents produced in the course of this action. Finally, the State objects to this Interrogatory as premature as discovery remains ongoing, and the State reserves the right to supplement or amend its responses once the State completes discovery.

**INTERROGATORY NO. 27:** Identify the primary facts, broken down by Facility, supporting ADOC's contention that Defendants are not deliberately indifferent to the introduction of contraband at the Facilities; please include primary facts for any voluntary action by Defendants to remedy this introduction of contraband alleged in the Second Amended Complaint. (*Cf., e.g.*, Answer ¶¶ 8, 254, 95, and p. 30 (Twenty-First Defense), Doc. # 75.)

**ADDITIONAL OBJECTIONS AND RESPONSE:** The State objects to this Interrogatory as duplicative of Interrogatory No. 18. The State incorporates its objections to Interrogatory No. 18 as if fully set forth here. Further, the State objects as Plaintiff exceeded the number of Interrogatories this Court allowed. (Doc. No. 83-1). Plaintiff previously sent one-hundred sixty-nine (169) Interrogatories to the State in violation of this Court's limit of fifty (50) Interrogatories. (See the State's Responses to Plaintiff's First and Second Interrogatories). Despite Plaintiff's disregard for this Court's discovery limitation, the State answered the previously propounded excess Interrogatories in a good faith effort of avoiding further discovery disputes; however, Plaintiff further disregards this Court-ordered limitation as this Interrogatory contains at least twenty-six (26) discrete Interrogatories demanding the State provide information on two (2) distinct categories of information on thirteen (13) separate facilities presenting an undue burden on the State.

Further, Plaintiff continues to use the vague, ambiguous phrase "primary facts," and the State objects to it. The State objects as this Interrogatory requires the State to guess or speculate which facts Plaintiff considers "primary." The State objects as in theory this overbroad interrogatory would require the State to cite every action taken that in anyway relates to "contraband" over a six (6) period. Moreover, the State objects to this Interrogatory as overbroad and unduly burdensome as Plaintiff seeks for the ADOC to "identify" the facts supporting the contention that the "defendants are not deliberately indifferent." This request would require the State to preemptively brief Plaintiff on the State's entire case-in-chief—a result plainly outside the bounds of what the Federal Rules of Civil Procedure allow.

The State also objects to the extent the Interrogatory assumes that any entity running a prison system can "remedy" "the introduction of contraband." The State also objects that the Interrogatory assumes a violation of a duty relating to "the introduction of contraband" at ADOC facilities and further asks for identification of remedies for this purported violation. Thus, the Interrogatory rests on a faulty premise which the State contests.

The State objects to this Interrogatory as overbroad, unduly burdensome, and disproportional to the needs of this case to the extent it calls for the State to prepare a compilation of data or "facts" for Plaintiff and produce in narrative format information from various documents or forms from various ADOC facilities; notably, the information Plaintiff seeks remains equally

available to it as documents produced in the course of this action.  Finally, the State objects to this Interrogatory as premature as discovery remains ongoing, and the State reserves the right to supplement or amend its responses once the State completes discovery.

**INTERROGATORY NO. 28:**  Identify the primary facts, broken down by Facility, supporting ADOC's contention that Defendants are not deliberately indifferent to correctional staff's use of excessive force in the Facilities; please include primary facts for any voluntary action by Defendants to remedy this use of excessive force alleged in the Second Amended Complaint.

(*Cf., e.g.*, Answer ¶¶ 8, 254, 271, and p. 30 (Twenty-First Defense), Doc. 75.)

**ADDITIONAL OBJECTIONS AND RESPONSE:**  The State objects to this Interrogatory as duplicative of Interrogatory No. 19.  The State incorporates its objections to Interrogatory No. 19 as if fully set forth here.  Further, the State objects as Plaintiff exceeded the number of Interrogatories this Court allowed.  (Doc. No. 83-1).  Plaintiff previously sent one-hundred sixty-nine (169) Interrogatories to the State in violation of this Court's limit of fifty (50) Interrogatories.  (See the State's Responses to Plaintiff's First and Second Interrogatories).  Despite Plaintiff's disregard for this Court's discovery limitation, the State answered the previously propounded excess Interrogatories in a good faith effort of avoiding further discovery disputes; however, Plaintiff further disregards this Court-ordered limitation as this Interrogatory contains at least twenty-six (26) discrete Interrogatories demanding the State provide information on two (2) distinct categories of information on thirteen (13) separate facilities presenting an undue burden on the State.

Further, Plaintiff continues to use the vague, ambiguous phrase "primary facts," and the State objects to it.  The State objects as this Interrogatory requires the State to guess or speculate which facts Plaintiff considers "primary."  The State objects as in theory this overbroad request would require the State to produce evidence of every use of force investigation over a six (6) year period.  It remains entirely unclear which time period Plaintiff seeks the State make a contention about.  Moreover, the State objects to this Interrogatory as overbroad and unduly burdensome as Plaintiff seeks for the ADOC to "identify" the facts supporting the contention that the "defendants are not deliberately indifferent."   This request would require the State to preemptively brief Plaintiff on the State's entire case-in-chief—a result plainly outside the bounds of what the Federal Rules of Civil Procedure allow.

