UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**STATE OF ALABAMA, and** )<br>**ALABAMA DEPARTMENT OF** )<br>**CORRECTIONS,** )<br>)<br>**Defendants.** ) | Case No. 2:20-CV-1971-RDP |

**Exhibit B to**

**NOTICE OF DISCOVERY DISPUTE BY SPECIAL MASTER**

Wednesday, February 5, 2025 at 15:13:43 Central Standard Time

| | |
|---|---|
| **Subject:** | RE: United States v. State of Alabama -- Williams Depo and Protective Order |
| **Date:** | Wednesday, January 29, 2025 at 11:15:47 PM Central Standard Time |
| **From:** | Matt Reeves |
| **To:** | Lynette Potter, 'Ulate, Eileen (CRT)', Bruce Barze, Donnelly, Matthew (CRT) |
| **CC:** | Dean, Kerry K (CRT), Bill Lunsford, Keith Fernandez, Will Allen, Mike Beers, Ward, Carla (USAALN), Eppsteiner, George (CRT), Cheek, Jason (USAALN), Harris, Curtis (CRT), Dean, Kerry K (CRT), Ward, Carla (USAALN), Cheek, Jason (USAALN), Harris, Curtis (CRT) |
| **Attachments:** | image001.png, ADOC-DOJ--The State's Objections and Responses to Plaintiff's Second Set of Interrogatories.pdf, ADOC-DOJ- The State's Objections and Responses to Plaintiff's Third Interrogatories.pdf, (ADOC-DOJ) - ADOC's Objections and Responses to Plaintiff's First Set of Interrogatories.pdf |

**[EXTERNAL EMAIL]** DO NOT CLICK links or attachments unless you recognize the sender and know the content is safe.

Special Master Barze,

We apologize for the delay in providing our calculation of interrogatories propounded by Plaintiffs. Most of us were in transit to the depositions tomorrow in Washington, D.C. and Montgomery. As a reminder, Plaintiffs were only permitted fifty interrogatories. The State continues to believe that Plaintiffs far exceeded this number. We have attached all three versions of the interrogatories to this email for your convenience.

Here is our brief analysis of the numbers of interrogatories propounded by Plaintiff so far.

**Plaintiff's First Set of Interrogatories**:
- **Interrogatory No. 1** requests (a) "every prisoner death", and then requests (b) the details on different categories of information specific to each death. So, this interrogatory includes at least two distinct interrogatories as it seeks for the State to identify and then provide. **(2)**
- **Interrogatory No. 2** asks the State to identify "all incidents referred by ADOC to local or federal law enforcement" and then asks the State to provide additional information on different categories of information. Again, this interrogatory reflects a minimum of two subparts. **(2)**
- **Interrogatory No. 3** seeks for the State to identify instances of staff discipline, and then, provide additional categories of information specific to each instance of staff discipline. Therefore this Interrogatory contains at least two subparts. **(2)**
- **Interrogatory No. 4** requests the State identify "all positions in ADOC," and then request the State to identify the staff assigned to every role. This Interrogatory seeks two distinct categories of information. **(2)**
- **Interrogatory No. 5** requests the State to identify the outside medical providers utilized by each of the thirteen facilities at issue in this case. Each facility is distinct from another and requires a separate analysis and response to appropriately respond to the Interrogatory. **(13)**
- **Interrogatory No. 6** seeks information about lawsuits against two distinct groups—the State/ADOC and "Defendants' officials"—regarding various categories of lawsuit against each of the two distinct groups. So, this Interrogatory contains at least two subparts. **(2)**

- **Interrogatory No. 7** asks the State to (a) identify individuals who track "complaints or concerns," and (b) describe how those individuals track that information. This Interrogatory contains at least two subparts. **(2)**
- **Interrogatory No. 8** seeks the identity of three separate tools—audits, analyses, strategic plans related to fifteen enumerated categories of information. However, at the most conservative count, combining each of the three tools together, and combining the distinct categories into seven categories of related subject areas (e.g., combining prisoner deaths and injuries, and combining prisoner overdoses with prisoner drug possession or use), this Request would include seven distinct subparts. However, Plaintiff additionally asks for the State to provide an additional separate category of information regarding the tools—who uses the tools and how often the tools are used. This equals fourteen total subparts contained in Interrogatory No. 8. **(14)**
- **Interrogatory No. 9** requests the State to (a) identify every facility which utilizes surveillance cameras, and (b) identify various categories of details about the surveillance cameras and body cameras at each of the thirteen facilities at issue in this matter. Therefore, this Interrogatory seeks two distinct categories of information for each of the thirteen facilities at issue, i.e., twenty-six interrogatories. **(26)**
- **Interrogatory No. 10** seeks for the State to identify the "number of mandatory and essential posts" at each of the thirteen facilities at issue in this case. As explained above, each facility requires a separate assessment and response to this Interrogatory as to vacancies and other information separate and distinct from what staffing analyses may say are "mandatory" and "essential" posts at each facility, and therefore, the subparts are not "factually subsumed" by the enumerated Interrogatory. This Interrogatory contains thirteen subparts. **(13)**

