IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

UNITED STATES OF AMERICA,
Plaintiff,

v.

Civil No. 2:20-cv-01971-RDP

STATE OF ALABAMA and ALABAMA
DEPARTMENT OF CORRECTIONS,
Defendants.

## PRO SE MOVANT CHRISTINA GADDIS'S MOTION TO QUASH SUBPOENA

**COMES NOW** Pro Se Movant **Christina Gaddis** and, pursuant to **Federal Rule of Civil Procedure 45(d)(3)**, respectfully moves this Honorable Court to **quash** the subpoena served upon her by Defendants, the State of Alabama and the Alabama Department of Corrections (hereinafter "ADOC"). Ms. Gaddis objects to the subpoena in its entirety as **overly broad, unduly burdensome, retaliatory, unconstitutional, and improper under federal law**. In support of this Motion, Ms. Gaddis states as follows:

### I. INTRODUCTION

Ms. Gaddis is a private citizen who has cooperated with the **United States Department of Justice (DOJ)** in its case against **ADOC** concerning civil rights violations inside Alabama prisons. The subpoena issued by ADOC improperly seeks to force Ms. Gaddis to turn over privileged communications, constitutionally protected materials, and personal records that could subject her to undue harassment, retaliation, and even potential self-incrimination.
This subpoena is nothing more than a **retaliatory** and **impermissible** attempt to intimidate a witness who has lawfully cooperated with DOJ's investigation. As such, the subpoena should be **quashed in its entirety**, and a **protective order** should be issued to prevent further abusive discovery requests against Ms. Gaddis.

### II. LEGAL GROUNDS FOR QUASHING THE SUBPOENA

**A. The Subpoena is Unduly Burdensome and Harassing**
Federal Rule of Civil Procedure **45(d)(3)(A)(iv)** requires a court to quash a subpoena that **"subjects a person to undue burden."** Courts have consistently held that non-parties, particularly private citizens, should not be subjected to intrusive, **harassing** discovery requests when they have no role in the litigation other than as potential witnesses.

- In **Northrop Corp. v. McDonnell Douglas Corp., 751 F.2d 395, 403 (D.C. Cir. 1984)**, the court quashed a subpoena where the burden on a non-party was **disproportionate** to the potential benefit to the party seeking the information.
- Likewise, in **Cusumano v. Microsoft Corp., 162 F.3d 708, 717 (1st Cir. 1998)**, the court held that subpoenas to non-parties must be carefully scrutinized and should not be used as **weapons of harassment**.

The **ADOC subpoena** is exactly this kind of improper, **retaliatory** discovery tool—it is **not designed to obtain legitimate evidence**, but rather to intimidate and retaliate against Ms. Gaddis for her cooperation with DOJ.

### B. The Subpoena Seeks Privileged Communications with DOJ

Under **federal investigative privilege**, private citizens cooperating with federal law enforcement agencies are entitled to **protection** from discovery requests that attempt to uncover confidential government communications.

- The **law enforcement privilege** protects DOJ's ongoing investigation from disclosure of internal communications and sources. See **In re U.S. Dep't of Homeland Sec., 459 F.3d 565, 570 (5th Cir. 2006)**.
- The **work product doctrine** applies to non-attorneys assisting in federal investigations. See **Hickman v. Taylor, 329 U.S. 495, 510 (1947)** (protecting investigative communications).

Ms. Gaddis has **provided information to DOJ**, and any records, notes, or communications related to that cooperation are **privileged and non-discoverable**. The **DOJ investigative privilege** alone is enough to warrant **quashing the subpoena in its entirety**.

### C. The Subpoena Violates Ms. Gaddis's First Amendment Rights

The subpoena is also an unconstitutional attempt to **chill Ms. Gaddis's free speech and association rights** under the **First Amendment**.

- In **NAACP v. Alabama, 357 U.S. 449, 462 (1958)**, the Supreme Court held that **government attempts to force disclosure of confidential communications involving matters of public concern are unconstitutional**.
- Courts have ruled that **government subpoenas targeting advocacy, whistleblowing, or reporting misconduct violate the First Amendment. See Gibson v. Fla. Legislative Investigation Comm., 372 U.S. 539, 544 (1963)**.

Ms. Gaddis engaged in **lawful whistleblower activity** by providing evidence to DOJ.
The **government cannot punish her by compelling her to disclose communications that are part of her protected First Amendment activities**.

### D. The Subpoena Violates the Fifth Amendment's Protection Against Self-Incrimination

Ms. Gaddis also **invokes her Fifth Amendment right against self-incrimination** to the extent that any subpoenaed records could be used against her in an attempt to allege wrongdoing, even if she has done nothing unlawful.

- Under **Kastigar v. United States, 406 U.S. 441, 444-45 (1972)**, the government cannot compel testimony or document production that would **force an individual to make statements that could be used in a criminal proceeding**.

- Even if Ms. Gaddis is not **currently** facing criminal charges, courts recognize the **"reasonable apprehension of future prosecution"** as a valid basis to assert **Fifth Amendment privilege.** See **Ohio v. Reiner, 532 U.S. 17, 21 (2001)**.

The subpoena seeks records that **could be misused** to allege violations of laws related to prison contraband, incitement, or communications with incarcerated persons—**all of which raise serious Fifth Amendment concerns**.

### III. REQUEST FOR RELIEF

For the foregoing reasons, Ms. Gaddis respectfully requests that this Court:
1. **QUASH** the subpoena in its entirety under **Federal Rule of Civil Procedure 45(d)(3)(A)**, as it is overly broad, unduly burdensome, retaliatory, and unconstitutional;
2. **ISSUE A PROTECTIVE ORDER** preventing ADOC from issuing any further subpoenas or discovery requests to Ms. Gaddis in relation to this case; and
3. **GRANT ANY OTHER RELIEF** the Court deems just and proper to **protect Ms. Gaddis from harassment, retaliation, and constitutional violations.**

**Respectfully submitted,**

*Christina Gaddis*
**Christina Gaddis** (Pro Se)
415 Baggett Camp Road
Quinton, Alabama 35130
205-475-0305
cgaddisosa1@msn.com
**Dated:** February 26, 2025

### CERTIFICATE OF SERVICE

I hereby certify that on February 26, 2025, I served a copy of this **Motion to Quash Subpoena** via **Certified U.S. Mail and/or electronic filing** to:

**Daniel J. Chism**
Butler Snow LLP
200 West Side Square, Suite 100
Huntsville, AL 35801
Attorney for ADOC

**Filed this February 26, 2025, with the Clerk of Court.**
**Christina Gaddis** (Pro Se)