IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

**UNITED STATES OF AMERICA,**
**Plaintiff,**
v.
**STATE OF ALABAMA and ALABAMA DEPARTMENT OF CORRECTIONS,**
**Defendants.**

Civil Action No. 2:20-cv-01971-RDP

### PRO SE MOTION FOR PROTECTIVE ORDER

**COMES NOW**, Christina Gaddis, appearing **pro se**, and pursuant to **Federal Rule of Civil Procedure 26(c)**, respectfully moves this Honorable Court for a **Protective Order** preventing the disclosure of certain requested materials and protecting her from undue burden, harassment, and potential constitutional violations in relation to the **subpoena issued by the State of Alabama and Alabama Department of Corrections (ADOC).**

Ms. Gaddis is a **private citizen and a non-party to this litigation** who has **cooperated with the U.S. Department of Justice (DOJ) in its investigation into ADOC**. The subpoena issued to her seeks to **compel the production of documents, communications, and records that are protected by privilege, constitutional rights, and whistleblower protections**.
For the reasons set forth below, Ms. Gaddis respectfully requests that the Court enter a **Protective Order** barring or **limiting the scope** of discovery requested by ADOC.

I.   **LEGAL GROUNDS FOR PROTECTIVE ORDER**

Under **Rule 26(c)(1)**, a court may, for good cause, issue a protective order to **protect a person from annoyance, embarrassment, oppression, or undue burden or expense.**
1. The Subpoena Seeks Privileged DOJ Communications
Ms. Gaddis has provided information to **DOJ investigators, attorneys, and staff regarding prison conditions within ADOC**. The subpoena seeks **communications and records that are protected under the following privileges:**
- **Law Enforcement Privilege** (*In re Dep't of Investigation of City of New York*, 856 F.2d 481, 484 (2d Cir. 1988))—Protects materials prepared in connection with law enforcement investigations.
- **Deliberative Process Privilege** (*United States v. Winner*, 641 F.2d 825, 831 (11th Cir. 1981))—Protects internal government deliberations.

Any **DOJ-related** communications or records **must be excluded** from discovery.

### 2. The Subpoena Violates the First Amendment
The subpoena seeks Ms. Gaddis's **social media communications, advocacy efforts, and correspondence with journalists, inmates, and advocacy groups**, infringing on **her rights under the First Amendment**:
- **Freedom of Speech & Association** (*NAACP v. Alabama ex rel. Patterson*, 357 U.S. 449, 462 (1958))—The government cannot force disclosure of private advocacy.
- **Reporter's Privilege & Whistleblower Protections** (*Bartnicki v. Vopper*, 532 U.S. 514, 527 (2001))—Protects individuals from retaliation for exposing public concerns.

A **Protective Order is necessary** to prevent Ms. Gaddis from being **targeted for her public advocacy efforts** regarding ADOC's prison conditions.

### 3. The Subpoena Compels Self-Incrimination (Fifth Amendment Violation)
The subpoena requests **financial records, text messages, and emails that could be misconstrued as "contraband transactions"** with inmates. Compliance would:
- **Force Ms. Gaddis to create a record of potentially incriminating evidence**, violating *United States v. Hubbell*, 530 U.S. 27, 36 (2000).
- Violate **Fifth Amendment "act of production" protections**, which prevent compelled self-incrimination (*Fisher v. United States*, 425 U.S. 391, 411 (1976)).

A **Protective Order is necessary** to prohibit the production of any materials that would **implicate Ms. Gaddis in a criminal matter**.

### 4. The Subpoena Imposes an Undue Burden on a Private Citizen
Ms. Gaddis is **not a party** to this lawsuit and **has no direct involvement** in the matters being litigated. The **burden of complying** with this subpoena far outweighs any potential relevance under **Rule 26(b)(1)**.
- The subpoena demands **five years of personal communications, financial records, and social media interactions**, imposing excessive compliance costs.
- Ms. Gaddis does not have **legal counsel** and lacks the resources to **review and produce the requested records**.
- Courts routinely **quash or limit subpoenas** that impose **undue burdens** on non-parties (*In re Subpoena Duces Tecum*, 228 F.3d 341, 349 (4th Cir. 2000)).

A **Protective Order should limit or eliminate the discovery obligations imposed on Ms. Gaddis**.

## II.   REQUESTED RELIEF

For the foregoing reasons, Ms. Gaddis respectfully requests that the Court:
1. **Grant a Protective Order prohibiting the disclosure of:**
   - Any **DOJ-related** communications or documents protected by **law enforcement privilege**.
   - Any **communications protected under the First Amendment**, including private advocacy efforts.
   - Any **financial records or messages that could lead to self-incrimination** under the **Fifth Amendment**.
2. **Limit the scope of discovery by:**
   - Narrowing the subpoena **to exclude overbroad and irrelevant requests**.

- o Restricting document production **to only non-privileged, non-constitutional material.**
3. **Prevent any further attempts** to harass or intimidate Ms. Gaddis through discovery.

### III.   CONCLUSION

The subpoena issued to Ms. Gaddis is **retaliatory, unconstitutional, and imposes an undue burden on a private citizen. A Protective Order is necessary** to prevent **harassment, self-incrimination, and the disclosure of privileged materials.**
**WHEREFORE**, Ms. Gaddis respectfully requests that this Court **GRANT this Motion for Protective Order** and provide any additional relief the Court deems just and proper.

**Respectfully submitted,**

*Christina Gaddis*

**Christina Gaddis, Pro Se**
415 Baggett Camp Road
Quinton, AL 35130
205-475-0305
cgaddisosa1@msn.com

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **Motion for Protective Order** has been served upon:

**Daniel J. Chism**
Butler Snow LLP
200 West Side Square, Suite 100
Huntsville, AL 35801
Attorney for ADOC and State of Alabama
via **United States Mail and/or electronic email**, this 26th day of **February 2025.**

**Signed:**
**Christina Gaddis, Pro Se**