FILED
2026 Aug-12 PM 03:35
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 2:20-cv-01971-HDM** |
| **v.** | ) | |
| | ) | |
| **STATE OF ALABAMA and ALABAMA DEPARTMENT OF CORRECTIONS,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

**THE STATE'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION FOR LEAVE TO FILE EXCESS PAGES**

Defendants the State of Alabama ("Alabama") and Alabama Department of Corrections ("ADOC," and together with Alabama, the "State") hereby submit their Response in Opposition to Plaintiff's Motion for Leave to File Excess Pages (Doc. 344, "Plaintiff's Motion"). The State opposes only Plaintiff's request to file a 300-page summary judgment brief and statement of facts. The State does not oppose the remaining relief requested in Plaintiff's Motion. In support of this Response, the State provides the following:

1. Plaintiff requests 300 pages for its summary judgment brief and statement of facts based primarily on the breadth of this case, including thirteen prisons, six years of litigation, millions of documents, and more than 150 depositions. (Doc. 344 at 2). But the size of the discovery record does not justify a

300-page summary judgment filing. Summary judgment should identify and narrow the issues requiring trial, not present the entire factual record developed during six years of litigation.

2. Indeed, Plaintiff states that it needs 300 pages to "properly present the record to the Court." (Id.). That is not the purpose of summary judgment. The Parties should identify the issues appropriate for resolution before trial and present the material facts necessary for the Court to decide those issues. The size of this case makes that focus more important, not less.

3. The Court recently emphasized this same need for focused submissions. At the July 14, 2026, hearing, the Court instructed the Parties that their submissions concerning the expert dispute should be "laser focused," "very thoughtful," and "tailored." (July 14, 2026, Hr'g Tr. at 74:1-20). The Court explained that unnecessary argument would delay resolution of that dispute and "eat into time that will otherwise be devoted to summary judgment briefing." (Id.). The same principles should apply to the summary judgment briefing itself.

4. The schedule further counsels against a 300-page filing. Dispositive motions are due August 31, 2026, responses are due twenty-one days later, and replies are due fourteen days after the responses. (Doc. 294 at 2). Trial begins November 30, 2026. (Id. at 1, 3). The Court also stated that it expects to resolve

summary judgment before the liability trial begins and hopes to do so before the pretrial conference. (July 14, 2026, Hr'g Tr. at 18:9-23).

5. Allowing a 300-page opening submission works against those objectives and unnecessarily prejudices the responding party whomever that might be. It would necessarily require substantial responsive and reply briefing during the limited period remaining before trial. More fundamentally, Plaintiff's emphasis on the scope of this case ignores the tight timeframes under the existing schedule. If anything, the breadth of the case and the tight scheduling timeframes require the Parties to exercise reason and judgment about which issues can appropriately be brief and resolved before trial, while allowing sufficient time for responses.

6. The State recognizes that the Court's ordinary thirty-five-page limit warrants enlargement. The State proposes the Court permit the Parties 100 pages for initial and responsive briefs, including statements of fact, with replies limited to 50 pages. Those limits provide substantial additional space while permitting the Parties to focus their dispositive motions on issues that may actually narrow the November 30, 2026, trial.

7. For these reasons, the State respectfully requests the Court deny Plaintiff's request for a 300-page summary judgment brief and statement of facts and instead limit the Parties' initial and responsive briefs, including statements of

fact, to 100 pages and reply briefs to 50 pages. The State does not oppose the remaining relief requested in Plaintiff's Motion.

Dated: August 12, 2026

/s/ *Lynette E. Potter*
Lynette E. Potter
*One of the Attorneys for the State*

William R. Lunsford
Lynette E. Potter
Daniel J. Chism
Megan M. Everett
**BUTLER SNOW LLP**
200 West Side Square
Suite 100
Huntsville, AL 35801
Telephone: (256) 936-5650
Facsimile: (256) 936-5651
bill.lunsford@butlersnow.com
lynette.potter@butlersnow.com
daniel.chism@butlersnow.com
megan.everett@butlersnow.com

John R. Alford, Jr.
**BUTLER SNOW LLP**
1819 5th Avenue North
Suite 1000
Birmingham, AL 35203
Telephone: (205) 297-2200
Facsimile: (205) 297-2201
john.alford@butlersnow.com

Will R. Allen
**BUTLER SNOW LLP**
1020 Highland Colony Parkway
Suite 1400
Ridgeland, MS 39157
Telephone: (601) 948-5711

Facsimile: (601) 985-4500
will.allen@butlersnow.com

Keith J. Fernandez
George Wright
**BUTLER SNOW LLP**
445 North Boulevard
Suite 300
Baton Rouge, LA 70802
Telephone: (225) 325-8700
Facsimile: (225) 325-8800
keith.fernandez@butlersnow.com
george.wright@butlersnow.com

Michael B. Beers
**BUTLER SNOW LLP**
250 Commerce Street
Suite 100
Montgomery, AL 36104
Telephone: (334) 832-2905
Facsimile: (334) 832-2901
mike.beers@butlersnow.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served upon all attorneys of record in this matter, including without limitation the following, by the Court's CM/ECF system on this 12th day of August 2026:

Ashley N. Light
Eileen Ulate
Matthew J. Donnelly
Cristina Gamondi
Julia Z. Haller
Patricia Nation
Joshua C. Bachman
Marlysha Myrthil
**UNITED STATES DEPARTMENT OF JUSTICE**
950 Pennsylvania Avenue NW
Washington, D.C. 20530
Telephone: (202) 705-8762
ashley.light@usdoj.gov
natasha-eileen.ulate@usdoj.gov
matthew.donnelly@usdoj.gov
cristina.gamondi@usdoj.gov
julia.haller@usdoj.gov
patricia.nation@usdoj.gov
joshua.bachman@usdoj.gov
marlysha.myrthil@usdoj.gov

Carla Ward
Jason R. Cheek
Grace J. Posey
Praveen Krishna
Don B. Long III
**UNITED STATES ATTORNEY'S OFFICE**
1801 4th Avenue North
Birmingham, AL 35203
Telephone: (205) 244-2185
carla.ward@usdoj.gov
jason.cheek@usdoj.gov
grace.posey@usdoj.gov
praveen.krishna@usdoj.gov
don.long2@usdoj.gov

*/s/ Lynette E. Potter*
Of Counsel