FILED
2026 Aug-20 PM 02:07
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**STATE OF ALABAMA, *et al.*,**<br><br>**Defendants.** | **Case No. 2:20-cv-1971-HDM** |

# ORDER

This matter is before the court on Defendants' Motion for Inclusion of GKICC and RTIC in the Court's Site Visits. (Doc. 337). Plaintiff opposes the motion. (Doc. 350). The court has carefully reviewed and considered the motion and opposition. For the reasons stated below, the motion is **DENIED**.

As the court indicated, before the liability trial, it will tour the prisons at issue for context only. It appears necessary to elaborate in more detail on what the court means when it uses the word "context" in this setting. As early as April 2, 2019, Plaintiff formally notified Defendants of certain findings regarding alleged constitutional violations at thirteen prisons in Alabama. (*See generally* Doc. 71, ¶ 2).

More than seven years have now passed, and the court is on the eve of a lengthy bench trial to determine liability.

When this matter was reassigned to this court on January 15, 2026, (doc. 290), fact discovery had concluded. The court strongly believes that it would be extremely difficult, if not impossible, to properly consider the evidence at trial without context. Specifically, the court needs to tour each of the facilities where the alleged constitutional violations occurred. For example, if the court hears testimony from inmates or staff from a specific facility, conducting tours in advance will assist the court with differentiating between separate incidents or conditions at different prisons at different points in time. The tours will help give context to each live witness and exhibit at trial. Touring for context does not equate to fact-finding. Indeed, the court has stated that it is not bringing a court reporter, taking photographs, or conducting interviews. Whatever minimal, handwritten notes the court takes will be entered into the record.

There are no allegations of constitutional violations at either GKICC or RTIC. No prisoners are or have ever been housed at either facility. GKICC's construction, for instance, is nearing completion, but will not be fully operational when the liability trial starts on November 30, 2026. While RTIC, on the other hand, may be

fully operational as of the trial date, the court does not need context at this stage for computer screens and monitors. It needs context for currently operational prisons.

As the court previously communicated to lead counsel, it is eager to see GKICC. But the appropriate time to do so is once it is operational after the liability phase. At that time, the court will no longer be touring facilities for context. Defendants will be afforded a full and complete opportunity to apprise the court of their post-fact-cutoff remedial efforts, including, but not limited to, GKICC. The court would then tour GKICC with a court reporter and engage in a fact-finding mission, no longer needing context to try the liability portion of this case. While Defendants' decision to construct GKICC *may* become relevant during the liability phase of this case, GKICC's nonexistent current operations in housing prisoners cannot and will not.

**DONE** and **ORDERED** on August 20, 2026.

**HAROLD D. MOOTY III**
UNITED STATES DISTRICT JUDGE