FILED
2026 Aug-25 AM 11:55
U.S. DISTRICT COURT
N.D. OF ALABAMA

**BEFORE THE PERSONNEL BOARD OF THE STATE OF ALABAMA
IN THE MATTER OF THE APPEAL OF
TIMOTHY MCCORVEY**

# ORDER

**September 20, 2023**

This matter came before the Board upon the dismissal of the Employee from his employment with the Alabama Department of Corrections ("DOC"). The Employee was dismissed from employment on April 4, 2023, based upon charges contained in a letter dated the same. This matter was assigned to Administrative Law Judge Randy Sallé and a hearing was held on July 20, 2023. The Administrative Law Judge's Recommended Order is now before the Board for consideration.

DOC charges that the Employee violated State Personnel Board (SPB) Rules: 670-X-19-.01(a)(4) – (Failure to perform job properly); 670-X-19-.01(a)(8) – (Violation of specific departmental rules); 670-X-19-.01(b)(1) – (Violation of safety rules); 670-X-19-.01(b)(10) – (Serious violation of any other department rule); and 670-X-19-.01(b)(13) – (Conduct unbecoming a state employee). DOC also charged the Employee for violating provisions in the DOC Administrative Regulation 208.

A review of the Employee's recent work history shows seven (7) Warnings in February 2017, March 2014, August 2014, July 2004, January 2003, December 2002, and October 2002 for minor violation of departmental or institutional rules, policies or procedures that do not result in serious consequences, non-compliance with policies, procedures, and regulations, failure to report to work (unexcused

absence), and late for work (tardiness)/failure to follow proper call-in procedures; eight (8) Written Reprimands in March 2014, February 2009, June 2006, April 2006, October 2005, March 2004, August 2003, and February 2003 for failure to perform job properly not resulting in actual consequences, misuse of state equipment or supplies resulting in loss or damage, violation of safety/security regulations when the consequences are serious but consequences do not occur, late for work (tardiness)/failure to follow proper call-in procedures, failure to follow supervisor's instructions, leaving assigned post and/or workstation before the end of the shift/workday without permission from proper authority or proper relief resulting in actual consequences, and failure to cooperate with investigations; two (2) Two-day Suspensions in November 2006 and September 2005 for late for work (tardiness)/failure to follow proper call-in procedures and sleeping or giving the appearance of sleeping on duty; and one (1) Five-day Suspension in July 2005 for conduct that is disgraceful on or off duty and serious violations of rules, policies, procedures or regulations.

The Employee was employed by DOC as a Correctional Captain at Ventress Correctional Facility. On January 21, 2023, the Employee received a call over the radio about an inmate in distress in E-Dormitory. The Employee entered the dorm and dragged the Inmate by his shirt collar outside of the dorm into a more controlled environment as the inmates in the dorm were agitated. Once outside the dorm, the Inmate grabbed at the Employee's leg. The Employee leaned down to say something to the Inmate and then punched the Inmate. The Employee then physically removed the Inmate's hand from his leg. The Inmate attempted to reach

toward the Employee a second time. The Employee then requested handcuffs and handcuffed the Inmate to the front. The Inmate again reached out to the Employee's leg and the Employee hit the Inmate a second time. The Inmate's head snapped toward the floor, he rolled over onto his side, and appeared to be in distress until the end of the video. The Inmate later passed away at the hospital, but not as a result of the Employee's strikes. Prior to the Employee responding to the cell, the Inmate fell off his bunk and hit his head, after ingesting drugs. The Inmate died from a subdural hematoma caused by the blunt force trauma as a result of the fall off his bunk.

There were two investigations conducted by DOC after the events of January 21, 2023. The first investigation was a criminal investigation. The Senior Investigator for DOC's Law Enforcement Services Division concluded no criminal charges were warranted. During his testimony, he indicated it was his opinion the Employee used excessive force. The second investigation was an administrative investigation conducted by a Senior Agent for DOC's Office of the Inspector General. During his investigation, he concluded that the Employee violated DOC's Use of Force policy. Nonetheless, he indicated that the first strike could be justified, but the second strike, with the Inmate handcuffed, could not be justified. Additionally, DOC's Director of Training testified at the hearing that the Inmate's actions did not warrant strikes from the Employee. However, he indicated that strikes would be appropriate to prevent an officer from being bitten.

While the Employee began his career with disciplinary issues, his performance improved overtime and his overall work record reflects that

improvement. During the Employee's testimony, he assumed the Inmate was on drugs, but did not know that the inmate had just fallen off his bunk and hit his head. The Employee testified that when the Inmate grabbed his leg initially, he verbally instructed the inmate to let go before hitting him. The Employee stated that the second time the Inmate grabbed him after being handcuffed he acted as though he was about to bite him, which is why the Employee hit him a second time.

While the Inmate's death is an unfortunate incident, the Employee's actions did not cause his death nor did the Employee have any knowledge that the Inmate had ingested illegal drugs, fell off his bunk, and hit his head. DOC listed a long number of charges against the Employee, but applying DOC's disciplinary table, none of the charges would warrant dismissal in this matter. This was the first time the Employee was disciplined for fighting, assault, physical violence, or disruptive behavior, but the appropriate discipline for that charge would be a 3-day suspension. Additionally, this was the first time the Employee was disciplined for abusing an inmate. The appropriate discipline for that charge would be a 3-day suspension. Also, this was the Employee's second time being disciplined for conduct that is disgraceful on or off the job that does adversely affect an employee's effectiveness on the job. While the appropriate discipline for that charge would be dismissal for the second offense, the Employee's prior discipline for that offense was 18 years ago and would be mitigated by time, promotions, and recent performance appraisals. Lastly, the Employee was previously disciplined for non-compliance with policies, procedures, and regulations, but his last offense was almost 9 years ago. While the Employee's actions were excessive and

unnecessary since the Inmate was handcuffed, under DOC's disciplinary table the most severe discipline would be suspension rather than dismissal.

In the Warden's pre-dismissal letter, she indicated DOC Administrative Regulation 208 would permit her to aggravate the discipline. The Warden failed to outline or explain why aggravating the discipline was appropriate in the Employee's case. Without a more specific justification, the Warden's recommendation is insufficient to satisfy an aggravated step in discipline. While the Employee's use of force was unjustified, and he is due to be disciplined, his discipline should not be a complete loss of his twenty-two and a half years of service with DOC.

The Administrative Law Judge found that the totality of the evidence does not warrant dismissal in this case and recommended that the Employee's dismissal be denied. The Board hereby adopts by reference the findings of fact and conclusions of law as found by the Administrative Law Judge as a part of this Order as if fully set forth herein.

The Board has carefully considered the Administrative Law Judge's Recommended Order and is of the opinion that the decision of the appointing authority to dismiss the Employee is not supported by the evidence and that the termination is not warranted.

It is therefore the Order of this Board that the decision of the appointing authority to dismiss the Employee is unwarranted. Nevertheless, discipline is appropriate in this matter and the Board hereby finds that a 10-day suspension is

warranted. Therefore, the Employee should be reinstated with full backpay and benefits, less any interim earnings and 10-days' pay.

JACKIE GRAHAM
SECRETARY

FAYE NELSON
CHAIRMAN

MYRON PENN
MEMBER

EVAN M. THORNTON
MEMBER

DAVID R. MELLON
MEMBER

RACHEL BUNNING
MEMBER