FILED
2026 Oct-29 PM 03:26
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff**, | |
| **v.** | **Case No. 2:20-cv-1971-HDM** |
| **STATE OF ALABAMA, *et al.*,** | |
| **Defendants**. | |

# MEMORANDUM OPINION AND ORDER

This matter is before the court on numerous pending motions, (doc. 372; doc. 377; doc. 378; doc. 414; doc. 433), which the court addresses in this single Memorandum Opinion and Order for the sake of judicial economy.

## SUMMARY JUDGMENT

The court first considers the United States' motion for summary judgment, (doc. 377; doc. 378; doc. 425; doc. 439),[1] and the State of Alabama and Alabama Department of Corrections' (collectively, "Defendants") motion for partial summary judgment, (doc. 372; doc. 409; doc. 432). The court has scrutinized the briefing, the legal authorities cited therein, and the voluminous evidentiary submissions. After

[1] Document 377 and Document 378 are substantively identical copies of the United States' motion for summary judgment, with the only difference being that the former is sealed and the latter—which redacts sensitive personal information—is not.

careful consideration, the court concludes that the best course is to resolve the parties' interrelated factual and legal disputes at the bench trial scheduled to begin on **November 30, 2026**. (Doc. 304 at 1). The parties' motions for summary judgment, (doc. 372; doc. 377; doc. 378), are therefore **DENIED**.

The United States brings this action under the Civil Rights of Institutionalized Persons Act, 42 U.S.C. §§ 1997–1997j, to challenge conditions in Alabama's prisons for men. In the operative pleading, the United States alleges that Defendants have violated, and continue to violate, the Eighth and Fourteenth Amendments through their deficient responses to persistent threats of prisoner-on-prisoner violence (Count One), prisoner-on-prisoner sexual abuse (Count Two), excessive force (Count Three), and unsafe conditions of confinement (Count Four). (Doc. 71, ¶¶ 264–275). The United States moves for summary judgment as to liability on all four of its claims, (doc. 377; doc. 378), while Defendants seek narrower relief and move for summary judgment on only the following: (1) all four claims to the extent that they rest on allegations of correctional understaffing, (2) Counts One and Two to the extent they rest on Defendants' classification policies, and (3) Count Three in its entirety, (doc. 372).

Federal Rule of Civil Procedure 56 mandates that a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ.

P. 56(a); *see also Hoffman v. Allied Corp.*, 912 F.2d 1379, 1382 (11th Cir. 1990). The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion[] and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted). The party opposing summary judgment must designate specific facts showing that there is a genuine issue for trial. *Id.* at 324. The court does not weigh evidence or make credibility determinations at this stage. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). When, as here, parties file cross-motions for summary judgment, the court must "take each motion in turn and construe all the facts in favor of the non-movant for each." *Thai Meditation Ass'n of Ala., Inc. v. City of Mobile*, 83 F.4th 922, 926 (11th Cir. 2023).

The Supreme Court has recognized that trial courts should act "with caution in granting summary judgment" and that it is appropriate to deny such a motion "in a case where there is reason to believe that the better course would be to proceed to a full trial." *Anderson*, 477 U.S. at 255 (citing *Kennedy v. Silas Mason Co.*, 334 U.S. 249 (1948)). The Eleventh Circuit likewise recognizes a district court's discretion to deny summary judgment when a full hearing would benefit the resolution of the

case, even if there is no factual dispute. *See, e.g.*, *Lind v. United Parcel Serv., Inc.*, 254 F.3d 1281, 1285–86 (11th Cir. 2001).

Upon careful review of the briefing and evidentiary submissions, the court easily concludes that this matter is best left to a full trial and exercises its discretion to deny summary judgment on that basis. Taking each motion in turn and construing the facts in favor of the non-movant, the court finds that they present interrelated questions and disputes about material facts in the case, including the conditions within Defendants' facilities, the risks associated with those conditions, Defendants' knowledge (or lack thereof) of such conditions, and the adequacy and implementation of their responses. The parties' positions each require in-depth consideration of how staffing, supervision, classification, and housing practices, as well as the use of force and the prisons' physical conditions, impact the alleged constitutional violations. The court would benefit from hearing the evidence concerning those matters in its full context, with the opportunity to hear testimony subject to cross-examination and to ask questions as the evidence is presented. This is particularly true when the parties anticipate calling thirteen expert witnesses and an untold number of inmates across thirteen facilities.[2]

[2] The court has toured each of these facilities in anticipation of the bench trial. (*See generally* doc. 307; doc. 352; doc. 455).

