FILED
2026 Nov-09 PM 04:08
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br>**v.**<br><br>**STATE OF ALABAMA, *et al.*,**<br><br>**Defendants.** | **Case No. 2:20-cv-1971-HDM** |

## ORDER REGARDING PROTECTION OF INMATE WITNESSES

The court recognizes that all witnesses, regardless of which party calls them, must remain free to testify at trial without intimidation, interference, or retaliation and the court enters this Order in order to fulfill its obligations under 42 U.S.C. § 1997d; for clarity, however, the court does not enter this Order based upon any evidence or information before the court pertaining to any actual or threatened retaliation against any identified witness in the upcoming trial of this matter. The court further recognizes the Alabama Department of Corrections' ("ADOC") continuing responsibility to maintain institutional security, enforce applicable rules and regulations, and make appropriate decisions concerning the custody, classification, housing, discipline, medical care, and supervision of inmates.

Consistent with 42 U.S.C. § 1997d and the court's authority to protect the integrity of these proceedings, the court **ORDERS** as follows:

## **Scope of Protection**

1. This Order applies to inmates currently incarcerated within the ADOC who have been identified to provide trial testimony in the Parties' respective Witness Lists (Doc. Nos. 442, 444) (collectively, "Inmate Witnesses") in connection with this action, regardless of whether such testimony is offered in support of the United States or the State of Alabama (including its Department of Corrections).

## **Prohibition Against Intimidation and Retaliation**

2. No party or employee, agent, or representative of any party shall threaten, intimidate, coerce, or retaliate against an Inmate Witness based upon the Inmate Witness appearing as a witness at the trial of this matter.

3. Prohibited retaliation includes taking or threatening adverse action against an Inmate Witness due to his participation in the trial of this matter, including:

(a) Unjustified disciplinary charges;

(b) Housing, classification, or institutional assignments without any security or operational justification;

(c) Individualized restrictions involving personal property outside of ADOC's normal operations or course of business;

(d) Denial of access to medical care, mental health care or programming;

(e) Threats of physical harm;

(f) Threats of disciplinary action;

(g) Encouraging, directing, or knowingly facilitating intimidation or retaliation by other inmates; or

(h) Imposing or threatening consequences against another individual for the purpose of influencing, discouraging, or punishing an Inmate Witness's participation in this action.

**<u>Preservation of Institutional Authority</u>**

4. Nothing in this Order shall restrict ADOC's authority to maintain the safety, security, and orderly operation of its facilities, including appropriate uses of force in accordance with ADOC policy. ADOC shall retain authority for making institutional decisions concerning Inmate Witnesses in accordance with applicable law, regulations, policies, and legitimate correctional objectives. Nothing herein shall prevent ADOC or any of its employees from instituting disciplinary actions for any Inmate Witness for any violation of institutional rules, including any violations that might occur prior to, during or after any Inmate Witnesses participation in the trial of this action.

5. Changing an Inmate Witness's housing or bed assignment (including assignment to a single cell or Restrictive Housing Unit), whether before, during or

after providing testimony at trial, shall not constitute retaliation if such change occurs for operational or security reasons.

**Notice to Appropriate Personnel**

6. ADOC shall take reasonable steps to communicate the requirements of this Order to appropriate personnel responsible for the custody, supervision, transportation, and security of Inmate Witnesses.

7. Such notice may occur through existing administrative channels, including communications to appropriate institutional leadership and personnel assigned responsibility for coordinating Inmate Witnesses. ADOC shall determine the appropriate means of distributing this Order and providing necessary instructions to personnel, consistent with its existing organizational structure and operational responsibilities.

**Transportation and Return to Custody**

8. ADOC shall coordinate with the United States Marshals Service and other appropriate personnel regarding the transportation of Inmate Witnesses to and from the courthouse.

9. ADOC shall designate an appropriate point of contact to coordinate transportation, custody transfers, and related security arrangements with the United States Marshals Service.

