FILED
2026 Nov-16 AM 10:15
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:20-cv-01971-HDM** |
| | ) | |
| **STATE OF ALABAMA and ALABAMA DEPARTMENT OF CORRECTIONS,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**JOINT STIPULATION REGARDING INMATE WITNESSES, PRETRIAL ACCESS, AND TRIAL TRANSPORTATION**

Plaintiff, the United States of America (the "United States") and Defendants, the State of Alabama and the Alabama Department of Corrections (collectively, the "State" and together with the United States, the "Parties"), jointly stipulate and agree to the following procedures governing pretrial access to inmates and the identification, scheduling, and transportation of inmates who may be called as witnesses at trial. The Parties recognize that the presentation of testimony from inmates in ADOC facilities presents logistical, transportation, staffing, security, and institutional changes, adjustments and adaptations. The Parties further recognize their shared interest in facilitating the timely and orderly presentation of evidence at trial while minimizing unnecessary disruptions to correctional operations and

avoiding the unnecessary transportation of incarcerated individuals. Accordingly, the Parties stipulate as follows:

**Identification and Scheduling of Inmate Witnesses**

1. **Advance Identification.** The United States will make its best efforts to provide written notice to the State no later than seven (7) calendar days before the anticipated date of the inmate's testimony. Should the United States encounter extenuating circumstances, the United States shall provide written notice to the State no later than five (5) calendars days before the anticipated date of the inmate's testimony. The notice shall identify the inmate by name, AIS number (if known), current facility (if known), anticipated date of testimony, and anticipated length of testimony.

2. **Anticipated Testimony and Scheduling.** The United States shall provide a good-faith estimate of the anticipated duration of the inmate's direct examination, including whether the testimony is expected to require a substantial portion of a trial day. The Parties shall confer regarding the number of inmate witnesses reasonably capable of being transported, accommodated, and presented on any given trial day.

3. **Changes to Witness Schedules.** The United States shall promptly communicate any anticipated changes to the scheduled testimony of an inmate witness. Should the United States seek to call an inmate on a date different from the

previously identified date, then the United States shall provide as much advance notice as reasonably practicable. The Parties shall cooperate in good faith to accommodate scheduling changes, subject to applicable security, transportation, staffing, medical, and institutional considerations.

4. **Late-Identified Witnesses.** If the United States seeks to call an inmate witness without the advance notice contemplated by Paragraph 1, the Parties shall promptly confer regarding the feasibility of securing the inmate's appearance. ADOC shall not be obligated under this Stipulation to arrange transportation on insufficient notice where doing so would create material security or medical difficulties.

**Subpoenas and Service**

5. **Service of Subpoenas.** For inmates currently in ADOC custody, the United States shall comply with the process and procedures outlined in ADOC Administrative Regulation 419. ADOC agrees to deliver the United States' trial subpoenas on inmates currently in its custody in compliance with Administrative Regulation 419.

**Pretrial Access to Inmate Witnesses**

6. **Requests for Pretrial Interviews.** The United States may request reasonable pretrial access to inmates currently incarcerated in ADOC facilities for purposes of conducting voluntary witness interviews. Such requests shall be

submitted in writing to counsel for the State and shall identify the inmate, AIS, facility, and proposed dates or timeframes for the interview.

7. **Method of Communication.** The Parties agree that pretrial interviews may be conducted on an unmonitored telephone number using the following tollfree line: 1-877-419-2366. The State will notify inmates in its custody that the United States requests the inmate call the tollfree line at the date and time determined by the United States.

**Transportation and Security for Trial Testimony**

8. **Security and Separation Considerations.** ADOC shall retain the authority for determining appropriate security and transportation arrangements for inmates in its custody. Such arrangements may include consideration of inmate classification, known enemy or separation restrictions, medical needs, transportation routes, available staffing, and the number of inmates scheduled for transportation on a particular day. The Parties acknowledge that circumstances beyond ADOC's reasonable control may prevent or delay the transportation of an inmate witness, notwithstanding timely notice of the anticipated testimony. If ADOC determines that an inmate cannot be safely or reasonably transported as scheduled due to such circumstances, ADOC shall notify the United States as soon as reasonably practicable after identifying the issue. The Parties shall thereafter confer in good

faith regarding alternative arrangements, including adjustments to the anticipated date or order of testimony.

9. **Refusal to Appear.** Under no circumstances will ADOC personnel use force against an inmate for refusing to be transported to, or appear at, trial for purposes of providing testimony, unless expressly ordered to do so by the Court. If an inmate refuses transportation or otherwise declines to appear, counsel for the State shall promptly notify counsel for the United States. The Parties shall confer regarding the appropriate next steps and, if necessary, seek guidance from the Court. Nothing in this paragraph restricts ADOC's authority to respond to independent security threats or emergencies unrelated to compelling the inmate's testimony.

