FILED
2026 Nov-16 PM 03:15
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:20-cv-01971-HDM** |
| | ) | |
| **STATE OF ALABAMA and ALABAMA DEPARTMENT OF CORRECTIONS,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**<u>THE UNITED STATES' RESPONSE TO DEFENDANTS' MOTION IN LIMINE TO EXCLUDE MEDICAL-EXAMINER OPINIONS</u>**

The United States responds to Defendants' Motion in Limine to exclude medical-examiner opinions. Doc. 476 ("Defendants' Motion"). The Court should deny Defendants' Motion to the extent it seeks to limit lay opinion testimony or foreclose medical examiners from testifying to reports they supervised.

## I. BACKGROUND

This case involves many prisoner deaths caused by violence or illicit substances within Alabama's prisons. The United States intends to illicit testimony from medical examiners Drs. Daniel Dye, Brandi McCleskey, Edward Reedy, and Priscilla T. Rogers. Doc. 441 at 3. Defendants argue: (1) these witnesses "may testify about their original forensic examinations, their observations, and the findings and conclusions documented in their respective autopsy or forensic-examination

reports"; (2) these witnesses "may explain the medical or forensic reasoning underlying those documented findings and conclusions"; and (3) the United States "may not elicit materially new or expanded medical or forensic expert opinions from these witnesses that depart from or extend beyond the findings and conclusions disclosed in their reports and that were not timely disclosed in accordance with Federal Rule of Civil Procedure 26(a)(2)." Proposed Order, Doc. 476-1; *see also* Doc. 476.

Since 2022, the United States has included in its disclosures, that employees of the Alabama Department of Forensic Sciences ("ADFS") and county coroners or medical examiners may support its claims. *See, e.g.*, Doc. 476 at 4–5. In addition, the United States has issued numerous subpoenas seeking autopsy and toxicology reports related to the deaths of prisoners within the Alabama Department of Corrections' ("ADOC") custody. In each instance, before serving such subpoenas, the United States has provided copies of those subpoenas to Defendants' counsel. Additionally, since June 2022, the United States has provided copies of autopsies and toxicology reports received through those subpoenas to Defendants.

This is not to mention the fact that Defendants have unfettered access to the autopsies of deceased inmates conducted by ADFS and the county coroners. Indeed, many of the Investigative Reports completed by ADOC's Law Enforcement Services Division contain references to or cites from the very same autopsy and

toxicology reports that the United States received by subpoena. *See, e.g.*, State Ex. No. 2330. In its witness list, the United States included Daniel Dye, M.D., and Brandi McClesky, M.D., from the Jefferson County Coroner's Office, and Edward Reedy. M.D., and Priscilla Rogers, M.D., from ADFS. Doc. 441 at 3.

Despite this background, Defendants now move to limit the testimony of these medical examiners to examinations they personally performed, what is included in their examination reports, and explanations of findings in those reports. Doc. 476. Defendants contend they seek to ensure the United States does not introduce "previously undisclosed expert opinions." *Id.* at 2.

While these witnesses will testify about their examinations of inmates that died in the custody of ADOC, they should also be able to testify about reports performed under their supervision and not be precluded from providing lay opinion testimony.

**II. ARGUMENT**

Medical examiners and coroners have important testimony to provide regarding the deaths of inmates in ADOC custody. In its case-in-chief, the United States does not intend to offer these witnesses as experts.[1] Defendants do not seek to exclude "testimony concerning the examinations the medical examiners

[1] The United States reserves the right to seek expert testimony from these witness in rebuttal if necessary.

performed or the findings and conclusions documented in their reports." Doc. 476 at 9–10. The Parties are therefore in accord for much of Defendants' Motion. Defendants, however, go too far in attempting to: (1) limit the witnesses' testimony to "firsthand examinations"; and (2) exclude "opinions concerning broader matters outside their documented forensic work . . . ." Doc. 476 at 13.

