FILED
2026 Nov-16 PM 03:16
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:20-cv-01971-HDM** |
| | ) | |
| **STATE OF ALABAMA and ALABAMA DEPARTMENT OF CORRECTIONS,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**<u>THE UNITED STATES' RESPONSE TO DEFENDANTS' MOTION IN LIMINE TO EXCLUDE MARTIN HORN TESTIMONY ON CLASSIFICATION</u>**

The United States responds to Defendants' Motion in Limine to exclude testimony concerning inmate classification from United States expert Martin Horn. Doc. 478 ("Defendants' Motion"). The Court should deny Defendants' Motion to the extent it seeks to exclude Mr. Horn from testifying about how the Alabama Department of Corrections ("ADOC") enforces classification, including unauthorized prisoner movement.[1]

[1] The Parties stipulated to the scope of Mr. Horn's opinions regarding inmate classification and housing assignments. Defendants contend the Stipulation does not resolve their Motion in its entirety. The United States, therefore, responds in full to the Motion. The United States' position is that the Stipulation appropriately narrows Mr. Horn's testimony and the Court should deny Defendants' Motion.

## I. BACKGROUND

Defendants seek to exclude Mr. Horn from testifying as to the adequacy of ADOC's classification policies, custody level assignments, institutional assignments, and housing assignments made by classification staff. Doc. 478. Mr. Horn opines that "inmates must be housed and separated based upon [classification] assessments." Martin Horn Expert Report ("Horn Report"), Doc. 358-2 at 16.

## II. LEGAL STANDARD

Trial courts are charged with acting as gatekeepers for the admissibility of expert testimony. *Kilpatrick v. Breg, Inc.*, 613 F.3d 1329, 1335 (11th Cir. 2010) (citing *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 597, n.13 (1993)). Under Federal Rule of Evidence 702, "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education" may offer expert opinion testimony if "it is more likely than not that":

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Fed. R. Evid. 702; *see also* Fed. R. Evid. 702 advisory committee's note to 2023 amendment.

## III. ARGUMENT

The United States will not seek expert testimony from Mr. Horn on the quality of classification policies, the custody levels assigned to prisoners, or the assignment by classification staff to facilities or housing units. Mr. Horn is, however, qualified to opine on the enforcement of housing assignments and how the lack of enforcement affects correctional safety. During Mr. Horn's career, he served as Pennsylvania's Secretary of Corrections, the Assistant Commissioner for the New York State Department of Correctional Services, and the Commissioner of the New York City Department of Correction. Horn Report at 5–6. Given his decades of experience in corrections and overseeing prisons, Mr. Horn is qualified to opine on the importance of housing and separating inmates consistent with their classification assessments. *See Quiet Tech. DC-08, Inc. v. Hurel-Dubois UK Ltd.*, 326 F.3d 1333, 1342 (11th Cir. 2003) (explaining "a witness may be qualified as an expert by virtue of his or her 'knowledge, skill, experience, training, or education'" (quoting Fed. R. Evid. 702)). Defendants seemingly do not challenge Mr. Horn's qualifications to opine on the enforcement of prisoners' housing assignments—the opinion Mr. Horn makes. *See* Doc. 478; *see also* Doc. 478-1 (proposed order seeking exclusion of classification policies and classification personnel decisions).

## IV. CONCLUSION

For the foregoing reasons, the United States respectfully requests that this Court deny Defendant's Motion to the extent it seeks to limit Mr. Horn from testifying on the enforcement of classification, including housing assignments and unauthorized prisoner movement.

Respectfully submitted,

PHILLIP W. WILLIAMS JR.
United States Attorney

CARLA C. WARD
Deputy Civil Chief

JASON R. CHEEK
Chief, Civil Division

GRACE J. POSEY
ALEX MCKENZIE LAGANKE
DON B. LONG III
Assistant United States Attorneys
United States Attorney's Office
Northern District of Alabama
1801 Fourth Avenue North
Birmingham, Alabama 35203
(205) 244-2185
carla.ward@usdoj.gov

*/s/ Eileen Ulate*
EILEEN ULATE
ASHLEY LIGHT
MATTHEW J. DONNELLY
CRISTINA GAMONDI
JULIA Z. HALLER
PATRICIA NATION
JOSHUA BACHMAN
ELENA BEN DAVID
KEVIN MAWYER
BEN LUO
Trial Attorneys
United States Department of Justice
Civil Rights Division
Special Litigation Section
950 Pennsylvania Avenue, NW
Washington, DC 20530
(202) 705-8762
Natasha-eileen.ulate@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on November 16, 2026 I filed the foregoing with the Clerk of the Court and served the filing to all counsel of record using secure electronic transmission.

/s/ *Eileen Ulate*
EILEEN ULATE
Attorney for the United States