FILED
2026 Nov-16 PM 03:18
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:20-cv-01971-HDM** |
| | ) | |
| **STATE OF ALABAMA and ALABAMA DEPARTMENT OF CORRECTIONS,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**THE UNITED STATES' RESPONSE TO DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EVIDENCE CONCERNING DRAPER**

The United States responds to Defendants' Motion in Limine to exclude evidence on Draper Correctional Facility ("Draper") from the liability trial. Doc. 481 ("Defendants' Motion"). The Court should deny Defendants' Motion because Draper was included in the United States' Second Amended Complaint, Doc. 71 ¶ 17, Defendants housed prisoners in Draper during the fact cutoff, and Draper is included in systemic evidence about the Alabama Department of Corrections ("ADOC").

Defendants attest that they do not currently house prisoners at Draper, but there is no dispute that Defendants housed prisoners at Draper before the fact cutoff in this case, including as recently as 2025. Doc. 481 at 5. The Parties, therefore, exchanged discovery on Draper.

As the Eleventh Circuit recently reiterated, this Court may make systemic findings and order systemic relief across the Alabama Department of Corrections ("ADOC") system. *See Dunn v. Comm'r, Ala. Dep't of Corr.*, 179 F.4th 1277, 1318–1319 (11th Cir. 2026). While the United States will appropriately tailor its case-in-chief, there is systemic evidence concerning conditions and incidents at Draper and that evidence is appropriate for this Court to consider. This systemic evidence is squarely within the fact cutoff and relevant to assessing the conditions across ADOC's prisons for men. Excising Draper from this systemic evidence would present an incomplete picture for the Court of the relevant factual record and ask the Court to turn a blind eye to any constitutional violations that occurred due to Draper's "unusual operating history." Doc. 481 at 5.

Importantly, if systemic relief is ordered in this matter, it should apply equally across Alabama's Prisons for Men–including when Defendants choose to house prisoners at Draper. If this Court determines Defendants have violated the Constitution, Defendants are free to argue relief should not apply to Draper due to the "unusual operating history" under the requisite Prison Litigation Reform Act evaluation. *See* 18 U.S.C. § 3626(a). However, this is neither the time nor the place for that determination; the Court's present inquiry concerns whether Defendants violated the constitution as alleged in the United States' Second Amended

Complaint up to January 31, 2025 when Defendants do not dispute they housed prisoners at Draper. The Court should therefore deny Defendants' Motion.

Respectfully submitted,

PHILLIP W. WILLIAMS JR.
United States Attorney

CARLA C. WARD
Deputy Civil Chief

JASON R. CHEEK
Chief, Civil Division

GRACE J. POSEY
ALEX MCKENZIE LAGANKE
DON B. LONG III
Assistant United States Attorneys
United States Attorney's Office
Northern District of Alabama
1801 Fourth Avenue North
Birmingham, Alabama 35203
(205) 244-2185
carla.ward@usdoj.gov

*<u>/s/ Eileen Ulate</u>*
EILEEN ULATE
ASHLEY LIGHT
MATTHEW J. DONNELLY
CRISTINA GAMONDI
JULIA Z. HALLER
PATRICIA NATION
JOSHUA BACHMAN
ELENA BEN DAVID
KEVIN MAWYER
BEN LUO
Trial Attorneys
United States Department of Justice
Civil Rights Division
Special Litigation Section
950 Pennsylvania Avenue, NW
Washington, DC 20530
(202) 705-8762
Natasha-eileen.ulate@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 16, 2026 I filed the foregoing with the Clerk of the Court and served the filing to all counsel of record using secure electronic transmission.

/s/ *Eileen Ulate*
EILEEN ULATE
Attorney for the United States