FILED
2026 Nov-16 PM 06:27
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:20-cv-01971-HDM** |
| | ) | |
| **STATE OF ALABAMA and ALABAMA DEPARTMENT OF CORRECTIONS,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

**THE STATE'S OPPOSITION TO PLAINTIFF'S MOTION TO EXCLUDE MARY ILA WARD'S EXPERT REPORT AND TESTIMONY**

The State of Alabama ("Alabama") and the Alabama Department of Corrections ("ADOC" and, together with Alabama, the "State") file this response in opposition to Plaintiff's Motion to Exclude Mary Ila Ward's Expert Report and Testimony (Doc. 475, the "Motion").

## INTRODUCTION

Plaintiff's Motion represents its general objection to this Court considering anything Alabama has done to improve its prison system. Mary Ila Ward speaks to this very issue and creative, innovative and successful efforts by the State to recruit and retain correctional officers. Plaintiff goes as far as mischaracterizing multiple aspects of Ward's Report and opinions. Plaintiff provides the Court with zero legal

or factual basis to exclude Ward's opinions or testimony. The Court should deny Plaintiff's Motion for the following three reasons:

(1) Ward properly responded to Plaintiff's experts' opinions regarding staffing, including providing important contextual information that Plaintiff's experts omitted from their analyses;

(2) Ward's limited consideration of post-fact-cutoff statistics does not warrant exclusion of her opinions; and

(3) Plaintiff's baseless "bias" argument goes to the weight of Ward's testimony, not its admissibility.

Accordingly, the State respectfully requests that the Court deny Plaintiff's Motion.

## ARGUMENT

### I. WARD APPROPRIATELY OFFERED RESPONSIVE OPINIONS.

As Plaintiff acknowledges, the State identified Ward in response "'to Plaintiff's experts' opinions on correctional staffing, labor-market conditions, recruitment, retention, hiring processes, compensation, training, staffing technologies, applicant conversion, turnover, personnel structure, non-staffing interventions affecting staffing, and ADOC's workforce-development efforts.'" (Doc. 475 at 4 (quoting Doc. 321 at 19)). Plaintiff claims its experts did not "address topics such as labor market conditions, hiring processes, or staffing technologies." (Id.). However, this Court already held, with respect to the State's experts' use of BOP "comparator data," that "[a] response expert does not necessarily exceed the same subject matter by using a different dataset or comparator to contradict or

contextualize an initial opinion concerning staffing ratios, supervision, safety, or operational capacity." (Doc. 347 at 3). The same principle applies to Ward's opinions.

Ward concluded that Plaintiff's experts "Ray, Werholtz, Bonner, and Horn failed to consider key factors and repeated unsupported conclusions." (Doc. 318-16 at 144). She opined that "Plaintiff's purported experts lack the education, training, and experience to opine on the efficacy of ADOC's efforts to increase staffing levels;" "fail to acknowledge ADOC's unprecedented efforts to recruit and retain correctional staff;" and "confuse cause and effect and fail to account for lagging indicators." (Id.). Ward therefore responded to Plaintiff's experts' opinions by explaining that "[o]ne must understand the external labor market conditions facing ADOC to contextualize the entirety of ADOC's staffing efforts." (Id. at 11). Thus, Ward provided and analyzed data regarding unemployment and labor participation rates for Alabama and the United States. (Id. at 10-16). Ward further noted that Plaintiff's experts "failed miserably to acknowledge the impact the COVID-19 Pandemic had on all employers, including ADOC." (Doc. 318-16 at 25). She then provided an analysis of the impact of COVID-19 on ADOC's hiring efforts. (Id. at 30-31). These opinions and analyses responded directly to Plaintiff's experts' opinions by revealing deficiencies and omissions in their analyses.

Plaintiff next claims Ward's statement that, "[a]s part of my work in this case, I also reviewed Plaintiff's submitted reports" renders her opinions and testimony improper "[b]ecause she was clearly not retained '*solely* to contradict or rebut evidence' offered by the United States' experts." (Doc. 475 at 4 (quoting Fed. R. Civ. 26(a)(2)(D)(ii)). However, nothing in Rule 26(a)(2)(D)(ii) requires that a responsive expert be *retained* solely to respond to an opposing expert. Instead, the Rules require that the "*evidence* [be] intended solely to contradict or rebut evidence on the same subject matter." Fed. R. Civ. 26(a)(2)(D)(ii) (emphasis added). Ward's opinions respond to and rebut Plaintiff's experts' opinions, and she is therefore a proper responsive expert.

## II. Ward's Limited Consideration of Post-Fact-Cutoff Statistics Does not Warrant Exclusion of Her Opinions.

Plaintiff also argues, Ward "relies extensively on evidence that post-dates the fact cutoff." (Doc. 475 at 5). First, Plaintiff claims "Ward cites statistics into 2025 and 2026." (Id. (citing Doc. 318-16 at 15-18, 98-102)). At pages 15-18 of her Report, Ward cited unemployment and labor rate participation rates broken down by year from 2016 through year-to-date estimates for 2026. (Doc. 318-16 at 15-18). The 2025 and 2026 data do not differ substantially from the 2024 data, and Plaintiff fails to suggest how the inclusion of those statistics (which were equally available to Plaintiff and its experts) prejudices Plaintiff in any way. (Id.). Moreover, to the extent the Court determines Ward should not have included the 2025 and 2026 data,

it can exclude only that data, and need not exclude Ward's opinions and testimony in their entirety.

