FILED
2026 Nov-16 PM 06:27
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:20-cv-01971-HDM** |
| | ) | |
| **STATE OF ALABAMA and ALABAMA DEPARTMENT OF CORRECTIONS,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**THE STATE'S OPPOSITION TO PLAINTIFF'S MOTION TO EXCLUDE KATHLENE P. LANE'S EXPERT REPORT AND TESTIMONY**

The State of Alabama ("Alabama") and the Alabama Department of Corrections ("ADOC" and, together with Alabama, the "State") file this response in opposition to Plaintiff's Motion to Exclude Kathlene P. Lane's Expert Report and Testimony (Doc. 474, the "Motion"). Plaintiff made two arguments regarding Lane's report and testimony in its Motion: Plaintiff argued that Lane's opinions should be excluded as (a) beyond the scope of rebuttal and irrelevant (doc. 474 at 7-10) and (b) improperly relying on statements by ADOC staff and post-fact-cutoff information (id. at 11-12). The Parties resolved Plaintiff's argument regarding scope and relevance via stipulation. Accordingly, this Opposition addresses only

Plaintiff's argument regarding Lane's alleged reliance on statements by ADOC staff and post-fact-cutoff information.[1]

In a one-paragraph argument, Plaintiff argues, "Lane relies on unverified ADOC staff statements and information obtained well after the fact cutoff in this case." (Doc. 474 at 11). Plaintiff identifies the 'unverified' data relied on by Lane only as "ADOC declarations signed after the fact-cutoff with undated portions" ("Declarations") and "ADOC leadership interviews all conducted in April 2026 or May 2026" ("Interviews"). (Id.). According to Plaintiff, "Lane relies heavily on these declarations and post-fact-cutoff interviews without specific indication of how the information was considered or verified." (Id.). Plaintiff fails to identify how Lane relied at all, much less "heavily," on the Declarations or Interviews in forming her opinions. Plaintiff fails to cite a single specific instance of Lane relying solely on a Declaration or Interview to support any opinion. In fact, at her deposition, Lane testified that she was aware of the fact cutoff and that "[i]t means anything after January 31, 2025, should not be necessarily included because that was the fact cutoff." (Doc. 373-24 at 65:2-4). Lane further testified that "***anything that was following that information, it may have reinforced some of my opinions, but it***

[1] The State responds herein to the portions of Plaintiff's Motion it believes were not resolved by stipulation. To the extent Plaintiff disagrees with the State's understanding of the Stipulations, the State reserves the right to respond to any additional arguments Plaintiff believes remain unresolved.

***wasn't based on any of that information***." (Id. at 65:6-9 (emphasis added); see also id. at 72:21-73:2 (testifying that she "didn't use" the Declarations in "making [her] final opinion," but she "wanted to hear from the leaders specific information regarding classification to reinforce and confirm my opinions"); id. at 73:14-18 ("Well, as I said, the information prior to January 31, 2025, those were the only documents used. The declarations were completed past, but it did not change my mind as far as the opinions go.")). In addition, where she was "curious" about information pertaining to classification from the Declarations, she "looked up the information." (Id. at 73:19-75:6). Thus, Lane's deposition testimony refutes Plaintiff's argument that Lane relied on unverified post-fact-cutoff information.

In addition, the authorities cited by Plaintiff fail to support Plaintiff's arguments. Plaintiff cites Asetek Danmark A/S v. CoolIT Systems, Inc., No. 19-CV-00410-EMC, 2022 WL 21306657 (N.D. Cal. Oct. 4, 2022), and Harrison v. Royal Caribbean Cruises, Ltd., No. 1:12-CV-24111-UU, 2013 WL 11316997 (S.D. Fla. Nov. 7, 2013). (Doc. 474 at 12-13). In Asetek, the expert "merely copied and pasted the relevant interrogatory responses," which was insufficient to meet the party's burden of showing that a non-infringing substitute product was available. 2022 WL 21306657, at *30. In Harrison, the court excluded testimony that "serve[d] only to stamp the imprimatur of 'expert testimony' on the conclusions defense counsel would like the jury to draw in considering the factual evidence at trial."

