FILED
2026 Nov-23 PM 03:41
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**STATE OF ALABAMA, *et al.*,**<br><br>**Defendants.** | **Case No. 2:20-cv-1971-HDM** |

# ORDER

This matter is before the court on the State's Motion to Strike Plaintiff's Seventh Amended Disclosures and Supplemental Expert Report of Dr. Kevin M. Quinn. (Doc. 428). The motion is fully briefed. (*See* Docs. 457, 488). After carefully considering the briefing, and with the benefit of oral argument, the motion is due to be **GRANTED IN PART** and **DENIED IN PART**.

## I. SUPPLEMENTAL EXPERT REPORT OF DR. QUINN

Dr. Quinn's September 22, 2026, Supplemental Report is **STRICKEN** as improper Rule 26(e) supplementation and may not be used in the United States' case-in-chief. The motion is otherwise **DENIED WITHOUT PREJUDICE** to the United States seeking leave to offer rebuttal testimony from Dr. Quinn limited to BOP-comparator opinions of the State's experts that the court admits at trial. Any

such testimony is conditioned on full production of Dr. Quinn's Bureau of Prison data, code, and tabulations.

## II. SEVENTH AMENDED DISCLOSURES

Plaintiff's Seventh Amended Disclosures, (doc. 429-1), were preceded by Plaintiff's Third Set of Interrogatories dated November 8, 2024. The State did not respond to this discovery on or before the fact discovery cut off on January 31, 2025. More than fourteen months later, on April 30, 2026, the State served its Objections and Answers to Plaintiff's Third Set of Interrogatories totaling 435 pages and 15 affidavits. Additionally, the State served: 23,512 pages of Incident Reports and their attachments from July 1, 2024, through January 31, 2025; a "delimited" file of incident reports, which contains the incident report information in excel format; LESD Investigations[1] from April 1, 2024, through January 31, 2025; and 152 Use of Force Review Board Documents. (*See* Doc. 325-1; Doc. 457 at 6).

As the court previously stated on July 14, 2026, "[o]verdue responses to the contention interrogatories were not produced in sufficient time to be adequately relied upon in [Plaintiff's] initial expert reports. It was previously made clear that

---

[1] The United States represents that documents included in this production were "LESD Investigations." (Doc. 457 at 6). The State contends that the documents produced were not LESD investigations, but rather "LESD's standard operating procedures." Nov. 20, 2026, Hearing Tr. at 76.

the responses were necessary for Plaintiff's experts." July 14, 2026, Hearing Tr. at 6.

Rule 26(e) requires a party to supplement or correct disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing. . ." Fed. R. Civ. P. 26(e)(1)(A); *see also* 8A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2049.1 (3d ed.) (stating that "there is no need as a matter of form to submit a supplemental disclosure to include information already revealed" to the party). Rule 37(c)(1) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). In the court's view, the analysis of whether the United States' failure to timely supplement its initial disclosures with 255 additional individuals was substantially justified or harmless turns on the type of witness disclosed (i.e., ADOC employee, friend/family, or inmate) and whether the witness was already made known to the State through the discovery process.

Of the 255 names the United States added to the Seventh Amended Disclosures, many are inmates still in the State's custody. The Special Master

previously noted that the parties "have asymmetrical access to current information about the prisons controlled and operated by Defendants." (Doc. 85 at 11–12). The State has complete access to these inmates' entire records from incarceration. The State could interview these inmates at will. Furthermore, under the parties' stipulation, the State will receive approximately seven (7) days' notice in advance of a particular inmate testifying. In other words, there is ample opportunity for the State to analyze the scope of any inmate's potential testimony and prepare for cross-examination.

The court believes that it is neither in the interests of justice nor consistent with Rules 26(e) and 37(c) to prohibit current inmates identified in these disclosures who have personal knowledge from testifying in person at the liability trial. Accordingly, with respect to current inmates identified in the disclosures whose names are traceable to discovery produced by or to the State, the motion is **DENIED WITHOUT PREJUDICE** to the State timely raising an appropriate objection prior to a specific witness being called to the witness stand.

The court **GRANTS** the motion with respect to any individual (inmate or not) added to these disclosures whose name is not traceable to any discovery produced by or to the State in this case or not otherwise made known to the State.

Lastly, the court **RESERVES RULING** on the permissibility of trial testimony from any individual added to these disclosures who (a) is not a current

inmate and (b) whose name is traceable to discovery produced by or to the State. The court **ORDERS** the parties to meet and confer regarding trial witnesses who fit this category.

**DONE** and **ORDERED** on November 23, 2026.

**HAROLD D. MOOTY III**
UNITED STATES DISTRICT JUDGE