The State also objects that the Interrogatory assumes a violation of a duty relating to "correctional staff's use of excessive force" at ADOC facilities and further asks for identification of remedies for this purported violation.  Thus, the Interrogatory rests on a faulty premise which the State contests.

The State objects to this Interrogatory as overbroad, unduly burdensome, and disproportional to the needs of this case to the extent it calls for the State to prepare a compilation of data or "facts" for Plaintiff and produce in narrative format information from various documents or forms from various ADOC facilities; notably, the information Plaintiff seeks remains equally

available to it as documents produced in the course of this action. Finally, the State objects to this Interrogatory as premature as discovery remains ongoing, and the State reserves the right to supplement or amend its responses once the State completes discovery.

**INTERROGATORY NO. 29:**  Identify the primary facts, broken down by Facility, supporting ADOC's contention that Defendants are not deliberately indifferent to ADOC's inadequate investigations of prisoner-on-prisoner violence, prisoner-on-prisoner sexual abuse, contraband introduction, and uses of force occurring at the Facilities; please include primary facts for any voluntary action by Defendants to remedy these inadequate investigations alleged in the Second Amended Complaint. (*Cf., e.g.*, Answer ¶¶ 8, 254, 95, 156, 201, 202, and p. 30 (Twenty-First Defense), Doc. # 75.)

**ADDITIONAL OBJECTIONS AND RESPONSE:**  The State objects to this Interrogatory as duplicative of Interrogatory No. 20. The State incorporates its objections to Interrogatory No. 20 as if fully set forth here. Further, the State objects as Plaintiff exceeded the number of Interrogatories this Court allowed. (Doc. No. 83-1). Plaintiff previously sent one-hundred sixty-nine (169) Interrogatories to the State in violation of this Court's limit of fifty (50) Interrogatories. (See the State's Responses to Plaintiff's First and Second Interrogatories). Despite Plaintiff's disregard for this Court's discovery limitation, the State answered the previously propounded excess Interrogatories in a good faith effort of avoiding further discovery disputes; however, Plaintiff further disregards this Court-ordered limitation as this Interrogatory contains at least fifty-two (52) discrete Interrogatories demanding the State provide information on four (4) distinct categories of information on thirteen (13) separate facilities presenting an undue burden on the State.

Further, Plaintiff continues to use the vague, ambiguous phrase "primary facts," and the State objects to it. The State objects as this Interrogatory requires the State to guess or speculate which facts Plaintiff considers "primary." The State objects as in theory, this would require the State to produce evidence of every incident related to four (4) overbroad categories of information over a six (6) year period; indeed, this Interrogatory essentially includes every general category of discipline at ADOC. Moreover, the State objects to this Interrogatory as overbroad and unduly burdensome as Plaintiff seeks for the ADOC to "identify" the facts supporting the contention that the "defendants are not deliberately indifferent." This request would require the State to preemptively brief Plaintiff on the State's entire case-in-chief—a result plainly outside the bounds of what the <u>Federal Rules of Civil Procedure</u> allow.

The State objects to the extent the Interrogatory assumes the State performs inadequate investigations of any type. The State also objects that the Interrogatory assumes a violation of a duty relating to "investigations" of allegations of prisoner violence, prisoner sexual abuse, contraband introduction, and uses of force at ADOC facilities and further asks for identification

of remedies for this purported violation. Thus, the Interrogatory rests on a faulty premise which the State contests.

The State objects to this Interrogatory as overbroad, unduly burdensome, and disproportional to the needs of this case to the extent it calls for the State to prepare a compilation of data or "facts" for Plaintiff and produce in narrative format information from various documents or forms from various ADOC facilities; notably, the information Plaintiff seeks remains equally available to it as documents produced in the course of this action. Finally, the State objects to this Interrogatory as premature as discovery remains ongoing, and the State reserves the right to supplement or amend its responses once the State completes discovery.

**INTERROGATORY NO. 30:**  Identify the primary facts, broken down by Facility, supporting ADOC's contention that Defendants are not deliberately indifferent to unsafe and unsanitary conditions that expose prisoners to unreasonable physical or health risks at the Facilities; please include primary facts for any voluntary action by Defendants to remedy these conditions alleged in the Second Amended Complaint. (*Cf., e.g.*, Answer ¶¶ 8, 254, 274, and p. 30 (Twenty-First Defense), Doc. 75.)

**ADDITIONAL OBJECTIONS AND RESPONSE:**  The State objects to this Interrogatory as duplicative of Interrogatory No. 21.  The State incorporates its objections to Interrogatory No. 20 as if fully set forth here.  Further, the State objects as Plaintiff exceeded the number of Interrogatories this Court allowed.  (Doc. No. 83-1).  Plaintiff previously sent one-hundred sixty-nine (169) Interrogatories to the State in violation of this Court's limit of fifty (50) Interrogatories.  (See the State's Responses to Plaintiff's First and Second Interrogatories).  Despite Plaintiff's disregard for this Court's discovery limitation, the State answered the previously propounded excess Interrogatories in a good faith effort of avoiding further discovery disputes; however, Plaintiff further disregards this Court-ordered limitation as this Interrogatory contains at least twenty-six (26) discrete Interrogatories demanding the State provide information on two (2) distinct categories of information on thirteen (13) separate facilities presenting an undue burden on the State.