Based upon the above, the State believes that Plaintiff served seventy-eight interrogatories on the State in the First Set of Interrogatories. **(78)**

**Plaintiff's Second Set of Interrogatories**:
- **Interrogatory No. 11** requests the State identify distinct custodians at each of the thirteen facilities at issue in this lawsuit. Again, each facility requires a separate and distinct response from the State. So, this Interrogatory contains thirteen subparts. **(13)**
- **Interrogatory No. 12** seeks for the State to provide three distinct subsects of information related to the "Guard1" system (a) which facilities utilize the system; (b) which dorms at each facility utilize the system; and (c) how long the Guard1 system has been in place at each facility. Assuming that the "Guard1" system is only located at one facility, this Interrogatory contains at least three subparts. **(3)**

Based upon our review of Plaintiff's first two sets of Interrogatories, the State believes Plaintiff served a minimum of ninety-four interrogatories on the State, far exceeding the number of allowed interrogatories. **(94)**

**Plaintiff's Third Set of Interrogatories**:
- **Plaintiff's Interrogatories Nos. 13-30** each utilize the same framework. Each Interrogatory requests for the State to 1) make a contention about broad, multifaceted subjects, and then 2) identify primary facts supporting these broad contentions, e.g., Interrogatory No. 13 asks whether the State contends that the "in-house population exceeding [a facility's] designed capacity does not constitute overcrowding," and then, "identify the primary facts, broken down by facility, supporting this contention." Therefore, Plaintiff seeks two distinct categories of information for each of the thirteen unique facilities (with different missions, security levels, etc.) in this case, so each of Plaintiff's Interrogatories Nos. 13-30 contain a minimum of twenty-six discrete interrogatories each (468 total interrogatories). **(468)**

Plaintiff's third set of interrogatories includes four hundred and sixty-eight separate interrogatories which brings Plaintiff's total to five hundred and sixty-two Interrogatories. **(562)**

Of course, this review only relates to the number of interrogatories and ignore the numerous other objections concerning breadth, burden, ambiguities, disproportion to needs of the case, cumulativeness, etc.

Matt

### Matthew B. Reeves
**Butler Snow LLP**

D: (256) 936-5612 | F: (256) 936-5651
200 West Side Square, Suite 100, Huntsville, AL 35801
P.O. Box 18848, Huntsville, AL 35804
Matt.Reeves@butlersnow.com | vCard | Bio

X (Twitter) | LinkedIn | Facebook | YouTube

---

**From:** Lynette Potter <Lynette.Potter@butlersnow.com>
**Sent:** Wednesday, January 29, 2025 11:12 AM
**To:** 'Ulate, Eileen (CRT)' <Natasha-Eileen.Ulate@usdoj.gov>; Bruce Barze <bbarze@btnllaw.com>; Donnelly, Matthew (CRT) <Matthew.Donnelly@usdoj.gov>
**Cc:** Dean, Kerry K (CRT) <Kerry.K.Dean@usdoj.gov>; Bill Lunsford <Bill.Lunsford@butlersnow.com>; Matt Reeves <Matt.Reeves@butlersnow.com>; Keith Fernandez <Keith.Fernandez@butlersnow.com>; Will Allen <Will.Allen@butlersnow.com>; Mike Beers <Mike.Beers@butlersnow.com>; Zane Stafford <Zane.Stafford@butlersnow.com>; Ward, Carla (USAALN) <Carla.Ward@usdoj.gov>; Eppsteiner, George (CRT) <George.Eppsteiner@usdoj.gov>; Cheek, Jason (USAALN) <Jason.Cheek@usdoj.gov>; Harris, Curtis (CRT) <Curtis.Harris@usdoj.gov>; Dean, Kerry K (CRT) <Kerry.K.Dean@usdoj.gov>; Ward, Carla (USAALN) <Carla.Ward@usdoj.gov>; Cheek, Jason (USAALN) <Jason.Cheek@usdoj.gov>; Harris, Curtis (CRT) <Curtis.Harris@usdoj.gov>
**Subject:** RE: United States v. State of Alabama -- Williams Depo and Protective Order

Special Master,

Attached are the State's responses to Plaintiff's interrogatory requests. We will send to you our counting of their interrogatories as well.

Thank you,
Lynette

### Lynette E. Potter
**Butler Snow LLP**

D: (256) 936-5615 | F: (256) 936-5651
200 West Side Square, Suite 100, Huntsville, AL 35801
P.O. Box 18848, Huntsville, AL 35804
Lynette.Potter@butlersnow.com | vCard | Bio

X (Twitter) | LinkedIn | Facebook | YouTube