The benefit of a full trial applies equally to the United States' motion and Defendants'. Both motions raise and discuss the impact of staffing and classification practices on the operation of the facilities, as well as Defendants' responses to the alleged risks. The United States' excessive force claim likewise calls for consideration of both the challenged conduct and the measures taken by Defendants to prevent and address it. A trial will permit the court to evaluate these matters together while making the distinct findings and legal determinations required for each claim. For the benefit of the parties, as well as the court itself, the court finds that it is appropriate to deny both motions for summary judgment and allow this matter to proceed to trial.

Nothing in this Memorandum Opinion and Order is to be construed as a decision on the merits of any claim or defense asserted in this matter. Those determinations remain for trial under Federal Rule of Civil Procedure 52. The parties may present their legal arguments at the appropriate stage of trial, including through a motion under Rule 52(c). This Order does not establish any material fact under Rule 56(g) or alter the parties' stipulation concerning evidentiary foundations. (Doc. 385).

## EVIDENTIARY MOTIONS

Defendants have also filed two motions relating to the scope of the summary-judgment record: a Motion to Strike Exhibits in Plaintiff's Evidentiary Submissions, (doc. 414), and a Motion to Consider Post-Discovery Evidence in Opposition to Plaintiff's Motion for Summary Judgment, (doc. 433). Because of the court's disposition of the cross-motions for summary judgment, *supra*, both of Defendants' evidentiary motions are **DENIED AS MOOT**.

In the Motion to Strike, Defendants raise evidentiary objections to materials offered by the United States to support its Motion for Summary Judgment. (Doc. 414). The motion expressly distinguishes these objections from other grounds Defendants may raise for excluding or limiting evidence at trial. *Id.* at 2 n.2. As explained *supra*, the court is denying the cross-motions for summary judgment because they raise disputed factual and legal questions that are best reserved for trial. The court would reach this conclusion with or without considering the specific evidentiary materials that Defendants now seek to strike, so there is no cause for the court to reach the merits of their motion on this point.

Whereas Defendants' Motion to Strike seeks to *exclude* evidence from the summary-judgment record, their Motion to Consider Post-Discovery Evidence asks the court "to *admit* [into the summary-judgment record] a limited amount of evidence coming into existence after [fact discovery closed on] January 31, 2025."

(Doc. 433 at 4 (emphasis added)). Like the Motion to Strike, the Motion to Consider Post-Discovery Evidence expressly limits its request to the summary-judgment record, *id.* at 5, and it is therefore due to be denied for the same reason: admitting the evidence would not affect the court's denial of the United States' Motion for Summary Judgement, which raises disputed fact questions better resolved at trial.

In denying Defendants' two evidentiary motions as moot, the court makes no determination whether good cause would permit use of the identified evidence at the liability trial. Any such request remains subject to the court's existing orders, including the court's order of August 13, 2026. (Doc. 347).

The terms of the August 13th order, *id.*, remain in effect and unaltered by this Memorandum Opinion and Order. An objection preserved under that order may be renewed at trial, as provided therein, without a duplicative motion to strike. *Id.* at 4–5. This Memorandum Opinion and Order does not reopen discovery, modify the January 31, 2025, fact discovery cutoff, or dispense with the required showing of good cause for use of post-cutoff evidence at the liability trial. Defendants' separate Motion to Strike Plaintiff's Seventh Amended Disclosures and Supplemental Expert Report of Dr. Kevin M. Quinn, (doc. 428), remains pending and subject to the briefing and hearing schedule established by prior order, (doc. 430).