10. Upon completion of an Inmate Witness's testimony or other required court appearance, ADOC shall arrange for the inmate's return to custody in accordance with applicable security procedures.

11. Transportation, temporary housing, and custody determinations shall remain subject to legitimate security and operational considerations and shall not be used to punish or discourage participation in this litigation.

**Reporting Allegations of Intimidation or Retaliation**

12. Any Inmate Witness who wishes to report intimidation, threats, or retaliation in violation of this Order can submit any such reports through ADOC's inmate grievance process.

13. Also, Inmate Witnesses can provide reports of intimidation, threats, or retaliation in violation of this Order directly to the United States through phone, email, letters, friends, family members, etc.

14. Upon receiving a specific allegation of intimidation or retaliation related to this action, ADOC shall process any such grievances through its existing grievance process and shall provide to counsel for the United States (through its undersigned counsel) copies of the grievance from an Inmate Witness.

15. Upon receiving a specific allegation of intimidation or retaliation related to this action, the United States shall provide to counsel for the State copies

of the report and information. Such information will be treated as Highly Confidential and Attorneys' Eyes Only.

16. Counsel for the Parties should meet and confer to resolve any concerns related to an allegation of retaliation by an Inmate Witness.

17. If Counsel for the Parties are unable to resolve an allegation of intimidation or retaliation, either party may bring the matter to the court's attention by email requesting a telephonic or in-person conference. The email shall briefly describe the nature of the allegation and the basis for the requested conference. When practicable, the conference shall be coordinated with the court's courtroom deputy and conducted before the commencement of trial proceedings on the next business day. Nothing in this paragraph prevents a party from requesting more immediate consideration when circumstances warrant.

18. The court shall determine whether further inquiry, a response from the opposing party, or other relief may be appropriate.

**Preservation of Relevant Evidence**

19. Upon receiving notice of a specific allegation of intimidation or retaliation concerning an Inmate Witness, the parties shall take reasonable steps to preserve relevant evidence within their possession, custody, or control.

20. Such evidence may include, where applicable, disciplinary records, housing and classification records, incident reports, grievance records, available

surveillance footage, relevant communications, and other materials reasonably related to the allegation.

21. Nothing in this Order requires the creation of records that do not otherwise exist or the preservation of materials unrelated to an identified allegation, except as otherwise required by existing procedures.

## Duration of Protections

22. The protections against intimidation and retaliation established by this Order shall take effect immediately upon entry and remain in effect until thirty days after the court rules on the liability phase of this action. The conclusion of trial shall not affect any protections against retaliation otherwise provided by applicable law.

23. The conclusion of an Inmate Witness's testimony, transfer to another facility, or return to an ADOC facility shall not diminish the prohibition against retaliation for participation in this action.

24. The court may modify the duration or scope of this Order upon motion of a party or upon its own initiative.

## Court Oversight and Enforcement

25. The court retains authority to enforce this Order with respect to conduct affecting Inmate Witnesses, regardless of the ADOC facility or location where the alleged conduct occurs.

26. Before determining that a violation occurred or imposing sanctions, the court shall afford affected persons an appropriate opportunity to respond and be heard.

27. Violations of this Order may subject responsible individuals to contempt proceedings, including criminal contempt and imprisonment where warranted.

28. Conduct constituting witness tampering or retaliation may also be referred for separate criminal investigation.

**No Finding of Misconduct**

29. The entry of this Order does not constitute a finding that any party, employee, agent, or other individual engaged in intimidation, retaliation, or other misconduct.

30. The purpose of this Order remains the protection of the integrity of these proceedings and the ability of witnesses to provide information and testimony freely, while preserving the legitimate operation and security of ADOC facilities.

**DONE** and **ORDERED** this 9th day of November, 2026.

**HAROLD D. MOOTY III**
UNITED STATES DISTRICT JUDGE