**Incident Reports and Investigative Records**

10. **Purpose.** To promote the efficient presentation of evidence, the Parties agree to the following procedures concerning ADOC incident reports, and attachments thereto, and Law Enforcement Services Division ("LESD") investigative reports, and attachments thereto (collectively, "Reports"). Subject to the Joint Stipulation Regarding Evidentiary Foundations of Certain Documents (Doc. 385), the Parties stipulate the following:

a. **Statements Contained Within Reports.** The Parties stipulate that statements attributed to inmates, ADOC employees, or other individuals within such Reports and attachments, are admissible for the purpose of

establishing that the statement was made or reported, without establishing the truth of the matters asserted therein, subject to otherwise applicable evidentiary objections.

b. **Hearsay Within Hearsay.** The Parties acknowledge that statements contained within the Reports may present separate hearsay considerations under Federal Rule of Evidence 805. Nothing in this Stipulation constitutes an agreement that any such statement is admissible for the truth of the matter asserted. A Party seeking to offer an embedded statement for its truth must establish an independently applicable basis for its admission, including any applicable exception to the rule against hearsay. The opposing Party expressly reserves the right to contest whether the statement satisfies the requirements of any asserted exception.

c. **Identification of Disputed Evidence.** To further promote the efficiency of trial, the Parties agree to confer in good faith concerning any specific incident reports, LESD investigative reports, or statements contained therein that a Party anticipates offering at trial. The Parties shall endeavor to identify and resolve foundational objections in advance of trial and narrow any remaining disputes concerning the admissibility or permissible use of such evidence.

**Reservation of Rights and Continuing Cooperation**

11. **Limitations.** This stipulation is intended solely and exclusively for this action and based on the particular documents and circumstances at issue in this case

and shall not be construed in any way as a stipulation or admission of any kind for purposes of any other litigation or other proceeding of any kind.

12. **No Stipulation to Admissibility.** Nothing in this Stipulation constitutes an agreement concerning the admissibility, relevance, authenticity, or evidentiary weight of any testimony, incident report, investigative report, medical record, or other evidence beyond the agreements in the Joint Stipulation Regarding Evidentiary Foundations of Certain Documents (Doc. 385). The Parties expressly reserve all applicable evidentiary objections and arguments, including those arising under the Federal Rules of Evidence, except as otherwise expressly stipulated.

13. **No Waiver of Objections.** Nothing in this Stipulation alters any applicable witness disclosure requirement, discovery obligation, or deadline established by the Court.

14. **Good-Faith Cooperation.** The Parties shall cooperate in good faith to minimize unnecessary transportation, avoid scheduling conflicts, and facilitate the orderly presentation of inmate testimony. The Parties may agree to additional procedures or adjustments as circumstances warrant, subject to any necessary approval by the Court.

15. **Court Authority.** Nothing in this Stipulation limits the Court's authority to manage the presentation of evidence, determine the availability of

witnesses, resolve disputes concerning subpoenas or testimony, or enter orders concerning the appearance of inmate witnesses.

Dated: November 16, 2026


*/s/ Carla Ward*
*Attorneys for Plaintiff*

Carla Ward
Jason R. Cheek
Grace J. Posey
Praveen Krishna
Don B. Long III
Alex LaGanke
**UNITED STATES ATTORNEY'S OFFICE**
1801 4th Avenue North
Birmingham, AL 35203
Telephone: (205) 244-2185
carla.ward@usdoj.gov
jason.cheek@usdoj.gov
grace.posey@usdoj.gov
praveen.krishna@usdoj.gov
don.long2@usdoj.gov
alex.laganke@usdoj.gov

Ashley N. Light
Eileen Ulate
Matthew J. Donnelly
Cristina Gamondi
Julia Z. Haller
Patricia Nation
Joshua C. Bachman
Elena David
Ben Luo
Richard C. Goemann
Kevin E. Mawyer II
**UNITED STATES DEPARTMENT OF JUSTICE**

*/s/ William R. Lunsford*
*Attorneys for the State*

William R. Lunsford
Lynette E. Potter
Daniel J. Chism
Megan M. Everett
**BUTLER SNOW LLP**
200 West Side Square
Suite 100
Huntsville, AL 35801
Telephone: (256) 936-5650
Facsimile: (256) 936-5651
bill.lunsford@butlersnow.com
lynette.potter@butlersnow.com
daniel.chism@butlersnow.com
megan.everett@butlersnow.com

John R. Alford, Jr.
**BUTLER SNOW LLP**
1819 5th Avenue North
Suite 1000
Birmingham, AL 35203
Telephone: (205) 297-2200
Facsimile: (205) 297-2201
john.alford@butlersnow.com

Will R. Allen
**BUTLER SNOW LLP**
1020 Highland Colony Parkway
Suite 1400
Ridgeland, MS 39157
Telephone: (601) 948-5711
Facsimile: (601) 985-4500

950 Pennsylvania Avenue NW
Washington, D.C. 20530
Telephone: (202) 705-8762
ashley.light@usdoj.gov
natasha-eileen.ulate@usdoj.gov
matthew.donnelly@usdoj.gov
cristina.gamondi@usdoj.gov
julia.haller@usdoj.gov
patricia.nation@usdoj.gov
joshua.bachman@usdoj.gov
elena.bendavid@usdoj.gov
ben.luo@usdoj.gov
richard.goemann@usdoj.gov
kevin.mawyer@usdoj.gov

will.allen@butlersnow.com

Keith J. Fernandez
George Wright
**BUTLER SNOW LLP**
445 North Boulevard
Suite 300
Baton Rouge, Louisiana 70802
Telephone: (225) 325-8700
Facsimile: (225) 325-8800
keith.fernandez@butlersnow.com
george.wright@butlersnow.com

Michael B. Beers
**BUTLER SNOW LLP**
250 Commerce Street
Suite 100
Montgomery, AL 36104
Telephone: (334) 832-2905
Facsimile: (334) 832-2901
mike.beers@butlersnow.com