These witnesses are permitted to testify about reports they supervised. Even if the medical examiners did not perform the examinations themselves, they are able to testify to records created in the regular course of business. The witnesses should thus be able to testify to them under a hearsay exception. *See* Fed. R. Evid. 803(6). Under this exception, the "qualified witness need not have been the one who prepared the documents . . . ." *United States v. Gaynor*, No. 2:21-cv-382, 2024 WL 516686, at *2 (M.D. Fla. Feb. 9, 2024) (citing *Itel Cap. Corp. v. Cups Coal Co.*, 707 F.2d 1253, 1259 (11th Cir. 1983)). The witness also "does not need firsthand knowledge of the contents of the records." *Id.* (quoting *United States v. Ahmed*, 73 F.4th 1363, 1383 (11th Cir. 2023). So long as there is sufficient circumstantial evidence that the records are trustworthy, then the business records hearsay exception applies. *See id.* The medical examiners should be able to testify about any reports they supervised, in the regular course of business. They should also be able to testify to all reports and records created in the normal course of business

about which they have sufficient knowledge to attest to the reports' or records' trustworthiness.

These witnesses may also provide lay opinion testimony. "The Federal Rules of Evidence distinguish between lay and expert opinion testimony." *United States v. Gbenedio*, 95 F.4th 1319, 1332 (11th Cir. 2024). Under Rule 701, lay opinion must be based on the witness's perception, helpful to understanding the witness's testimony or a fact in issue, and not based on specialized knowledge within the scope of Rule 702. *Id.* The distinction between expert and lay opinion testimony "sometimes blurs when testimony is based on professional work." *Id.* The Eleventh Circuit, however, has held "that a witness may offer 'lay opinion testimony based on his professional experiences as long as the testimony is rationally based on those experiences, rather than on scientific or technical knowledge.'" *Id.* (quoting *United States v. Williams*, 865 F.3d 1328, 1341 (11th Cir. 2017)). These medical examiners may provide lay opinion testimony based on their professional experiences. *See id.* at 1332 (finding the district court did not abuse its discretion in permitting federal agents to offer lay opinion testimony on perceptions of unlawfully selling controlled substances); *see, e.g.*, *Handley v. Werner Enters., Inc.*, 596 F. Supp. 3d 1353, 1358 (M.D. Ga. 2022) (finding "it is clear that police officers can properly give lay opinion testimony based on their personal observations and their prior training and experience").

The Court should, therefore, deny Defendants' Motion to the extent it seeks to limit the United States' witnesses from opining on reports they supervised or providing lay opinion testimony.

## III. CONCLUSION

The Court should deny Defendants' Motion to the extent it seeks to limit Daniel Dye, M.D., Brandi McClesky, M.D., Edward Reedy, M.D., and Priscilla Rogers, M.D., from providing lay opinion testimony or testifying about reports and examinations they supervised.

Respectfully submitted,

PHILLIP W. WILLIAMS JR.
United States Attorney

CARLA C. WARD
Deputy Civil Chief

JASON R. CHEEK
Chief, Civil Division

GRACE J. POSEY
ALEX MCKENZIE LAGANKE
DON B. LONG III
Assistant United States Attorneys
United States Attorney's Office
Northern District of Alabama
1801 Fourth Avenue North
Birmingham, Alabama 35203
(205) 244-2185
carla.ward@usdoj.gov

*/s/ Eileen Ulate*
EILEEN ULATE
ASHLEY LIGHT
MATTHEW J. DONNELLY
CRISTINA GAMONDI
JULIA Z. HALLER
PATRICIA NATION
JOSHUA BACHMAN
ELENA BEN DAVID
KEVIN MAWYER
BEN LUO
Trial Attorneys
United States Department of Justice
Civil Rights Division
Special Litigation Section
950 Pennsylvania Avenue, NW
Washington, DC 20530
(202) 705-8762
Natasha-eileen.ulate@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on November 16, 2026, I filed the foregoing with the Clerk of the Court and served the filing to all counsel of record using secure electronic transmission.

/s/ *Eileen Ulate*
EILEEN ULATE
Attorney for the United States