Plaintiff next claims "Ward relies on multiple interviews with ADOC staff taken in 2026." (Doc. 475 at 5 (citing Doc. 318-16 at Appendix C 41-42). Plaintiff's counsel questioned Ward about those interviews at her deposition. Ward testified that "those interviews were reviewing a lot of information prior to the fact cutoff deadline, and then also those were, again, as I stated previously, for me to ensure that there was continuity of efforts and results." (Doc. 373-34 at 57:12-19). Thus, Plaintiff fails even to suggest that the timing of Ward's interviews with ADOC staff caused her opinions to include information post-dating the fact cutoff. Moreover, this argument is inconsistent with Plaintiff's argument about Ward's retention: Plaintiff argues both that the State must have retained Ward solely to respond to its May 2026 expert disclosures and that Ward could not interview ADOC staff in 2026. Plaintiff cannot have it both ways.

## III. Plaintiff's Unmerited Allegations of Bias go to Weight, not Admissibility.

Finally, Plaintiff argues, "instead of responding to [Plaintiff's] expert opinions on how staffing affects the risk of harm to prisoners, Ms. Ward offers extensive self-serving and biased opinions about her own consulting work." (Doc. 475 at 5). In support of this argument, Plaintiff cites <u>GuideOne Mut. Ins. Co. v. Berghaus Organ Co.</u>, No. 07 C 50037, 2011 WL 1402869 (N.D. Ill. Apr. 13, 2011). As even

Plaintiff's own parenthetical demonstrates, the court in that case did not exclude expert evidence because of potential bias. Instead, the court permitted evidence of the expert's alleged bias because "[i]t is quite possible for the jury to conclude that [the expert] may have been biased in favor of his employer at the time he derived his opinion, or that [he] may continue to be biased in favor of his former employer and protecting his own work product." 2011 WL 1402869, at *4. Thus, even Plaintiff's cited case stands for the principle that any "weaknesses in the underpinnings of the expert's opinion go to its weight rather than its admissibility." Jones v. Otis Elevator Co., 861 F.2d 655, 663 (11th Cir. 1988); see also Quiet Tech. DC-8, Inc. v. Hurel-Dubois UK Ltd., 326 F.3d 1333, 1341 (11th Cir. 2003) (holding that "'[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence'") (quoting Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 596 (1993)). Plaintiff cannot establish bias as a reason to exclude Ward's opinions and testimony.

**CONCLUSION**

For the reasons set forth above, the State respectfully requests that the Court deny Plaintiff's Motion.

Dated: November 16, 2026

/s/ *William R. Lunsford*

William R. Lunsford
*One of the Attorneys for the State*

William R. Lunsford
Lynette E. Potter
Daniel J. Chism
Megan M. Everett
Sonia M. Lazaro
**BUTLER SNOW LLP**
200 West Side Square
Suite 100
Huntsville, AL 35801
Telephone: (256) 936-5650
Facsimile: (256) 936-5651
bill.lunsford@butlersnow.com
lynette.potter@butlersnow.com
daniel.chism@butlersnow.com
megan.everett@butlersnow.com
sonia.lazaro@butlersnow.com

John R. Alford, Jr.
**BUTLER SNOW LLP**
1819 5th Avenue North
Suite 1000
Birmingham, AL 35203
Telephone: (205) 297-2200
Facsimile: (205) 297-2201
john.alford@butlersnow.com

Will R. Allen
**BUTLER SNOW LLP**
1020 Highland Colony Parkway
Suite 1400
Ridgeland, MS 39157
Telephone: (601) 948-5711
Facsimile: (601) 985-4500
will.allen@butlersnow.com

Keith J. Fernandez
George Wright

**BUTLER SNOW LLP**
445 North Boulevard
Suite 300
Baton Rouge, LA 70802
Telephone: (225) 325-8700
Facsimile: (225) 325-8800
keith.fernandez@butlersnow.com
george.wright@butlersnow.com

Michael B. Beers
**BUTLER SNOW LLP**
250 Commerce Street
Suite 100
Montgomery, AL 36104
Telephone: (334) 832-2905
Facsimile: (334) 832-2901
mike.beers@butlersnow.com

Anne A. Hill
**OFFICE OF THE ATTORNEY GENERAL**
Criminal Appeals Division
501 Washington Avenue
Montgomery, AL 36130
Telephone: (334) 242-7300
Facsimile: (334) 353-8400
Anne.Hill@AlabamaAG.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon all attorneys of record in this matter, including without limitation the following, by the Court's CM/ECF system on this 16th day of November, 2026:

Ashley N. Light
Eileen Ulate
Matthew J. Donnelly
Cristina Gamondi
Julia Z. Haller
Patricia Nation
Joshua C. Bachman
Elena David
**UNITED STATES DEPARTMENT OF JUSTICE**
950 Pennsylvania Avenue NW
Washington, D.C. 20530
Telephone: (202) 705-8762
ashley.light@usdoj.gov
natasha-eileen.ulate@usdoj.gov
matthew.donnelly@usdoj.gov
cristina.gamondi@usdoj.gov
julia.haller@usdoj.gov
patricia.nation@usdoj.gov
joshua.bachman@usdoj.gov
elena.bendavid@usdoj.gov

Carla Ward
Jason R. Cheek
Grace J. Posey
Praveen Krishna
Don B. Long III
**UNITED STATES ATTORNEY'S OFFICE**
1801 4th Avenue North
Birmingham, AL 35203
Telephone: (205) 244-2185
carla.ward@usdoj.gov
jason.cheek@usdoj.gov
grace.posey@usdoj.gov
praveen.krishna@usdoj.gov
don.long2@usdoj.gov

*/s/ William R. Lunsford*
Of Counsel