2013 WL 11316997, at *3. Here, Lane's opinions do not constitute a mere summary of the Declarations or Interviews. Lane analyzed the Declarations and Interviews, applied her expertise and experience, and concluded that the facts within the Declarations and Interviews remained consistent with pre-fact-cutoff facts she considered in forming her opinions. Moreover, courts do not "require absolute certainty from expert testimony," and deficiencies in factual "foundations" of expert testimony "go to the weight" of the "testimony, not its admissibility." Ramirez v. E.I. DuPont de Nemours & Co., 579 F. App'x 878, 882 (11th Cir. 2014); Jones v. Otis Elevator Co., 861 F.2d 655, 663 (11th Cir. 1988) (any "weaknesses in the underpinnings of the expert's opinion go to its weight rather than its admissibility"). Thus, Lane's consideration of the Declarations and Interviews provides no basis to exclude her testimony and opinions.

## CONCLUSION

For the reasons set forth above, the State respectfully requests that the Court deny Plaintiff's Motion.

Dated: November 16, 2026

/s/ *William R. Lunsford*
William R. Lunsford
*One of the Attorneys for the State*

William R. Lunsford
Lynette E. Potter
Daniel J. Chism

Megan M. Everett
Sonia M. Lazaro
**BUTLER SNOW LLP**
200 West Side Square
Suite 100
Huntsville, AL 35801
Telephone: (256) 936-5650
Facsimile: (256) 936-5651
bill.lunsford@butlersnow.com
lynette.potter@butlersnow.com
daniel.chism@butlersnow.com
megan.everett@butlersnow.com
sonia.lazaro@butlersnow.com

John R. Alford, Jr.
**BUTLER SNOW LLP**
1819 5th Avenue North
Suite 1000
Birmingham, AL 35203
Telephone: (205) 297-2200
Facsimile: (205) 297-2201
john.alford@butlersnow.com

Will R. Allen
**BUTLER SNOW LLP**
1020 Highland Colony Parkway
Suite 1400
Ridgeland, MS 39157
Telephone: (601) 948-5711
Facsimile: (601) 985-4500
will.allen@butlersnow.com

Keith J. Fernandez
George Wright
**BUTLER SNOW LLP**
445 North Boulevard
Suite 300
Baton Rouge, LA 70802
Telephone: (225) 325-8700
Facsimile: (225) 325-8800

keith.fernandez@butlersnow.com
george.wright@butlersnow.com

Michael B. Beers
**BUTLER SNOW LLP**
250 Commerce Street
Suite 100
Montgomery, AL 36104
Telephone: (334) 832-2905
Facsimile: (334) 832-2901
mike.beers@butlersnow.com

Anne A. Hill
**OFFICE OF THE ATTORNEY GENERAL**
Criminal Appeals Division
501 Washington Avenue
Montgomery, AL 36130
Telephone: (334) 242-7300
Facsimile: (334) 353-8400
Anne.Hill@AlabamaAG.gov

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served upon all attorneys of record in this matter, including without limitation the following, by the Court's CM/ECF system on this 16th day of November, 2026:

Ashley N. Light
Eileen Ulate
Matthew J. Donnelly
Cristina Gamondi
Julia Z. Haller
Patricia Nation
Joshua C. Bachman
Elena David
**UNITED STATES DEPARTMENT OF JUSTICE**
950 Pennsylvania Avenue NW
Washington, D.C. 20530
Telephone: (202) 705-8762
ashley.light@usdoj.gov
natasha-eileen.ulate@usdoj.gov
matthew.donnelly@usdoj.gov
cristina.gamondi@usdoj.gov
julia.haller@usdoj.gov
patricia.nation@usdoj.gov
joshua.bachman@usdoj.gov
elena.bendavid@usdoj.gov

Carla Ward
Jason R. Cheek
Grace J. Posey
Praveen Krishna
Don B. Long III
**UNITED STATES ATTORNEY'S OFFICE**
1801 4th Avenue North
Birmingham, AL 35203
Telephone: (205) 244-2185
carla.ward@usdoj.gov
jason.cheek@usdoj.gov
grace.posey@usdoj.gov
praveen.krishna@usdoj.gov
don.long2@usdoj.gov

*/s/ William R. Lunsford*
Of Counsel