Further, Plaintiff continues to use the vague, ambiguous phrase "primary facts," and the State objects to it.  The State objects as this Interrogatory requires the State to guess or speculate which facts Plaintiff considers "primary."  The State objects as in theory, this would require the State to produce evidence of every incident related to four (4) overbroad categories of information over a six (6) year period.  Moreover, the State objects to this Interrogatory as overbroad and unduly burdensome as Plaintiff seeks for the ADOC to "identify" the facts supporting the contention that the "defendants are not deliberately indifferent."  This request would require the State to preemptively brief Plaintiff on the State's entire case-in-chief—a result plainly outside the bounds of what the Federal Rules of Civil Procedure allows.

The State also objects to the extent the Interrogatory assumes the State maintains "unsafe and unsanitary conditions" at ADOC facilities. The State also objects that the Interrogatory assumes a violation of a duty relating to "conditions" at ADOC facilities and further asks for identification of remedies for this purported violation. Thus, the Interrogatory rests on a faulty premise which the State contests.

The State objects to this Interrogatory as overbroad, unduly burdensome, and disproportional to the needs of this case to the extent it calls for the State to prepare a compilation of data or "facts" for Plaintiff and produce in narrative format information from various documents or forms from various ADOC facilities; notably, the information Plaintiff seeks remains equally available to it as documents produced in the course of this action. Finally, the State objects to this Interrogatory as premature as discovery remains ongoing, and the State reserves the right to supplement or amend its responses once the State completes discovery.

Dated: December 16, 2024.

*/s/ William R. Lunsford*

William R. Lunsford

*One of the Attorneys for the State*

William R. Lunsford
Matthew B. Reeves
Lynette E. Potter
Kenneth S. Steely
Clifford Z. Stafford
Daniel J. Chism
Carson T. Perreault
P. Andrew Ray
William J. Cranford, III
Andrew T. Toler
Samantha L. McNatt
**BUTLER SNOW LLP**
200 West Side Square
Suite 100
Huntsville, Alabama 35801
Telephone: (256) 936-5650
Facsimile: (256) 936-5651
bill.lunsford@butlersnow.com
matt.reeves@butlersnow.com
lynette.potter@butlersnow.com
kenneth.steely@butlersnow.com
zane.stafford@butlersnow.com
daniel.chism@butlersnow.com
carson.perreault@butlersnow.com
andrew.ray@butlersnow.com
will.cranford@butlersnow.com

22

andrew.toler@butlersnow.com
samantha.mcnatt@butlersnow.com

Keith J. Fernandez
**BUTLER SNOW LLP**
445 North Boulevard
Suite 300
Baton Rouge, Louisiana 70802
Telephone: (225) 325-8700
Facsimile: (225) 325-8800
keith.fernandez@butlersnow.com

Michael B. Beers
**BUTLER SNOW LLP**
250 Commerce Street
Suite 100
Montgomery, Alabama 36104
Telephone: (334) 832-2905
Facsimile: (334) 832-2901
mike.beers@butlersnow.com

Will R. Allen
**BUTLER SNOW LLP**
1020 Highland Colony Parkway
Suite 1400
Ridgeland, Mississippi 39157
Telephone: (601) 948-5711
Facsimile: (601) 985-4500
will.allen@butlersnow.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon all attorneys of record in this matter, including without limitation the following, by electronic mail on this 16th day of December, 2024:

Carla Ward
Jason R. Cheek
William R. Chambers, Jr.
Praveen Krishna
**UNITED STATES ATTORNEY'S OFFICE**
1801 Fourth Avenue North Birmingham, Alabama 35203
Telephone: (205) 244-2185
Facsimile: (205) 244-2181
carla.ward@usdoj.gov
jason.cheek@usdoj.gov
will.chambers@usdoj.gov
praveen.krishna@usdoj.gov

Kerry K. Dean
Matthew J. Donnelly
Steven Rosenbaum
**UNITED STATES DEPARTMENT OF JUSTICE**
950 Pennsylvania Avenue NW
Washington, DC 20530
Telephone: (202) 258-3036
kerry.k.dean@usdoj.gov
matthew.donnelly@usdoj.gov
Steven.rosenbaum@usdoj.gov

George Eppsteiner
Deena Fox
Curtis Harris
Eileen Ulate
**UNITED STATES DEPARTMENT OF JUSTICE**
150 M Street NE
Washington, DC 20004
Telephone: (202) 305-1361
george.eppsteiner@usdoj.gov
deena.fox@usdoj.gov
curtis.harris@usdoj.gov
natasha-eileen.ulate@usdoj.gov

/s/ *William R. Lunsford*
Of Counsel

24