## PUBLIC ACCESS

This action implicates public funds at virtually every turn: the United States' allegations all concern conditions in thirteen publicly funded prisons, and public funds support its prosecution of this matter, Defendants' defense, and the judicial process itself. The public has a substantial interest in the operation of the institutions at issue, as well as the factual and legal bases for the court's eventual ruling. Thus, public access to the upcoming trial warrants separate attention.

The Eleventh Circuit has long recognized that "[t]he common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1245 (11th Cir. 2007) (quoting *Chi. Trib. Co. v. Bridgestone/Firestone, Inc*., 263 F.3d 1304, 1311 (11th Cir. 2001)). This public right of access extends beyond proceedings in open court and includes the right to inspect and copy "[m]aterial filed in connection with any substantive pretrial motion, unrelated to discovery." *Id.* This "right of access is not absolute, however," and "may be overcome by a showing of good cause." *Id.* For example, a court may seal materials submitted with substantive pretrial motions if it concludes there is good cause to do so based on a balancing of the interests at stake, such as legitimate privacy interests, the likelihood and degree of injury from disclosure, the public concerns implicated, and less restrictive alternatives. *Id.* at 1246. In this matter, the

court has found good cause to permit the parties to file a substantial portion of the summary-judgment record under seal. (*See, e.g.*, Doc. 349; Doc. 357; Doc. 358; Doc. 359; Doc. 373; Doc. 374; Doc. 375; Doc. 376).

The denial of summary judgment does not erode the public's interest in the evidence submitted by the parties to obtain a decision on the merits at trial. Their status as judicial records subject to the presumption of public access does not depend on whether the court relied on them in resolving the motions for summary judgment. *Callahan v. United Network for Organ Sharing*, 17 F.4th 1356, 1362–63 (11th Cir. 2021). The court retains the authority to review the confidential designations of evidence filed under seal. (*See* Doc. 349 at 2–3 & n.1). Existing protective and sealing orders remain in effect and requests to restrict access to trial materials will be addressed in accordance with the good-cause balancing that *Romero* requires. *See* 480 F.3d at 1246.

Access to the trial proceedings is governed by the standards applicable to courtroom closures. In a case concerning Alabama's prisons, the Eleventh Circuit held that civil trials concerning incarceration and conditions of confinement are presumptively open to the press and public. *Newman v. Graddick*, 696 F.2d 796, 801 (11th Cir. 1983). A courtroom closure to protect sensitive information must be justified by a compelling governmental interest, narrowly tailored, and supported by

articulated findings after consideration of alternatives and an opportunity for interested persons to be heard. *Id.* at 802.

The court will conduct the trial and fully explain its decision on a public record consistent with governing law. Specific information may require protection because of legitimate privacy, safety, or prison security concerns. Each restriction requires justification under the applicable standard and the court will consider appropriate motions from the parties in turn. Prior permission to seal a summary-judgment submission does not itself justify withholding testimony or exhibits from public view at trial.

## CONCLUSION

For all the reasons set forth herein, the court **ORDERS** as follows:

1. Defendants' motion for partial summary judgment, (doc. 372), and the United States' motion for summary judgment, (doc. 377; doc. 378), are **DENIED**.

2. Defendants' Motion to Strike Exhibits in Plaintiff's Evidentiary Submissions, (doc. 414), and Motion to Consider Post-Discovery Evidence, (doc. 433), are **DENIED AS MOOT**.

3. The matters the court previously reserved ruling on in its order of August 13, 2026, (doc. 347), as well as Defendants' Motion to Strike Plaintiff's

Seventh Amended Disclosures and Supplemental Expert Report of Dr. Kevin M. Quinn, (doc. 428), remain pending.

4. All four of the United States' claims remain set for a bench trial beginning on **November 30, 2026, at 9:00 a.m.** in Courtroom V of the Federal Courthouse in Huntsville, Alabama. (Doc. 294; Doc. 304). The existing pretrial schedule, as amended by the court's subsequent orders, (doc. 384; doc. 430), and the requirements concerning incarcerated witnesses, (doc. 415), remain in effect.

**DONE** and **ORDERED** on October 29, 2026.

**HAROLD D. MOOTY III**
UNITED STATES DISTRICT JUDGE